**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SAMUEL I. HYLAND, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, JPMORGAN CHASE & CO., and JAMES DIMON,<br><br>  Defendants. | Case No. **1:05-cv-162 (JJF)** |

**[PROPOSED] ORDER**

Having considered Plaintiff Hyland's Motion For An Injunction Barring The Prosecution Of Related State Court Class Actions and Plaintiff Samuel I. Hyland's Motion For Entry Of Order By Default, as well as the necessity, pursuant to the All Writs Act, of protecting the federal rights created by the Private Securities Litigation Reform Act of 1995 and other applicable statutes, and for good cause shown,

IT IS HEREBY ORDERED as follows:

(1) the prosecution of any related state court class action is BARRED;

(2) all named plaintiffs (and all persons, agents, representatives or employees acting in concert with them or on their behalf) in the case styled *In re J.P. Morgan Chase & Co. Shareholder Litigation*, consolidated civil action number 531-N (consolidated with case numbers 533-N and 534-N) pending in the Court of Chancery of the State of Delaware in and for New

Castle County (the "Chancery Action") are ENJOINED from prosecuting (including but not limited to participating in mediation, arbitration, or any other alternative dispute resolution in the Chancery Action, whether court-ordered or otherwise) any class (or otherwise representative) claims (including without limitation claims held to be derivative in nature) arising out of or relating to (a) the July 1, 2004 merger between J.P. Morgan Chase & Co. and the former Bank One Corporation (the "Merger") and (b) alleged nondisclosures or misrepresentations concerning the arrangement between defendants William B. Harrison Jr. and James Dimon to grant Harrison two more years as CEO of the combined Company in exchange for paying a premium in connection with the Merger;

(3) the Court of Chancery of the State of Delaware in and for New Castle County is ENJOINED from ruling on, or otherwise adjudicating, the pending motion to dismiss the Chancery Action;

(4) the Court of Chancery of the State of Delaware in and for New Castle County is ENJOINED from certifying any class(es) in the Chancery Action consisting of shareholders in the Company or any of its predecessors in relation to any of the above-described claims;

(5) the Court of Chancery of the State of Delaware in and for New Castle County is ENJOINED from ordering any mediation, arbitration, or other alternative dispute resolution in the Chancery Action;

(6) the Clerk of Court is directed to serve copies of the order upon the law firms of Milberg Weiss Bershad & Schulman LLP, and Bull & Lifshitz LLP, co-lead counsel in the Chancery Action, and upon the Court of Chancery of the State of Delaware in and for New Castle County; and

(7) counsel in the Chancery Action shall promptly provide copies of the order to each client named as a plaintiff in the Chancery Action.

- 3 -

IT IS FURTHER ORDERED that this injunction and restraint will continue in effect until further action or order of this Court or the entry of final judgment in all of the proceedings related to this action.

DATED:     April ___, 2005

_____

United States District Judge