# JOSEPH N. GIELATA

ATTORNEY AT LAW
501 SILVERSIDE ROAD, SUITE 90
WILMINGTON, DELAWARE 19809
WWW.GIELATALAW.COM
TEL (302) 798-1096
FAX (302) 792-0777

April 7, 2005

**BY ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United State District Court
District of Delaware
New Castle County Courthouse
844 North King Street, Room 4209
Wilmington, DE 19801

Re:   *Hyland v. Harrison, et al.*, Case No. 1:05-cv-162 (JJF)

Judge Farnan,

This letter is in response to Jesse A. Finkelstein's letter to the Court of April 6, 2005. Mr. Finkelstein, who in a related action represents many of the defendants in this action, first received a courtesy copy of the complaint filed in this action on March 17, 2005, three weeks ago. Since then, no attorney has entered his or her appearance in this action on behalf of any defendant. Thus, I remain unsure as to who, if anyone, represents any or all of the defendants.

On April 1st, an associate of Mr. Finkelstein contacted me about my client's motion for an injunction (D.I. 2) to see if I would oppose the filing of an answering brief on April 5th, one day after its due date. I agreed not to oppose this. I inquired as to whether any defendant would waive judicial process in this action, but the associate could not say, explaining that at least some of the defendants had expressed an unwillingness to waive judicial process. On the afternoon of April 5th, I inquired of the same associate when the filing was expected and, for the first time, I was told that he expected to be in a position to file at the end of the week, contrary to his previous representation. Rather than endure repeated and open-ended delays, I filed a motion for entry of the order by default on April 6th to protect my client's interests.

Mr. Finkelstein's letter is puzzling in that the motion in question hardly concerns the defendants. After all, the requested injunction would not restrict the defendants in any way. Indeed, the relief sought, if granted, would leave the defendants facing one

Honorable Joseph J. Farnan, Jr.
April 7, 2005, page 2

lawsuit rather than two.[1]  In any case, whether a defendant waives service or plaintiff effectuates service, Mr. Finkelstein's opposition is irrelevant, since granting the injunction would not limit the defendants.  On the other hand, it *is* relevant that no counsel for plaintiffs in a related state court class action has opposed the motion.

      For the foregoing reasons, in addition to the reasons set forth in my client's March 21st opening brief (D.I. 3), I respectfully submit that the injunction be entered, with the understanding that this Court may later withdraw or limit the injunction after further consideration.  Alternatively, I hereby request that this Court set a date for oral argument to resolve this promptly.

      I am available at the convenience of the Court.

                      Respectfully,

                        Joseph N. Gielata (DSB # 4338)

cc:    Jesse A. Finkelstein, Esq.    Richard Weiss, Esq.
       Seth D. Rigrodsky, Esq.     Michael Robinson, Esq.

---

[1] Perhaps the defendants consider such a multiplicity of suits attractive because it may give rise to, as one academic has put it, a "reverse auction," allowing defendants to purchase a general release from the lowest bidder, to the detriment of class members.  *See* John C. Coffee, Jr., *Class Wars: The Dilemma of the Mass Tort Class Action*, 95 Colum. L. Rev. 1343, 1370 (1995).