IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SAMUEL I. HYLAND, individually and  :
on behalf of others similarly       :
situated,                           :
                                    :
    Plaintiff,                      :
                                    :
        v.                           : Civil Action No. 05-162 JJF
                                    :
WILLIAM B. HARRISON, JR., HANS W.   :
BECHERER, RILEY P. BECHTEL, FRANK   :
A. BENNACK, JR., JOHN H. BIGGS,     :
LAWRENCE A. BOSSIDY, M. ANTHONY     :
BURNS, ELLEN V. FUTTER, WILLIAM H.  :
GRAY, III, HELENE L. KAPLAN, LEE    :
R. RAYMOND, JOHN R. STAFFORD,       :
J.P. MORGAN CHASE & CO., and        :
JAMES DIMON,                        :
                                    :
    Defendants.                     :

## MEMORANDUM ORDER

    Pending before the Court is a Motion For An Injunction Barring The Prosecution Of Related State Court Actions (D.I. 2) filed by Plaintiff.  On April 18, 2005, the Court heard oral argument by the parties with regard to the pending motion.

    Plaintiff contends that the Private Securities Litigation Reform Act of 1995 ("the PSLRA"), the All Writs Act, 28 U.S.C. § 1651(a), and the Securities Litigation Uniform Standards Act ("the SLUSA"), U.S.C. §§ 77p(b)-(c), 78bb(f)(1)-(2), mandate that securities class action lawsuits belong in federal court rather than state court.  Plaintiff argues that, in order to preserve the rights of aggrieved federal class members, the Court must enjoin related actions in state court which threaten to irreparably harm members of the class.

In response, Defendants contend that the Anti-Injunction Act, 28 U.S.C. § 2283, compels denial of Plaintiff's motion because an injunction in this case is not authorized by an Act of Congress or necessary to aid the Court's jurisdiction.

## DISCUSSION

Co-pending state and federal securities class action lawsuits do not automatically result in undermining the objectives of federal securities statutes such as the PSLRA and SLUSA. However, federal courts may enjoin a parallel securities litigation in state court that threatens to undermine the objectives of such federal laws. See, e.g., In re BankAmerica Corp. Sec. Litigation, 263 F.3d 795 (8th Cir. 2001). Plaintiff's counsel conceded at oral argument that, in the circumstances of this lawsuit, there is currently no particularized harm threatening the rights of the federal class members. Thus, the Court finds that the harm Plaintiff alleges is speculative, and the Court will not enjoin the state court litigation absent some tangible showing that the co-pending state court proceedings are being used to frustrate an important federal right.

NOW THEREFORE, IT IS HEREBY ORDERED that the Motion For An Injunction Barring The Prosecution Of Related State Court Actions (D.I. 2) filed by Plaintiff Samuel I. Hyland is **DENIED** without prejudice.

April 18, 2005
DATE

UNITED STATES DISTRICT JUDGE