# JOSEPH N. GIELATA

ATTORNEY AT LAW
501 SILVERSIDE ROAD, SUITE 90
WILMINGTON, DELAWARE 19809
WWW.GIELATALAW.COM
TEL (302) 798-1096
FAX (302) 792-0777

May 3, 2005

**BY ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United State District Court
District of Delaware
The J. Caleb Boggs Federal Building
844 North King Street, Room 4209
Wilmington, DE 19801

    Re: *Hyland v. Harrison, et al.*, Case No. 1:05-cv-162 (JJF)

Judge Farnan,

  I am writing on behalf of Plaintiff Samuel I. Hyland to request leave to serve document preservation subpoenas on two non-parties who possess documents crucially relevant to this litigation. The law firm Wachtell, Lipton, Rosen & Katz and the investment bank Lazard Frères & Co. LLC (together, the "Advisors") advised Bank One Corporation in connection with its merger with JPMorgan Chase & Co. ("JPMC").

  In *In re J.P. Morgan Chase & Co. Shareholder Litigation*, Consolidated C.A. No. 531-N (the "Chancery Action"), a related class action in the Delaware Court of Chancery, Vice Chancellor Lamb previously granted leave to plaintiffs to serve subpoenas *duces tecum* on the Advisors, with production stayed pending a motion to dismiss the Chancery Action. Yesterday, the Vice Chancellor granted the motion, necessitating this request.

  As Your Honor may recall, the Complaint alleges that, in the course of the negotiations between the CEOs of Bank One and JPMC, Bank One's CEO had been willing to agree to a no-premium deal if he could be CEO of the combined company immediately. Instead, the CEOs struck a secret pact allowing JPMC's CEO to retain the CEO title for two more years in exchange for paying a premium.

  Based on their critical roles as high-level legal and financial advisors in the merger, I believe that the Advisors were privy to the negotiations and have substantial documents which support Plaintiff's claims. Thus, Plaintiff requests leave to serve subpoenas to preserve all documents in the Advisors' possession relevant to the instant litigation, to be subsequently produced during general discovery.

Honorable Joseph J. Farnan, Jr.
May 3, 2005, page 2

      Firstly, this relief is permitted by the Federal Rules of Civil Procedure. *See* 8 Wright & Miller, *Federal Practice and Procedure*, §2046.1, at 592 ("[t]he moratorium [on discovery prior to Rule 26(f) conference] may be removed by court order ... [upon] some showing of good cause").

      Secondly, leave to serve preservation subpoenas is routinely granted in securities litigation. *See, e.g., In re Tyco Int'l. Ltd. Sec. Litig.*, 2000 WL 33654141, at *3, 5 (D.N.H. July 27, 2000) (allowing plaintiff to serve preservation subpoenas on third parties); *Neibert v. Monarch Dental Corp.*, 1999 WL 33290643, at *1 (N.D. Tex. Oct. 20, 1999) (granting plaintiffs' request to serve document preservation subpoenas to non-parties); and *Novak v. Kasaks*, 1996 WL 467534 (S.D.N.Y. Aug. 16, 1996) (staying discovery after filing of motion to dismiss pursuant to Private Securities Litigation Reform Act, but ordering third parties to preserve documents). The documents that the Advisors have in their possession constitute important evidence necessary for the proper adjudication of the instant case. A preservation subpoena will ensure that discoverable material is preserved and any possible prejudice to Plaintiff which could potentially be caused by destruction of relevant evidence is avoided.

      Finally, the categories of documents to be preserved shall be identical to the categories set forth in the subpoenas already served on the Advisors in the Chancery Action. Thus, such preservation subpoenas will not prejudice Defendants or unnecessarily inconvenience the Advisors, since they should already be preserving relevant documents under previous subpoenas. *See, e.g, In re Grand Casinos, Inc. Sec. Litig.*, 988 F. Supp. 1270, 1272 (D. Minn. 1997) (allowing service of preservation subpoenas and noting that they would not subject third-parties to "intrusive investigation").

      For the above reasons, the Court should grant Plaintiff leave to serve subpoenas on the Advisors to preserve the relevant documents in their possession.

                                        Respectfully,

                                        Joseph N. Gielata (DSB # 4338)

cc:     Jesse A. Finkelstein, Esq. (by electronic filing)
        Michael Robinson, Esq. (by electronic filing)

*Unreported decisions cited in May 3, 2005*
*Letter to the Honorable Joseph J. Farnan, Jr.*
*From Joseph N. Gielata*

1. *In re Tyco Int'l. Ltd. Sec. Litig.*, 2000 WL 33654141 (D.N.H. July 27, 2000)

2. *Neibert v. Monarch Dental Corp.*, 1999 WL 33290643 (N.D. Tex. Oct. 20, 1999)

3. *Novak v. Kasaks*, 1996 WL 467534 (S.D.N.Y. Aug. 16, 1996)



Not Reported in F.Supp.2d
2000 WL 33654141 (D.N.H.), 2000 DNH 268
**(Cite as: 2000 WL 33654141 (D.N.H.))**

Page 1

NOT FOR PUBLICATION

United States District Court, D. New Hampshire.
In re TYCO INTERNATIONAL, LTD.
SECURITIES LITIGATION
No. 00MD1335.

July 27, 2000.

MEMORANDUM AND ORDER

BARBADORO, Chief J.

**\*1** This multidistrict litigation consolidates for pretrial purposes securities fraud actions brought in multiple federal districts. A group of four plaintiffs (the "Tyco Shareholder Group" or "TSG"), who together seek appointment as lead plaintiff, have moved for an order that (1) memorializes the parties' agreement as to the preservation of documents and data in the possession of the defendants, and (2) grants the plaintiffs authority to serve subpoenas on certain third parties for the limited purpose of putting those third parties on notice of this action and placing them under an obligation to preserve relevant evidence in their possession.

As explained below, I deny the TSG's request for a preservation order directed at the defendants. If, however, the TSG presents this court with preservation subpoenas that appropriately particularize the relevant evidence to be preserved, I will grant the TSG leave to serve such subpoenas on specified third parties.

I. *The Statutory Framework: The PSLRA of 1995*
This action is subject to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (the "PSLRA" or the "Act"). Congress enacted the PSLRA to redress certain perceived abuses in securities class actions, including "the abuse of the discovery process to coerce settlement." *SG Cowen Secs. Corp. v. United States Dist. Court for the N. Dist. of California,* 189 F.3d 909, 911 (9th Cir.1999) (quoting *In re Advanta Corp. Secs. Lit.,* 180 F.3d 525, 530-31 (3d Cir.1999)). Congress was reacting to testimony that "[t]he cost of discovery often forces innocent parties to settle frivolous securities class actions." H.R. Conf. Rep. No. 104-369, at 37 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 736. Congress also was concerned that "plaintiffs sometimes file frivolous lawsuits in order to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint." S.Rep. No. 104-98, at 14 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 693.

Congress sought to remedy these abuses of the discovery process by including within the PSLRA a stay provision, codified at 15 U.S.C. § 78u-4(b)(3)(B), which provides that
> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B) (Supp.1996). Accordingly, unless certain exceptional circumstances are present, discovery in securities class actions is permitted "only after the court has sustained the legal sufficiency of the complaint." [FN1] *SG Cowen,* 189 F.3d at 913 (quoting S.Rep. No. 104- 98, at 14 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 693) (internal quotation marks omitted).

> FN1. Courts applying the PSLRA's stay provision have reached different conclusions as to whether it applies before a motion to dismiss is filed. *See, e.g., In re Carnegie Int'l Corp. Secs. Lit.,* Civil No. L-99-1688, 2000 U.S. Dist. LEXIS 6137, at \*23 (D.Md. Apr. 11, 2000) ("[T]his Court rejects plaintiffs' argument that the automatic stay provision of the PSLRA does not apply because the defense has not yet filed its motion to dismiss. Until the deadline for filing a motion to dismiss passes, or the defendants otherwise waive their rights to file a motion, or the Court rules on a motion to dismiss, the stay provisions are available."); *Dartley v. Ergobilt, Inc.,* 3-98-CV-1442-G, 1998 U.S. Dist. LEXIS 17737, at \*2-3 (N.D.Tex. Nov. 3, 1998) ("In interpreting the mandatory stay provision of the Reform Act, courts have stayed discovery against defendants where the filing of a motion to dismiss is imminent. However, under the plain language of the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

statute no stay is mandated where a motion to dismiss has yet to be filed. Therefore, in my opinion whether a stay should be granted under such circumstances is addressed to the broad discretion of the court."), *appeal denied by* 1998 U.S. Dist. LEXIS 17751 (N.D.Tex. Nov. 4, 1998); *In re Trump Hotel Shareholder Derivative Lit.,* No. 96CIV.7820 (DAB) (HBP), 1997 WL 442135, at *2 (S.D.N.Y. Aug. 5, 1997) (finding that stay provision applies where dismissal motion had not yet been filed solely as a result of parties' pleading schedule). In the present action, motions to dismiss had been filed in some of the individual actions prior to consolidation, the parties and the court have established a schedule for the filing of an amended consolidated complaint and a motion to dismiss that complaint, and the defendants have indicated that they intend to file such a dismissal motion. Under these circumstances, the stay provision applies even though a motion to dismiss is not pending. *Cf. Powers v. Eichen,* 961 F.Supp. 233, 236 (S.D.Cal.1997) ("[I]t is clear that Congress did not contemplate a restrictive reading of the term 'pendency' in [the PSLRA' stay provision].").

At the same time, Congress included a preservation provision in the PSLRA "in recognition that 'the imposition of a stay of discovery may increase the likelihood that relevant evidence may be lost." ' *In re Grand Casinos, Inc. Secs. Lit.,* 988 F.Supp. 1270, 1271 (D.Minn.1997) (quoting S.Rep. No. 104-98, at 14 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 693). The preservation provision mandates that

> **\*2** During the pendency of any stay of discovery pursuant to this paragraph, unless otherwise ordered by the court, any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(b)(3)(C)(i) (Supp.1996). The statute provides for the possibility of court-ordered sanctions for a party's "willful failure" to comply with the duty to preserve relevant evidence. *Id.* § 78u-4(b)(3)(C)(ii) (Supp.1996).

These provisions reflect a careful balance between Congress's effort to shield defendants facing frivolous claims from the burdens of discovery, on the one hand, and its desire to ensure the preservation of evidence relevant to legally cognizable claims, on the other. As one court has noted, in crafting the stay and preservation provisions of the PSLRA "Congress's intent was to preserve the status quo, pending a judicial determination of the legal sufficiency of [the complaint]." *In re Grand Casinos, Inc. Secs. Lit.,* 988 F.Supp. at 1272.

### II. *The TSG's Request for a Preservation Order Directed At Defendants*

The TSG's first request is that I enter an order memorializing the parties' agreement regarding the preservation of documents and data in the custody or control of the defendants. I deny this request because such an order would either unnecessarily duplicate or improperly alter the obligations created under the PSLRA.

As indicated above, the PSLRA imposes a duty on any party to a securities class action with actual notice of the allegations contained in a complaint to preserve all relevant evidence in the custody or control of that party. *See* 15 U.S.C. § 78u-4(b)(3)(C)(i). As parties to the present action, defendants Tyco International Ltd., L. Dennis Kozlowski, and Mark H. Swartz are subject to this statutory duty. The defendants have indicated that they "are aware of this obligation under the PSLRA and intend to comply with it." Defs.' Mem. in Opp'n (Doc. # 21) at 5; *see also* Transcript of Oral Argument (Doc. # 26) at 121. Absent a showing that defendants are not acting in accordance with their statutory duty, the PSLRA's preservation provision should be sufficient to ensure the preservation of relevant evidence in the defendants' custody or control. *See In re Grand Casinos, Inc. Secs. Lit.,* 988 F.Supp. at 1273 (denying request for preservation order as to evidence possessed by parties because "the preservation of evidence in the possession of the parties is statutorily automatic").

The TSG has suggested that a preservation order directed at the defendants is necessary because without such an order, defendants will lack notice of which types of evidence the plaintiffs consider relevant to their claims. *See* Mem. in Supp. of TSG's Mot. (Doc. # 16) at 2; TSG's Supplemental Mot. (Doc. # 19) ¶ 2; Transcript of Oral Argument (Doc. # 26) at 109. While I recognize the importance of such notice, I conclude that in the present case the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 3
2000 WL 33654141 (D.N.H.), 2000 DNH 268
**(Cite as: 2000 WL 33654141 (D.N.H.))**

defendants have received sufficient notice. First, although an amended consolidated complaint has yet to be filed, defendants are aware of the allegations contained in the complaints filed in the individual actions. Moreover, after engaging in a process of negotiation, the parties have reached agreement on the preservation of virtually all of the types of documents and data in which the TSG has expressed an interest. [FN2] *See* Defs.' Mem. in Opp'n (Doc. # 21) at 1-2, 5; TSG's Supplemental Mot. (Doc. # 19) ¶ ¶ 1, 5; Transcript of Oral Argument (Doc. # 26) at 112. In the course of these negotiations, the TSG has provided defendants with specific descriptions of the documents and data that it considers relevant to its claims. *See* TSG's Mot. (Doc. # 16), Ex. A. Under the circumstances, I conclude that the defendants are on actual notice both of the allegations against them and of the types of documents and data that the TSG considers relevant to those allegations.

> FN2. The parties remaining disagreement appears to concern the preservation of "state sales and property tax returns and payments." TSG's Supplemental Mot. (Doc. # 19) ¶ 5; Defs.' Mem. in Opp'n (Doc. # 21) at 2-3 n.2. I need not settle this dispute; to the extent that such documents are relevant to the claims advanced in this action, the defendants must preserve them or face the possibility of sanctions.

**\*3** Accordingly, I deny the TSG's request for a preservation order directed at the defendants.

### III. *Preservation Subpoenas To Third Parties*

The TSG's second request is that I grant them authority to serve subpoenas on specified third parties for the limited purpose of providing them with notice of the action and placing them under an obligation to preserve relevant evidence. I conclude that the service of a limited number of particularized preservation subpoenas on third parties is consistent with the language and purpose of the PSLRA.

The stay of discovery provided for by the PSLRA protects nonparties as well as parties. *See In re Carnegie Int'l Corp. Secs. Lit.,* Civil No. L-99-1688, 2000 U.S. Dist. LEXIS 6137, at \*9-12 (D.Md. Apr. 11, 2000). To obtain relief from this mandatory stay, a party must (1) request "particularized discovery," and (2) show that such discovery is necessary either "to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). I consider these requirements in reverse order.

A. *Necessary to Preserve Evidence or Avoid Undue Prejudice*

In the circumstances of this case, I find that the TSG has demonstrated that service of appropriately tailored preservation subpoenas on specified third parties is necessary to preserve evidence. The claims in this consolidated securities fraud action are based in part on allegations that the defendants manipulated the accounting for a series of acquisitions by Tyco International in order to overstate the corporation's earnings and thereby inflate its stock price. *See* Compl. filed in *Greenberg v. Tyco Int'l, Ltd.,* 99 CIV. 11930, ¶ ¶ 25- 27, Ex. A to Affidavit of Kenneth J. Vianale in Supp. of Proposed Tyco Lead Pls.' Mot. (S.D.N.Y.Doc. # 8). The third parties identified by the TSG mainly appear to be accountants, auditors, and/or consultants that may possess relevant evidence of the acquisitions and accounting practices at issue. *See* Schedule of Third Parties to Be Served With Doc. Preservation Subpoenas (Doc. # 25) at 1-2. Unlike the defendants, these third parties have not necessarily received actual notice of this action. Further, the TSG has produced evidence that large corporations typically overwrite and thereby destroy electronic data in the course of performing routine backup procedures. *See* Decl. of Joan Feldman, ¶ ¶ 7, 8, Ex. C to TSG's Mot. (Doc. # 16); *cf. Applied Telematics, Inc. v. Sprint Communications Co., L.P.,* No. 94-4603, 1996 U.S. Dist. LEXIS 14053, at \*5 (E.D.Pa. Sept. 17, 1996) ("In accordance with defendant's normal operating procedures, every week the computer system is backed up and saved, thereby deleting the backup from the prior week. After one week, therefore, historical information is unavailable from the computer system."). The TSG has therefore offered more than ungrounded speculation that relevant evidence may be destroyed. *Cf. In re Fluor Corp. Secs. Lit.,* No. SA CV 97-734 AHS EEX, 1999 WL 817206, at \*3 (C.D.Cal. Jan. 15, 1999) ("Plaintiffs ... fail to make any credible showing that discovery is necessary to preserve evidence beyond generalizations of fading memories and allegations of possible loss or destruction.").

**\*4** Although the TSG need only establish that one of the two exceptional circumstances identified in the stay provision applies, I also find that the TSG has made a sufficient showing of undue prejudice. One of the courts to have considered the meaning of the PSLRA's "undue prejudice" standard concluded that "[i]n contrast to 'irreparable harm,' 'undue prejudice' means improper or unfair detriment." *Medical Imaging Cents. of Am., Inc. v. Lichtenstein,* 917 F.Supp. 717, 720 (S.D.Cal.1996). The same court

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
2000 WL 33654141 (D.N.H.), 2000 DNH 268  
**(Cite as: 2000 WL 33654141 (D.N.H.))**

Page 4

suggested that a stay of discovery would cause undue prejudice to a plaintiff if it would effectively "shield ... [defendants] from eventual liability for any material violations of the securities laws." *Id.* at 721 n.3; *see also Global Intellicom, Inc. v. Thomson Kernaghan & Co.,* 99 CIV. 342(DLC), 1999 U.S. Dist. LEXIS 5439, at *4- 5 (S.D.N.Y. Apr. 15, 1999) (finding that plaintiff made sufficient showing of undue prejudice by demonstrating that its ability to seek redress in securities action might be foreclosed). Applying these interpretations of undue prejudice, I conclude that the standard is satisfied by the TSG's showing that evidence relevant to plaintiffs' claims might be inadvertently destroyed by third parties without notice of this action.

B. *Particularized Discovery*

In addition to demonstrating necessity, a party seeking an exception to the PSLRA's stay provision must request "particularized discovery." As interpreted in the relevant case law, the "particularized discovery" requirement has at least two dimensions. First, a discovery request is particularized to the extent that it is directed at specific persons. Unlike cases in which plaintiffs have sought leave to serve subpoenas on an insufficiently specified group of third parties, *see In re Fluor Corp. Secs. Lit.,* 1999 WL 817206, at *3; *Mishkin v. Ageloff,* 220 B.R. 784, 793-94 (S.D.N.Y.1998), the TSG has provided a list of the thirteen third parties that it wishes to serve with preservation subpoenas. *See* Schedule of Third Parties to Be Served With Doc. Preservation Subpoenas (Doc. # 25) at 1-2. The TSG has thus satisfied this aspect of the "particularized discovery" requirement.

Second, a discovery request is particularized to the extent that it identifies specific types of evidence that fall within its scope. [FN3] Courts applying the PSLRA stay provision have therefore rejected as insufficiently particularized requests for discovery that were overly broad in scope. *See In re Carnegie Int'l Corp. Secs. Lit.,* 2000 U.S. Dist. LEXIS 6137, at *24; *Mishkin,* 220 B .R. at 793.

> FN3. I do not accept the suggestion, offered in *In re Grand Casinos, Inc. Secs. Lit.,* that a discovery request is sufficiently particularized simply because it calls for the preservation rather than the production of evidence. See 988 F.Supp. at 1273.

In the present case, the briefs and proposed orders submitted by the TSG do not sufficiently particularize the types of evidence that the third parties in question would be called upon to preserve. *See* TSG's Mot. (Doc. # 16); TSG's Supplemental Mot. (Doc. # 19) and Ex. B (proposed order); Proposed Order Re: Preservation of Discovery Material (appended to Doc. # 5) ¶ 6. The TSG is thus effectively requesting authority to serve upon third parties subpoenas that call for the preservation of "an open-ended, boundless universe" of materials. *Mishkin,* 220 B.R at 793. Such a request fails to meet the "particularized discovery" standard. If, however, the TSG submits subpoenas to this court within the next 14 days calling for the preservation of relevant evidence that is described with the requisite particularity (i.e., in terms comparable to the categories used by the parties in their negotiations regarding documents and data in the possession of defendants), I will grant them authority to serve such subpoenas on some or all of the thirteen third parties they have identified. [FN4]

> FN4. Of course, any third party that eventually receives such a preservation subpoena may avail itself of the protections provided under Federal Rule of Civil Procedure 45(c).

C. *Preservation Versus Production*

**\*5** In other cases, courts have concluded that the PSLRA does not allow plaintiffs to obtain relief from the statutory stay to discover facts necessary to satisfy the Act's heightened pleading requirements. *See SG Cowen,* 189 F.3d at 912; *Medhekar v. United States Dist. Court for the N. Dist. of California,* 99 F.3d 325, 328 (9th Cir.1996). These rulings seek to carry out Congress's intention "that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed." *Medhekar,* 99 F.3d at 328. However, as other courts have concluded, granting a plaintiff leave to issue subpoenas that give specified third parties notice of the action and impose upon them only a duty to preserve certain relevant evidence in their possession is consistent with the purposes underlying the PSLRA. *See, e.g., Neibert v. Monarch Dental Corp.,* 3-88-CV-762-X, slip op. at 1-2 (N.D.Tex. Oct. 20, 1999); *In re Grand Casinos, Inc. Secs. Lit.,* 988 F.Supp. at 1272; *but see Asset Value Fund Ltd. Partnership v. Find/SVP, Inc.,* No. 97 CIV. 3977(LAK), 1997 WL 588885, at *1 (S.D.N.Y. Sept. 19, 1997).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
2000 WL 33654141 (D.N.H.), 2000 DNH 268  
**(Cite as: 2000 WL 33654141 (D.N.H.))**

Page 5

### IV. *Conclusion*

For the reasons provided above, the TSG's request for a preservation order directed at defendants is denied. If the TSG submits preservation subpoenas to the court within the next 14 days that appropriately particularize the types of evidence to be preserved, I will grant them the authority to serve such subpoenas on specified third parties.

SO ORDERED.

2000 WL 33654141 (D.N.H.), 2000 DNH 268

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                                                           Page 1
1999 WL 33290643 (N.D.Tex.)
**(Cite as: 1999 WL 33290643 (N.D.Tex.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, N.D. Texas.
Robert O. NEIBERT, et al
v.
MONARCH DENTAL CORP., et al
**No. 3:99CV762.**

Oct. 20, 1999.

ORDER

SANDERSON, Magistrate J.

**\*1** Pursuant to the District Court's order of reference filed on October 8, 1999, came on to be heard Plaintiffs' Motion for Leave to Serve Third Party Preservation Subpoenas filed on October 6, 1999, along with Defendants' response filed on October 19, 1999, and the court finds and orders as follows:

Plaintiffs seek leave to serve subpoenas on third parties to this action in order to place such third parties on notice that they should preserve records which Plaintiffs may be entitled to obtain from them at a later date.

This action is governed by the provisions of the Private Securities Litigation Reform Act of 1995, which in pertinent part stays discovery during the pendency of any motion to dismiss. See 15 U.S.C. § 78u-4(b)(3)(B).

In opposing Plaintiffs' motion Defendants note that they have already filed or will shortly file--on or before October 25, 1999--motions to dismiss Plaintiffs' action, thus bringing into play the stay provision, supra. Cognizant of this prohibition against discovery Plaintiffs do not seek leave to serve subpoenas to immediately obtain discovery, but merely to serve notice on third parties as to relevant documents which may be in their possession and directing them to preserve such documents pending further orders of this court.

A subpoena which does not demand compliance by a date certain is not inimical to the policy reasons for the discovery bar imposed by the Reform Act, in my opinion. The only obligation imposed on the identified non-parties by the proposed subpoenas contemplated in Plaintiffs' motion is that they not destroy any records presently in their possession or which come into their possession at a later date, which are within the purview of the five listed requests. Any additional obligation of any third party would arise only in the event that Defendants' motions to dismiss are denied by the District Court.

However, a review of the instructions attached to the proposed Schedule A's attached to Plaintiffs' motion shows that such instructions go beyond the requirements of Rule 45, Federal Rules of Civil Procedure.

Therefore, Plaintiffs' motion will be granted, subject to the following modifications which shall be incorporated in the Instructions portion of any third party preservation subpoena *duces tecum* permitted by this order.

Specifically, in lieu of the instructions proposed by Plaintiffs, any subpoena issued pursuant to this order will inform a non-party that it is under no obligation to respond to the subpoena *duces tecum*--with the exception of preserving documents--except as provided by Rule 45(c)(3) and/or (d), Federal Rules of Civil Procedure, *and* not less than fourteen days after receiving a copy of an order of this court authorizing discovery to proceed in this action.

SO ORDERED this 20th day of October, 1999.

A copy of this order shall be transmitted to counsel for the parties.

1999 WL 33290643 (N.D.Tex.)

**Motions, Pleadings and Filings (Back to top)**

• _____ 3:99CV00762 _____ (Docket) (Apr. 06, 1999)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp. Page 1
1996 WL 467534 (S.D.N.Y.), Fed. Sec. L. Rep. P 99,307
**(Cite as: 1996 WL 467534 (S.D.N.Y.))**

**Motions, Pleadings and Filings**

United States District Court, S.D. New York.
Carol NOVAK and Robert Nieman, On Behalf of Themselves and All Others Similarly Situated, Plaintiffs,
v.
Sally Frame KASAKS, Paul E. Francis, Joseph R. Gromek, Gerald S. Armstrong,
James J. Burke, Jr., Merrill Lynch & Co., Merrill Lynch, Pierce, Fenner & Smith
Incorporated, Merrill Lynch Capital Partners, Inc., ML IBK Positions Inc.,
Merchant Banking L.P. No. III, Kecalp, Inc., Anntaylor Stores Corporation and
Anntaylor, Inc., Defendants.
**No. 96 CIV. 3073 (AGS).**

Aug. 16, 1996.

*MEMORANDUM DECISION*

SCHWARTZ, District Judge:

**\*1** Defendants have moved, pursuant to Section 21D(b)(3)(B) of the Private Securities Litigation Reform Act (the "Reform Act"), 15 U.S.C. § 78u-4(b)(3)(B), to stay discovery until this Court rules upon defendants' pending motions to dismiss. For the reasons stated below, Defendants' motion is granted.

*Background*

On April 25, 1996, plaintiffs filed a putative class action complaint alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder. Shortly thereafter, plaintiffs issued nearly 30 subpoenas duces tecum and ad testificandum on various non-party securities analysts, brokerage houses, investment banks, and rating agencies, among others. On May 15, 1996, certain defendants requested a stay of discovery in the anticipation that motions to dismiss would be filed. The Court denied the request in a memo endorsed order dated May 23, 1996, stating that "[t]he request to stay discovery at this stage of the proceedings, prior to the filing of the motion to dismiss is denied, with leave to renew upon the filing of such motion." On July 1, 1996, the defendants served upon plaintiffs Notices of Motion to Dismiss the Complaint and supporting memoranda of law, and defendants now renew their request for a stay of discovery.

*Discussion*

On December 22, 1995, Congress amended the Exchange Act by enactment of the Reform Act. The Reform Act includes a provision mandating a stay of discovery during the pendency of any motion to dismiss in an action brought pursuant to the Exchange Act, unless the court concludes that certain exceptions apply. The Reform Act states:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B). This stay provision gives effect to Congress' intent that "discovery should be permitted in securities class actions only after the court has sustained the legal sufficiency of the complaint." Senate Comm. on Banking, Housing, and Urban Affairs, Private Securities Litigation Reform Act of 1995, S.Rep. No. 98, 104th Cong., 1st Sess. 14 (1995).

Plaintiffs oppose defendants' motion to stay discovery, arguing that there is a "great risk" that highly relevant evidence will be lost or destroyed and that undue prejudice will result if discovery is stayed. *See* Plaintiffs' Memorandum in Opposition to Defendants' Motion to Stay Discovery at pp. 1, 5-7. However, plaintiffs have provided no evidence to bolster their wholly speculative assertions as to the risk of lost evidence and undue prejudice. Accordingly, the Court holds that plaintiffs have not satisfied their burden of showing that exceptional circumstances exist which would justify a departure from the Reform Act's mandatory stay of discovery. *See Medical Imaging Centers of America, Inc. v. Lichtenstein,* 917 F.Supp. 717, 720-722 (S.D.Cal.1996) (holding that "undue prejudice" standard was not satisfied based upon plaintiff's alleged need to have discovery before date set for election of directors).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
1996 WL 467534 (S.D.N.Y.), Fed. Sec. L. Rep. P 99,307  
**(Cite as: 1996 WL 467534 (S.D.N.Y.))**

Page 2

***2** Plaintiffs' concern that non-parties may not consider themselves under an obligation to retain possession of relevant documents if discovery is stayed is easily remedied. The Court hereby orders that all non-parties upon whom subpoenas have been served in this action are to preserve all documents and other materials responsive to such subpoenas subject to further order of the Court.

*Conclusion*

For the reasons set forth above, discovery in this action is hereby stayed pending the Court's decision on defendants' motions to dismiss.

SO ORDERED.

1996 WL 467534 (S.D.N.Y.), Fed. Sec. L. Rep. P 99,307

**Motions, Pleadings and Filings (Back to top)**

• 1:96CV03073 (Docket) (Apr. 25, 1996)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.