## SCHEDULE A

### I. INSTRUCTIONS

1.  The subpoena served upon you commands you to <u>preserve</u> and, in the event the Court permits discovery in this action, produce all documents responsive to the requests below in your possession, custody or control or in the possession, custody or control of your attorneys, agents, representatives or employees.  The defendants in this action will be moving to dismiss plaintiffs' complaint.  All discovery in this action is stayed pending further instruction from the Court.  Service of this Subpoena is not an indication by any Court or party that the motion to dismiss is likely to be granted or denied.  **You have no obligation to produce documents unless and until receiving further instructions to do so.**  In the event the Court instructs the production of documents to proceed, production shall take place <u>thirty (30) days after notification from plaintiffs' counsel.</u>  All your objections to this subpoena will be preserved until thirty (30) days after such notice.  Plaintiffs' counsel likewise will notify you if it is determined that the production of documents will not proceed in this case.

2.  In the interim, you are required to preserve and maintain all requested documents, including electronically stored documents such as e-mails, whether or not they are ultimately produced.  You are hereby cautioned against destruction or spoliation of documentary evidence relating to plaintiffs' lawsuit. Until further notice, no document production is being sought and this subpoena is being served solely to require preservation of documents in your possession, custody, or control pursuant to court order.

3.  Preserve all responsive documents which are in your possession, custody or control, or in the possession, custody or control of your predecessors, successors,

parents, subsidiaries, divisions or affiliates, or any of your respective directors, officers, managing agents, agents, employees, attorneys, accountants, or other representatives. A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.

4. Preserve not only the originals or exact copies of the originals of all documents requested below, but also copies of such documents which bear any notations or markings not found on the originals and all preliminary, intermediate, final or revised drafts of such documents.

5. If any document to be preserved was but is no longer in your possession or subject to your control, state whether it is: (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others; or (d) otherwise disposed of, and in each instance identify the name and address of its current or last known custodian, and the circumstances surrounding such disposition.

6. Preserve each document requested herein in its entirety, without deletion or excision, regardless of whether the entire document is considered to be relevant or responsive to the requests.

7. The singular of any term shall include the plural, and the disjunctive shall include the conjunctive and *vice versa*.

8. If the production of documents ultimately is required, any documents requested below that no longer exist or cannot be located shall be identified in your written response along with a complete statement of all circumstances surrounding the destruction, loss, or disappearance of each such document, including without limitation the following information:

    a. a specific description of the document, including its general subject matter, the date the document was created, executed and received, its author or signatory, its addressee and every other recipient, and its type or nature;

    b. the date of its disposal;

    c. the manner of its disposal;

    d. the reason for its disposal;

    e. the name(s), business and home address(es) and telephone number(s) of the person(s) authorizing the disposal; and

    f. the name(s), business and home address(es) and telephone number(s) of the person(s) who disposed of the document.

9. If the production of documents is ultimately required, any documents requested below that are withheld on the basis of a claimed privilege must be identified, and the following information provided by way of written response:

    a. a specific description of the document, including its type or nature and general subject matter;

    b. the date the document was created, executed and received;

    c. the author(s) of the document;

    d. the addressee(s) of the document;

   e. the title of the document;

   f. the location of the document and the identity of its custodian;

   g. the type of privilege claimed as grounds for withholding the document (if work-product immunity is being asserted, identify the proceeding for which the document was prepared); and

   h. The request for production to which such claim relates.

  10. Each request for production shall be deemed continuing so as to require prompt, supplemental production if defendants obtain additional information subsequent to responding thereto.

  11. The singular form of a word should be read in the plural, and vice versa, so as to bring within the scope of these production requests each document that might otherwise be outside the request.

  12. Unless otherwise specified in a particular request for production, **the relevant time period shall be September 1, 2003 through and including the present day.**

## II. DEFINITIONS

  1. "Document(s)" has the same meaning as "writings," which is defined in Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001, and is used herein in the broadest possible sense and includes data, videotape and motion pictures, and electronic, mechanical or electric records or representations, including e-mail. "Document(s)" include, but are not limited to, correspondence, letters, contracts, agreements, memoranda, statements, bills, schedules, receipts, invoices, records of purchase or sale, brochures, projections, budgets, calendars, reports, studies, minutes, resolutions, due diligence files, promissory notes,

loan documents, letters of credit, notes (handwritten or otherwise), messages, analyses, plans, evaluations, diaries, agendas, announcements, manuals, telephone message slips, telephone bills, telephone logs, telephone toll records, press releases, transcripts, scripts, graphs, charts, computer directories, computer disks, computer tapes, or any other written, printed, typed, taped, filmed, or graphic matter however produced or reproduced. "Document(s)" further include non-identical copies, including drafts, revisions, alterations, modifications, changes, markups, amendments of the foregoing or comments or notations appearing on the foregoing, which are not part of the original text. "Document(s)" also include the file, folder tabs, and labels appended to or containing any documents.

2. "Bank One" shall mean Bank One Corporation and any of its predecessors or successors and any of its present and former parents, subsidiaries, affiliates, divisions, joint ventures, or representatives.

3. "JPMC" shall mean JPMorgan Chase & Co. and any of its predecessors or successors and any of its present and former parents, subsidiaries, affiliates, divisions, joint ventures or representatives.

4. "Representative" or "representatives" as used herein with regard to a person or entity means and shall include, both collectively in individually, each and every present and former director, officer, partner, employee, agent, independent consulting, investment advisor, or expert or other person (including attorneys) acting or purporting to act on behalf of the person or entity.

5. "You" or "your" refers to Lazard Frères & Co. LLC, which in turn includes any of its predecessors, successors, parents, subsidiaries and branches; its

worldwide, national, regional and local offices, all present or former analysts, analyst assistants, officers, directors, employees, agents, attorneys, advisors, accountants and all other persons acting or purporting to act on its behalf.

6. "Person" or "persons" refers to natural persons, proprietorships, governmental agencies, corporations, partnerships, trusts, joint ventures, groups, associations, organizations and all other entities.

7. "Communicate" or "communication(s)" refers to every manner or means of disclosure, transfer or exchange of information, orally, in writing or by electronic transmission (such as e-mail).

8. "Meeting" means the contemporaneous presence of any natural persons (including by telephone) for any purpose, whether or not such presence was by chance or prearranged, and whether or not the meeting was formal or informal or occurred in connection with some other activity.

9. "Concerning" means relating to, referring to, describing, evidencing or constituting.

10. "Refer" or "relate" or "referring" or "relating" means all documents that comprise, reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the request or were reviewed in conjunction with, or were created, generated or maintained as a result of the subject matter of the request.

11. "Policy" means any rule, procedure, practice, or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded, which was recognized or followed by the entity responding to the requests.

12. "And" shall include the term "or," and the term "or" shall include the term "and," such that each document request calls for the production of the greatest number of documents.

13. "Any" shall mean any and all. The term "all" has the same meaning.

14. The "Merger Agreement" shall mean the agreement and plan of merger dated January 14, 2004 between Bank One and JPMC.

15. The "Merger Transaction" shall mean the transaction contemplated by the Merger Agreement.

16. The "Defendants" shall mean William B. Harrison, Jr., Hans W. Becherer, Riley P. Bechtel, Frank A. Bennack, Jr., John H. Biggs, Lawrence A. Bossidy, M. Anthony Burns, Ellen V. Futter, William H. Gray, III, Helene L. Kaplan, Lee R. Raymond, John R. Stafford, James Dimon, and JPMC, and, where applicable, each of their predecessors or successors and any of their present and former parents, subsidiaries, affiliates, divisions, joint ventures, or representatives.

17. "Combination" shall mean any transaction between Bank One and JPMC contemplated by any of the Defendants.

18. The "Proxy/Prospectus" shall mean the joint proxy statement and prospectus filed by Bank One and JPMC with the Securities and Exchange Commission on April 5, 2004.

### III.  DOCUMENTS TO BE PRESERVED

1. All notes, minutes, agendas, reports, presentations, resolutions, exhibits, and other documents (including, but not limited to, documents presently or formerly in the possession of Gary Parr, Tim Dana, or Gary Shedlin) concerning or prepared or distributed in connection with any meeting or communication between Harrison and Dimon during the relevant time period.

Schedule A - Lazard Frères & Co. LLC                  *Hyland et al. v. Harrison et al.*

2. All documents (including, but not limited to, documents presently or formerly in the possession of Gary Parr, Tim Dana, or Gary Shedlin) prepared by or for, and all documents provided or made available to, or otherwise obtained by any of the Defendants concerning the Merger Transaction or any negotiations with respect to any Combination.

3. All documents (including, but not limited to, documents presently or formerly in the possession of Gary Parr, Tim Dana, or Gary Shedlin) concerning or in preparation for any Combination (including without limitation the Merger Transaction) or any negotiations relating thereto, including, but not limited to, documents regarding the exchange ratio, produced or provided by JPMC's representatives or Bank One's representatives during the relevant time period.

4. All non-privileged documents concerning or in preparation for any Combination (including without limitation the Merger Transaction) or any negotiations relating thereto, produced or provided by Bank One's legal advisors during the relevant time period.

5. All documents (including, but not limited to, documents presently or formerly in the possession of Gary Parr, Tim Dana, or Gary Shedlin) prepared for, concerning, or distributed in connection with any meeting during the relevant time period of the Board of Directors, or any committee thereof, of (a) JPMC or (b) Bank One, including, but not limited to, any minutes, agendas, presentations, exhibits or notes.

6. All proxy statements and any other actual or contemplated communications to JPMC or Bank One shareholders with respect to the Merger Transaction, and all drafts thereof.

7. All documents concerning or prepared or distributed in connection with any meeting of the shareholders of JPMC or Bank One with respect to the Merger Transaction.

8. All documents (including, but not limited to, documents presently or formerly in the possession of Gary Parr, Tim Dana, or Gary Shedlin) concerning any communication with respect to the Merger Transaction (a) between or among the Defendants, or any of them, or (b) between any of the Defendants and any other person, including, but not limited to, (i) JPMC's financial or legal advisors and (ii) Bank One (including, but not limited to, Dimon and Bank One's other directors).

9. All documents (including, but not limited to, documents presently or formerly in the possession of Gary Parr, Tim Dana, or Gary Shedlin) concerning any communication with respect to any Combination (including without limitation the Merger Transaction) between Dimon and any other person, including, but not limited to, you and JPMC's financial advisors.

Schedule A - Lazard Frères & Co. LLC   *Hyland et al. v. Harrison et al.*

10. All documents (including, but not limited to, documents presently or formerly in the possession of Gary Parr, Tim Dana, or Gary Shedlin) concerning any actual or contemplated agreement or understanding, or any negotiations or deliberations, with respect to the employment, position, role, responsibilities, or tenure of Harrison or Dimon after any Combination (including without limitation the Merger Transaction), including, but not limited to, any agreement for Harrison to retain the position of Chief Executive Offer for two years after the Merger Transaction.

11. All documents (including, but not limited to, documents presently or formerly in the possession of Gary Parr, Tim Dana, or Gary Shedlin) concerning the exchange ratio of JPMC stock for Bank One stock in connection with the Merger Transaction, including, but not limited to, all documents concerning any negotiations or deliberations with respect to the exchange ratio.

12. All documents, not otherwise requested, concerning any Combination (including without limitation the Merger Transaction) or the negotiations relating thereto.