IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL I. HYLAND, et al.,<br>                Plaintiffs,<br>       v.<br>WILLIAM B. HARRISON, JR., et al.,<br>                Defendants. | Case No. **1:05-cv-162 (JJF)**<br><br>**CLASS ACTION** |

**PLAINTIFFS' SUBMISSION OF SUBSEQUENT AUTHORITY**

Pursuant to Local Rule 7.1.2(c), plaintiffs respectfully submit two relevant Third Circuit decisions published after the July 11, 2005 filing of plaintiffs' answering brief in opposition to defendants' motion to dismiss the amended complaint (D.I. 52).

In *In re Tower Air, Inc.*, No. 04-3633, --- F.3d ----, 2005 WL 1813272 (3d Cir. Aug. 3, 2005) (attached hereto as Exhibit A), the appellate court ruled that the District of Delaware erred by applying Delaware's stricter Court of Chancery pleading standard to allegations of breach of fiduciary duty by directors and instead should have applied the more lenient federal notice pleading standard. This decision confirms the viability of Count III of plaintiffs' amended complaint and weighs heavily against looking to the Court of Chancery dismissal of a related state court class action to review the sufficiency of the claims at bar. Further, *Tower Air* indicates that plaintiffs have alleged far more than sufficient facts to rebut the applicability of the business judgment rule. *Id.* at *5 ("[W]e will not…transform Rule 12(b)(6) motions into multi-purpose summary judgment vehicles."), *6 ("Generally speaking, we will not rely on an affirmative defense such as the business judgment rule to trigger dismissal of a complaint under Rule 12(b)(6).").

In *Cantor v. Perelman*, Nos. 04-1790, 04-2896, --- F.3d ----, 2005 WL 1620323 (3d Cir. July 12, 2005) (attached hereto as Exhibit B), the appellate court reversed summary judgments granted by the District of Delaware in favor of defendants on claims for breach of the duty of loyalty, as well as on damages resulting therefrom, holding: "Where, as here, the record will support a finding that the defendants exploited their fiduciary position for personal gain, summary judgment is inappropriate. Such exploitation would constitute a breach of fiduciary duty and that breach would justify an unjust enrichment award without regard to whether the fiduciary caused the beneficiary to act to its detriment." Such reasoning applies equally to plaintiffs' duty of loyalty claim.

DATED:   August 5, 2005          Respectfully submitted,

/s/ Joseph N. Gielata
Joseph N. Gielata (DSB # 4338)
501 Silverside Road, Suite 90
Wilmington, DE 19809
(302) 798-1096

*Plaintiffs' Lead Counsel*

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that, on August 5, 2005, I electronically filed the foregoing *PLAINTIFFS' SUBMISSION OF SUBSEQUENT AUTHORITY* with the Clerk of Court using CM/ECF which will send notification of such filing to:

>Michael R. Robinson, Esq.
>**RICHARDS LAYTON & FINGER, P.A.**
>One Rodney Square
>Wilmington, DE  19801
>*Counsel for Defendants*

>  /s/ Joseph N. Gielata
>Joseph N. Gielata (DSB # 4338)
>Attorney at Law
>501 Silverside Road, Suite 90
>Wilmington, Delaware 19809
>(302) 798-1096
>attorney@gielatalaw.com