UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL I. HYLAND and STEPHANIE SPEAKMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, JPMORGAN CHASE & CO., and JAMES DIMON,<br><br>Defendants. | Case No. 1:05-cv-162 (JJF) |
| Dr. Stephen Blau, Individually and On Behalf of All Others Similarly Situated,<br><br>Applicants-In-Intervention | |

**BRIEF IN SUPPORT OF MOTION OF DR. STEPHEN BLAU TO INTERVENE
IN ORDER TO FURTHER MOVE THAT THIS ACTION BE STAYED**

CHIMICLES & TIKELLIS LLP
Pamela S. Tikellis (#2172)
Robert Davis (#4536)
One Rodney Square
P.O. Box 1035
Wilmington, Delaware 19899
(302) 656-2500

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
Gregory M. Nespole (of the New York bar)
Adam J. Levitt (of the Illinois bar)

Dated: August 26, 2005

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................... ii

NATURE AND STAGE OF THE CASE............................................................................. 1

SUMMARY OF ARGUMENT ............................................................................................ 1

STATEMENT OF FACTS ................................................................................................... 1

ARGUMENT......................................................................................................................... 3

    I.  This Court Should Allow Dr. Stephen Blau to Intervene
    in the Hyland Action Pursuant to Federal Rule of Civil Procedure 24................... 3

    II. This Court Should Stay the Hyland Action Because
    Lead Plaintiff Proceedings Under the PSLRA Have
    Already Occurred in the Illinois District Court. ..................................................... 5

CONCLUSION..................................................................................................................... 9

# TABLE OF AUTHORITIES

**CASE LAW**

*Landis v. North America Co.*, 299 U.S. 248 (1936)..........................................................5

*McGinley v. Houston*, 2003 U.S.Dist. LEXIS 14947
(S.D. Ala. Aug. 27, 2003)..................................................................................................7

*Green v. Citigroup, Inc.*,
68 Fed. Appx. 934, 936, (10th Cir. June 25, 2003) ..........................................................7

*Biondi v. Scrushy*, 820 A.2d 1148 (Del. Ch. 2003) .........................................................8

*Derdiger v. Tallman*, 773 A.2d 1005 (Del. Ch. 2000).....................................................8

*McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engineering Co.*,
263 A.2d 281 (Del. 1970) ..................................................................................................8

**FEDERAL STATUTES**

15 U.S.C. §78u-4(a).......................................................................................................1, 5

Fed. R. Civ. P. 24............................................................................................... *passim*

## NATURE AND STAGE OF THE CASE

Dr. Stephen Blau, the Court-appointed Lead Plaintiff in the action styled *Blau v. Harrison, et al.*, Case No. 04 C 6592 (N.D. Illinois) (Hibbler, J.) (the "Illinois Action"), moves to intervene in this action, styled *Hyland v. Harrison, et al.*, Case No. 1:05-cv-162 (JJF) (the "Delaware Action"), presently pending before this Court. Dr. Blau seeks to intervene in the Delaware Action for the purpose of staying this case, thereby preserving the integrity and the authority of the United States District Court for the Northern District of Illinois, where the first-filed Illinois Action is presently pending -- and was pending prior to the commencement of the Delaware Action, by, *inter alia*, following the clear mandate of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), codified at 15 U.S.C. § 78u-4(a), section 21D of the Securities Exchange Act of 1934, with respect to these actions. The Delaware Action and the Illinois Action seek substantially the same relief and are premised on exactly the same facts and circumstances and raise similar legal issues. Accordingly, the relief requested herein is warranted.

## SUMMARY OF ARGUMENT

I. **This Court Should Allow Dr. Stephen Blau to Intervene in the Hyland Action Pursuant to Federal Rule of Civil Procedure 24.**

II. **This Court Should Stay the Hyland Action Because Lead Plaintiff Proceedings Under the PSLRA Have Already Occurred in the Northern District of Illinois Court.**

## STATEMENT OF FACTS

On October 13, 2004, Dr. Blau commenced a securities fraud action in the United States District Court for the Northern District of Illinois, alleging Defendants' violations of section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Specifically, Dr. Blau brought his action on his own behalf and on behalf of a class of all

those who held common stock of J.P. Morgan Chase, on either April 2, 2004 (the record date), or at any time from April 19, 2004 (the proxy date) through July 1, 2004 (the date upon which the merger between J.P. Morgan Chase & Co. and Bank One Corporation was consummated).

In his complaint, Dr. Blau alleges that Defendants negligently failed to disclose that Mr. James Dimon – Bank One's CEO at the time of the proposed merger – had offered to consummate the merger at no premium to J.P. Morgan shareholders if he was permitted to lead the merged company as its CEO and that the proxy negligently omitted to disclose that approximately $7 billion in additional merger consideration – the fourteen percent premium to Bank One shareholders – was a counterpart to Mr. Harrison retaining his position as CEO of J.P. Morgan for two years after the merger.

On January 5, 2005, Judge William J. Hibbler of the United States District Court for the Northern District of Illinois, pursuant to section 21D(a)(3)(B) of the Exchange Act, entered an order appointing Dr. Blau and American Growth Fund, Inc. ("AGF") lead plaintiffs in the Illinois Action and appointed Wolf Haldenstein lead counsel therein. (*See* the Order of the Northern District of Illinois appointing Dr. Stephen Blau and AGF lead plaintiffs ("Illinois Lead Plaintiff Order") attached as Exhibit A to the Affidavit of Gregory Mark Nespole, Esq., dated August 26, 2005, offered in further support of this application. (The "Nespole Affidavit").) On February 18, 2005, Dr. Blau filed his amended complaint in the Illinois Action.[1]

---

[1] On that same date, Wolf Haldenstein filed the necessary papers in the Illinois Action to enable AGF to withdraw therefrom.

2

In March 2005, Samuel I. Hyland, by his counsel, Mr. Joseph N. Gielata, filed this action in the United States District Court for the District of Delaware. The complaint in the Delaware Action asserts claims substantially similar to the claims alleged in the first-filed Illinois Action. Significantly, Mr. Hyland commenced his action even though Judge Hibbler in the Illinois Action already had entered a Lead Plaintiff Order in that case three months prior, and plaintiffs in the Illinois Action filed an extremely detailed amended complaint in that case.

Importantly, neither Mr. Hyland nor his counsel took action within the statutory deadline mandated by the PSLRA to seek appointment as lead plaintiff in the Illinois Action.[2] Instead, Mr. Hyland disregarded the plain language of the PSLRA mandating the leadership and case management structure in these types of actions, and, together with Mrs. Speakman, sought to be appointed lead plaintiffs in the Delaware Action (the "Hyland Plaintiffs").

## ARGUMENT

### I. This Court Should Allow Dr. Stephen Blau to Intervene in the Hyland Action Pursuant to Federal Rule of Civil Procedure 24.

Federal Rule of Civil Procedure 24(a) provides for intervention as a matter of right where: the applicant claims an interest related to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action

---

[2] The Hyland Plaintiffs' counsel also submitted a memorandum in the Illinois Action, styled as an "Amici Curiae" brief followed by a supplemental memorandum (together, the "Hyland Memoranda"), requesting therein that the Illinois Court disqualify Wolf Haldenstein as Lead Counsel, vacate its order appointing Dr. Blau as Lead Plaintiff, and transfer the Blau Action to the District of Delaware a true and correct copy of the Hyland Memoranda is annexed to the Nespole Affidavit at Exhibit B. On August 24, 2005, the Illinois Lead Plaintiffs filed a response to the Hyland Memoranda in the Northern District of Illinois, detailing the Hyland Memoranda's lack of any factual or legal merit and the serious misrepresentations contained therein.

may, as a practical matter, impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Under Rule 24(b)(2), any party may be permitted to intervene in an action when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion, the Court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. Fed. R. Civ. P. 24(b)(2).

Under either Rule 24 analysis, Dr. Blau, the Lead Plaintiff in the Illinois Action, is entitled to intervene herein because the Hyland Plaintiffs and Dr. Blau filed complaints premised on exactly the same facts and circumstances, raising similar legal issues and seeking substantially the same relief. The Hyland Plaintiffs have even conceded that both the Illinois Action and the Delaware Action share a commonality of law and facts by seeking relief before the Illinois District Court through the Hyland Memorandum. Since then, the Hyland Plaintiffs, in their Supplemental Memorandum of *Amici Curiae* Samuel Hyland and Stephanie Speakman, filed in the Illinois Action, ***have expressly conceded that these cases "overlap[]."*** (*See* Exhibit B to the Nespole Affidavit.)

In addition, no delay or prejudice would result if Dr. Blau is permitted to intervene in this action, as this proceeding is subject to Defendants' motion to dismiss, and the briefing of this motion could take place simultaneously with briefing on defendant's pending motion to dismiss. However, if the Hyland Action was to proceed without Dr. Blau's intervention, this would inevitably impair the relief Dr. Blau is seeking on his own behalf and on behalf of the other members of the proposed class in

4

the Illinois Action – the proper venue for this action pursuant the plain language of the PSLRA.

Indeed, Dr. Blau would suffer undue prejudice if intervention were not granted, as he has already had his motion for appointment as Lead Plaintiff and appointment of Wolf Haldenstein as Lead Counsel granted, has vigorously investigated the issues in the case, has filed his Amended Complaint, filed an extensive opposition to Defendant's motion to dismiss, and is presently proceeding with the prosecution of his claims under the time frames set forth in the Pretrial Order entered by Judge Hibbler in the Illinois Action.

In the alternative, permissive intervention is also warranted in this case under Rule 24(b). Rule 24(b) allows permissive intervention when: (1) the application is timely; (2) the proposed intervenor and the existing parties present common questions of law or fact; and (3) intervention will neither unduly delay nor prejudice the rights of the original plaintiffs or defendants. As discussed above, the instant motion is timely. Additionally, the cases share a commonality of law and facts, and intervention will not unduly delay or prejudice the adjudication of the rights of the parties in the actions filed in this District.

## II. This Court Should Stay The Delaware Action Because Lead Plaintiff Proceedings Under the PSLRA Have Already Occurred In The Illinois Action.[3]

The prerequisites of the PSLRA establish a strict schedule for the process of appointing lead plaintiff and selecting class counsel. *See* 15 U.S.C. §78u-4(a)(3). The

---

[3] The power to stay or defer proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time, and effect for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).

clear statutory scheme is that the lead plaintiff selection procedure is to be resolved for all persons nationwide with substantially similar federal securities law claims promptly after the filing of the initial action alleging such claims, and there is no provision for continuously revisiting the issue.

The Court should stay the Delaware Action because the alternative – permitting the Delaware Action to proceed in the face of the prior pendency and current posture of the Illinois Action – directly contravenes the PSLRA by allowing for two different Lead Plaintiffs to represent members of the same class, in overlapping actions.

Here, after proper nationwide notice and the Illinois District Court's consideration of the timely-filed lead plaintiff motion, and in strict compliance with the requirements of the PSLRA, the lead plaintiff selection process was completed in January 2005. Almost six months later, the Hyland Plaintiffs attempted, with no legal authority or factual basis to support their request, to interfere with the Illinois District Court's Lead Plaintiff Order by filing a virtually identical case in the District of Delaware, and moving for lead plaintiff status in the Delaware Action.

Mr. Gielata embarked on such a course, notwithstanding that he and his clients clearly admitted, through the submission of the Hyland Memoranda, that the Illinois District Court had exercised jurisdiction over the claims asserted in the Delaware Action and issued binding Orders relating to the litigation of such claims. Indeed, in their *amicus* papers filed in the Illinois Action, the Hyland Plaintiffs stated justification for filing the Delaware Action was their belief that the notice that Dr. Blau published with respect to the pendency of the Illinois Action was purportedly defective. Even if the Hyland Plaintiffs' concerns about Dr. Blau's notice were colorably valid (which, as Dr.

Blau, by his counsel, has explained in the Illinois Action, they are not), the proper forum – indeed the only forum – in which to air that objection is before Judge Hibbler in the Illinois Action, and *not* by filing a competing action in a different jurisdiction. Indeed, if the Hyland Plaintiffs' course of action was permissible, it would enable disgruntled also-rans in lead plaintiff contests everywhere to hijack those proceedings by filing competing actions in other courts – justifying their conduct by pointing to illusory "defects" in the original action(s). Fortunately (or unfortunately, for the Hyland Plaintiffs and their counsel, Mr. Gielata), this is not the law.

Based on the foregoing, by asking this Court to enter a Lead Plaintiff Order in the Delaware Action, what the Hyland Plaintiffs were actually seeking was for this Court to serve as a reviewing court over another federal Court – namely the United States District Court for the Northern District of Illinois. Indeed, the only way for this Court to grant the Hyland Plaintiffs' lead plaintiff motion would be for this Court to at least implicitly overrule Judge Hibbler's prior lead plaintiff determination in the Illinois Action (including all of the procedural and factual bases therefor) and permit a competing action to proceed. *See Green v. Citigroup, Inc.*, 68 Fed. Appx. 934, 936 (10th Cir. June 25, 2003) ("It is axiomatic that one district court has no jurisdiction to review the decision of another district court."); *McGinley v. Houston*, no.03-0563, 2003 U.S. Dist. LEXIS 14947, at *2 (S.D. Ala. Aug. 27, 2003) ("[t]he law does not allow a party to file a "horizontal appeal" from one district judge to another judge of the same rank...").[4]

---

[4] To the extent there was any question that the Illinois District Court's Lead Plaintiff Order applied to the claims and class alleged in this Action, the Hyland Plaintiffs have conceded that point in the Hyland Memoranda. See Hyland Supp. Mem. ("On June 21, 2005, the Delaware (continued...)

Moreover, because the Delaware Action and the Illinois Action seek substantially the same relief, are premised on exactly the same facts and circumstances and raise similar legal issues, a stay in the Delaware Action would not prejudice its class members as their claims are ably represented in the Illinois Action.[5]

---

(...continued)

Plaintiffs were appointed lead plaintiffs in an overlapping class action commenced in the District of Delaware.") (See Exhibit B to the Nespole Affidavit).

[5] The concept of one court deferring to another court in which an earlier-filed, similar action is pending is well-established. Indeed, Delaware state courts have been sensitive to such considerations, as is evidenced by the *McWane* doctrine, and this doctrine, by analogy, supports Dr. Blau's proposed relief. The Delaware courts are generally sensitive to such considerations, as is evidenced by the *McWane* doctrine. In Delaware, the *McWane* doctrine, taken from the Delaware Supreme Court's decision in *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281 (Del. 1970), colors the analysis of the present motion to stay the Delaware Action. Under the *McWane* doctrine, a Delaware Court is free to exercise its discretion in circumstances where a first-filed action is capable of doing prompt and complete justice between the parties. See *McWane*, 263 A.2d at 283. While it is true that a Delaware court will not stay one litigation simply because there is another, prior-filed, representative action in a court capable of doing prompt and complete justice, *Biondi v. Scrushy*, 820 A.2d 1148, 1159 (Del. Ch. 2003), when the court is assured, through selection of lead counsel under the PSLRA or other record evidence, that the plaintiffs in the action for which a stay is sought are adequately represented in the first filed action, the *McWane* doctrine favoring deference to the first-filed complaint should be used to determine the outcome of the stay motion. See *Derdiger v. Tallman*, 773 A.2d 1005, 1012-13 (Del. Ch. 2000) ("When a federal court has appointed lead plaintiff in a first-filed federal class action after a careful process according with the Private Securities Litigation Reform Act, the concerns that typically counsel against the full-strength use of *McWane* in the representative action context were sufficiently addressed.").

## CONCLUSION

For the foregoing reasons, the Movant and Applicant-In-Intervention respectfully requests that this Court allow him to intervene for the purpose of staying the above-titled action.

Dated: August 26, 2005

CHIMICLES & TIKELLIS LLP

_____
Pamela S. Tikellis (#2172)
A. Zachary Naylor (#4439)
Robert R. Davis (#4536)
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899
Telephone: (302) 656-2500
Facsimile: (302) 656-9053

OF COUNSEL:

Adam J. Levitt
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLC
55 West Monroe Street, Suite 1111
Chicago, Illinois. 60603
(312) 984-0000

Gregory M. Nespole
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York  10016
(212) 545-4600

9