IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL I. HYLAND and STEPHANIE SPEAKMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, JPMORGAN CHASE & CO., and JAMES DIMON,<br><br>Defendants. | Case No.  **1:05-cv-162 (JJF)**<br><br>**CLASS ACTION** |

**DECLARATION OF JOSEPH N. GIELATA, ESQ. IN SUPPORT OF
PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO
MOTION OF DR. STEPHEN BLAU TO INTERVENE IN ORDER TO
<u>FURTHER MOVE THAT THIS ACTION BE STAYED</u>**

JOSEPH N. GIELATA, a member of the Bar of the Supreme Court of Delaware, for his declaration states:

1. I make this affidavit in support of Plaintiffs' Answering Brief In Opposition To Motion Of Dr. Stephen Blau To Intervene In Order To Further Move That This Action Be Stayed.

2. I have compared the amended complaint in *Blau v. Harrison*, 04-cv-6592 (N.D. Ill.) (the "Illinois Action") against the consolidated complaint in *In re J.P. Morgan Chase & Co. S'holder Litig.*, No. 531-N (Del. Ch.) (the "Chancery Action"), which was filed over a month before the initial complaint in *Blau* was filed and over four months

before the amended complaint in *Blau* was filed. I have compiled, in the chart attached hereto as Exhibit A, several discrete selections which appear to have been plagiarized directly from the consolidated complaint in the Chancery Action. I have also, where applicable, suggested explanations for discrepancies in the plagiarized sections. I participated in the drafting of the consolidated complaint in the Chancery Action and was responsible for all electronic research underlying the allegations therein. Accordingly, I am familiar with the investigatory efforts forming the basis for the consolidated complaint in the Chancery Action. Based on my review of the complaints, I doubt that any Wolf Haldenstein attorney personally reviewed or confirmed the plagiarized allegations. Wolf Haldenstein's electronic research records can confirm this well-grounded suspicion.

      3.      The docket in the Illinois Action contains the following entries concerning attempted service of process:

| 10/29/2004 | 2 | RETURN OF SERVICE of summons and complaint personally served as to defendant Hans W Becherer, by leaving a copy of summons and complaint with Marjorie G. Joseph, on 10/15/04. (gl) (Entered: 11/01/2004) |
| --- | --- | --- |
| 10/29/2004 | 3 | RETURN OF SERVICE of summons and complaint personally served as to defendant William B Harrison, by leaving a copy of summons and complaint with Marjorie G. Joseph on 10/15/04. (gl) (Entered: 11/01/2004) |
| 10/29/2004 | 4 | RETURN OF SERVICE of summons nad complaint personally served as to defendant JP Morgan Chase & Co , by leaving a copy of summons and complaint with Marjorie G. Joseph, on 10/15/04. (gl) (Entered: 11/01/2004) |
| 10/29/2004 | 5 | RETURN OF SERVICE of summons and complaint served personally as to defendant Helene L Kaplan, by leaving a copy of summons and complaint with Marjorie G. Joseph on 10/15/04. (gl) (Entered: 11/01/2004) |
| 10/29/2004 | 6 | RETURN OF SERVICE of summons and complaint personally served as to defendant John H Giggs, by leaving a copy of summons and complaint with Marjorie G. Joseph, on 10/15/04. (gl) (Entered: 11/01/2004) |
| 10/29/2004 | 7 | RETURN OF SERVICE of summons and complaint personally served as to defendant Frank A Bennack, by leaving a copy of the summons and complaint with Marjorie G. Joseph, on 10/15/04. (gl) (Entered: 11/01/2004) |

| 10/29/2004 | 8 | RETURN OF SERVICE of summons and complaint personally served as to defendant Riley P Bechtel, by leaving a copy of summons nad complaint with Marjorie G. Joseph, on 10/15/04. (gl) (Entered: 11/01/2004) |
|---|---|---|
| 10/29/2004 | 9 | RETURN OF SERVICE of summons and complaint personally served as to defendant Lawrence A Bossidy, by leaving a copy of summons and complaint with Marjorie G. Joseph, on 10/15/04. (gl) (Entered: 11/01/2004) |
| 10/29/2004 | 10 | RETURN OF SERVICE of summons and complaint personally served as to defendant M Anthony Burns, by leaving a copy of summons and complaint with Marjorie G. Joseph, on 10/15/04. (gl) (Entered: 11/01/2004) |
| 10/29/2004 | 11 | RETURN OF SERVICE of summons and complaint personally served as to defendant Laurence Fuller, by leaving a copy of summons and complaint with Marjorie G. Joseph, on 10/15/04. (gl) (Entered: 11/01/2004) |
| 10/29/2004 | 12 | RETURN OF SERVICE of summons and complaint personally served as to defendant Ellen V Futter, by leaving a copy of summons and complaint with Marjorie G. Joseph, on 10/15/04. (gl) (Entered: 11/01/2004) |
| 10/29/2004 | 13 | RETURN OF SERVICE of summons and complaint personally served as to defendant Lee R Raymond, by leaving a copy of summons and complaint with Marjorie G. Joseph, on 10/15/04. (gl) (Entered: 11/01/2004) |
| 10/29/2004 | 14 | RETURN OF SERVICE of summons and complaint personally served as to defendant William H Gray, by leaving a copy of summons nad complaint with Marjorie G. Joseph, on 10/15/04. (gl) (Entered: 11/01/2004) |
| 10/29/2004 | 15 | RETURN OF SERVICE of summons and complaint personally served as to defendant John R Stafford, by leaving a copy of summons nad complaint with Marjorie G. Joseph, on 10/15/04. (gl) (Entered: 11/01/2004) |

4.      On June 7, 2005, I spoke on the telephone with Timothy Taggart, the treasurer of American Growth Fund, Inc. ("AGF") and apparently the second-in-command to Robert Brody, AGF's president. In particular, I discussed AGF's involvement in *Blau v. Harrison et al.* with Mr. Taggart. He indicated that AGF never sought to be the lead plaintiff in *Blau* and that, to the extent that AGF was involved at all, it was merely the result of a "clerical error." Moreover, Mr. Taggart indicated that he sought AGF's withdrawal from *Blau* only "2 or 3 days" after discovering AGF's role as lead plaintiff. On June 14, 2005, I spoke for a second time on the telephone with Mr. Taggart to obtain clarification and confirmation of certain points. Again, Mr. Taggart

confirmed that AGF never sought to be the lead plaintiff in *Blau* and never wanted to be directly involved in the litigation. According to Mr. Taggart, someone at AGF mistakenly filled out a form which apparently led to its "involvement" in the case. Two or three days after discovering AGF's role as lead plaintiff, AGF sought to withdraw as lead plaintiff from the litigation.

       5.      In accepting this engagement, I have determined that I do not have any conflict of interest. In particular, I am not counsel in any other litigation in which JPMorgan Chase & Co. ("JPMC") is a defendant. Further, I do not own any common stock of JPMC and I do not own any mutual fund or similar investment which holds JPMC common stock. As lead counsel in the above-captioned action, I have committed throughout the pendency of the action to (a) refrain from entering my appearance in any other litigation in which JPMC is a defendant, and (b) refrain from purchasing JPMC common stock or otherwise owning any interest, direct or indirect, in JPMC common stock.

       6.      Attached to this Declaration are true and correct copies of the following:

   A. A chart, compiled by the undersigned counsel, of passages in the amended complaint in the Illinois Action apparently copied from the consolidated complaint in the Chancery Action;

   B. The legal notice published by Wolf Haldenstein in the *Investor's Business Daily* on October 15, 2004;

   C. Defendants' memorandum of law in support of their motion to dismiss in the Illinois Action, filed on April 22, 2005;

   D. Notice of Withdrawal of AGF, filed on February 18, 2005;

   E. Max W. Berger and Robert S. Gans, *Mass Solicitations Dupe Institutional Investors* (Jan. 2000) available at http://www.blbglaw.com/advocate/advbulletin1.2000.pdf ;

    F.  Affidavit of Wolf Haldenstein partner Gregory Mark Nespole and exhibits attached thereto, filed in the Illinois Action on August 24, 2005;

    G.  Agreed Motion to Set Revised Briefing Schedule and to Dismiss Defendant Laurence Fuller, filed in the Illinois Action on May 26, 2005;

    H.  Agreed Motion to Further Revise Briefing Schedule on Defendants' Motion to Dismiss, filed in the Illinois Action on June 17, 2005;

    I.  Agreed Motion to Revise Briefing Schedule on Defendants' Motion to Dismiss, filed in the Illinois Action on July 6, 2005;

    J.  The amended complaint in the Illinois Action.

7.    Attached to this Declaration are true and correct copies of the following unreported decisions:

    K.  *In re J.P. Morgan Chase & Co. S'holder Litig.*, Consol. C.A. No. 531-N, 2005 WL 1076069 (Del. Ch. Apr. 29, 2005);

    L.  *Lexington Ins. Co. v. Caleco, Inc.*, No. Civ. A. 01-5196, 2003 WL 21652163 (E.D. Pa. Jan. 25, 2003);

    M.  *Stratos Lightwave, Inc. v. Picolight, Inc.*, No. Civ. A. 03-917-JJF, 2005 WL 681308 (D. Del. Mar. 23, 2005)

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed: September 12, 2005      /s/ Joseph N. Gielata
                                              Joseph N. Gielata