**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SAMUEL I. HYLAND and STEPHANIE SPEAKMAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, JPMORGAN CHASE & CO., and JAMES DIMON,<br><br>    Defendants. | Case No.  **1:05-cv-162 (JJF)**<br><br>**CLASS ACTION** |

**DECLARATION OF JOSEPH N. GIELATA IN SUPPORT OF
PLAINTIFFS' MOTION TO DISQUALIFY
<u>WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP</u>**

JOSEPH N. GIELATA, a member of the Bar of the Supreme Court of Delaware, for his declaration states:

1. I represent Samuel I. Hyland and Stephanie Speakman, lead plaintiffs in the above-captioned matter (the "Delaware Action").

2. I make this affidavit in support of Plaintiffs' Motion To Disqualify Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein").

3. In accepting the Delaware Action engagement, I have determined that I do not have any conflict of interest. In particular, I am not involved in any other litigation in

which JPMC is a defendant. Further, I do not own any common stock of JPMC and I do not own any mutual fund or similar investment which holds JPMC common stock.

4. I have compared the amended complaint in *Blau v. Harrison*, No. 04-cv-06592 (N.D. Ill.) ("*Blau*" or the "Illinois Action") against the consolidated complaint in *In re J.P. Morgan Chase & Co. S'holder Litig.*, No. 531-N (Del. Ch.) (the "Chancery Action") (attached as Exhibit 19), which was filed over a month before the initial complaint in *Blau* was filed and over four months before the amended complaint in *Blau* was filed. I have compiled, in the chart attached hereto as Exhibit 13, several discrete selections which appear to have been plagiarized directly from the consolidated complaint in the Chancery Action. I have also, where applicable, suggested explanations for discrepancies in the plagiarized sections. I participated in the drafting of the consolidated complaint in the Chancery Action and was responsible for all electronic research underlying the allegations therein. Accordingly, I am familiar with the investigatory efforts forming the basis for the consolidated complaint in the Chancery Action. Based on my review of the complaints, I doubt that any Wolf Haldenstein attorney personally reviewed or confirmed the materials supporting the plagiarized allegations. Wolf Haldenstein's electronic research records can confirm this well-grounded suspicion.

5. Based on their roles as the investment bankers and M&A lawyers advising parties to the Merger, I believe that the following persons were close to the negotiations leading to the Merger and may be able to confirm the allegations in the operative complaint in the Delaware Action: (A) Gary Parr, Tim Dana, and Gary Shedlin of Lazard

Frères & Co. LLC for Bank One, (B) lawyers Edward D. Herlihy, Craig M. Wasserman, and Lawrence S. Makow of Wachtell, Lipton, Rosen & Katz for Bank One, (C) lawyers Richard I. Beattie, Lee Meyerson, Maripat Alpuche, Christopher Lee, Kristin H. Johnson and Elsa Fraysse of Simpson Thacher & Bartlett LLP for JPMC, and (D) as-yet-unidentified lawyers with Sullivan & Cromwell LLP for JPMC's board.

      6.      In order to determine the distance between the Delaware Federal Courthouse and certain addresses in Manhattan, I employed commonly available Global Positioning System calculators, yielding the following conclusions:

    A. I have determined that the Delaware Federal Courthouse ("DFC"), with its address at 844 North King Street, Wilmington, DE 19801, is located at Latitude 39.743607 (39:44:36.985N) and Longitude -075.547921 (75:32:52.516W).

    B. JPMC's headquarters ("HQ"), with its address at 270 Park Avenue, New York, NY 10017, are located at Latitude 40.755844 (40:45:21.038N) and Longitude -073.975374 (73:58:31.346W).

    C. The distance between HQ [40 45'21"N, 73 58'31"W] and DFC [39 44'36"N, 75 32'52"W] is 94.3793 air miles.

    D. The New York office of Sullivan & Cromwell LLP ("SC"), with its address at 125 Broad Street, New York, NY 10004, is located at Latitude 40.701888 (40:42:6.797N) and Longitude -074.011054 (74:00:39.794W).

  E. The distance between SC [40 42'6"N, 74 0'39"W] and DFC [39 44'36"N, 75 32'52"W] is 91.0666 air miles.

  F. The office of Wachtell, Lipton, Rosen & Katz ("WLRK"), with its address at 51 West 52nd Street, New York, NY 10019 is located at Latitude 40.760577 (40:45:38.077N) and Longitude -073.977893 (73:58:40.415W).

  G. The distance between WLRK [40 45'38"N, 73 58'40"W] and DFC [39 44'36"N, 75 32'52"W] is 94.4732 air miles.

  H. Lazard Frères & Co. LLC maintains offices in New York with addresses at 435 East 79th Street, New York, NY 10021 ("LF1") and 30 Rockefeller Plaza, New York, NY 10112 ("LF2"), located at Latitude 40.772048 (40:46:19.373N) and Longitude -073.951904 (73:57:6.854W), and Latitude 40.758816 (40:45:31.738N) and Longitude -073.978848 (73:58:43.853W), respectively.

  I. The distance between LF1 [40 46'19"N, 73 57' 6"W] and DFC [39 44'36"N, 75 32'52"W] is 95.8248 air miles.

  J. The distance between LF2 [40 45'31"N, 73 58'43"W] and DFC [39 44'36"N, 75 32'52"W] is 94.3692 air miles.

  7. I have reviewed 307 complaints in the IPO Securities Litigation (available at http://www.iposecuritieslitigation.com/amended.php3 ) and determined that JPMC is a defendant in 128, or 41.7%, of the actions. The results of my review are attached hereto as Exhibit 7. In particular, I reviewed the 307 consolidated and/or amended and/or

corrected complaints filed in connection with the IPOs of the issuers listed in Exhibit 7, Table A (with their respective docket numbers), all of which are related to *In re Initial Public Offering Securities Litigation*. Of the 307 complaints I reviewed, JPMorgan Chase & Co. (and/or one of its wholly-owned subsidiaries) is named as a defendant in 128 of the complaints. These are listed in Exhibit 7, Table B. Of the 128 complaints listed by issuer-defendant and docket number in Exhibit 7, Table B, Wolf Haldenstein is listed as one of six firms representing plaintiffs in each and every matter except for the complaint in which Critical Path, Inc. was the issuer, for which I was unable to obtain the signature page. However, I have no reason to believe that the signature page in this complaint differed from the signature pages in the other 127 complaints.

8. On May 22, 2005, I visited the CM/ECF website for the Northern District of Illinois and logged in using my PACER login and password. I initiated a query by searching for "04 C 6592," the civil action number of the action described in Wolf Haldenstein's "Legal Notice," attached hereto as Exhibit 18. However, "04 C 6592" yielded no results, as the website explained it was not in an acceptable format.

9. The docket in the Illinois Action contains the following entries concerning attempted service of process:

| 10/29/2004 | 2 | RETURN OF SERVICE of summons and complaint personally served as to defendant Hans W Becherer, by leaving a copy of summons and complaint with Marjorie G. Joseph, on 10/15/04. (gl) (Entered: 11/01/2004) |
|---|---|---|
| 10/29/2004 | 3 | RETURN OF SERVICE of summons and complaint personally served as to defendant William B Harrison, by leaving a copy of summons and complaint with Marjorie G. Joseph on 10/15/04. (gl) (Entered: 11/01/2004) |
| 10/29/2004 | 4 | RETURN OF SERVICE of summons nad complaint personally served as to defendant JP Morgan Chase & Co , by leaving a copy of summons and complaint with Marjorie G. Joseph, on 10/15/04. (gl) (Entered: 11/01/2004) |

| | | |
|---|---|---|
| 10/29/2004 | 5 | RETURN OF SERVICE of summons and complaint served personally as to defendant Helene L Kaplan, by leaving a copy of summons and complaint with Marjorie G. Joseph on 10/15/04. (gl) (Entered: 11/01/2004) |
| 10/29/2004 | 6 | RETURN OF SERVICE of summons and complaint personally served as to defendant John H Giggs, by leaving a copy of summons and complaint with Marjorie G. Joseph, on 10/15/04. (gl) (Entered: 11/01/2004) |
| 10/29/2004 | 7 | RETURN OF SERVICE of summons and complaint personally served as to defendant Frank A Bennack, by leaving a copy of the summons and complaint with Marjorie G. Joseph, on 10/15/04. (gl) (Entered: 11/01/2004) |
| 10/29/2004 | 8 | RETURN OF SERVICE of summons and complaint personally served as to defendant Riley P Bechtel, by leaving a copy of summons nad complaint with Marjorie G. Joseph, on 10/15/04. (gl) (Entered: 11/01/2004) |
| 10/29/2004 | 9 | RETURN OF SERVICE of summons and complaint personally served as to defendant Lawrence A Bossidy, by leaving a copy of summons and complaint with Marjorie G. Joseph, on 10/15/04. (gl) (Entered: 11/01/2004) |
| 10/29/2004 | 10 | RETURN OF SERVICE of summons and complaint personally served as to defendant M Anthony Burns, by leaving a copy of summons and complaint with Marjorie G. Joseph, on 10/15/04. (gl) (Entered: 11/01/2004) |
| 10/29/2004 | 11 | RETURN OF SERVICE of summons and complaint personally served as to defendant Laurence Fuller, by leaving a copy of summons and complaint with Marjorie G. Joseph, on 10/15/04. (gl) (Entered: 11/01/2004) |
| 10/29/2004 | 12 | RETURN OF SERVICE of summons and complaint personally served as to defendant Ellen V Futter, by leaving a copy of summons and complaint with Marjorie G. Joseph, on 10/15/04. (gl) (Entered: 11/01/2004) |
| 10/29/2004 | 13 | RETURN OF SERVICE of summons and complaint personally served as to defendant Lee R Raymond, by leaving a copy of summons and complaint with Marjorie G. Joseph, on 10/15/04. (gl) (Entered: 11/01/2004) |
| 10/29/2004 | 14 | RETURN OF SERVICE of summons and complaint personally served as to defendant William H Gray, by leaving a copy of summons nad complaint with Marjorie G. Joseph, on 10/15/04. (gl) (Entered: 11/01/2004) |
| 10/29/2004 | 15 | RETURN OF SERVICE of summons and complaint personally served as to defendant John R Stafford, by leaving a copy of summons nad complaint with Marjorie G. Joseph, on 10/15/04. (gl) (Entered: 11/01/2004) |

10.     On June 7, 2005, I spoke on the telephone with Timothy Taggart, the treasurer of American Growth Fund, Inc. ("AGF") and apparently the second-in-command to Robert Brody, AGF's president. In particular, I discussed AGF's involvement in *Blau v. Harrison et al.* with Mr. Taggart. He indicated that AGF never sought to be the lead plaintiff in *Blau* and that, to the extent that AGF was involved at all,

it was merely the result of a "clerical error."  Moreover, Mr. Taggart indicated that he sought AGF's withdrawal from *Blau* only "2 or 3 days" after discovering AGF's role as lead plaintiff.  On June 14, 2005, I spoke for a second time on the telephone with Mr. Taggart to obtain clarification and confirmation of certain points.  Again, Mr. Taggart confirmed that AGF never sought to be the lead plaintiff in *Blau* and never wanted to be directly involved in the litigation.  According to Mr. Taggart, someone at AGF mistakenly filled out a form which apparently led to its "involvement" in the case.  Two or three days after discovering AGF's role as lead plaintiff, AGF sought to withdraw as lead plaintiff from the litigation.

**SUPPORTING EXHIBITS:**

11.  Attached to this Declaration are true and correct copies of the following:

1. The Illinois Action lead plaintiff application;
2. The Illinois Action amended complaint;
3. Notice of Withdrawal of American Growth Fund, Inc. in the Illinois Action;
4. The Illinois Action defendants' motion to dismiss;
5. The press release dated June 26, 2003 entitled "IPO SECURITIES LITIGATION RECOVERY OF AT LEAST $1 BILLION DOLLARS GUARANTEED FOR PLAINTIFF CLASSES UPON APPROVAL OF SETTLEMENT," available at http://www.ipofraud.com/press-releases/06-26-2003.html ;

6. Selected web pages available at the website for Wolf Haldenstein Adler Freeman & Herz LLP ( http://www.whafh.com/ ), including the firm's primary page for the IPO Securities Litigation, http://www.whafh.com/modules/case/index.php?action=view&id=330, the attorney bio pages for Adam J. Levitt, http://www.whafh.com/modules/attorney/index.php?action=view&id=39 , and Gustavo Bruckner, http://www.whafh.com/modules/attorney/index.php?action=view&id=57 , and the website for at least one of their JPMC actions, http://www.whafh.com/modules/case/index.php?action=view&id=291.

7. The results of a review by the undersigned counsel of 307 complaints in the IPO Securities Litigation concluding that JPMC is a defendant in 128, or 41.7%, of the actions.

8. The press release entitled "SEC Sues J.P. Morgan Securities Inc. For Unlawful IPO Allocation Practices; J.P. Morgan Agrees To Settlement Calling For Injunction And Payment Of $25 Million Penalty," Litigation Release No. 18385, dated October 1, 2003, concerning the matter of *Securities and Exchange Commission v. J.P. Morgan Securities Inc.*, Civil Action No. 1:03 CV 02028 (ESH) (D.D.C.);

9. "Banks under legal siege", published in the March 2, 2003 of *The Banker*, available at

http://www.thebanker.com/news/fullstory.php/aid/250/Banks_under_l egal_siege.html .

10. The Associated Press interview of Melvyn Weiss, entitled "Securities lawyer says investors still open to abuse," dated July 25, 2003 and available at http://www.kansascity.com/mld/kansascity/business/6367301.htm?tem plate=contentModules/printstory.jsp ;

11. The March 16, 2005 press release issued by the Office of the New York State Comptroller entitled "Hevesi Announces Settlement with J.P. Morgan Chase in WorldCom Securities Litigation; Total Recovery for WorldCom Class Now More Than $6 Billion; Trial Remains Set to Commence on March 17, 2005," available at http://www.osc.state.ny.us/press/releases/mar05/031605b.htm ;

12. The June 14, 2005 press release issued by the University of California entitled "UC secures $2.2 billion settlement with JPMorgan Chase in Enron fraud case," available at http://www.universityofcalifornia.edu/news/2005/jun14a.html ;

13. A chart, compiled by the undersigned counsel, of passages in the amended complaint in *Blau v. Harrison* apparently copied from the consolidated complaint in *In re J.P. Morgan Chase & Co. S'holder Litig.*, No. 531-N (Del. Ch.);

14. Forbes 400 (2004) entry #87, Riley P. Bechtel, available at http://www.forbes.com/finance/lists/54/2004/LIR.jhtml?passListId=54&passYear=2004&passListType=Person&uniqueId=QGCP&datatype=Person ;

15. The Restated Certificate Of Incorporation of JPMorgan Chase & Co., dated January 18, 2005, available on SEC's EDGAR database at http://www.sec.gov/Archives/edgar/data/19617/000095012305002539/y05475exv3w1.htm ; and cover page of By-Laws of JPMorgan Chase & Co., as amended by the Board of Directors on March 16, 2004, effective July 1, 2004 (noting that "Effective July 20, 2004, name changed to JPMorgan Chase & Co."), available at http://www.sec.gov/Archives/edgar/data/19617/000095012305002539/y05475exv3w2.htm ;

16. Max W. Berger and Robert S. Gans, *Mass Solicitations Dupe Institutional Investors* (Jan. 2000) available at http://www.blbglaw.com/advocate/advbulletin1.2000.pdf ;

17. Affidavit of Wolf Haldenstein partner Gregory Mark Nespole and exhibits attached thereto, filed in the Illinois Action on August 24, 2005;

18. The legal notice purportedly published by Wolf Haldenstein in the *Investor's Business Daily* on October 15, 2004;

19. The consolidated complaint in *In re J.P. Morgan Chase & Co. Shareholder Litigation*, Consol. C.A. No. 531-N, filed in the Delaware Court of Chancery on September 2, 2004.

**UNREPORTED DECISIONS:**

12. Attached to this Declaration are true and correct copies of the following unreported decisions:

20. *Grand Park Surgical Center, Inc. v. Inland Steel Co.*, 1996 WL 204322 (N.D. Ill. Apr. 25, 1996);

21. *Taubenfeld v. Career Education Corp.*, 2004 WL 554810 (N.D. Ill. Mar. 19, 2004);

22. *In re Terayon Communications Sys., Inc.*, 2004 WL 413277 (N.D. Cal. Feb. 23, 2004).

23. *Janovici v. DVI, Inc.*, 2003 WL 22849604 (E.D. Pa. Nov. 25, 2003);

24. *Marsden v. Select Medical Corp.*, 2005 WL 113128 (E.D. Pa. Jan. 18, 2005);

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed: September 15, 2005    /s/ Joseph N. Gielata
                                Joseph N. Gielata