information was not altered by failure to disclose that a $125 per share price was low where the proxy contained other valuation information).

Far from concealing the fact that the JPMC Board considered corporate governance and CEO succession issues, the Proxy Statement expressly disclosed that in considering the Merger, the JPMC Board considered CEO succession, continuity of senior management and effective and timely integration of the two companies' operations "to be of significant importance." (Ex. A at 41). Any shareholder who read this statement would have known that CEO succession and continuity of management were issues that the Board had considered and should reasonably have inferred that these issues were part of the negotiations. "[P]roxy materials need not be perfect, but must convey a 'sufficiently accurate picture so as not to mislead.'" Mendell v. Greenberg, 612 F. Supp. 1543, 1548 (S.D.N.Y. 1985). It is not enough that the omitted information might render communication somewhat more informative. In Re Elan Corp., 2004 WL 1305845 at *16. "Rare indeed is the proxy statement whose language could not be improved upon by a judicial craftsman sitting in the serenity of his chambers." Kennecott Copper Corp. v. Curtiss-Wright Corp., 584 F.2d 1195, 1200 (2d Cir. 1978).

In short, the Proxy Statement properly summarizes the history of the negotiations (Ex. A at 34–37), sets forth all of the material terms of the Merger (id. at 3–11), recites significant "risk factors" (id. at 22–24), and describes at length the factors considered by the JPMC Board and the Board's reasons for approving the Merger as in the best interests of JPMC and its shareholders (id. at 37–42). More than that is not required.

### B.  Plaintiff's Allegations Concerning Defendant Harrison's Alleged Motive Are Not Actionable Under Section 14(a).

Plaintiff's numerous, baseless and speculative allegations as to Mr. Harrison's alleged motives are insufficiently pled and must be disregarded under the PSLRA's strict

15

pleading standard. See, e.g., In re Harmonic, supra, 2002 WL 3197438 at *20, n.17; In re Elan Corp., supra, 2004 WL 1305845 at *16; In re McKesson HBOC, supra, 126 F. Supp. 2d at 1267. Moreover, plaintiff's base speculation in this regard is directly contradicted by the only alleged source for plaintiff's allegations as to the alleged offer – the newspaper article – which indicates that Mr. Harrison rejected the offer because he sought to "secure a smooth transition," not to protect his position (Compl ¶¶ 32, 54).

In any event, plaintiff is incorrect as a matter of law in alleging that the Proxy Statement was required to disclose Mr. Harrison's alleged motive for rejecting the alleged no premium offer. As the United States Supreme Court has clearly stated, the existence of a mere "undisclosed motive" for a transaction is not actionable under Section 14(a), as long as the proxy accurately describes the transaction. See Virginia Bankshares, Inc. v. Sandberg, 501 U.S. 1083, 1096 (1991) ("to recognize liability on mere disbelief or undisclosed motive without any demonstration that the proxy statement was false or misleading about its subject would authorize Section 14(a) litigation confined solely to what one skeptical court spoke of as the 'impurities' of a director's 'unclean heart'").[12] Indeed, plaintiff's claim concerning Mr. Harrison's alleged motives is, in essence, a claim for breach of fiduciary duty, for which plaintiff cannot recover under Section 14(a). See, e.g., Koppel v. 4987 Corp., 167 F.3d 125, 133 (2d Cir. 1999) ("no general cause of action lies under § 14(a) to remedy a simple breach of fiduciary duty"); Kademian, 792 F.2d at 622; Sears, Roebuck & Co. Sec. Litig., 792 F. Supp. 977, 981 (E.D. Penn. 1992); Issen v. GSC Enters. Inc., 508 F. Supp. 1278, 1291 (N.D. Ill. 1981). Mr. Harrison's

---

[12] See generally Lewis v. Chrysler Corp., 949 F.2d 644, 652 (3d Cir. 1991) ("appellant may not 'bootstrap' a state law claim into a federal case by 'alleging that the disclosure philosophy of the statute obligates defendants to reveal either the culpability of their activities, or their impure motives for entering into the allegedly improper transaction'"); Maldonado v. Flynn, 597 F.2d 789, 796 (2d Cir. 1979) (noting that a "failure to disclose an alleged ulterior motive for a fully described corporate action" is insufficient under Section 14(a)).

16

alleged motive for accepting or rejecting offers during Merger negotiations is irrelevant to a Section 14(a) claim.

### C. Plaintiff's Failure to Allege That The Outside Directors Had Any Reason to Know of the Alleged Omission Provides Another Basis for Dismissal.

An additional reason exists to dismiss the section 14(a) claim as against the individual defendants other than Mr. Harrison. Plaintiff has failed to allege any basis for finding that the other individual defendants were negligent in connection with the issuance of the Proxy Statement – as is required by section 14(a) – or even that any of the directors other than Mr. Harrison even had knowledge of the alleged offer.

Under the PSLRA, state of mind must be pled "with particularity." 15 U.S.C. § 78u-4(b)(2). Thus, at a minimum, plaintiff must plead with particularity facts that give rise to a strong inference of negligence on part of each of the defendants individually.[13] See, e.g., In re Harmonic, Inc., supra, 2002 WL 31974384 at *20, n.17; In re Elan Co., Sec. Lit., supra, 2004 WL 1305845 at *16; In re McKesson HBOC, Inc. Sec. Lit., supra, 126 F. Supp. 2d at 1267. It is well established that knowledge cannot be attributed to the directors simply by virtue of their positions. See, e.g., Ong v. Sears, Roebuck & Co., 2004 WL 2534615, *29 (N.D. Ill. 2004) (explaining that courts have rejected the notion that corporate officers must have known a statement was false or misleading because of their positions within the company"); Hayes v. Crown Cent. Petroleum Corp., supra, 249 F. Supp. 2d at 730 ("Allegations that defendants knew

---

[13] Even before the PSLRA, the Seventh Circuit recognized that in the securities fraud context "[a] complaint that attributes misrepresentations to all defendants, lumped together for pleading purposes, generally is insufficient." Sears, 912 F.2d at 893. Numerous courts have held that the group pleading doctrine does not survive the PSLRA. See, e.g., Geinko v. Padda, 2001 WL 1163728, at *4 n. 3 (N.D. Ill. Sep. 28, 2001); Chu v. Sabratek Corp., 100 F. Supp. 2d 827, 836 (N.D. Ill. 2000); In re Digital Island Sec. Litig., 223 F. Supp. 2d 546, 553 (D. Del. 2002); P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 142 F. Supp. 2d 589, 620 (D. N.J. 2001); Coates v. Heartland Wireless Comms., Inc., 26 F. Supp. 2d 910, 916 (N.D. Tex. 1998).

17

or should have known of fraudulent conduct based solely on their board membership . . . are insufficient to state a claim under the Federal Securities Laws").[14]

The Complaint's allegations fall far short of meeting the PSLRA's requirements for pleading facts that give rise to a strong inference of negligence. Plaintiff alleges only that

> Due to their positions as officers and/or directors, the individual defendants are responsible for the statements in the joint proxy statement . . . . This is particularly clear given that the individual defendants were all directors of J.P. Morgan Chase, and the proxy statement contained the unanimous recommendation of the Board that the shareholders approve the merger.

(Compl. ¶ 10; see also id. at ¶ 80 ("It is the filing of defendant J.P. Morgan Chase, and it reflects the deliberations and unanimous recommendation of the Board of Directors, on which each of the individual defendants sat").[15] Fatal to plaintiff's claim is the lack of any allegation that the outside directors even knew of the alleged "no premium" offer. The Complaint accordingly contains no basis upon which to conclude that the outside directors had any reason to believe the Proxy Statement was rendered misleading by failing to disclose that alleged offer, and should be dismissed as to these defendants for this additional reason.

---

[14] See generally In re Advanta Corp. Sec. Litig., 180 F.3d 525, 539 (3rd Cir. 1999) ("Generalized imputations of knowledge do not suffice, regardless of the defendants' positions within the company"); In re Digital Island Sec. Litig., 223 F. Supp. 2d 546, 555 (D. Del. 2002) (that insiders "must have known" true facts does not satisfy the relevant pleading requirements); In re Reliance Sec. Litig., 135 F. Supp. 2d 480, 507 (D. Del. 2001) (plaintiff may not impute knowledge to individual defendants on the basis of the positions they held); In re NAHC Sec. Litig., 2001 U.S. Dist. LEXIS 16754 at *21-22 (E.D. Pa. October 17, 2001) (under the PSLRA, general statements that defendant must have been aware that statements were false by virtue of his position within the company were inadequate).

[15] Plaintiff also vaguely alleges that Mr. Harrison briefed the JPMC board about merger discussions and was encouraged to engage in further discussions (Id. at ¶¶ 28, 36, 38), and that certain individual members were members of certain committees and "would reasonably have been expected to be involved in the decisions about Mr. Harrison's retention." (Id. at ¶¶ 94-96).

18

III.  **THE COMPLAINT FAILS TO STATE A CLAIM UNDER SECTION 20(a) BECAUSE IT DOES NOT ALLEGE ANY UNDERLYING SECTION 14(a) VIOLATION.**

A Section 20(a) claim requires the establishment of an underlying primary violation, e.g., of Section 14(a), by another person subject to control. See, e.g., Johnson, 303 F. Supp. 2d at 969; In re Indep. Energy Holdings PLC Sec. Litig., 154 F. Supp. 2d 741, 769-770 (S.D.N.Y. 2001). Plaintiff alleges that defendants were control persons of JPMC. (Compl. ¶ 93). However, for the reasons stated above, plaintiff failed to adequately plead a violation of Section 14(a) by JPMC. Because the Complaint fails to establish that JPMC committed a predicate primary violation of Section 14(a), the Section 20(a) claims must be dismissed. See, e.g., Johnson, 303 F. Supp. 2d at 969; In re NBTY, Inc. Sec. Litig., 224 F. Supp. 2d 482, 495-496 (E.D.N.Y. 2002).

19

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court dismiss the Amended Class Action Complaint in its entirety with prejudice.

                              Respectfully submitted,

Defendants William B. Harrison, Jr., Hans W. Becherer, Frank A. Bennack, Jr., John H. Biggs, Lawrence A. Bossidy, M. Anthony Burns, Laurence Fuller, Ellen V. Futter, William H. Gray, III, Helene L. Kaplan, Lee R. Raymond, John R. Stafford, and J.P. Morgan Chase & Co.

By: _____
      One of Their Attorneys

Kathleen L. Roach
Courtney A. Rosen
Chanté D. Spann
SIDLEY AUSTIN BROWN & WOOD LLP
10 S. Dearborn
Chicago, IL 60603
(312) 853-7000
Attorneys for all Defendants
except Riley P. Bechtel

Julie A. Lepri
JPMORGAN CHASE LEGAL DEPARTMENT
10 S. Dearborn, 11th Floor
Chicago, IL 60603
(312) 732-7354
Attorney for Defendant
J.P. Morgan Chase & Co.

Of Counsel:

Michael A. Cooper
Sharon L. Nelles
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
(212) 558-4000
Attorneys for all individual Defendants
except Riley P. Bechtel

Dated: April 22, 2005

20