# Exhibit A

LEXSEE 1998 U.S. DIST. LEXIS 21804

WILLIAM K. STEINER, on behalf of himself and all others similarly situated, Plaintiff vs. SAM J. FRANKINO, et al., Defendants. MICHAEL D. WEISER, on behalf of himself and all others similarly situated, Plaintiff, vs. NATIONAL AUTO CREDIT, INC., et al., Defendants. SUSAN DICHTER, on behalf of herself and all others similarly situated, Plaintiff vs. NATIONAL AUTO CREDIT, INC., et al., Defendants. MICHAEL J. BRETON, on behalf of himself and all others similarly situated, Plaintiff, vs. NATIONAL AUTO CREDIT, INC., et al., Defendants. ZEV J. SPIRO, on behalf of himself and all others similarly situated, Plaintiff, vs. NATIONAL AUTO CREDIT, INC., et al., RICHARD A. DUNNE, on behalf of himself and all others similarly situated, Plaintiff, vs. NATIONAL AUTO CREDIT, INC., et al., LAWRENCE GAGNON, et al., behalf of themselves and all others similarly situated, Plaintiff, vs. NATIONAL AUTO CREDIT, INC., et al., ROBERT CHOLFIN, on behalf of himself and all others similarly situated, Plaintiff, vs. NATIONAL AUTO CREDIT, INC., et al., WILLIAM IAMES, on behalf of himself and all others similarly situated, Plaintiff, vs. NATIONAL AUTO CREDIT, INC., et al., WILLIAM DAUBACH, et al., on behalf of themselves and all others similarly situated, Plaintiff, vs. NATIONAL AUTO CREDIT, INC., et al., ESTHER POSNER, et al, on behalf of themselves and all others similarly situated, Plaintiff, vs. NATIONAL AUTO CREDIT, INC., et al.,

CASE NO. 1:98CV0264, CASE NO. 1: 98CV0295, CASE NO. 1:98CV0301, CASE NO. 1: 98CV0356, CASE NO. 1: 98CV0375, CASE NO. 1: 98CV00406, CASE NO. 1: 98CV00419, CASE NO. 1: 98CV0431, CASE NO. 1:98CV0457, CASE NO. 1: 98CV0462, CASE NO. 1: 98CV0714

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

*1998 U.S. Dist. LEXIS 21804*

**July 16, 1998, Filed**

**SUBSEQUENT HISTORY:** Magistrate's recommendation at, Sub nomine at *In re Nat'l Auto Credit, Inc. Secs. Litig., 1999 U.S. Dist. LEXIS 23393* (N.D. Ohio, Oct. 12, 1999)

**DISPOSITION:** [*1] Steiner Groups' motion for appointment of lead plaintiff and lead counsel granted. Weiser Groups' motion for appointment of lead plaintiffs and approval of selection of lead counsel denied. Weiser Groups motion to supplement proposed lead plaintiffs and co-lead counsel stricken. Steiner Group appointed lead plaintiff and its selection of lead counsel approved.

**LexisNexis(R) Headnotes**

**COUNSEL:** For WILLIAM K STEINER, plaintiff (98-CV-264): Mark B. Cohn, Esq., James E. Burns, Esq., McCarthy, Lebit, Crystal & Haiman, Cleveland, OH.

For MICHAEL D WEISER, plaintiff (98-CV-295):

Robert Eric Kennedy, Esq., Mark T. Gibbons, Esq., Weisman, Goldberg, Weisman & Kaufman, Cleveland, OH.

For MICHAEL D WEISER, plaintiff (98-CV-295): Jules Brody, Esq., Stull, Stull & Brody, Joseph H. Weiss, Esq., Joseph D. Cohen, Esq., Jack I. Zwick, Esq., Weiss & Yourman, New York, NY.

For MICHAEL D WEISER, plaintiff (98-CV-295): Richard S. Wayne, Esq., William K. Flynn, Esq., Strauss & Troy, Cincinnati, OH.

For SUSAN DICHTER, plaintiff (98-CV-301): Richard S. Mitchell, Esq., Steven J. Miller, Esq., Goodman, Weiss, Miller, Cleveland, OH.

For SUSAN DICHTER, plaintiff (98-CV-301): Marian P. Rosner, Esq., Robert C. Finkel, [*2] Esq., Suzanne R. Elovic, Esq., Wolf, Popper, Ross, Wolf & Jones, New

York, NY.

For MICHAEL J BRETON, plaintiff (98-CV-356): Dennis E. Murray, Jr., Esq., Murray & Murray, Sandusky, OH.

For ZEV J SPIRO, plaintiff (98-CV-375): Mark B. Cohn, Esq., McCarthy, Lebit, Crystal & Haiman, Cleveland, OH.

For ZEV J SPIRO, plaintiff (98-CV-375): Zachary Alan Starr, Esq., Starr & Holman, New York, NY.

For RICHARD A DUNNE, plaintiff (98-CV-406): Mark B. Cohn, Esq., McCarthy, Lebit, Crystal & Haiman, Cleveland, OH.

For RICHARD A DUNNE, plaintiff (98-CV-406): Andrew L. Barroway, Esq., Schiffrin, Craig, Barroway, Bala Cynwyd, PA.

For LAWRENCE GAGNON, KARIN GAGNON, LAWRENCE GAGNON IRA, plaintiffs (98-CV-419): Mark B. Cohn, Esq., McCarthy, Lebit, Crystal & Haiman, Cleveland, OH.

For LAWRENCE GAGNON, KARIN GAGNON, LAWRENCE GAGNON IRA, plaintiffs (98-CV-419): Jonathan M. Plasse, Esq., Goodkind, Labaton, Rudoff & Sucharow, New York, NY.

For ROBERT CHOLFIN, plaintiff (98-CV-431): Richard S. Mitchell, Esq., Steven J. Miller, Esq., Goodman, Weiss, Miller, Cleveland, OH.

For ROBERT CHOLFIN, plaintiff (98-CV-431): Stanley R. Wolfe, Esq., Berger & Montague, Philadelphia, [*3] PA.

For WILLIAM IAMES, plaintiff (98-CV-457): Mark B. Cohn, Esq., McCarthy, Lebit, Crystal & Haiman, Cleveland, OH.

For WILLIAM IAMES, plaintiff (98-CV-457): Daniel E. Bacine, Esq., Barrack, Rodos & Bacine, Philadelphia, PA.

For ANDREW DAUBACH, plaintiff (98-CV-462): Mel E. Lifshitz, Esq., Stanley D. Bernstein, Esq., Sandy A. Liebhard, Esq., Bernstein, Liebhard & Lifshitz, New York, NY.

For ESTHER POSNER, plaintiff (98-CV-714): Mark B. Cohn, Esq., McCarthy, Lebit, Crystal & Haiman, Cleveland, OH.

For ESTHER POSNER, plaintiff (98-CV-714): Mel E. Lifshitz, Esq., Stanley D. Bernstein, Esq., Sandy A. Liebhard, Esq., Bernstein, Liebhard & Lifshitz, New York, NY.

For SAM J FRANKINO, defendant (98-CV-264, 98-CV-295, 98-CV-462): Joseph C. Weinstein, Esq., Squire, Sanders & Dempsey, Cleveland, OH.

For SAM J FRANKINO, defendant (98-CV-264, 98-CV-295, 98-CV-301, 98-CV-356, 98-CV-431, 98-CV-462): George M. von Mehren, Esq., Squire, Sanders & Dempsey, Cleveland, OH.

For SAM J FRANKINO, defendant (98-CV-264): James A. Vollins, Esq., Squire, Sanders & Dempsey, Cleveland, OH.

For ROBERT J BRONCHETTI, defendant (98-CV-264, 98-CV-295, 98-CV-301): Keith L. [*4] Carson, Esq., Thompson, Hine & Flory, Cleveland, OH.

For ROBERT J BRONCHETTI, defendant (98-CV-264): Lisa Riso Battaglia, Esq., Thompson, Hine & Flory, Cleveland, OH.

For PER E HOEL, NOAH T HERNDON, defendants (98-CV-264, 98-CV-462): George L. McGaughey, Esq., McDonald, Hopkins, Burke & Haber, Cleveland, OH.

For PER E HOEL, defendant (98-CV-264): Tyler L. Matthews, Esq., McDonald, Hopkins, Burke & Haber, Cleveland, OH.

For PER E HOEL, NOAH T HERNDON, defendants (98-CV-264): Stephen A. Weiner, Esq., Winthrop, Stimson, Putnam & Roberts, New York, NY.

For PER E HOEL, defendant (98-CV-264): Takemi Ueno, Esq., Winthrop, Stimson, Putnam & Roberts, New York, NY.

For DAVIDA S HOWARD, defendant (98-CV-264): Barbara F. Yaksic, Esq., Pete C. Elliott, Esq., Mark Alan Phillips, Esq., Benesch, Friedlander, Coplan & Aronoff, Cleveland, OH.

For DAVIDA S HOWARD, defendant (98-CV-264, 98-CV-301, 98-CV-356, 98-CV-375, 98-CV-406, 98-CV-419, 98-CV-431, 98-CV-457, 98-CV-462, 98-CV-714): James J. Bartolozzi, Esq., Kahn, Kleinman, Yanowitz & Arnson, Cleveland, OH.

Cleveland, OH.

For DAVIDA S HOWARD, defendant (98-CV-264, 98-CV-301, 98-CV-356, 98-CV-431, 98-CV-457, 98-CV-462, 98-CV-714): [*5] Robert A. Zimmerman, Esq., Kahn, Kleinman, Yanowitz & Arnson, Cleveland, OH.

For NATIONAL AUTO CREDIT, INC., defendant (98-CV-264): Stephen D. Williger, Esq., Benesch, Friedlander, Coplan & Aronoff, Cleveland, OH.

For NATIONAL AUTO CREDIT, INC., defendant (98-CV-264, 98-CV-295, 98-CV-301, 98-CV-356, 98-CV-375, 98-CV-406, 98-CV-419, 98-CV-431, 98-CV-457, 98-CV-462, 98-CV-714): Barbara F. Yaksic, Esq., Pete C. Elliott, Esq., Mark Alan Phillips, Esq., Benesch, Friedlander, Coplan & Aronoff, Cleveland, OH.

For NATIONAL AUTO CREDIT, INC., defendant (98-CV-264): David Axinn, Esq., Joseph Thompson Baio, Esq., James H. Bicks, Esq., Willkie Farr & Gallagher, New York, NY.

For PER E HOEL, NOAH T HERNDON, defendants (98-CV-462): Stephen H. Weiner, Esq., Schulte, Roth & Zabel, New York, NY.

**JUDGES:** George W. White, Chief Judge, UNITED STATES DISTRICT COURT.

**OPINIONBY:** George W. White

**OPINION:**

These consolidated actions were brought under Section 10(b) of the Securities Exchange Act of 1934, *15 U.S.C. § 78* j (b) and Rule 10 b-5 and Section 20 of the Securities Exchange Act of 1934, *15 U.S.C. § 78* t, as amended by the Private Securities Litigation Reform Act of 1995 (PSLRA). National Auto [*6] Credit (Company) provides receivables management, collection services and funding for enrolled auto dealers who in turn make funds available to consumers with high credit risks. The Company bears the ultimate risk of losses resulting from defaults on consumer contracts. National Auto Credit maintains a reserve for losses. The adequacy of the reserve is dependent on the strength of the credit controls employed by the Company. Before the beginning of the class period the Company's outside auditors found that the Company's internal controls suffered from material weaknesses resulting in significant deficiencies in the design or operation of the Company's internal control structure that could adversely effect National Auto Credit's ability to accurately report financial information. The Defendants

failed to disclose the auditor's findings until it resigned as auditor in the middle of National Auto Credit's fiscal 1998 audit on January 16, 1998. Such failure to disclose the breakdown in National Auto Credit's internal controls permitted the Defendants to conceal the inadequacy of the Company's credit reserves from investors. Throughout the period in question, the Defendants over emphasized [*7] their prospective growth in sales while concealing and/or misrepresenting the increasing credit exposures that were not reflected in National Auto Credit's public statements and filings. The Company had to obtain default waiver letters from its major creditors. On January 20, 1998, Defendants announced that its auditor resigned and on that date trading in the Company's stock was suspended until January 27, 1998. The stock price fell from $5 11/16 to 1 3/4 on that day, down from a class period high of 11 3/4.

Plaintiffs allege that purchasers of National Auto Credit securities sustained damages as a consequence of Defendants' false and misleading statements about the Company's financial condition and results of operations. The Defendants devised a scheme whereby they artificially inflated the price of National Auto Credit securities to comply with the Company's credit facilities and debt covenants and profit from the sale of the Company's common stock at artificially inflated prices.

This matter is before the Court upon motions for appointment of lead plaintiff and lead counsel pursuant to § 21D, *15 U.S.C. § 78* u-4(a)(3)(B). The Weiser Group Plaintiffs' motion to supplement the [*8] proposed lead Plaintiffs' group and The Steiner Groups' motion to strike The Weiser Groups' supplement.

The PSLRA amended the Securities Exchange Act of 1934 by adding Section 21 D, 15 U.S.C. § 78U-4, which sets forth procedures for private securities' litigation. *15 U.S.C. § 78* u-4(a)(3)(A)(i) requires that, no later than 20 days after the filing of the complaint, the plaintiff cause to be published in a widely circulated business oriented publication or wire service, a notice advising members of the purported class of the pendency of the action, the claims asserted therein and the purported class period and that within 60 days of the date the notice was published, any member of the purported class may move the court to serve as lead counsel. *15 U.S.C. § 78u–4*(a)(3)(A)(I)(II). This notice was filed on January 30, 1998 by Plaintiff in The Steiner action. 1:98CV264.

*15 U.S.C. § 78* u-4(a)(3)(B)(i) provides that not later than 90 days after the notice is published, the Court shall consider any motion made by a purported class member in response to the notice and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to [*9] be most capable of

adequately representing the interests of class members.

The eleven actions are divided into two groups that have filed motions to be appointed lead plaintiff with the respective plaintiffs' counsel to be appointed lead counsel as provided in *15 U.S.C. § 78 u–4(a)(B)(v)*. These are called the "Steiner" Group and the "Weiser" Group.

78 u–4(a)(3)(B)(iii)(I) sets forth a rebuttal presumption as to the most adequate plaintiff. The most adequate plaintiff is the person or group of persons that

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(I);
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of *Rule 23 of the Federal Rules of Civil Procedure.*

The presumption may be rebutted by showing that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interests of the class; or
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*15 U.S.C. § 78 u–4(a)(3)(B)(iii)(II).*

The two groups have requested [*10] appointment as lead plaintiff. Both Groups have filed complaints and motions in response to the Section 21D notice *(15 U.S.C. § 78u–4(a)(3)(A)(i))* and it appears that both groups satisfy the typicality and adequacy requirements of Rule 23. *15 U.S.C. § 78u–4 (a) (3) (B) (iii) (aa) and (cc).* A dispute exists as to which group has the largest financial interest in the relief sought.

The Weiser Group submitted a loss of $554,000 in their original motion to be appointed lead plaintiff. The Steiner Group asserted that their loss totaled $1,307,756.41. n1 The Weiser Group filed a motion to supplement its proposed lead plaintiffs and co-lead counsel adding a group of four related investment group purchasers representing purchases of 157,950 shares of National Auto Credit with estimated losses of at least an additional $811,000 which would allegedly make the Weiser Group the plaintiff with the largest financial interest in the relief sought. The Steiner Group has moved to strike the Weiser Groups' supplement.

n1 The Steiner brief filed May 14, 1998 states

that according to their calculations their loss was $1,315,010.00 and that the Weiser Groups' loss totaled $606,129.00.

[*11]

When interpreting a federal statutes, the Court must begin by examining its language. *Hudson v. Reno, 130 F.3d 1193, 1199 (6th Cir. 1997)*. The words will be interpreted as having their ordinary, contemporary common meaning. Id. citing *Perrin v. United States, 444 U.S. 37, 42, 100 S. Ct. 311, 314, 62 L. Ed. 2d 199 (1979)*. The ordinary meaning of the language expresses the legislative purpose of the statute, Id., citing *Mills Music Inc. v. Snyder, 469 U.S. 153, 164, 105 S. Ct. 638, 645, 83 L. Ed. 2d 556 (1985)*. If the words of the statute are unambiguous, the plain meaning of the text must be enforced. Id., citing *United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241, 109 S. Ct. 1026, 1030, 103 L. Ed. 2d 290 (1989)*. Statutory sections must be interpreted to be consistent with each other. *Harley–Davidson, Inc. v. Minstar, Inc., 837 F. Supp. 978, 982 (E.D. Wisc. 1993)* rev. on other grounds, *41 F.3d 341 (7th Cir. 1994)*.

Section 21D(a)(3)(A)(i)(II) *(15 U.S.C. 78u–§ 4(a)(3)(A)(i)(II))*, states that a class member has 60 days from the date of the first published notice to file a motion for lead plaintiff while Section 21D (a)(3)(B)(I) *(15 U.S.C. § 78u–4(a)(3)(B)(i))* [*12] requires the Court to consider and appoint lead plaintiff no later than 90 days after the notice was published.

Section 21D(e)(1) *(15 U.S.C. § 78u–4(e)(1))* provides:

> Except as provided in paragraph (2), in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market.

The "mean trading price" of a security is the average of the daily trading price of that security, determined as of the close of the market each day during the 90 day period. Section 21D(e)(3), *15 U.S.C. § 78u–4(e)(3)*. The 90 day period in this case would be January 30, 1998 to March 31, 1998. The Steiner Group calculated the mean trading price of National Auto Credit Stock for the period to be

1998 U.S. Dist. LEXIS 21804, *12

$1.18391, while The Weiser Group found [*13] the value to be $1,183405. National Auto Credit stock did not trade for 15 days which The Weiser Group did not include in its loss calculation, resulting in a difference in the mean trading price and the loss calculations.

The Steiner Groups' loss was larger than The Weiser Groups' no matter whose loss calculations are used. The Steiner Group points out that (even) if the Court allows The Weiser Group to supplement its losses, it should also be able to do so. In such case, The Steiner group would still have the largest financial interest.

The Weiser Group argues that The Steiner Group collectively published at least 19 separate notices informing class members of the pending of this litigation. Certain of these notices were conflicting with respect to the expiration of the 60 day period. Class members could have understood that the 60 days is not a set date and that it continues to be extended as subsequent notices are published. Therefore, it would be improper to enforce a strict time limit. In *Lax v. First Merchants Acceptance Corp., 1997 WL 461036 at 5 fn.1* (N.D. Ill), several notices for class members to file lead–plaintiff motions were published. In ruling that the first [*14] notice prevailed, the Court stated that the PSLRA does not envisage that all potential class members will receive notice of the right to be lead plaintiff. The PSLRA notice is intended to reach sophisticated investors. If all class members were entitled to the notice to move for lead–plaintiff, the statute would have provided an individual–notice requirement. The Steiner notice was the only notice required by the PSLRA.

The intent of the PSLRA was to have lead plaintiffs appointed as soon as practicable. *Lax v. First Merchants Acceptance Corporation, 1997 WL 461036.* The Court in Lax held that requiring additional published notices for complaints that merely expanded the class period to inform class members that they may move to be appointed lead counsel within 60 days of the date of the published notice would be inconsistent with the purposes of the PSLRA because lead plaintiff could not be appointed until 60 days after the publication of the last notice. Allowing the plaintiffs in the present case to supplement their complaint past the 60 day period would defeat the intent of the PSLRA by delaying resolution of the motion. The Steiner Group informs the Court that if The Weiser [*15] group is

allowed supplementation, they would also increase their financial interests. The time limit provided by section 21D would aid the Court in implementing the requirement to appoint lead plaintiff as soon as possible.

The Weiser Group proposes that there be two sets of lead plaintiffs and two lead counsel, one from each group. In enacting the PSLRA, Congress realized that a few plaintiffs' lawyers controlled securities litigation and it wanted to vest control with large investors. *Gluck v. Cellstar Corp., 976 F. Supp. 542, 549 (N.D. Tex 1977).* Previously, plaintiffs' counsel in securities cases were more concerned with their own financial interest rather than those of their clients. Id. Increasing the number of lead plaintiffs and thus lead counsel would detract from the goal of client control because it would inevitably give more control and responsibility to the lawyers causing the class representatives to be more reliant on the lawyers. It would also increase time and expense spent in preparing and litigating the case. Id. In the present case, each group is represented by several firms. Allowing two sets of counsel would not further the purposes of the PSLRA.

The Steiner [*16] Group appears to be the most adequate plaintiff. It has filed a complaint, it has made a motion to be appointed lead plaintiff, it has the largest financial interest in the relief sought and satisfies the typicality and adequacy requirements of Rule 23. *15 U.S.C. § 78u–4*(a)(3)(B)(iii)(I). The Weiser Group has not rebutted the presumption according to *15 U.S.C. § 78u–4*(a)(3)(iii)(II).

Accordingly, The Steiner Groups' motion for appointment of lead plaintiff and lead counsel is granted. The Weiser Groups' motion for appointment of lead plaintiffs and approval of selection of lead counsel is denied. The Steiner Groups' motion to strike The Weiser Groups motion to supplement proposed lead plaintiffs and co-lead counsel is granted. Said motion is stricken." The Steiner Group is appointed lead plaintiff and its selection of lead counsel is approved.

IT IS SO ORDERED.

George W. White

Chief Judge

UNITED STATES DISTRICT COURT