# Exhibit 2

Case 1:05-cv-00162-JJF   Document 67-3   Filed 09/19/2005   Page 1 of 19

FILED

MAY 24 2005

MICHAEL W. ROBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. STEPHEN BLAU, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, LAURENCE FULLER, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, and J.P. MORGAN CHASE & CO., <br><br> Defendants. | Civil Action No. 04C 6592 <br><br> Judge William J. Hibbler <br><br> Magistrate Judge Martin C. Ashman |

### AFFIDAVIT OF JOSEPH N. GIELATA IN SUPPORT OF
### THE MEMORANDUM OF AMICI CURIAE
### SAMUEL HYLAND AND STEPHANIE SPEAKMAN

JOSEPH N. GIELATA, a member of the Bar of the Supreme Court of Delaware, for his affidavit states:

1.  I represent Samuel I. Hyland and Stephanie Speakman, both of whom are members of the putative class in the above-captioned matter.

2.  I make this affidavit in support of the Memorandum Of Amici Curiae Samuel Hyland and Stephanie Speakman.

3.  I have been retained by Mr. Hyland and Ms. Speakman to prosecute the securities class action against JPMorgan Chase & Co. ("JPMC") and other defendants,

captioned *Hyland v. Harrison, et al.*, No. 05-162, pending in the District of Delaware before the Honorable Joseph J. Farnan, Jr. (the "Delaware Action").

4. As their certifications (attached to the amended complaint) attest, Mr. Hyland and Ms. Speakman owned 300 and 18,870 shares of JPMC during the relevant period, respectively, including on April 2, 2004. I understand that neither Mr. Hyland nor Ms. Speakman owned any Bank One shares in 2004. Given my clients' aggregate holding of 19,170 shares, I have calculated that their economic loss (*i.e.* what it would take to restore their interest as though Harrison had accepted the 1.153 exchange ratio) was at least $106,026.08, based on JPMC's stock price on July 1, 2004, when the Merger closed.

5. In accepting the Delaware Action engagement, I have determined that I do not have any conflict of interest. In particular, I am not involved in any other litigation in which JPMC is a defendant. Further, I do not own any common stock of JPMC and I do not own any mutual fund or similar investment which holds JPMC common stock. If I am appointed lead counsel in the Delaware Action, I will, throughout the pendency of the action, (a) refrain from becoming involved in any other litigation in which JPMC is a defendant, and (b) refrain from purchasing JPMC common stock or otherwise owning any interest, direct or indirect, in JPMC common stock.

6. On March 21, 2005, on Mr. Hyland's behalf, I moved for an injunction of related state court class actions, but the motion was denied without prejudice by the Honorable Joseph J. Farnan, Jr. on April 18, 2005. On April 14, 2005, all defendants in the Delaware Action except for Riley P. Bechtel stipulated to waiver of service of

summons. By letter dated April 27, 2005, in response to my formal request for waiver of service of the summons and complaint, Bechtel waived service of the summons in the Delaware Action.

7.     On May 3, 2005, in the wake of the dismissal of *In re J.P. Morgan Chase & Co. S'holder Litig.*, No. 531-N (Del. Ch.), a related action in Delaware's Court of Chancery (the "Chancery Action"), I requested leave of Court in the Delaware Action to serve document preservation subpoenas on the law firm and the investment bank which advised Bank One in connection with the Merger. I also obtained confirmation that certain document preservation efforts agreed upon by the parties in *In re J.P. Morgan Chase & Co. Shareholder Litigation* remained in force despite the dismissal of that action.

8.     I have compared the amended complaint in *Blau v. Harrison* against the consolidated complaint in the Chancery Action, which was filed over a month before the initial complaint in *Blau* was filed and over four months before the amended complaint in *Blau* was filed. I have compiled, in the chart attached hereto as Exhibit R, several discrete selections which appear to have been plagiarized directly from the consolidated complaint in the Chancery Action. I have also, where applicable, suggested explanations for discrepancies in the plagiarized sections. I participated in the drafting of the consolidated complaint in the Chancery Action and was responsible for all electronic research underlying the allegations therein. Accordingly, I am familiar with the investigatory efforts forming the basis for the consolidated complaint in the Chancery Action. Based on my review of the complaints, I doubt that any Wolf Haldenstein

3

attorney personally reviewed or confirmed the plagiarized allegations. Wolf Haldenstein's electronic research records can confirm this well-grounded suspicion.

9. Based on their roles as the investment bankers and M&A lawyers advising parties to the Merger, I believe that the following persons were close to the negotiations leading to the Merger and may be able to confirm the allegations in the operative complaint in the Delaware Action: (A) Gary Parr, Tim Dana, and Gary Shedlin of Lazard Frères & Co. LLC for Bank One, (B) lawyers Edward D. Herlihy, Craig M. Wasserman, and Lawrence S. Makow of Wachtell, Lipton, Rosen & Katz for Bank One, (C) lawyers Richard I. Beattie, Lee Meyerson, Maripat Alpuche, Christopher Lee, Kristin H. Johnson and Elsa Fraysse of Simpson Thacher & Bartlett LLP for JPMC, and (D) as-yet-unidentified lawyers with Sullivan & Cromwell LLP for JPMC's board.

10. In order to determine the distance between the Delaware Federal Courthouse and certain addresses in Manhattan, I employed commonly available Global Positioning System calculators, yielding the following conclusions:

　　A. I have determined that the Delaware Federal Courthouse ("DFC"), with its address at 844 North King Street, Wilmington, DE 19801, is located at Latitude 39.743607 (39:44:36.985N) and Longitude -075.547921 (75:32:52.516W).

　　B. JPMC's headquarters ("HQ"), with its address at 270 Park Avenue, New York, NY 10017, are located at Latitude 40.755844 (40:45:21.038N) and Longitude -073.975374 (73:58:31.346W).

4

C.  The distance between HQ [40 45'21"N, 73 58'31"W] and DFC [39 44'36"N, 75 32'52"W] is 94.3793 air miles.

D.  The New York office of Sullivan & Cromwell LLP ("SC"), with its address at 125 Broad Street, New York, NY 10004, is located at Latitude 40.701888 (40:42:6.797N) and Longitude -074.011054 (74:00:39.794W).

E.  The distance between SC [40 42'6"N, 74 0'39"W] and DFC [39 44'36"N, 75 32'52"W] is 91.0666 air miles.

F.  The office of Wachtell, Lipton, Rosen & Katz ("WLRK"), with its address at 51 West 52nd Street, New York, NY 10019 is located at Latitude 40.760577 (40:45:38.077N) and Longitude -073.977893 (73:58:40.415W).

G.  The distance between WLRK [40 45'38"N, 73 58'40"W] and DFC [39 44'36"N, 75 32'52"W] is 94.4732 air miles.

H.  Lazard Frères & Co. LLC maintains offices in New York with addresses at 435 East 79th Street, New York, NY 10021 ("LF1") and 30 Rockefeller Plaza, New York, NY 10112 ("LF2"), located at Latitude 40.772048 (40:46:19.373N) and Longitude -073.951904 (73:57:6.854W), and Latitude 40.758816 (40:45:31.738N) and Longitude -073.978848 (73:58:43.853W), respectively.

I.  The distance between LF1 [40 46'19"N, 73 57' 6"W] and DFC [39 44'36"N, 75 32'52"W] is 95.8248 air miles.

5

J. The distance between LF2 [40 45'31"N, 73 58'43"W] and DFC [39 44'36"N, 75 32'52"W] is 94.3692 air miles.

11. I have reviewed 307 complaints in the IPO Securities Litigation (available at http://www.iposecuritieslitigation.com/amended.php3 ) and determined that JPMC is a defendant in 128, or 41.7%, of the actions. The results of my review are attached hereto as Exhibit H. In particular, I reviewed the 307 consolidated and/or amended and/or corrected complaints filed in connection with the IPOs of the issuers listed in Exhibit H, Table A (with their respective docket numbers), all of which are related to *In re Initial Public Offering Securities Litigation*. Of the 307 complaints I reviewed, JPMorgan Chase & Co. (and/or one of its wholly-owned subsidiaries) is named as a defendant in 128 of the complaints. These are listed in Exhibit H, Table B. Of the 128 complaints listed by issuer-defendant and docket number in Exhibit H, Table B, the law firm of Wolf Haldenstein Adler Freeman & Herz LLP is listed as one of six firms representing plaintiffs in each and every matter except for the complaint in which Critical Path, Inc. was the issuer, for which I was unable to obtain the signature page. However, I have no reason to believe that the signature page in this complaint differed from the signature pages in the other 127 complaints.

12. According to Commodity Systems, Inc.'s database of historical stock prices (available on Yahoo! Finance), the prices for common stock of JPMC's predecessor were as follows on the dates below:

| Date | Open | High | Low | Close | Volume | Adj Close* |
|---|---|---|---|---|---|---|
| 6-Oct-94 | 34.13 | 34.38 | 33.88 | 34.13 | 775,800 | 10.43 |

* Close price adjusted for dividends and splits.

6

| Date | Open | High | Low | Close | Volume | Adj Close* |
|---|---|---|---|---|---|---|
| 31-Mar-94 | 35.50 | 36.88 | 34.50 | 36.38 | 1,677,700 | 11.11 |

* Close price adjusted for dividends and splits.

| Date | Open | High | Low | Close | Volume | Adj Close* |
|---|---|---|---|---|---|---|
| 21-Jan-94 | 38.00 | 38.13 | 37.38 | 37.63 | 2,702,800 | 11.50 |

* Close price adjusted for dividends and splits.

13. On May 22, 2005, I visited the CM/ECF website for the Northern District of Illinois and logged in using my PACER login and password. I initiated a query by searching for "04 C 6592," the civil action number of the action described in Wolf Haldenstein's "Legal Notice," attached hereto as Exhibit P. However, "04 C 6592" yielded no results, as the website explained it was not in an acceptable format.

**SUPPORTING EXHIBITS:**

14. Attached to this Affidavit are true and correct copies of the following:

   A. The initial complaint in *Hyland v. Harrison, et al.*, No. 05-162, pending in the District of Delaware, filed on March 17, 2005;

   B. The amended complaint in *Hyland v. Harrison, et al.*, No. 05-162, pending in the District of Delaware, filed on March 23, 2005;

   C. Landon Thomas, Jr., "The Yin, the Yang and the Deal," *The New York Times*, June 27, 2004.

   D. The consolidated complaint in *In re J.P. Morgan Chase & Co. Shareholder Litigation*, Consol. C.A. No. 531-N, filed in the Delaware Court of Chancery on September 2, 2004.

7

E. Laura Saunders Egodigwe, "Fund Manager Abandons Ship? Don't Run for the Lifeboat," *The Wall Street Journal Interactive Edition*, August 4, 2000.

F. Litigation Release Nos. 15457 (August 21, 1997), 15445 (August 18, 1997), and 15440 (August 12, 1997) issued by the Securities and Exchange Commission.

G. The press release dated June 26, 2003 entitled "IPO SECURITIES LITIGATION RECOVERY OF AT LEAST $1 BILLION DOLLARS GUARANTEED FOR PLAINTIFF CLASSES UPON APPROVAL OF SETTLEMENT," available at http://www.ipofraud.com/press-releases/06-26-2003.html;

H. The results of a review by the undersigned counsel of 307 complaints in the IPO Securities Litigation concluding that JPMC is a defendant in 128, or 41.7%, of the actions.

I. The press release entitled "SEC Sues J.P. Morgan Securities Inc. For Unlawful IPO Allocation Practices; J.P. Morgan Agrees To Settlement Calling For Injunction And Payment Of $25 Million Penalty," Litigation Release No. 18385, dated October 1, 2003, concerning the matter of *Securities and Exchange Commission v. J.P. Morgan Securities Inc.*, Civil Action No. 1:03 CV 02028 (ESH) (D.D.C.);

J. "Banks under legal siege", published in the March 2, 2003 of *The Banker*, available at

8

Case 1:05-cv-00162-JJF   Document 67-3   Filed 09/19/2005   Page 10 of 19
Case 1:04-cv-06592   Document 43   Filed 05/24/2005   Page 9 of 12

http://www.thebanker.com/news/fullstory.php/aid/250/Banks_under_l egal_siege.html .

K. The Associated Press interview of Melvyn Weiss, entitled "Securities lawyer says investors still open to abuse," dated July 25, 2003 and available at http://www.kansascity.com/mld/kansascity/business/6367301.htm?tem plate=contentModules/printstory.jsp ;

L. Selected web pages available at the website for Wolf Haldenstein Adler Freeman & Herz LLP ( http://www.whafh.com/ ), including the firm's primary page for the IPO Securities Litigation, http://www.whafh.com/modules/case/index.php?action=view&id=330, the attorney bio pages for Adam J. Levitt, http://www.whafh.com/modules/attorney/index.php?action=view&id= 39 , and Gustavo Bruckner, http://www.whafh.com/modules/attorney/index.php?action=view&id= 57 , and the website for at least one of their JPMC actions, http://www.whafh.com/modules/case/index.php?action=view&id=291 (visited on May 19, 2005; note that clicking on "Initial Complaint" links to the *Blau v. Harrison* complaint, *not* to any complaint involving Enron).

M. An article dated July 21, 2004 in *The New York Times* entitled "After Charge for Legal Reserves, J.P. Morgan Takes Big Loss.";

9

N. The March 16, 2005 press release issued by the Office of the New York State Comptroller entitled "Hevesi Announces Settlement with J.P. Morgan Chase in WorldCom Securities Litigation; Total Recovery for WorldCom Class Now More Than $6 Billion; Trial Remains Set to Commence on March 17, 2005," available at http://www.osc.state.ny.us/press/releases/mar05/031605b.htm ;

O. Illinois State Bar Association Advisory Opinion on Professional Conduct No. 04-01 (Nov. 2004), available at http://www.isba.org/ethicsopinions/04%2D01.asp ;

P. The legal notice published by Wolf Haldenstein in the *Investor's Business Daily* on October 15, 2004;

Q. The affidavit of Bruce Heller attesting to the publication of the notice of the pendency of *Hyland v. Harrison* (attached thereto, as published in the *Investor's Business Daily* on March 23, 2005);

R. A chart, compiled by the undersigned counsel, of passages in the amended complaint in *Blau v. Harrison* apparently copied from the consolidated complaint in *In re J.P. Morgan Chase & Co. S'holder Litig.*, No. 531-N (Del. Ch.);

S. Forbes 400 (2004) entry #87, Riley P. Bechtel, available at http://www.forbes.com/finance/lists/54/2004/LIR.jhtml?passListId=54&passYear=2004&passListType=Person&uniqueId=QGCP&datatype=Person ;

T. The Restated Certificate Of Incorporation of JPMorgan Chase & Co., dated January 18, 2005, available on SEC's EDGAR database at http://www.sec.gov/Archives/edgar/data/19617/000095012305002539/y05475exv3w1.htm ; and cover page of By-Laws of JPMorgan Chase & Co., as amended by the Board of Directors on March 16, 2004, effective July 1, 2004 (noting that "Effective July 20, 2004, name changed to JPMorgan Chase & Co."), available at http://www.sec.gov/Archives/edgar/data/19617/000095012305002539/y05475exv3w2.htm .

**UNREPORTED DECISIONS:**

15. Attached to this Affidavit are true and correct copies of the following unreported decisions:

U. *In re J.P. Morgan Chase & Co. S'holder Litig.*, No. 531-N, Mem. Op. (Del. Ch. Apr. 29, 2005);

V. *Borenstein v. Finova Group, Inc.*, C.A. No. 00-619-PHX-SMM, 2000 U.S. Dist. LEXIS 14732 (D. Ariz. Aug. 28, 2000);

W. *Courtesy Caribbean v. Aquilar*, 1995 WL 549127 (N.D. Ill. Aug. 31, 1995);

X. *Examen, Inc. v. VantagePoint Venture Partners 1996*, C.A. No. 1142-N, slip op. (Del. Ch. March 31, 2005);

Y. *Grand Park Surgical Center, Inc. v. Inland Steel Co.*, 1996 WL 204322 (N.D. Ill. Apr. 25, 1996);

Z. *Janovici v. DVI, Inc.*, 2003 WL 22849604 (E.D. Pa. Nov. 25, 2003);

AA. *Laborers Local 1298 Pension Fund v. Campbell Soup Co.*, 2000 WL 486956 (D.N.J. Apr. 24, 2000);

BB. *Marsden v. Select Medical Corp.*, 2005 WL 113128 (E.D. Pa. Jan. 18, 2005);

11

CC. *Nager v. Websecure, Inc.*, 1997 WL 773717 (D. Mass. Nov. 26, 1997);

DD. *Schwarz v. National Van Lines, Inc.*, 2004 WL 432483 (N.D. Ill. Feb. 24, 2004);

EE. *Taubenfeld v. Career Education Corp.*, 2004 WL 554810 (N.D. Ill. March 19, 2004);

FF. *In re Terayon Communications Sys., Inc.*, 2004 WL 413277 (N.D. Cal. Feb. 23, 2004);

GG. *Tracinda Corp. v. DaimlerChrysler AG*, -- F. Supp. 2d --, 2005 WL 782888 (D. Del. Apr. 7, 2005);

HH. *Van Horn v. Graves*, 2002 WL 27658 (N.D. Ill. Jan. 10, 2002).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed: May 23, 2005

_____
Joseph N. Gielata


SWORN TO AND SUBSCRIBED BEFORE
ME THIS TWENTY-THIRD DAY OF MAY, 2005.


_____
NOTARY PUBLIC

MY COMMISSION EXPIRES _____

MARY B. DURALL
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires Mar. 17, 2008

# Exhibit 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
JUN 22 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| DR. STEPHEN BLAU, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, LAURENCE FULLER, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, and J.P. MORGAN CHASE & CO.,<br><br>Defendants. | Civil Action No. 04C 6592<br><br>Judge William J. Hibbler<br><br>Magistrate Judge Martin C. Ashman |

### SUPPLEMENTAL AFFIDAVIT OF JOSEPH N. GIELATA IN SUPPORT OF THE MEMORANDUM OF AMICI CURIAE SAMUEL HYLAND AND STEPHANIE SPEAKMAN

JOSEPH N. GIELATA, a member of the Bar of the Supreme Court of Delaware, for his affidavit states:

1. I make this affidavit in further support of the Memorandum Of Amici Curiae Samuel Hyland and Stephanie Speakman (D.E. # 40).

2. On June 7, 2005, I spoke on the telephone with Timothy Taggart, the treasurer of American Growth Fund, Inc. ("AGF") and apparently the second-in-command to Robert Brody, AGF's president. In particular, I discussed AGF's involvement in *Blau v. Harrison et al.* with Mr. Taggart. He indicated that AGF never sought to be the lead plaintiff in *Blau* and that, to the extent that AGF was involved at all,

it was merely the result of a "clerical error." Moreover, Mr. Taggart indicated that he sought AGF's withdrawal from *Blau* only "2 or 3 days" after discovering AGF's role as lead plaintiff.

3.  On June 14, 2005, I spoke for a second time on the telephone with Mr. Taggart to obtain clarification and confirmation of certain points. Again, Mr. Taggart confirmed that AGF never sought to be the lead plaintiff in *Blau* and never wanted to be directly involved in the litigation. According to Mr. Taggart, someone at AGF mistakenly filled out a form which apparently led to its "involvement" in the case. Two or three days after AGF received a copy of what Mr. Taggart recalls to be the lead plaintiff motion, AGF sought to withdraw as lead plaintiff from the litigation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed: June 16, 2005

_____
Joseph N. Gielata

SWORN TO AND SUBSCRIBED BEFORE
ME THIS SIXTEENTH DAY OF JUNE, 2005.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES _____

MARY B. DUVALL
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires Mar. 17, 2006

2

## CERTIFICATE OF SERVICE

I hereby certify that, on June 16, 2005, I mailed the Supplemental Affidavit of Joseph N. Gielata to the following:

The Honorable William J. Hibbler
United States District Court
Northern District of Illinois, Eastern Division
Everett McKinley Dirksen Building
219 South Dearborn Street
Chicago, Illinois 60604
via overnight courier

Adam Levitt
Wolf Haldenstein Adler Freeman & Herz LLP
55 West Monroe St., Suite 1111
Chicago, Illinois 60603
*Counsel for Plaintiff*
via U.S. Mail

Michael Dobbins, Clerk of Court
United States District Court
Northern District of Illinois, Eastern Division
Everett McKinley Dirksen Building
219 South Dearborn Street
Chicago, Illinois 60604
via U.S. Mail

Kathleen L. Roach
Sidley Austin Brown & Wood LLP
10 South Dearborn
Chicago, Illinois 60603
*Counsel for Defendants*
via U.S. Mail

Joseph N. Gielata
Attorney at Law
501 Silverside Road, Suite 90
Wilmington, Delaware 19809
(302) 798-1096
attorney@gielatalaw.com

# JOSEPH N. GIELATA
## ATTORNEY AT LAW
501 SILVERSIDE ROAD, SUITE 90
WILMINGTON, DELAWARE 19809
WWW.GIELATALAW.COM
TEL (302) 798-1096
FAX (302) 792-0777

**FILED** JUN 22 2005 WH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**FILED** JUN 22 2005 WH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

June 16, 2005

**BY OVERNIGHT COURIER**

The Honorable William J. Hibbler
United States District Court
Northern District of Illinois
Eastern Division
Everett McKinley Dirksen Building
219 South Dearborn Street
Chicago, Illinois 60604

Re:   *Blau v. Harrison, et al.*, No. 1:04-cv-06592

Judge Hibbler,

This letter is submitted on behalf of class members Samuel Hyland and Stephanie Speakman in further support of their amici curiae brief dated May 23, 2005 (the "Amici Brief") (D.E. # 40). As Your Honor may recall, the Amici Brief detailed numerous irregularities attributable to the putative class counsel in the above-captioned case. Further investigation has revealed even more troubling facts. (*See* attached.)

As the enclosed supplemental affidavit states, the American Growth Fund, Inc. ("AGF") never sought or desired to be a lead plaintiff in this action, according to a senior AGF executive. Indeed, it appears that AGF's involvement was solely the result of a "clerical error." When AGF formally withdrew from the action, the concealment of these critical facts by the putative class counsel amounted to nothing less than a fraud upon this Court. For attorneys to claim leadership of this class action without disclosing that their client was not willing to serve as lead plaintiff is reprehensible and should not be tolerated in this case.

The above-captioned case has been mismanaged by the putative class counsel and threatens to undermine my clients' zealous prosecution of valuable class claims. Immediate judicial intervention is necessary to remove this concern and admonish those attorneys who have disregarded their duty of candor to the Court. Accordingly, for the reasons set forth in the Amici Brief, Dr. Blau's counsel should be disqualified, the January 5, 2005 minute order should be vacated, and this litigation should be transferred to the District of Delaware.

The Honorable William J. Hibbler
June 16, 2005, page 2

                                            Respectfully,

                                            Joseph N. Gielata
                                            *of the Delaware Bar*

cc:    Michael Dobbins, Clerk of Court
        Adam Levitt, Esq.
        Kathleen L. Roach, Esq.