# Exhibit 5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

U.S. DISTRICT COURT

**FILED**

AUG 2 4 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| DR. STEPHEN BLAU, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, LAURENCE FULLER, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, and J.P. MORGAN CHASE & CO., <br><br> Defendants. | Civil Action No. 04C 6592 <br><br> Judge William J. Hibbler <br><br> Magistrate Judge Martin C. Ashman |

## NOTICE OF FILING

**TO:** All Counsel on Attached Service List

**PLEASE TAKE NOTICE** that we have today, Wednesday, August 24, 2005, filed with the Clerk of the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604, *Lead Plaintiff's Response to the Memorandum and Supplemental Memorandum of Amici Curiae Mailed to This Court by Samuel Hyland and Stephanie Speakman*, and the *Affidavit of Gregory Mark Nespole, Esq.* in support thereof, copies of which are enclosed herewith and are hereby served upon you.

**Dated:** August 24, 2005

By: 

Adam J. Levitt
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
(312) 984-0000 (t)
(312) 984-0001 (f)

*Lead Counsel for
Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I, Adam J. Levitt, one of Plaintiff's counsel, hereby certify that on Wednesday, August 24, 2005, I caused a copy of the foregoing *Notice of* Filing and the underlying *Lead Plaintiff's Response to the Memorandum and Supplemental Memorandum of Amici Curiae Mailed to This Court by Samuel Hyland and Stephanie Speakman*, and the *Affidavit of Gregory Mark Nespole, Esq.* in support thereof, to be served upon the following counsel, by messenger delivery:

> Kathleen Lynn Roach
> Chante Danielle Spann
> Courtney Ann Rosen
> **SIDLEY AUSTIN BROWN & WOOD LLP**
> Bank One Plaza
> 10 South Dearborn Street
> Chicago, Illinois 60603

Adam J. Levitt

8393

U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

DR. STEPHEN BLAU, Individually and On
Behalf of All Others Similarly Situated,

Plaintiff,

v.

WILLIAM B. HARRISON, JR., HANS W.
BECHERER, RILEY P. BECHTEL, FRANK
A. BENNACK, JR., JOHN H. BIGGS,
LAWRENCE A. BOSSIDY, M. ANTHONY
BURNS, ELLEN V. FUTTER, WILLIAM H.
GRAY, III, HELENE L. KAPLAN, LEE R.
RAYMOND, JOHN R. STAFFORD, and J.P.
MORGAN CHASE & CO.,

Defendants.

CIVIL ACTION NO. 04C 6592

JUDGE WILLIAM T. HIBBLER

MAGISTRATE JUDGE MARTIN C.
ASHMAN

JURY TRIAL DEMANDED

**FILED**

J N

AUG 2 4 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

---

## AFFIDAVIT OF GREGORY MARK NESPOLE, ESQ. IN SUPPORT OF LEAD PLAINTIFF'S RESPONSE TO THE MEMORANDUM AND SUPPLEMENTAL MEMORANDUM OF AMICI CURIAE MAILED TO THIS COURT BY SAMUEL HYLAND AND STEPHANIE SPEAKMAN

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK  )

I, Gregory Mark Nespole, Esq., being duly sworn, deposes and says;

1.      I am an attorney at law of the State of New York. I am a partner at the law firm

of Wolf Haldenstein Adler Freeman & Herz LLP, located at 270 Madison Avenue, New York,

10016. I offer this affidavit in support of Lead Plaintiff's Response To The Memorandum And

Supplemental Memorandum of Amici Curiae Mailed To This Court By Samuel Hyland and

Stephanie Speakman I also offer this affidavit in support of the introduction of true and correct copies of the following document listed below:

    a.    The Delaware Attorney General's Indictment of Mr. Gielata, attached as Exhibit A;

    b.    The Delaware Court's Order appointing Mr. Hyland and Mrs. Speakman LP, attached as Exhibit B; and

    c.    The Bloomberg Run reporting the adjusted close price of J.P. Morgan shares on the dates Dr. Blau purchased his shares, attached as Exhibit C.

2.    As a threshold matter, Counsel for the Hyland Plaintiffs[1] insinuates that my firm may be inadequate to serve as lead counsel in the Blau Action because, in part, former Lead Plaintiff American Growth Fund, Inc. elected to withdraw as a court appointed Lead Plaintiff prior to the filing of the amended complaint in the Blau Action. This contention is meritless.

3.    Following the filing of the Blau Action in October 2004, I directed that notice of pendency be published in the *Investors Business Daily*. See Exhibit D.

4.    On or about November 23, 2004, I received in the mail an unsigned plaintiff's certificate from the American Growth Fund, Inc. concerning its shares of J.P. Morgan common stock. See Exhibit E.

5.    Given that the certificate was unsigned, I called Timothy E. Taggart of AGF and left him a voicemail stating that I had received the certificate, but it was defective because it was unsigned by a person with authority to approve AGF's involvement in the litigation. Mr. Taggart's name was listed on the certificate as AGF's contact person.

---

[1] Defined terms in this affidavit shall have the same meaning as they were assigned in the accompanying memorandum.

6.      That same day, I wrote Mr. Taggart requesting that he resubmit a signed certificate. A copy of that letter is annexed hereto as Exhibit F.

7.      Within days, I received a duly executed certificate, signed by Mr. Taggart. See Exhibit G.

8.      Again, I called Mr. Taggart and left him a detailed message explaining the process, and that we were planning to proffer as Lead Plaintiffs AGF and Dr. Blau, and that we were working on an amended complaint that I would send to him in draft form once it was fairly advanced.

9.      On February 14, 2005, I sent Mr. Taggart a draft of the amended complaint. See Exhibit H.

10.     Sometime on February 16, 2005, Mr. Taggart called me and said he had some misgivings about continuing as a Lead Plaintiff in a class action against J. P. Morgan. At no time did he state that he mistakenly executed a certificate or that AGF had not intended to serve as a lead plaintiff.

11.     We spoke additional times on February 16, 2005. Mr. Taggart stated that he was mindful and concerned that as a fiduciary, he might have an obligation to pursue the case on behalf of investors in AGF. I explained to him that he had no obligation to participate and regardless of whether he proffered AGF as a lead plaintiff, AGF was a member of the class and that I would, assuming the case was successful, make sure he received a claim form and would assist him in submitting it. During our last conversation on that day, Mr. Taggart requested that I send him a copy of the certificate he executed on behalf of AGF and that he would bring up the matter with others at AGF.

3

12.    Pursuant to his request, at the end of business on February 16, I sent Mr. Taggart, via e-mail/PDF, fax, and Federal Express, the information he requested along with a cover letter. See Exhibit I.

13.    On February 17, 2005, Mr. Taggart called me and asked that I withdraw AGF as a Lead Plaintiff in the Blau Action. During our February 17, 2005 telephone call, Mr. Taggart said that he would remain open to the possibility that AGF might be willing to serve as a proposed class representative should defendants' motion to dismiss be denied. Later in the week, I received, via express mail, a letter dated February 16, 2005, confirming that AGF wished to withdraw as Lead Plaintiff. See Exhibit J.

14.    We submitted AGF's withdrawal to the Court on February 18, 2005, the same date upon which we filed the Amended Complaint in the *Blau* Action. Accordingly, with respect to my dealings with AGF, I complied with the PSLRA and all other applicable ethical obligations. For Mr. Gielata to state otherwise is simply not supported by the record.

15.    In addition to casting aspersions on my firm, Mr. Gielata baselessly attacks AGF, though he purports to have spoken to it. *See* Hyland Memorandum at 6. Specifically, his allegations border on libel when he states that AGF may be the same or related entity to American Growth Capital Corp. and American Growth Fund, I, LP – two entities forced into receivership by the SEC in 1997. Upon reading Mr. Gielata's allegations with respect to AGF, I personally conducted an investigation to determine their validity, or lack thereof.

16.    I initially conducted a LEXIS search and found a *Wall Street Journal* article dated August 13, 1997, that identified the entities as being based in Las Vegas and were "funds [that] aren't related to other mutual funds or similar names," according to an SEC staff attorney referred to in the article. See Exhibit K.

4

17.    The article stated that attorney Laurie T. Butler in California represented the two funds in receivership. I obtained Ms. Butler's telephone number and called her. We spoke at length, and she told me that AGF was not one of the funds she represented in the receivership matter and that Mr. Gielata was apparently mistaken. Accordingly, Mr. Gielata's attack on AGF was unfounded and careless.

18.    Mr. Gielata's failure to do his homework is further evidenced by his contention that my firm was sanctioned in the two actions he cites. Curiously, however, he also concluded that my firm was not sanctioned in those actions. Putting aside Mr. Gielata's confusion, as a member of Wolf Haldenstein, I can represent that neither I nor my firm were sanctioned in the *De la Fuentes v. DCI Telecommunications, Inc.* matter. Indeed, Mr. Gielata fails to cite the subsequent opinion that explicitly holds that my firm was not sanctioned. *See De la Fuente v DCI Telecommunications*, 269 F. Supp. 2d. 229 (S.D.N.Y. 2003). Had Mr. Gielata simply Shepardized the case he cited, he might have been more cautious prior to accusing me or my firm of misconduct. Similarly, with respect to *Greenfield v. U.S. Healthcare, Inc.*, 146 F.R.D. 118 (E.D. Pa. 1993), no member of my firm was sanctioned in connection with the case either.

19.    Mr. Gielata's litany of feckless allegations continues when he accuses my firm of colluding with Defendants and their counsel here. This allegation strains credulity to the breaking point. This is a contentious litigation. Indeed, Defendant Bechtel endeavored to evade service for months. Only after threatening to obtain an order permitting alternative service given that Mr. Bechtel is reportedly accompanied by a security detail and service was both impossible and dangerous, did he ultimately agree to accept service and join in Defendants' motion to dismiss Further, the decision to dismiss claims against Laurence Fuller followed discussion among the parties' counsel concerning whether Mr. Fuller was on the board of J.P. Morgan at the

time of the merger. Accordingly, I thought it a prudent course to agree to dismiss that defendant instead of engaging in a time-consuming, collateral battle over one outside director.

20.     Further, that Mr. Blau has elected not to name Mr. Dimon as a defendant was a conscious litigation strategy, as was the decision to limit the Blau Action to claims under Section 14 of the Exchange Act. Indeed, Mr. Gielata's complaint alleges at Count I the same proxy allegations as the Blau Action, and at Count II the same control person allegations. Mr. Gielata's Count III, however, alleges claims that were dismissed by Vice Chancellor Lamb in *In re J.P. Morgan Chase & Co. Shareholder Litigation*, C.A. No. 531-N, on the grounds they were derivative, not direct claims, and plaintiffs in that action were unable to allege demand futility.

21.     With respect to Mr. Gielata's fraud-based claim under Section 10(b), the Blau Action purposefully elected to pursue claims only under Section 14 because I believed that defendants conduct clearly constituted negligent conduct, while it was a much closer call as to whether the Blau Action could allege the requisite scienter required by Section 10(b). In short, counsel in the Blau Action elected to plead and prove claims that required a showing of negligence, not scienter, as a strategic course, and not because we simply forgot to do it, as Mr. Gielata implies.

22.     Finally, counsel in the Blau Action elected to forego the Securities Act claims alleged by Mr. Gielata because I conclude the only way to plead them properly would require plaintiffs to plead that they sounded in fraud. Again, I elected to pursue claims that sounded in negligence, given the circumstances and facts presented at least while the PSLRA's discovery stay was in effect. This is not to say that I might not amend in the future should discovery reveal

that defendants' conduct was fraudulent. Accordingly, Dr. Blau's action, from its inception, has

pursued Section 14 claims that require a showing of negligence, not fraud-based claims that

require pleading scienter.

FURTHER AFFIANT SAYETH NOT.

GREGORY MARK NESPOLE

Sworn to before me this
24th day of August, 2005

**JAMES A. CIRIGLIANO**
Notary Public, State of New York
No. 01CI6106186
Qualified in Queens County
Commission Expires March 1, 2008

412608

7

# EXHIBIT A

Case 1:05-cv-00162-JJF    Document 67-5    Filed 09/19/2005    Page 12 of 42
Case 1:04-cv-06592    Document 58    Filed 08/24/2005    Page 11 of 41

Case 1:05-cv-00567-GMS    Document 7-2    Filed 08/04/2005    Page 11 of 12

*135*

### RULE 9 WARRANT/BOTH

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | INDICTMENT BY THE GRAND JURY |
| | ) | I.D.#0506021946 |
| JOSEPH N. GIELATA | ) | #0507018523 |
| WAYNE CHEN | ) | |

The Grand Jury of New Castle County charges JOSEPH N. GIELATA AND WAYNE

CHEN with the following offenses;

### COUNT I. A FELONY

#N_____

#N_____

THEFT in violation of Title 11, Section 841 of the Delaware Code of 1974, as amended.

JOSEPH N. GIELATA AND WAYNE CHEN, on or between November 25, 2003 and

December 24, 2003, in the County of New Castle, State of Delaware, did take, exercise control

over, or obtain, pursuant to a common scheme, United States Currency or other miscellaneous

property valued in excess of $1,000.00, belonging to Pay Pal, Inc., or another business or person,

intending to deprive that business or person and/or the owner of the property, or to appropriate it.

### COUNT II. A FELONY

#N_____

#N_____

CONSPIRACY SECOND DEGREE in violation of Title 11, Section 512 of the Delaware

Case 1:05-cv-00162-JJF    Document 67-5    Filed 09/19/2005    Page 13 of 42
Case 1:04-cv-06592    Document 58    Filed 08/24/2005    Page 12 of 41

Case 1:05-cv-00567-GMS    Document 7-2    Filed 08/04/2005    Page 12 of 12

Code of 1974, as amended.

JOSEPH N. GIELATA AND WAYNE CHEN, on or between November 25, 2003 and December 24, 2003, in the County of New Castle, State of Delaware, when intending to promote or facilitate the commission of the felony of Theft, did agree with each other and/or Geoffrey Keston, to aid each other or another person or persons in the planning or commission of the felony or an attempt or solicitation to commit the felony, and one of them or another person, with whom they conspired, did commit an overt act in pursuance of the conspiracy.

A TRUE BILL

FOREPERSON

ATTORNEY GENERAL

DEPUTY ATTORNEY GENERAL

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL I. HYLAND and STEPHANIE SPEAKMAN, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>          vs.<br><br>WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, JPMORGAN CHASE & CO., and JAMES DIMON,<br><br>      Defendants. | Case No. 1:05-cv-162 (JJF)<br><br>CLASS ACTION |

[PROPOSED] ORDER APPOINTING LEAD PLAINTIFFS AND LEAD COUNSEL

IT IS HEREBY ORDERED AND DECREED, this ___21___ day of ___June___, 2005,

that Samuel I. Hyland and Stephanie Speakman are hereby appointed lead plaintiffs in the above-

captioned litigation.

IT IS FURTHER ORDERED AND DECREED that Joseph N. Gielata, Esq. is hereby

appointed lead counsel in the above-captioned litigation. *subject to defendants reservation (D.I. 31)*

_Joseph J. Farnan_

The Honorable Joseph J. Farnan, Jr.
United States District Judge

# EXHIBIT C

<HELP> for explanation.                                    N161 **Equity HP**

**Comp/CLOSE/PRICE**                                      Page  1 / 6
JPMORGAN CHASE & CO        (JPM    US)      PRICE 34.35      B      $     DELAYED
                                                          HI 13.8333   ON  1/17/94
Range 12/30/94 to 12/30/94        Period D Daily          AVE 12.493   VL  1608408
                          USD     Market T Trade          LOW 11.375   ON 10/ 6/94

| | DATE | PRICE | VOLUME | | DATE | PRICE | VOLUME | | DATE | PRICE | VOLUME |
|---|---|---|---|---|---|---|---|---|---|---|---|
| F | 12/30 | 11.958 | 1458900 | F | 12/ 9 | 12.333 | 1507200 | F | 11/18 | 11.792 | 4029300 |
| T | 12/29 | 12.167 | 1469100 | T | 12/ 8 | 12.333 | 851100 | T | 11/17 | 11.917 | 2577300 |
| W | 12/28 | 12.208 | 1039200 | W | 12/ 7 | 12.583 | 1116000 | W | 11/16 | 12.125 | 1812900 |
| T | 12/27 | 12.125 | 1559100 | T | 12/ 6 | 12.833 | 1006800 | T | 11/15 | 12.167 | 2579700 |
| M | 12/26 | | | M | 12/ 5 | 12.667 | 1057800 | M | 11/14 | 12.125 | 1570500 |
| | | | | | | | | | | | |
| F | 12/23 | 12.208 | 1062600 | F | 12/ 2 | 12.458 | 981300 | F | 11/11 | 11.958 | 1024200 |
| T | 12/22 | 12.208 | 1882500 | T | 12/ 1 | 12.208 | 1255200 | T | 11/10 | 12.00 | 1260900 |
| W | 12/21 | 12.25 | 2344800 | W | 11/30 | 12.125 | 2495700 | W | 11/ 9 | 11.958 | 1815300 |
| T | 12/20 | 12.375 | 1778100 | T | 11/29 | 12.25 | 1628100 | T | 11/ 8 | 12.042 | 1229700 |
| M | 12/19 | 12.417 | 1724100 | M | 11/28 | 11.875 | 2343600 | M | 11/ 7 | 12.00 | 1239900 |
| | | | | | | | | | | | |
| F | 12/16 | 12.375 | 2956500 | F | 11/25 | 12.00 | 1142100 | F | 11/ 4 | 12.125 | 951300 |
| T | 12/15 | 12.458 | 4200600 | T | 11/24 | | | T | 11/ 3 | 12.375 | 710400 |
| W | 12/14 | 12.667 | 3634800 | W | 11/23 | 12.083 | 2557800 | W | 11/ 2 | 12.167 | 1107300 |
| T | 12/13 | 12.625 | 3074700 | T | 11/22 | 11.417 | 4359300 | T | 11/ 1 | 12.333 | 1219800 |
| M | 12/12 | 12.458 | 629400 | M | 11/21 | 11.75 | 2289900 | M | 10/31 | 12.667 | 1239000 |

Australia 61 2 9777 8600    Brazil 5511 3048 4500    Europe 44 20 7330 7500    Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2005 Bloomberg L.P.
G447-654-0 24-Aug-05  9:51:39

Bloomberg

<HELP> for explanation.                          N161 Equity HP

# Comp/CLOSE/PRICE
JPMORGAN CHASE & CO         (JPM    US)      PRICE 34.35      B      $      Page  2 / 6
                                                                              DELAYED
                                                            HI 13.8333    ON  1/17/94
Range █████████ to ██████████      Period ▣ Daily          AVE 12.493    VL  1608408
                             USD   Market ▣ Trade           LOW 11.375    ON 10/ 6/94

| DATE | PRICE | VOLUME | | DATE | PRICE | VOLUME | | DATE | PRICE | VOLUME |
|------|-------|--------|---|------|-------|--------|---|------|-------|--------|
| F 10/28 | 12.458 | 2253000 | F | 10/ 7 | 11.708 | 984900 | F | 9/16 | 12.333 | 2338200 |
| T 10/27 | 12.333 | 658200 | T | 10/ 6 | L11.375 | 966600 | T | 9/15 | 12.333 | 1275300 |
| W 10/26 | 12.083 | 1427700 | W | 10/ 5 | 11.375 | 2044800 | W | 9/14 | 12.292 | 642900 |
| T 10/25 | 11.958 | 1169100 | T | 10/ 4 | 11.417 | 1784100 | T | 9/13 | 12.25 | 1089900 |
| M 10/24 | 11.792 | 1725300 | M | 10/ 3 | 11.542 | 1044000 | M | 9/12 | 12.208 | 933300 |
| | | | | | | | | | | |
| F 10/21 | 12.125 | 1223100 | F | 9/30 | 11.667 | 980700 | F | 9/ 9 | 12.417 | 2040300 |
| T 10/20 | 12.25 | 1206300 | T | 9/29 | 11.833 | 917400 | T | 9/ 8 | 12.708 | 1203600 |
| W 10/19 | 12.458 | 1128000 | W | 9/28 | 11.875 | 915000 | W | 9/ 7 | 12.667 | 735900 |
| T 10/18 | 12.542 | 794400 | T | 9/27 | 11.833 | 1280400 | T | 9/ 6 | 12.75 | 812400 |
| M 10/17 | 12.542 | 1132200 | M | 9/26 | 11.833 | 1764600 | M | 9/ 5 | | |
| | | | | | | | | | | |
| F 10/14 | 12.458 | 776700 | F | 9/23 | 12.042 | 2526300 | F | 9/ 2 | 12.792 | 942300 |
| T 10/13 | 12.292 | 1418700 | T | 9/22 | 12.125 | 2453100 | T | 9/ 1 | 12.792 | 848400 |
| W 10/12 | 12.292 | 748800 | W | 9/21 | 12.167 | 2955300 | W | 8/31 | 12.917 | 1389600 |
| T 10/11 | 11.958 | 912600 | T | 9/20 | 12.083 | 2011200 | T | 8/30 | 13.083 | 1431300 |
| M 10/10 | 11.958 | 660300 | M | 9/19 | 12.083 | 1620000 | M | 8/29 | 13.167 | 1840800 |

Australia 61 2 9777 8600    Brazil 5511 3048 4500    Europe 44 20 7330 7500    Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2005 Bloomberg L.P.
G447-654-0 24-Aug-05  9:51:47

Bloomberg

<HELP> for explanation.                              N161 Equity **HP**

## Comp/CLOSE/PRICE
                                                                    Page  3 / 6
JPMORGAN CHASE & CO        (JPM      US)      PRICE 34.35         B    $   DELAYED
                                                              HI 13.8333   ON  1/17/94
Range 8/23/94 to 12/30/94      Period D Daily   AVE 12.493   VL  1608408
                          USD      Market T Trade   LOW 11.375   ON 10/ 6/94

| | DATE | PRICE | VOLUME | | DATE | PRICE | VOLUME | | DATE | PRICE | VOLUME |
|---|---|---|---|---|---|---|---|---|---|---|---|
| F | 8/26 | 13.208 | 1161900 | F | 8/ 5 | 12.625 | 912900 | F | 7/15 | 12.875 | 2190300 |
| T | 8/25 | 13.125 | 841200 | T | 8/ 4 | 12.667 | 1338300 | T | 7/14 | 13.042 | 2322900 |
| W | 8/24 | 13.208 | 830700 | W | 8/ 3 | 12.958 | 825900 | W | 7/13 | 12.75 | 982500 |
| T | 8/23 | 13.125 | 1534500 | T | 8/ 2 | 12.958 | 1047900 | T | 7/12 | 12.75 | 789600 |
| M | 8/22 | 13.00 | 1268400 | M | 8/ 1 | 12.917 | 780000 | M | 7/11 | 12.792 | 543300 |
| | | | | | | | | | | | |
| F | 8/19 | 12.917 | 4692300 | F | 7/29 | 12.792 | 1546200 | F | 7/ 8 | 12.75 | 531300 |
| T | 8/18 | 12.875 | 1665600 | T | 7/28 | 12.542 | 1208700 | T | 7/ 7 | 12.833 | 684600 |
| W | 8/17 | 12.958 | 1477500 | W | 7/27 | 12.50 | 1383000 | W | 7/ 6 | 12.708 | 983400 |
| T | 8/16 | 13.042 | 1209300 | T | 7/26 | 12.75 | 3420600 | T | 7/ 5 | 12.792 | 930300 |
| M | 8/15 | 12.792 | 1464600 | M | 7/25 | 12.75 | 1765200 | M | 7/ 4 | | |
| | | | | | | | | | | | |
| F | 8/12 | 12.792 | 1089600 | F | 7/22 | 12.625 | 1034100 | F | 7/ 1 | 12.958 | 706500 |
| T | 8/11 | 12.667 | 1290300 | T | 7/21 | 12.625 | 932700 | T | 6/30 | 12.833 | 938400 |
| W | 8/10 | 12.625 | 986100 | W | 7/20 | 12.542 | 2060700 | W | 6/29 | 12.792 | 1111500 |
| T | 8/ 9 | 12.625 | 928200 | T | 7/19 | 12.792 | 2146500 | T | 6/28 | 13.00 | 1187700 |
| M | 8/ 8 | 12.667 | 923700 | M | 7/18 | 12.917 | 1591800 | M | 6/27 | 13.042 | 1076400 |

Australia 61 2 9777 8600    Brazil 5511 3048 4500    Europe 44 20 7330 7500    Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2005 Bloomberg L.P.
G447-654-0 24-Aug-05  9:51:52

Bloomberg

<HELP> for explanation.                    N161 **Equity HP**

## Comp/CLOSE/PRICE
JPMORGAN CHASE & CO        (JPM    US)        PRICE 34.35        B    $    Page  4 / 6
                                                                          DELAYED
                                                            HI 13.8333  ON  1/17/94
Range ▦▦▦▦▦▦ to ▦▦▦▦▦▦        Period D Daily        AVE 12.493   VL  1608408
                      USD        Market T Trade        LOW 11.375  ON 10/ 6/94

| | DATE | PRICE | VOLUME | | DATE | PRICE | VOLUME | | DATE | PRICE | VOLUME |
|---|---|---|---|---|---|---|---|---|---|---|---|
| F | 6/24 | 12.792 | 1105500 | F | 6/ 3 | 13.292 | 1103100 | F | 5/13 | 11.50 | 2060700 |
| T | 6/23 | 12.958 | 811500 | T | 6/ 2 | 13.125 | 682200 | T | 5/12 | 11.458 | 1229700 |
| W | 6/22 | 13.042 | 1177500 | W | 6/ 1 | 13.25 | 1407900 | W | 5/11 | 11.458 | 1104600 |
| T | 6/21 | 12.917 | 1403400 | T | 5/31 | 12.792 | 1151700 | T | 5/10 | 11.708 | 1328400 |
| M | 6/20 | 13.125 | 1233000 | M | 5/30 | | | M | 5/ 9 | 11.417 | 1562100 |
| | | | | | | | | | | | |
| F | 6/17 | 13.292 | 2146800 | F | 5/27 | 12.667 | 425400 | F | 5/ 6 | 11.542 | 1743000 |
| T | 6/16 | 13.417 | 1117200 | T | 5/26 | 12.333 | 716400 | T | 5/ 5 | 11.75 | 1647900 |
| W | 6/15 | 13.458 | 1654500 | W | 5/25 | 12.375 | 1013700 | W | 5/ 4 | 11.875 | 1713300 |
| T | 6/14 | 13.458 | 1184400 | T | 5/24 | 12.292 | 1215000 | T | 5/ 3 | 11.875 | 1760100 |
| M | 6/13 | 13.625 | 1559100 | M | 5/23 | 12.00 | 766800 | M | 5/ 2 | 11.833 | 1609800 |
| | | | | | | | | | | | |
| F | 6/10 | 13.333 | 814500 | F | 5/20 | 12.042 | 922800 | F | 4/29 | 11.583 | 1336500 |
| T | 6/ 9 | 13.167 | 929400 | T | 5/19 | 12.333 | 1260000 | T | 4/28 | 11.667 | 1559100 |
| W | 6/ 8 | 13.208 | 1011000 | W | 5/18 | 12.458 | 2129700 | W | 4/27 | | |
| T | 6/ 7 | 13.208 | 1524300 | T | 5/17 | 11.917 | 1365300 | T | 4/26 | 11.833 | 1199400 |
| M | 6/ 6 | 13.458 | 1507600 | M | 5/16 | 11.583 | 1553400 | M | 4/25 | 11.75 | 1675200 |

Australia 61 2 9777 8600     Brazil 5511 3048 4500     Europe 44 20 7330 7500     Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2005 Bloomberg L.P.
                                                                    G447-654-0 24-Aug-05  9:52:07

Bloomberg

<HELP> for explanation.                                   N151 Equity **HP**

# Comp/CLOSE/PRICE

JPMORGAN CHASE & CO        (JPM    US)        PRICE 34.35        B       B      Page 5 / 6
                                                                              DELAYED
                                                           HI 13.8333    ON  1/17/94
Range **12/30/94**  to **12/30/94**      Period **D** Daily    AVE 12.493    VL  1608408
                    **USD**              Market **T** Trade    LOW 11.375    ON 10/ 6/94

|   | DATE | PRICE | VOLUME |   | DATE | PRICE | VOLUME |   | DATE | PRICE | VOLUME |
|---|------|-------|--------|---|------|-------|--------|---|------|-------|--------|
| F | 4/22 | 12.00 | 1485600 | F | 4/ 1 |        |        | F | 3/11 | 12.125 | 2567100 |
| T | 4/21 | 12.25 | 1745700 | T | 3/31 | 12.125 | 2722500 | T | 3/10 | 11.958 | 2444100 |
| W | 4/20 | 12.125 | 977700 | W | 3/30 | 11.833 | 3234000 | W | 3/ 9 | 11.958 | 2845800 |
| T | 4/19 | 12.333 | 1444200 | T | 3/29 | 12.208 | 2229900 | T | 3/ 8 | 12.125 | 2825100 |
| M | 4/18 | 12.50 | 1159800 | M | 3/28 | 12.375 | 990900 | M | 3/ 7 | 12.125 | 2059800 |
|   |      |       |         |   |      |       |         |   |      |       |         |
| F | 4/15 | 12.708 | 2790900 | F | 3/25 | 12.417 | 1806600 | F | 3/ 4 | 12.125 | 2517900 |
| T | 4/14 | 12.667 | 1631100 | T | 3/24 | 12.667 | 2148300 | T | 3/ 3 | 12.00 | 2345100 |
| W | 4/13 | 12.583 | 1623300 | W | 3/23 | 12.75 | 1086000 | W | 3/ 2 | 12.333 | 3251400 |
| T | 4/12 | 12.833 | 1125300 | T | 3/22 | 12.792 | 1573200 | T | 3/ 1 | 12.417 | 1791000 |
| M | 4/11 | 12.917 | 2398200 | M | 3/21 | 12.708 | 1087200 | M | 2/28 | 12.417 | 1005000 |
|   |      |       |         |   |      |       |         |   |      |       |         |
| F | 4/ 8 | 12.542 | 2184600 | F | 3/18 | 12.792 | 4375800 | F | 2/25 | 12.625 | 1084200 |
| T | 4/ 7 | 12.667 | 1995000 | T | 3/17 | 12.917 | 2329800 | T | 2/24 | 12.458 | 1966200 |
| W | 4/ 6 | 12.125 | 2928600 | W | 3/16 | 13.00 | 1883400 | W | 2/23 | 12.50 | 1282800 |
| T | 4/ 5 | 12.125 | 2471700 | T | 3/15 | 12.708 | 3094200 | T | 2/22 | 12.375 | 890700 |
| M | 4/ 4 | 11.958 | 6395100 | M | 3/14 | 12.542 | 1522800 | M | 2/21 |       |        |

Australia 61 2 9777 8600    Brazil 5511 3048 4500    Europe 44 20 7330 7500    Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2005 Bloomberg L.P.
G447-654-0 24-Aug-05  9:52:14

Bloomberg

<HELP> for explanation.

N161 Equity HP

## Comp/CLOSE/PRICE

JPMORGAN CHASE & CO          (JPM      US)          PRICE 34.35

Page   6 / 6
                                                                 B      $      DELAYED
                                                          HI 13.8333       ON   1/17/94
Range 12/19/94 to 12/30/94      Period D Daily             AVE 12.493      YL   1608408
                        USD      Market T Trade            LOW 11.375      ON  10/ 6/94

| DATE | PRICE | VOLUME | DATE | PRICE | VOLUME | DATE | PRICE | VOLUME |
|------|-------|--------|------|-------|--------|------|-------|--------|
| F 2/18 | 12.167 | 1662900 | F 1/28 | 13.042 | 1851000 | F 1/ 7 | 13.542 | 3363000 |
| T 2/17 | 12.208 | 1725900 | T 1/27 | 12.833 | 1274100 | T 1/ 6 | 13.167 | 2865600 |
| W 2/16 | 12.25 | 1031100 | W 1/26 | 12.625 | 1593600 | W 1/ 5 | 13.375 | 3010500 |
| T 2/15 | 12.208 | 907500 | T 1/25 | 12.417 | 1833600 | T 1/ 4 | 13.50 | 1971300 |
| M 2/14 | 12.167 | 843900 | M 1/24 | 12.583 | 977100 | M 1/ 3 | 13.458 | 2140200 |
| | | | | | | | | |
| F 2/11 | 12.208 | 826200 | F 1/21 | 12.542 | 2264700 | | | |
| T 2/10 | 12.333 | 1018500 | T 1/20 | 12.667 | 914400 | | | |
| W 2/ 9 | 12.458 | 1659900 | W 1/19 | 12.875 | 2179200 | | | |
| T 2/ 8 | 12.292 | 2142900 | T 1/18 | 13.50 | 2042400 | | | |
| M 2/ 7 | 12.417 | 1992000 | M 1/17 | H13.833 | 1405200 | | | |
| | | | | | | | | |
| F 2/ 4 | 12.333 | 1668900 | F 1/14 | 13.833 | 3084600 | | | |
| T 2/ 3 | 12.625 | 1450500 | T 1/13 | 13.833 | 3350400 | | | |
| W 2/ 2 | 13.042 | 1016700 | W 1/12 | 13.708 | 2177400 | | | |
| T 2/ 1 | 12.875 | 1131600 | T 1/11 | 13.667 | 1845000 | | | |
| M 1/31 | 13.167 | 1383900 | M 1/10 | 13.75 | 1775400 | | | |

Australia 61 2 9777 8600      Brazil 5511 3048 4500      Europe 44 20 7330 7500      Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2005 Bloomberg L.P.
C447-654-0 24-Aug-05  9:52:21

Bloomberg

# EXHIBIT D

10/13/04   WED 14:06 FAX 310 577 7345          INVESTOR'S BUS. DAILY                    ☒001

**Legal Notice**

Dated: October 15, 2004

Notice: On October 13, 2004, a class action was filed in United States District Court for the Northern District of Illinois - Eastern Division by Wolf Haldenstein Adler Freeman & Herz LLP against J.P Morgan Chase & Co., along with William E. Harrison Jr., (J.P. Morgan Chase's Chief Executive Officer and Chairman of the Board, and additional officers and directors of J.P. Morgan Chase) on behalf of all those who held shares of the common stock of J.P. Morgan Chase, either on April 2, 2004 (the record date for voting at the May 25, 2004 shareholder meeting), or at any time from April 19, 2004 (the date of the proxy that was issued in connection with each meeting) through July 1, 2004 (the date on which the Company consummated a merger with Bank One Corporation, which was approved by shareholders pursuant to the above-dated materially false and misleading proxy statement). The complaint alleges violations of sections 14(a) and rule 14a - 9, and section 29(a) of the Securities Exchange Act of 1934. The action is pending before the Honorable William J. Hibbler and is styled Elsu v. Harrison, et al., 04 C 6592.

Specifically, the complaint alleges, among other things, that the merger was consummated following shareholder approval of a 15% premium in favor of Bank One, but defendants never disclosed that Bank One offered to consummate the merger without demanding a premium for its shares and that Defendant Harrison rejected that offer so that he could prolong his executive tenure. This conduct (the facts of which are omitted from the proxy statement's disclosures of related issues - namely, the merger negotiation and approval process, the exchange ratio, and Mr. Harrison's continued employment) ultimately cost J.P. Morgan Chase shareholders over $7 billion in merger compensation.

If you are a member of the Class, you may, no later than December 14, 2004, move the Court to serve as lead plaintiff of the Class. Your ability to share in a recovery is not, however, affected by the decision whether or not to serve as the lead plaintiff. If you have any questions concerning this notice or rights with regard to this case, please contact Gregory Mark Nespole, Esq., at Wolf Haldenstein Adler Freeman & Herz LLP at 270 Madison Avenue, New York, New York 10016, 212-545-4600.

# EXHIBIT E

## PLAINTIFF'S CERTIFICATION

American Growth Fund, Inc. ("Plaintiff") declares under penalty of perjury, as to the claims asserted under the federal securities laws, that:

1.    Plaintiff has reviewed the complaint and authorized the commencement of an action on Plaintiff's behalf.

2.    Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.    Plaintiff's transactions in J.P. Morgan Chase & Co. securities during the Class Period specified in the Complaint are as follows:

| Date | # of Shares Purchased | # of Shares Sold | Price |
|------|----------------------|------------------|-------|
| 11/14/01 | 25,000 | N/A | 37.99 |

5.    During the three years prior to the date of this Certificate, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws. [Or, Plaintiff has served as a class representative in the action(s) listed below:]

6.    Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this ___17___ day of ___November___, 2004.

_____

# EXHIBIT F

# WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

JOHN L. FREEMAN
EDGAR J. NATHAN, 3RD
CHARLES H. BALLER
DAVID A. RUTTENBERG
PETER L. KLAUSNER*
DANIEL W. KRASNER
FRED T. ISQUITH
STUART M. SAFT†
ERIC B. LEVINE*
JEFFREY G. SMITH†
FRANCIS M. GREGOREK†
MARY JANE FAIT†
ROBERT B. STEELE
MARK C. SILVERSTEIN
ELI D. GREENBERG
PETER C. HARRAR
LAWRENCE P. KOLKER
MARK C. RIFKIN*
JEFFREY H. SCHWARTZ
MICHAEL JAFFE†
MARIA I. BELTRANI*
MICHAEL E. FLEISS
BETSY C. MANIFOLD†
ALEXANDER H. SCHMIDT*
JEFFREY S. REICH*
GREGORY M. NESPOLE
DAVID L. WALES
FRANCIS A. BOTTINI, JR.†
DEMET BASAR*
ADAM J. LEVITT†
LISA A. LOWENTHAL

FOUNDED 1888

270 MADISON AVENUE

NEW YORK, NY 10016

212-545-4600

WWW.WHAFH.COM

SYMPHONY TOWERS
750 B STREET - SUITE 2770
SAN DIEGO, CA 92101
619-239-4599

625 NORTH FLAGLER DRIVE
9TH FLOOR
WEST PALM BEACH, FL 33401
561-233-1778

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
656 WEST RANDOLPH STREET, SUITE 500W
CHICAGO, IL 60661
312-458-0200
DIRECT DIAL (212) 545-4657
FACSIMILE (212) 545-4758
NESPOLE@WHAFH.COM

M. JOSHUA ABER
CARL R. SLOAN
ROBERT B. WEINTRAUB
ROBERT ABRAMS
OF COUNSEL

ALAN McDOWELL□
JULIE M. SULLIVAN
LINDA A. REDLISKY
NANCY S. FITZGERAY*
STEVEN D. BLACKUS*
MICHAEL C. HULL*
RACHELE R. RICKERT*
BRIAN S. COHEN
THOMAS H. BURT
JILL H. BLUMBERG*
MARK A. HAKIM*
SCOTT J. FARRELL*
KATHERINE B. DUBOSE
KATE M. McGUIRE
GUSTAVO SRUCKNER*
STACEY T. KELLY
STEFANIE A. LINDEMAN
RONNIE BRONSTEIN
MICHAEL J. MISKE
TAMARA E. GROSS
CHRISTOPHER S. HINTON
JOSHUA BERENSARTEN
INGRID C. MANEVITZ

ALSO ADMITTED
*FLA., †CAL., ‡N.J., □IL.
ONLY ADMITTED
▽CA, FL, □VA, ‡NJ & PA

November 23, 2004

**Via Federal Express**

Mr. Timothy Taggart
c/o American Growth Fund, Inc.
110 16th Street, Suite 1400
Denver, Colorado 80202

Re:    **J.P. Morgan Chase & Company Securities Litigation**

Dear Mr. Taggart:

Thank you for submitting to us American Growth fund's filled-out plaintiff's certification. However, the certificate does need a signature. Please arrange for signing of the certificate on behalf of the Fund, and return it my attention in the Federal Express envelope that we have provided for you.

Should you have any questions or comments, please do not hesitate to contact me.

Very truly yours,

Gregory Mark Nespole

GMN:mns/384190

# EXHIBIT G

## PLAINTIFF'S CERTIFICATION

American Growth Fund, Inc ("Plaintiff") declares under penalty of perjury, as to the claims asserted under the federal securities laws, that:

      1.    Plaintiff has reviewed the complaint and authorized the commencement of an action on Plaintiff's behalf.

      2.    Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

      3.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

      4.    Plaintiff's transactions in J.P. Morgan Chase & Co. securities during the Class Period specified in the Complaint are as follows:

| Date | # of Shares Purchased | # of Shares Sold | Price |
|------|-----------------------|------------------|-------|
| 11/14/01 | 25,000 | N/A | 37.99 |

      5.    During the three years prior to the date of this Certificate, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws. [Or, Plaintiff has served as a class representative in the action(s) listed below:]

      6.    Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

      I declare under penalty of perjury that the foregoing is true and correct. Executed this 19 day of November, 2004.

Please complete the following information so that we may include your contact information with your Plaintiff's Certification upon being returned to us. By filling out this form, it will facilitate the process of providing you with updates on the status of the case.

**NAME:** Timothy E Taggart

**ADDRESS:** 110 16th St. Suite 1400
Denver. CO 80202

**HOME PHONE:**

**WORK PHONE:** (303) 626-0600

**E-MAIL ADDRESS:** Tim.Taggart@AmericanGrowthFund.com

**CASE NAME:** J.P. Morgan Chase & company

# EXHIBIT H

 

## WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

JOHN L. FREEMAN
EDGAR J. NATHAN, 3RD
CHARLES H. BALLER
DAVID A. RUTTENBERG
DANIEL W. KRASNER
FRED T. ISQUITH
STUART M. SAFT*
ERIC B. LEVINE
JEFFREY G. SMITH†
FRANCIS H. GREGOREK†
MARY JANE FAIT*
ROBERT D. STEELE
MARK C. SILVERSTEIN
ELI D. GREENBERG
PETER C. HARRAR
LAWRENCE P. KOLKER
MARK C. RIFKIN◊
JEFFREY H. SCHWARTZ
MICHAEL JAFFE†
MARIA L. BELTRANI*
MICHAEL E. FLEISS
BETSY C. MANIFOLD†
ALEXANDER H. SCHMIDT*
JEFFREY S. REICH*
GREGORY M. NESPOLE
DAVID L. WALES
FRANCIS A. BOTTINI, JR.*
DEMET BASAR*
ADAM J. LEVITT‡
LISA A. LOWENTHAL

FOUNDED 1888

270 MADISON AVENUE
NEW YORK, NY 10016
212-545-4600
WWW.WHAFH.COM

SYMPHONY TOWERS
750 B STREET - SUITE 2770
SAN DIEGO, CA 92101
619-239-4599

625 NORTH FLAGLER DRIVE
9TH FLOOR
WEST PALM BEACH, FL 33401
561-833-1776

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
656 WEST RANDOLPH STREET, SUITE 500W
CHICAGO, IL 60661
312-466-9200

DIRECT DIAL (212) 545-4657
FACSIMILE (212) 545-4758
NESPOLE@WHAFH.COM

February 14, 2005

M. JOSHUA ABER
CARL R. SLOAN
ROBERT B. WEINTRAUB
ROBERT ABRAMS
OF COUNSEL

ALAN McDOWELL◊
LINDA A. REDLISKY
NANCY S. PITKOFSKY*
STEVEN D. SLADKUS*
JULIE A. FOX‡
MICHAEL C. MULÉ*
RACHELE R. RICKERT*
THOMAS H. BURT
JILL H. BLUMBERG*
SCOTT J. FARRELL*
KATE M. McGUIRE
LAUREN P. KRAUS◊
GUSTAVO BRUCKNER*
STACEY T. KELLY*
RONNIE BRONSTEIN
PAULETTE S. FOX*
MICHAEL J. MISKE
TAMARA E. GROSS
CHRISTOPHER E. HINTON
JOSHUA BERENGARTEN
INGRID C. MANEVITZ*
MATTHEW M. GUINEY
MARTHA J. BROSIUS
AVA BOUCHEDID
JESSICA HOFF*

ALSO ADMITTED
*FLA., ‡CAL., ◊N.J., ○IL.
ONLY ADMITTED
▽CA,‡IL,○VA,◇NJ & PA. ●CT

### VIA FEDERAL EXPRESS

Mr. Timothy Taggart
c/o American Growth Fund, Inc.
110 16th Street, Suite 1400
Denver, Colorado 80202

Re:    **J.P. Morgan Chase & Company Securities Litigation**

Dear Mr. Taggart:

Enclosed, please find a draft complaint we intend to file on Friday, February 18, 2005, alleging claims against J.P. Morgan Chase and certain former officers and directors. We believe the claim is very strong. Please review the draft complaint and call me if you have any questions.

Very truly yours,

Gregory Mark Nespole

GMN:dm/392790
Encl.

PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE.

**FedEx** US Airbill

Sender's Copy

**Express**

Fed Ex
Tracking
Number **8499 2174 1976**

**1 From** Please print and press hard.

Date **2/14/05**

Sender's FedEx
Account Number **0100-2513-3**

Sender's
Name **Gregory M. Neapole**   Phone **( 212 ) 545-4600**

Company **WOLF HALDENSTEIN ADLER FREEMAN**

Address **270 MADISON AVE**

City **NEW YORK**   State **NY**   ZIP **10016-0601**

**2 Your Internal Billing Reference** **3282.001**
First 24 characters will appear on invoice.

**3 To**

Recipient's
Name **Mr. Timothy Taggart**   Phone **1**

Company **c/o American Growth Fund, Inc.**

Recipient's
Address **110 16th Street,**

Address **Suite 1400**

City **Denver**   State **CO**   ZIP **80202**

**4a Express Package Service** *Packages up to 150 lbs.*

[X] FedEx Priority Overnight   [ ] FedEx Standard Overnight   [ ] FedEx First Overnight

[ ] FedEx 2Day   [ ] FedEx Express Saver

**4b Express Freight Service** *Packages over 150 lbs.*

[ ] FedEx 1Day Freight   [ ] FedEx 2Day Freight   [ ] FedEx 3Day Freight

**5 Packaging**

[X] FedEx
Envelope   [ ] FedEx Pak   [ ] FedEx Box   [ ] FedEx Tube   [ ] Other

**6 Special Handling** *Include FedEx address in Section 3.*

[ ] SATURDAY Delivery

[ ] HOLD Weekday   [ ] HOLD Saturday

Does this shipment contain dangerous goods?

[X] No   [ ] Yes   [ ] Yes   [ ] Dry Ice

**7 Payment** *Bill to:*

[X] Sender   [ ] Recipient   [ ] Third Party   [ ] Credit Card   [ ] Cash/Check

Total Packages   Total Weight   Total Declared Value $

**8 Sign to Authorize Delivery Without a Signature**

**0294BU9105**

**466**

FedEx Use Only

**NO POUCH NEEDED.**
See back for peel and stick application instructions.

Try online shipping at fedex.com

Questions? Visit our Web site at fedex.com
or call 1.800.GoFedEx 1.800.463.3339

# EXHIBIT I

## WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

JOHN L. FREEMAN
EDGAR J. NATHAN, 3RD
CHARLES H. BALLER
DAVID A. RUTTENBERG
DANIEL W. KRASNER
FRED T. ISQUITH*
STUART H. SAFT*
ERIC B. LEVINE
JEFFREY G. SMITH‡
FRANCIS M. GREGOREK†
MARY JANE FAIT†
ROBERT D. STEELE
MARK C. SILVERSTEIN
ELI D. GREENBERG
PETER C. HARRAR
LAWRENCE P. KOLKER
MARK C. RIFKIN♦
JEFFREY H. SCHWARTZ
MICHAEL JAFFE†
MARIA I. BELTRANI*
MICHAEL E. FLEISS
BETSY C. MANIFOLD¹
ALEXANDER H. SCHMIDT*
JEFFREY S. REICH*
GREGORY M. NESPOLE
DAVID L. WALES
FRANCIS A. BOTTINI, JR.▼
DEMET BASAR*
ADAM J. LEVITT‡
LISA A. LOWENTHAL

FOUNDED 1888

270 MADISON AVENUE
NEW YORK, NY 10016
212-545-4600
WWW.WHAFH.COM

SYMPHONY TOWERS
750 B STREET - SUITE 2770
SAN DIEGO, CA 92101
619-239-4599

625 NORTH FLAGLER DRIVE
8TH FLOOR
WEST PALM BEACH, FL 33401
561-833-1776

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
656 WEST RANDOLPH STREET, SUITE 500W
CHICAGO, IL 60661
312-468-9200

DIRECT DIAL (212) 545-4657
FACSIMILE (212) 545-4758
NESPOLE@WHAFH.COM

February 16, 2005

M. JOSHUA ABER
CARL R. SLOAN
ROBERT B. WEINTRAUB
ROBERT ABRAMS

OF COUNSEL

ALAN McDOWELL�‡
LINDA A. REOLISKY
NANCY S. PITKOFSKY*
STEVEN D. SLADKUS*
JULIE A. FOX‡
MICHAEL C. MULE*
RACHELE R. RICKERT▼
THOMAS H. BURT
JILL H. BLUMBERG*
SCOTT J. FARRELL*
KATE M. McGUIRE
LAUREN P. KRAUS*
GUSTAVO BRUCKNER*
STACEY T. KELLY*
RONNIE BRONSTEIN
PAULETTE S. FOX*
MICHAEL J. MISKE
TAMARA E. GROSS
CHRISTOPHER S. HINTON
JOSHUA BERENGARTEN
INGRID C. MANEVITZ*
MATTHEW M. QUINEY
MARTHA J. BROSIUS
AYA BOUCHEDID
JESSICA HOFF*

ALSO ADMITTED
*FLA., ♣CAL., ♦N.J., ♥IL.
ONLY ADMITTED
♥CA, ♣IL, ⁿVA; ◊NJ & PA, ●CT

<u>VIA TELECOPIER (303) 626-0614</u>
<u>and FEDERAL EXPRESS</u>

Mr. Timothy Taggart
c/o American Growth Fund, Inc.
110 16th Street, Suite 1400
Denver, Colorado 80202

## Re:    J.P. Morgan Chase & Company Securities Litigation

Dear Mr. Taggart:

It was a pleasure speaking to you this afternoon concerning the case. So that your records are complete, I have enclosed copies of the pertinent correspondence, including the certificate signed by American Growth Fund, Inc., by you on or about November 19, 2004. I have also enclosed a copy of the letter I sent to you asking that you re-submit the form to me; as we discussed, the version that you originally sent to me was not signed and I wrote to you requesting that you in fact sign it so that we could proceed.

I believe this is a very strong case, that defendants' malfeasance is substantial, and members of the proposed class may indeed have suffered damages in excess of $7 billion dollars in the form of the payment of unnecessary, excess merger compensation to Bank One's shareholders.

Also, as we discussed, the amended complaint is due to be filed on Friday, February 18, 2005 in Chicago; if you wish to remain a lead plaintiff, please let me know by the end of tomorrow, February 17 so that we may include you. I sincerely hope you elect to stay on-board.

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

February 16, 2005
Page 2


· If you wish to be withdrawn as a lead plaintiff we will, of course, accommodate you and
you will not be listed on the amended complaint. I will file the necessary papers withdrawing the
Fund by the end of this week as well.

Regardless of the choice you make concerning whether to proceed as a lead plaintiff, I
am mindful that your fund may at some point in time be entitled to a substantial recovery. Thus,
should we be successful in this litigation, I will make certain that you receive a claim form and I
will help you complete and file it with the claims administrator.

I look forward to speaking to you sometime tomorrow.

Very truly yours,

Gregory Mark Nespole

GMN:dm/393216
Encl.

# EXHIBIT J



American Growth Fund, Inc.
110 Sixteenth Street, Suite 1400
Denver, CO 80202
(800) 525-2406
(303) 626-0600
(303) 626-0614 Fax

February 16th, 2005

Gregory Nespole
Wolf Handenstein Adler freeman & Herz LLP
270 Madison Ave
New York, NY 10016

Dear Mr. Nespole,

This is to confirm my earlier message. American Growth Fund, Inc. does not wish to
participate in a class action lawsuit against Chase Morgan.

If you have any questions please feel free to call me.

Timothy E. Taggart

# EXHIBIT K

Case 1:05-cv-00162-JJF   Document 67-5   Filed 09/19/2005   Page 41 of 42
Case 1:04-cv-06592   Document 58   Filed 08/24/2005   Page 40 of 41

Search - 1 Result - "AMERICAN GROWTH CAPITAL CORP"                    Page 1 of 2

Source: News & Business > News > By Individual Publication > W > Wall Street Journal 🕱
Terms: "american growth capital corp" and date(geq (08/10/1997) and leq (08/31/1997)) (Edit Search)

*The Wall Street Journal August 13, 1997 Wednesday*

Copyright 1997 Factiva, a Dow Jones and Reuters Company
All Rights Reserved



(Copyright (c) 1997, Dow Jones & Company, Inc.)

# THE WALL STREET JOURNAL

The Wall Street Journal

**August** 13, 1997 Wednesday

**SECTION:** Pg. C22

**LENGTH:** 304 words

**HEADLINE:** Two Mutual Funds Named in SEC Suit That Alleges Fraud

**BODY:**

LOS ANGELES -- The Securities and Exchange Commission sued several individuals and two small mutual funds alleging fraud and other misdeeds in connection with about $7.9 million they raised from over 300 investors around the country.

Named as defendants in the action, filed in Los Angeles federal district court, were American Growth Fund I LP and Capital Growth Fund I LP, both managed by investment advisers in Las Vegas.

The funds aren't related to other mutual funds of similar names, said Kelly Bowers, an SEC attorney on the case. Among several individual defendants was Charles E. Duquette, also of Las Vegas, whom the SEC complaint called the "undisclosed control person" behind the two funds.

In its complaint, the SEC claimed that American Growth Fund and its investment adviser, **American Growth Capital Corp.**, raised about $7.4 million on the promise that the money would be invested in "emerging growth companies" that hadn't yet gone public. The SEC claimed that, among other things, some of the defendants were involved in the "misappropriation of at least $1.6 million" of those funds. In the case of Capital Growth Fund and its investment adviser, Growth Capital Resources Corp., the SEC complaint alleged that the misdeeds included undisclosed payments and expenses and a "kickback" that the investment adviser received in connection with one of the fund's investments.

Calls to American Growth Capital's office weren't returned. Mr. Duquette couldn't be located for comment. His attorney didn't return phone calls.

Laurie J. Butler, an attorney for Capital Growth Fund and Growth Capital Resources, said her clients "vigorously dispute" the SEC's contentions. But they agreed to settle the case with the SEC and agree to an injunction and appointment of a receiver in order to avoid the expense of litigation.

Case 1:05-cv-00162-JJF   Document 67-5   Filed 08/24/2005   Page 42 of 42
Case 1:04-cv-06592   Document 56   Filed 08/24/2005   Page 41 of 41
Search - 1 Result - "AMERICAN GROWTH CAPITAL CORP"                                    Page 2 of 2

**NOTES:**
PUBLISHER: Dow Jones & Company

**LOAD-DATE:** December 6, 2004

Source: News & Business > News > By Individual Publication > W > **Wall Street Journal** 🔟
Terms: **"american growth capital corp" and date(geq (08/10/1997) and leq (08/31/1997))** (Edit Search)
View: Full
Date/Time: Thursday, May 26, 2005 - 4:47 PM EDT

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.