

Not Reported in F.Supp.
1996 WL 204322 (N.D.Ill.)
**(Cite as: 1996 WL 204322 (N.D.Ill.))**

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern Division.
GRAND PARK SURGICAL CENTER, INC., Plaintiff,
v.
INLAND STEEL COMPANY, Defendant.
**No. 95 C 5979.**

April 25, 1996.

*MEMORANDUM OPINION AND ORDER*

ASPEN, Chief Judge:

***1** Plaintiff Grand Park Surgical Center brings this action, premised on diversity jurisdiction, against Inland Steel Company. According to the complaint, Grand Park provided medical services to patients covered by Inland's health care plans, but many patients have failed to pay outstanding bills for the services. The plaintiff alleges that Inland, by accusing Grand Park of overcharging for the services and by urging the patients to refrain from paying the bills, has intentionally interfered with contractual relationships and defamed Grand Park. Previously, we granted in part and denied in part the defendant's motion to dismiss, and then ordered the parties to brief whether this case should be transferred to the Northern District of Indiana pursuant to 28 U.S.C. § 1404(a). As we explain below, transfer is appropriate in the instant action.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Although a plaintiff's choice in selecting a forum is generally entitled to substantial weight, "'the plaintiff's preference has minimal value" when "the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum." Dunn v. Soo Line R.R., 864 F. Supp. 64, 65 (N.D. Ill. 1994) (quoting Robinson v. Town of Madison, 752 F. Supp. 842, 847 (N.D. Ill. 1990)). In addition, while "the convenience of witnesses is one of the most important factors to be considered," *id.,* the convenience of counsel is accorded little if any weight, see Genden v. Merrill, Lynch, Pierce, Fenner & Smith, 621 F. Supp. 780, 782 (N.D. Ill. 1985); Commonwealth Edison Co. v. Train, 71 F.R.D. 391, 394 (N.D. Ill. 1976). Finally, the "interest of justice" factor "relate[s] to the efficient administration of the court system." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 221 (7th Cir. 1986). For example, "[i]n a diversity action it is also considered advantageous to have federal judges try a case who are familiar with the applicable law." *Id.*

In this case, we have already determined that Indiana law applies, *see* Memorandum Op. at 3 n.2, based on several factors also relevant to our § 1404(a) decision. The events giving rise to this action occurred in Indiana, and thus we need not accord much weight to the plaintiff's choice of forum. Grand Park is located and incorporated in Indiana, and the Inland facility associated with the patients at issue is located in northwest Indiana. Most of the patients work and live in Indiana. And most, although not all, of the witnesses in this action reside in Indiana. *See* Pl.'s Br. at 4-6. Convenience favors that the Northern District of Indiana hear this case. Moreover, because Indiana state law applies, a federal district court judge in that state would be more familiar with the governing law. In light of these factors, the case is transferred to the Northern District of Indiana. It is so ordered.

1996 WL 204322 (N.D.Ill.)

**Motions, Pleadings and Filings (Back to top)**

• 1:95CV05979 (Docket) (Oct. 18, 1995)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.