UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL I. HYLAND and STEPHANIE SPEAKMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, and J.P. MORGAN CHASE & CO., and JAMES DIMON,<br><br>Defendants.<br><br>DR. STEPHEN BLAU, Individually and On Behalf of All Others Similarly Situated,<br><br>Applicants-In-Intervention | Case No. 1:05-cv-162 (JJF)<br><br>CLASS ACTION |

DR. BLAU'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS SAMUEL I.
HYLAND AND STEPHANIE SPEAKMAN'S MOTION TO DISQUALIFY WOLF
HALDENSTEIN ADLER FREEMAN & HERZ LLP

Dated: September 29, 2005                    CHIMICLES & TIKELLIS LLP

Pamela S. Tikellis (#2172)
Robert Davis (#4536)
One Rodney Square
P.O. Box 1035
Wilmington, Delaware 19899
(302) 656-2500

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Gregory M. Nespole (of the New York bar)
Adam J. Levitt (of the Illinois bar)

## TABLE OF CONTENTS

Table of Authorities .................................................................................................................. ii

NATURE & STAGE OF PROCEEDING .................................................................................. 1

SUMMARY OF ARGUMENT .................................................................................................. 3

STATEMENT OF FACTS ......................................................................................................... 4

    Dr. Blau's Action ................................................................................................................. 4

    Dr. Blau's and his Counsel's Compliance with the PSLRA ............................................... 4

    The Later-Filed Hyland Action ........................................................................................... 5

ARGUMENT .............................................................................................................................. 7

I.    Wolf Haldenstein Is an Adequate Representative and Has Been Pursuing This Litigation In a Highly Competent Manner. ................................................................................................... 7

    A.    Wolf Haldenstein Is Not Conflicted ............................................................................ 7

    B.    Wolf Haldenstein has Complied with Rule 11 ............................................................ 9

    C.    Wolf Haldenstein filed a Correct Lead Plaintiff Application ................................... 10

    D.    Wolf Haldenstein Complied with the PSLRA's Notice Requirements .................... 11

II.    Wolf Haldenstein's Litigation Strategy Has Proven Highly Adequate ............................. 13

CONCLUSION ........................................................................................................................ 14

## TABLE OF AUTHORITIES

**CASES**                                                                                                    **PAGE(S)**

*In re Atlas Air Worldwide Holdings, Inc. Securities Litigation*,
    324 F. Supp. 2d 474 (S.D.N.Y. 2004)..................................................................11

*Burke v. Ruttenberg*,
    102 F. Supp. 2d 1315 (N.D. Ala. 2000)..........................................................12, 13

*Clark v. TAP Pharmaceutical Products, Inc.*,
    798 N.E.2d 123 (Ill. App. Ct. 2003) ....................................................................8

*De la Fuente v. DCI Telecommunications, Inc.*,
    259 F. Supp. 2d 250 (S.D.N.Y. 2003).............................................................9, 10

*In re Cardinal Health, Inc. ERISA Litigation*,
    225 F.R.D. 552 (S.D. Ohio 2005).........................................................................8

*In re Continental Illinois Securities Litigation*,
    750 F. Supp. 868 (N.D. Ill. 1990)
    *rev'd*, 962 F.2d 566 (7th Cir. 1992) .....................................................................7

*In re Excello Press, Inc.*,
    967 F.2d 1109 (7th Cir. 1992) .........................................................................9, 10

*Greenfield v. U.S. Healthcare, Inc.*,
    146 F.R.D. 118 (E.D. Pa. 1993).......................................................................9, 10

*Janovici v. DVI, Inc.*,
    No. 2:03-05674,
    2003 U.S. Dist. LEXIS 22315 (E.D. Pa. Nov. 25, 2003)....................................12

*Krim v. pcOrder.com, Inc.*,
    210 F.R.D. 581 (W.D. Tex. 2002) ........................................................................8

*Marsden v. Select Medical Corp.*,
    No. 04-4020,
    2005 U.S. Dist. LEXIS 714 (E.D. Pa. Jan. 18, 2005) .........................................13

*Mehl v. Canadian Pacific Railway*,
    227 F.R.D. 505 (D.N.D. 2005) .............................................................................7

*Sullivan v. Chase Investment Services of Boston, Inc.*,
    79 F.R.D. 246 (N.D. Cal. 1978)............................................................................8

*Taubenfield v. Career Education Corp.*,
   No. 03-8884,
   2004 WL 554810 (N.D. Ill. Mar. 19, 2004) ............................................................ 9, 10

## STATUTES AND RULES

Securities Exchange Act of 1934
     Section 14(a) .................................................................................................... 4
     Section 21(d) .................................................................................................... 5

Fed. R. Civ. P. 11 .................................................................................................... 9

Private Securities Litigation Reform Act of 1995 (PSLRA)
     15 U.S.C. §78u-4(a) ................................................................................. *passim*

## NATURE & STAGE OF PROCEEDING

Stephen Blau, the plaintiff previously appointed pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") as the lead plaintiff by Judge William J. Hibbler of the United States District Court for the Northern District of Illinois (the "Illinois District Court") in the action styled *Blau v. J.P. Morgan Chase & Co., et al.*, Civil Action No. 04C 6592 (the "*Blau* Action"), and the movant in intervention in the present action (the "*Hyland* Action"), submits this brief, accompanied by the affidavit of Gregory M. Nespole ("Nespole Affidavit") in opposition to plaintiffs Samuel I. Hyland and Stephanie Speakman's motion to disqualify Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") ("Motion to Disqualify") (D.I. 64) filed in this District and accompanied by the Opening Brief in Support of Plaintiffs' Motion to Disqualify Wolf Haldenstein Adler Freeman & Herz LLP ("Motion to Disqualify Brief") (D.I. No. 65).

On September 15, 2005, in the midst of the briefing on Dr. Blau's Motion To Intervene in Order to Further Move that this Action be Stayed ("Dr. Blau's Motion to Intervene") (D.I. 58), Mr. Hyland and Ms. Speakman (the "*Hyland* Action Plaintiffs"), filed a Motion to Disqualify aimed at Wolf Haldenstein. (D.I. 64). The *Hyland* Plaintiffs in their Motion to Disqualify Brief (D.I. 65) regurgitate arguments they already presented twice: most recently in their Opposition to Dr. Blau's Motion to Intervene, (D.I. 62) and prior to that in the form of two successive memorandums in *Amici Curiae* mailed to the Illinois District Court requesting that Judge Hibbler disqualify Wolf Haldenstein from being court-appointed lead counsel in that case, vacate his order appointing Dr. Blau lead plaintiff, and transfer the action to the District of Delaware. *See* Memorandum of *Amici Curiae* Samuel Hyland and Stephanie Speakman and Supplemental Memorandum ("*Amici Curiae* Memoranda"), attached as Exhibit 1 & 2 to the Affidavit of Gregory M. Nespole, Esq., dated September 19, 2005 and submitted to this Court in support of

Dr. Stephen Blau's Reply Brief in Further Support of his Motion to Intervene in Order to Further Move That this Action be Stayed, dated September 19, 2005 ("Nespole September 19, 2005 Affidavit") (D.I. 67).

In an Order dated August 29, 2005, Judge Hibbler discredited the *Hyland* Action Plaintiffs' arguments after a hearing on Dr. Blau's response to the *Hyland* Action Plaintiffs' *Amici Curiae* Memoranda, adopted and incorporated by reference herein. *See* Lead Plaintiff's Response to the Memorandum and Supplemental Memorandum of *Amici Curiae*, ("Dr. Blau's Response to *Amici Curiae* Submission"), attached as Exhibit 6 to the Nespole September 19, 2005 Affidavit (D.I. 67). Dr. Blau adopts and stands by all arguments made in Dr. Blau's Response to *Amici Curiae* Submission, whilst herein and through the accompanying Affidavit of Gregory M. Nespole focusing on the arguments presented in the Motion To Disqualify Brief (D.I. 65).

## SUMMARY OF ARGUMENT

I. Wolf Haldenstein Is an Adequate Representative and Has Been Pursuing This Litigation In a Highly Competent Manner.

    A. Wolf Haldenstein Is Not Conflicted

    B. Wolf Haldenstein has Complied with Rule 11

    C. Wolf Haldenstein filed a Correct Lead Plaintiff Application

    D. Wolf Haldenstein Complied with the PSLRA's Notice Requirements

II. Wolf Haldenstein's Litigation Strategy Has Proven Highly Adequate

## STATEMENT OF FACTS

*Dr. Blau's Action*

On October 13, 2004, Dr. Blau commenced a securities fraud action in the United States District Court for the Northern District of Illinois, alleging that the defendants violated section 14(a) of the Securities Exchange Act of 1934. Specifically, Dr. Blau brought his action on his own behalf and on behalf of a class of plaintiffs who voted to approve a proposed merger between J.P. Morgan Chase & Co. and Bank One Corporation, pursuant to a proxy statement issued by J.P. Morgan on April 19, 2004. In his complaint, Dr. Blau alleges that the defendants negligently failed to disclose that Mr. James Dimon – Bank One's CEO at the time of the proposed merger – had offered to consummate the merger at no premium to J.P. Morgan shareholders if he was permitted to lead the merged company as its CEO.

*Dr. Blau's and his Counsel's Compliance with the PSLRA*

After commencing this case, Dr. Blau, with Wolf Haldenstein as his counsel, complied with the procedural mandates pertaining to securities class action litigations pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") codified at 15 U.S.C. § 78u-4(a), section 21D of the Securities Exchange Act of 1934. Specifically, section 21D(e)(3)(A)(i) provides that, within twenty days after the date that a class action governed by the PSLRA is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the proposed class:

    **(i)** of the pendency of the action, the claims asserted therein, and

the proposed class period; and

    **(ii)** that, not later than 60 days after the date on which the notice is

published, any member of the proposed class may move the court to serve

as lead plaintiff of the proposed class.

15 U.S.C. § 78u-4(a)(3)(A)(i). Dr. Blau, by his counsel, complied with this PSLRA requirement by publishing nationwide notice in the October 15, 2004 edition of *Investor's Business Daily*, detailing the claims asserted in the *Blau* Action. (*See* Exhibit A to the Nespole Affidavit).

Thereafter, pursuant to Section 21(D)(a)(3)(B)(i) of the Exchange Act, Dr. Blau and additional class member American Growth Fund, Inc. ("AGF") moved, on December 14, 2004 (the sixtieth day from publication of notice of pendency), to be appointed lead plaintiffs in the *Blau* Action and further sought the concomitant appointment of Wolf Haldenstein as lead counsel therein. On January 5, 2005, this Court entered an Order appointing Dr. Blau and AGF as Lead Plaintiffs in the *Blau* Action and further appointed Wolf Haldenstein as lead counsel.

On February 18, 2005, Dr. Blau filed his amended complaint. As detailed in the Nespole Affidavit, AGF thereafter elected to withdraw as a lead plaintiff. On February 18, 2005, Wolf Haldenstein filed the necessary papers with the Illinois District Court to enable AGF to withdraw from the *Blau* Action. The briefing on the motion to dismiss the *Blau* Action, filed by the defendants, was completed on September 23, 2005.

*The Later-Filed Hyland Action*

In March 2005, Samuel I. Hyland, by his counsel Mr. Gielata, filed the *Hyland* Action in this Court (D.I. 1). While the complaints in the *Hyland* Action and the *Blau* Action are based on common factual allegations, the *Hyland* Action Plaintiffs assert additional claims including ones that were previously dismissed by Vice Chancellor Lamb in *In re J.P. Morgan Chase & Co. Shareholder Litigation,* C.A. No. 531-N, and ones that Dr. Blau chose not to put forth given the circumstances and facts at hand. *See* Nespole Affidavit. Importantly, neither the *Hyland* Action Plaintiffs not their counsel took action within the statutory deadline mandated by the PSLRA to seek appointment as lead plaintiff in the *Blau* Action.

Instead, the *Hyland* Action Plaintiffs submitted the *Amici Curiae* Memoranda requesting that the Illinois District Court disqualify Wolf Haldenstein as lead counsel, vacate its order appointing Dr. Blau as lead plaintiff, and transfer the *Blau* Action to the District of Delaware. The *Hyland* Action Plaintiffs sought such extraordinary relief without either moving to intervene in the *Blau* Action or premising their argument(s) on any colorable authority. In response, at Judge Hibbler's request, Wolf Haldenstein submitted to the Illinois District Court a brief and the accompanying affidavit of Gregory Mark Nespole dated August 24, 2005, addressing all of the *Hyland* Action Plaintiffs' concerns. *See* Dr. Blau's Response to *Amici Curiae* Submission, attached as Exhibit 6 to the Nespole September 19, 2005 Affidavit (D.I. 67).

Judge Hibbler reviewed the papers and determined, both at a hearing and in a subsequent order, that the *Hyland* Action Plaintiffs' accusations were adequately addressed and did not deserve further consideration. *See* the Transcript of Proceedings Before the Honorable William J. Hibbler and the Docket Entry Text in the *Blau* Action, attached as Exhibit 7 and 8 to the Nespole September 19, 2005 Affidavit (D.I. 67). Despite Judge Hibbler's unequivocal ruling on the *Hyland* Action Plaintiffs' *Amici Curaie* Submission in Illinois, the Motion to Disqualify Brief (D.I. 65) repeats many of those same unfounded remarks and charges; as did the Answering Brief in Opposition to Dr. Blau's Motion to Intervene (D.I. 62) fully briefed as of September 19th.

## ARGUMENT

I. **WOLF HALDENSTEIN IS AN ADEQUATE REPRESENTATIVE AND HAS BEEN PURSUING THIS LITIGATION IN A HIGHLY COMPETENT MANNER.**

### A. Wolf Haldenstein Is Not Conflicted

The *Hyland* Action Plaintiffs' concoction of lies, prepared by their counsel Mr. Gielata, as to Wolf Haldenstein's integrity and ability to prosecute the J.P. Morgan claims, is a nearly exact replica of those same canards presented in the *Amici Curiae* Memoranda already rejected by Judge Hibbler. In a blatant attempt to mislead this Court, the *Hyland* Action Plaintiffs insist that Wolf Haldenstein should be disqualified because it is simultaneously representing another plaintiff against J.P. Morgan in an unrelated matter. Motion to Disqualify Brief at 8 (D.I.65). In fact, the majority view is that this kind of potential conflict is insufficient in an of itself to render plaintiff's counsel inadequate to serve as lead counsel. *Mehl v. Canadian Pac. Ry.*, 227 F.R.D. 505, 515 (D.N.D. 2005) ("Most courts have held that class counsel may represent more than one class against the same set of defendants in large part because of the procedural safeguards in place to protect the proposed class; i.e., the court must approve any proposed settlement.") (citing *Dietrich v. Bauer*, 192 F.R.D. 119 (S.D.N.Y. 2000).

None of the cases cited in the Motion to Disqualify Brief (D.I. 65) for the proposition that a potential conflict may render plaintiff's counsel inadequate are applicable to this case. In *In re Continental Ill. Sec. Litig.*, 750 F. Supp. 868 (N.D. Ill. 1990) *rev'd*, 962 F.2d 566 (7th Cir. 1992), a case about attorney's fees, the Court stated that it ordered (in a previous litigation) the derivative plaintiffs and the class plaintiffs to be represented by different counsel because of a potential conflict (e.g., because class plaintiffs assert claims against the company, whereas derivative plaintiffs pursue claims on behalf of the company over the same set of operative facts.). Therefore, *In re Continental* is on its face inapplicable to the current case because here

Wolf Haldenstein is not both attacking and representing the company in the same matter. Similarly, in *Krim v. pcOrder.com, Inc.*, 210 F.R.D. 581 (W.D.Tex. 2002), the conflict was far from potential and had actually materialized since the proposed counsel had "participated in a full week of settlement negotiations with the Defendants who offered to settle all lawsuits against pcOrder.com." *Krim v. pcOrder.com, Inc.*, 210 F.R.D. at 590.

In *In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552 (S.D. Ohio 2005), five law firms sought to be appointed lead counsel in an ERISA case and the Court chose the firm it believed to be the most adequate. Discussing the conflict of interest issue, the Court found that "competing claims may impair counsel's ability to vigorously pursue the interest of both classes where the amount sought by each proposed class could exceed the total assets of the Defendants". (citing *Kuper v. Quantum Chem. Corp.*, 145 F.R.D. 80, 83 (S.D. Ohio 1992)). For similar reasons, in *Sullivan v. Chase Inv. Servs. of Boston, Inc.*, 79 F.R.D. 246 (N.D. Cal. 1978) the Court explicitly refused to allow a law firm to represent a class until they had withdrawn from a parallel securities case against the defendant. The court in *Sullivan* stated that where a firm represents two plaintiffs, in two actions, against the same defendants, there is a conflict where there is a "possibility that the assets and insurance of the defendants…will be insufficient to satisfy an alleged liability to the class" because that fact will influence the litigation strategy. *Id.* at 258. *Cardinal Health* and *Sullivan* however, are inapplicable to the current case. Here, the alleged conflict of interest is illusory. Indeed, there is no reason to believe that J.P. Morgan, as one of the largest and most profitable banks in the world, will be unable to satisfy multiple judgments if it is found liable in the cases currently pending against it. *See also, Clark v. TAP Pharm. Prods., Inc.*, 798 N.E.2d 123 (Ill. App. Ct. 2003) (holding that a potential conflict of interest is insufficient to render class counsel inadequate).

### B.   Wolf Haldenstein has Complied with Rule 11

The *Hyland* Action Plaintiffs further attempt to mislead this Court by arguing that Wolf Haldenstein failed to comply with Federal Rule of Civil Procedure 11 ("Rule 11") because certain claims and allegations from a previously-filed complaint were incorporated into Dr. Blau's current complaint filed in the Illinois District Court. In reality, a careful review of the jurisprudence indicates on the contrary that by reviewing analyst reports and public records, including newspaper articles, and SEC filings, and consulting an industry specialist, Wolf Haldenstein amply satisfied the Rule 11 requirement that an attorney engage in an adequate investigation prior to filing a complaint. Rather than prove that Wolf Haldenstein's investigation was inadequate, the fact that claims and allegations of a previously-filed complaint against J.P. Morgan in this matter were incorporated into Dr. Blau's complaint actually provides additional evidence of Wolf Haldenstein's investigative efforts and due diligence.

The Motion to Disqualify Brief (D.I. 65) cites four cases for the legal proposition that the mere incorporation of claims or allegations derived from a previously-filed complaint renders lead counsel's investigation *ipso facto* inadequate, in contravention of Rule 11. *See* Motion to Disqualify Brief at 16 (D.I. 65) (citing *Greenfield v. U.S. Healthcare, Inc.*, 146 F.R.D. 118 (E.D. Pa. 1993), *aff'd sub nom.*, *Garr v. U.S. Healthcare, Inc.*, 22 F.3d 1274 (3d Cir. 1994); *Taubenfield v. Career Education Corp.*, No. 03-8884, 2004 WL 554810 (N.D. Ill. Mar. 19, 2004); *In re Excello Press, Inc.*, 967 F.2d 1109 (7th Cir. 1992); *De la Fuente v. DCI Telecomms., Inc.*, 259 F. Supp. 2d 250 (S.D.N.Y. 2003)). The cases relied upon, however, are inapposite. For example, in *In re Excello Press* the Court refused to impose Rule 11 sanctions. 967 F.2d at 1115. In *De la Fuente* the Court found that the plaintiffs predicating their complaint upon a previously-filed SEC complaint actually provided support for the adequacy of their investigation. In that case, the imposed sanctions were the result of counsel purportedly filing a complaint beyond the

applicable statue of limitations. *See De La Fuente*, 259 F. Supp. 2d at 260. In *Greenfield*, although the attorneys copied a previously-filed complaint in its entirety, they were not sanctioned for that reason. Rather, they were sanctioned because they failed to do any personal investigation whatsoever. *See Greenfield*, 146 F.R.D. 118 (emphasis added). Finally, in *Taubenfield*, the Court held that lead counsel was adequate, even though it had copied a prior complaint verbatim, where lead counsel had conducted an internal investigation into the wrong doing six days prior to filing their complaint as evidenced by the attorney on the case's affidavit. 2004 WL 554810, at *5.

Moreover, for the reasons explained in the Nespole August 24, 2005 Affidavit, attached as Exhibit 5 to the Nespole September 19, 2005 Affidavit (D.I. 67), and found satisfactory by the Illinois District Court, the cases cited in the Motion to Disqualify Brief (D.I. 65) do not support Rule 11 sanctions against Wolf Haldenstein and therefore offer no support to the *Hyland* Action Plaintiffs' claims of Rule 11 violations. *See* Nespole September 19, 2005 Affidavit (D.I. 67).

The cases cited do make clear, however, that Rule 11 requires an adequate investigation and not, as contended, originality in the drafting of the complaint. "The PSLRA does not require that a plaintiff re-invent the wheel before filing a complaint," *De la Fuente* 259 F. Supp. 2d at 260, and all the inquiry required by Rule 11 "is a brief pre-filing investigation, not pre-filing discovery." *In re Excello Press,* 967 F.2d at 1115. Wolf Haldenstein's investigation, that included a review of analyst reports and public records, including newspaper articles, and SEC filings, and consulting an industry specialist, constituted a more than adequate pre-filing investigation.

### C. Wolf Haldenstein filed a Correct Lead Plaintiff Application

The *Hyland* Action Plaintiffs also allege as they did unsuccessfully in the *Amici Curiae* Memoranda, that Wolf Haldenstein made a false and misleading lead plaintiff application.

Motion to Disqualify Brief at 25 (D.I. 65); *Amici Curiae* Memoranda at 27, and offer the following reasons for the falsity: (i) the withdrawal of AGF after the appointment; and (ii) the lack of a certification or the improper certification. The recusal of AGF after the appointment was explained in the Affidavit of Gregory M. Nespole, Esq., dated August 24, 2005, and submitted to Judge Hibbler in support of Dr. Blau's Response to *Amici Curiae* Submission as being the result of a combination of miscommunication and an institutional plaintiff having second-thoughts about suing a financial institution. *See* Nespole August 24, 2005 Affidavit attached as Exhibit 5 to the Nespole September 19, 2005 Affidavit (D.I. 67). Appearing for the first time in the Motion to Disqualify Brief (D.I. 65) is the theory that the chronology of events regarding AGF is in fact the façade to a scheme employed by class action law firms to "take control of securities class actions". Motion to Disqualify Brief at 26 (D.I. 65). As to the certification, it is undisputed that no additional certification is required when plaintiffs file an amended complaint. *See In re Atlas Air Worldwide Holdings, Inc. Sec. Litig.*, 324 F. Supp. 2d 474, 500 (S.D.N.Y. 2004); *Felliman v. Electro Optical Sys. Corp.*, No. 98-6403, 2000 U.S. Dist. LEXIS 5324, at *40-41 (S.D.N.Y. Apr. 25, 2000).

**D.     Wolf Haldenstein Complied with the PSLRA's Notice Requirements**

The Motion to Disqualify Brief (D.I. 65) even contains legal requirements unsupported by case law to argue that the *Blau* notice was inadequate, such as: (i) a requirement that a notice include the names of all the defendants in the action; and (ii) a requirement that a notice explicitly advise class members of their right to retain a different counsel than that publishing the notice. In fact, the correct application of the legal tests as to the adequacy of a notice under the PSLRA demonstrates the adequacy of the *Blau* notice that unsurprisingly is supported by the cases cited in the Motion to Disqualify Brief (D.I. 65).

First, contrary to the *Hyland* Action Plaintiffs' assertion, there is no requirement that a notice include the names of all defendants. In *Burke v. Ruttenberg*, 102 F. Supp. 2d 1315 (N.D. Ala. 2000), Motion to Disqualify Brief at 32 (D.I. 65), the Court found that the notice published by the *Burke* plaintiffs was inadequate because it did not inform the "potential lead plaintiffs either of the names of the plaintiffs, the names of the defendants *or* the style of the case". (emphasis added). It is the combined effect of the lack of the "style of the case" *and* of the names of the plaintiffs and defendants that lead the court to conclude the notice was inadequate. This is because such a notice does not indicate what action was pending and to learn of such, potential lead plaintiffs had to "either search through the files of the district courts of the Northern District of Alabama or contact the law firms prominently listed in the purported notice". *Id.* Unlike the *Burke* notice, the *Blau* notice indicates that the action was filed on October 13, 2004, is pending before Judge Hibbler and is styled *Blau v. Harrison* 04 C 6592. *See Blau* Legal Notice attached to Nespole Affidavit as Exhibit A. Because it includes the style of the case and the name of the court where the case is pending, the *Blau* notice provides class members with "accurate information from which [they] may contact the Court and readily obtain a copy of the complaint [in a pending action] and/or file a motion to be appointed as lead counsel in that case." *Janovici v. DVI, Inc.*, No. 2:03-05674, 2003 U.S. Dist. LEXIS 22315, at *18 (E.D. Pa. Nov. 25, 2003), cited in the Motion to Disqualify Brief at 31, 33 (D.I. 65).

Second, nowhere in the jurisprudence and in the cases cited by the *Hyland* Action Plaintiffs, does one find the requirement that a notice include explicit language as to "the right of class members to retain counsel of their choice". Motion to Disqualify Brief at 32 (D.I. 65). In *Burke*, 102 F. Supp. 2d at 1331, cited on this point, the Court never discussed a requirement as to the "right to retain counsel". The *Burke* Court did however elaborate the following test to

determine the adequacy of a notice: "A class member reading notice published pursuant to the PSLRA should be able to (1) determine whether she is eligible for lead plaintiff status based on the class period; (2) learn enough about the asserted claims to make an initial judgment as to whether to obtain a copy of the full Complaint (which will in turn inform her final judgment about whether to pursue lead plaintiff status); and (3) contact the clerk's office to obtain a copy of the Complaint and discover the procedures for filing a motion". *Marsden v. Select Med. Corp.*, No. 04-4020, 2005 U.S. Dist. LEXIS 714, at *11 (E.D. Pa. Jan. 18, 2005) (*citing Burke*, 102 F. Supp. 2d at 1311-12). The *Blau* notice clearly satisfies the *Burke* test because it includes (1) the dates of the class period as well as the events they are associated with; (2) a 10 line paragraph detailing the claims in the complaint and the injury to J.P. Morgan shareholders; and (3) the style of the action, the date of filing and the full name of the Court where it was filed. *See Blau* Legal Notice attached to Nespole Affidavit as Exhibit A.

Most recently, the Court in the Eastern District of Pennsylvania, in *Mardsen v. Select Med. Corp*, 2005 U.S. Dist. LEXIS 714, at *11 adopted the test elaborated in *Burke* to determine if a notice satisfies the PSLRA. The Court upheld as adequate a notice that did not advise class members that they had the right to retain counsel of their choice finding that the notice adequately advised class members of their right to move the court for lead plaintiff status. *Id.* at *8.

## II. WOLF HALDENSTEIN'S LITIGATION STRATEGY HAS PROVEN HIGHLY ADEQUATE

In their Motion to Disqualify Brief (D.I. 65), the *Hyland* Action Plaintiffs go as far as questioning the litigation strategy employed by Wolf Haldenstein in the prosecution of claims on behalf of Dr. Blau and the class in the Illinois District Court. As detailed in the Nespole Affidavit, Wolf Haldenstein was fully diligent and gave adequate consideration to its decisions to

bring the action in Illinois, limit the defendants and only bring not previously filed proxy claims requiring a showing of negligence. *See* Nespole Affidavit.

## CONCLUSION

For all of the above reasons, Dr. Blau, on behalf of the putative class that he represents, respectfully requests that the Court dismiss the Motion to Disqualify filed by the *Hyland* Action plaintiffs.

**Dated:** September 29, 2005                                            CHIMICLES & TIKELLIS LLP

*[signature: Robert Davis]*

Pamela S. Tikellis (#2172)
Robert Davis (#4536)
One Rodney Square
P.O. Box 1035
Wilmington, Delaware 19899
(302) 656-2500

OF COUNSEL:

Adam J. Levitt, Esquire
Wolf Haldenstein Adler Freeman
& Herz LLC
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
(312) 984-0000

Gregory M. Nespole, Esquire
Wolf Haldenstein Adler Freeman
& Herz LLP
270 Madison Avenue
New York, New York 10016
(212) 545-4600
/415913