IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------- x
SAMUEL I. HYLAND and STEPHANIE
SPEAKMAN, individually and on behalf of all
others similarly situated,

    Plaintiffs,

            v.

WILLIAM B. HARRISON, JR., HANS W.
BECHERER, RILEY P. BECHTEL, FRANK
A. BENNACK, JR., JOHN H. BIGGS,
LAWRENCE A. BOSSIDY, M. ANTHONY
BURNS, ELLEN V. FUTTER, WILLIAM H.
GRAY, III, HELENE L. KAPLAN, LEE R.
RAYMOND, JOHN R. STAFFORD, J.P.
MORGAN CHASE & CO., and JAMES
DIMON,

    Defendants.
------------------------------------- x

Case No. 1:05-cv-162 (JJF)

**DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFFS'
MOTION TO ENJOIN FURTHER PROSECUTION OF *BLAU V. HARRISON*

**OF COUNSEL:**

Michael A. Cooper
Sharon L. Nelles
Keith Levenberg
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-3712
*Counsel for the Individual Defendants*

Nancy E. Schwarzkopf
JPMORGAN CHASE LEGAL DEPARTMENT
1 Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-3585
*Counsel for J.P. Morgan Chase & Co.*

Jesse A. Finkelstein (DSB #1090)
finkelstein@rlf.com
Michael R. Robinson (DSB #4452)
robinson@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
*Counsel for Defendants*

Dated: October 6, 2005

# **TABLE OF CONTENTS**

                                                                                                           **Page**

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ....................................................................................... 1

STATEMENT OF THE NATURE AND STATUS OF THE PROCEEDINGS ............... 2

ARGUMENT ..................................................................................................................... 5

I.      This Court May Stay the Instant Action and Allow Claims Challenging the Merger Disclosure to Proceed in the Northern District of Illinois ................................... 6

II.     Alternatively, This Court May Enjoin the *Blau* Plaintiffs from Litigating in the Northern District of Illinois and Proceed To Adjudicate the Pending Motion to Dismiss the Instant Action ................................................................................... 7

CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Bamdad Mechanic Co. v. United Techs. Corp.*,
   109 F.R.D. 128 (D. Del. 1985) ............................................................. 8, 9

*Berkshire Int'l Corp. v. Marquez*,
   69 F.R.D. 583 (E.D. Pa. 1976) ............................................................... 5, 9

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ..................................................................... 6

*Colorado River Water Conservation Dist. v. United States*,
   424 U.S. 800 (1976) ................................................................................... 5

*Crosley Corp. v. Hazeltine Corp.*,
   122 F.2d 925 (3d Cir. 1941) ................................................................... 5, 9

*In re J.P. Morgan Chase & Co. S'holder Litig.*,
   2005 WL 1076069 (Del. Ch. Apr. 29, 2005) ......................................... 5, 9

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) ........................................................................ 8

*In re Lucent Techs. Inc. Sec. Litig.*,
   194 F.R.D. 137 (D.N.J. 2000) ................................................................... 6

*Malone v. Brincat*,
   722 A.2d 5 (Del. 1998) ............................................................................. 8

*In re Nice Sys., Ltd. Secs. Litig.*,
   188 F.R.D. 206 (D.N.J. 1999) ................................................................... 6

*Old Charter Distillery Co. v. Cont'l Distillery Corp.*,
   59 F. Supp. 528 (D. Del. 1945) ................................................................. 9

*Semmes Motors, Inc. v. Ford Motor Co.*,
   429 F.2d 1197 (2d Cir. 1970) .................................................................... 5

*Williams v. GE Capital Auto Lease, Inc.*,
   159 F.3d 266 (7th Cir. 1998) ............................................................ 5, 7, 8

## STATUTES

15 U.S.C. § 78n(a) (2005) ........................................................................... 3

-iii-

## ARTICLES

Edward F. Sherman, *Class Actions and Duplicative Litigation*,
    62 IND. L.J. 507 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Case 1:05-cv-00162-JJF   Document 75   Filed 10/06/2005   Page 4 of 15

## **PRELIMINARY STATEMENT**

Defendants submit this memorandum in response to plaintiffs' motion to enjoin further prosecution of *Blau v. Harrison,* an action pending in the United States District Court for the Northern District of Illinois asserting the same claim as the core claim in this action.

Thus far, defendants have not taken a position in the tug-of-war between the plaintiffs' lawyers over who should prosecute claims indirectly challenging a merger, the approval of which the Delaware Court of Chancery has already held to be a proper exercise of defendants' business judgment. *In re J. P. Morgan Chase & Co. S'holder Litig.*, 2005 WL 1076069, at *12 (Del. Ch. Apr. 29, 2005). Defendants view the claims as wholly devoid of merit and have filed motions to dismiss both pending federal actions in their entirety. Whether the determination of those motions is made by this Court or the District Court in Illinois is of secondary importance to the desirability of having a single determination and avoiding duplicative litigation.

This Court should achieve that objective by either (i) staying this action in favor of the *Blau* action because *Blau* is the first-filed action, or (ii) enjoining prosecution of the *Blau* action because the complaint presently before this Court offers an opportunity to adjudicate a greater number of claims. If this Court elects the latter course, any injunction should be limited to plaintiffs and their counsel.

Finally, defendants do not object to the *Blau* plaintiffs' intervention in this action or to the appointment of the Wolf Haldenstein firm as co-lead counsel with Joseph Gielata, Esq.

## **STATEMENT OF THE NATURE AND STATUS OF THE PROCEEDINGS**

Both the complaint in this action and the *Blau* complaint are based upon a single unattributed statement in a single news story in the June 27, 2004 edition of the New York Times, which appeared just days before the July 1, 2004 merger of J. P. Morgan Chase & Co. ("JPMC") and Bank One. According to that news story, in the negotiations between the CEOs of both companies, the Bank One CEO "offered" to forego any premium to his shareholders if he could become CEO of the merged company immediately rather than after two years. The JPMC CEO reportedly refused that offer.

Within a week, three JPMC shareholders filed actions in the Delaware Court of Chancery alleging that the JPMC CEO and Board breached their fiduciary duty of loyalty in rejecting the no-premium "offer" and violated their disclosure obligations to the JPMC shareholders by not disclosing the offer and refusal in the proxy statement for the merger. The actions were consolidated, a consolidated amended complaint was filed, and defendants moved to dismiss.

The Court of Chancery (Lamb, V.C.) granted the motion and dismissed the consolidated amended complaint, ruling that (i) the claim that the Board breached its fiduciary duty in approving the merger agreement had been improperly asserted directly rather than derivatively; (ii) plaintiffs had not excused their failure under Rule 23.1 to make a demand on the Board of Directors because all eleven outside members of the Board were independent and disinterested and "the decision to approve the Merger Agreement is entitled to the protection of the business judgment rule"; and (iii) the proxy disclosure claim could not "exist as a claim for money damages apart from the underlying derivative claim" and the complaint "does not properly allege any impairment to the

economic or voting interests of the class of JPMC stockholders." *In re J. P. Morgan Chase & Co. S'holder Litig.*, 2005 WL 1076069, at *7, *12, *13.

The decision of Vice Chancellor Lamb has been appealed in part by plaintiffs, and the Delaware Supreme Court has scheduled oral argument for October 12, 2005.

On October 13, 2004, some two and a half months after publication of the *New York Times* article and the merger effective date, the *Blau* complaint was filed in the Northern District of Illinois, and the action assigned to the Honorable William J. Hibbler. On February 18, 2005, the amended class action complaint was filed in that case. Both the original and amended complaints alleged that the failure to disclose the no-premium "offer" and its refusal violated Section 14(a) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78n(a) (2005) (hereinafter "Exchange Act"). On April 22, 2005, defendants moved to dismiss for failure to state a claim. That motion has been fully briefed since September 23, 2005.

The last of the complaints challenging the adequacy of disclosure in the JPMC/Bank One merger proxy statement was filed in this Court on March 17, 2005 by Joseph Gielata, Esq. on behalf of Samuel Hyland.[1] An amended complaint was subsequently filed in May 2005, adding as a second named plaintiff Stephanie Speakman. In addition to asserting essentially the same Section 14(a) proxy statement claim pleaded in the *Blau* action, the *Hyland* complaint includes claims under Section 10(b) of the

---

[1] Mr. Gielata had been associated until February 2005 with Milberg, Weiss, Bershad & Schulman LLP, plaintiffs' counsel in the Chancery Court action described above. Indeed, Mr. Gielata had participated in drafting the complaint and the brief opposing defendants' motion to dismiss in that action.

Exchange Act (and the related provision for "control person" liability, Section 20(a) of the Act) and Sections 11 and 12(a)(2) (and the related control provision, Section 15) of the Securities Act of 1933  15 U.S.C. §§ 77k, 77l(a)(2), 78J(b) (2005)  Defendants have moved to dismiss the Amended Complaint in the *Hyland* action, and that motion has been fully briefed since August 1, 2005

After Mr. Gielata learned of the pendency of the *Blau* action, he submitted a brief in that action on behalf of the *Hyland* plaintiffs, styled as a brief *amici curiae*, urging the Court to revoke its order appointing Blau as lead plaintiff and Wolf Haldenstein Adler Freeman & Herz LLC as lead counsel  Wolf Haldenstein countered by filing a motion on behalf of Blau to intervene in this action "in order to further move that this action be stayed " (Br. in Support of Dr. Stephen Blau to Intervene )  Mr. Gielata's riposte was to move in this action to enjoin the prosecution of the *Blau* action

As a result of these procedural thrusts and parries, this Court now has before it motions that permit the Court to determine whether the *Hyland* and *Blau* actions shall proceed separately or together and, if together, whether they shall proceed in this Court or the Northern District of Illinois  The transcript of the August 29, 2005 status conference in the *Blau* action that is quoted in, and appended as an exhibit to, the brief in support of the motion to enjoin further prosecution of that action indicates that Judge Hibbler of the Northern District of Illinois is willing to have these questions resolved by this Court  (*See* Pls. Opening Br. in Support of Pls.' Mot. to Enjoin Further Prosecution of *Blau* at 5 (*quoting* Tr., Aug. 29, 2005 (N.D. Ill.) ("There is some indication also in the materials that I have reviewed suggesting that the matter should be more properly brought in [the Delaware District] Court as opposed to this Court ") )

-4-

## **ARGUMENT**

By virtue of the pending motions to intervene and for an injunction, it is within the power of this Court to eliminate one or the other source of wasteful and duplicative litigation over the same issues. "As between federal district courts ... the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The Third Circuit has held:

> The economic waste involved in duplicating litigation is obvious. Equally important is its adverse effect upon the prompt and efficient administration of justice. In view of the constant increase in judicial business in the federal courts and the continual necessity of adding to the number of judges, at the expense of the taxpayers, public policy requires us to seek actively to avoid the waste of judicial time and energy. Courts already heavily burdened with litigation with which they must of necessity deal should therefore not be called upon to duplicate each other's work in cases involving the same issues and the same parties.

*Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941); *see also Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1203 (2d Cir. 1970). But which action should continue, and in which forum?

Courts frequently endorse a "general rule that the court first obtaining jurisdiction of the parties and issues should proceed and should therefore restrain the parties from proceeding in a second lawsuit." *Berkshire Int'l Corp. v. Marquez*, 69 F.R.D. 583, 587 (E.D. Pa. 1976); *see also Crosley*, 122 F.2d at 930. That rule militates in favor of staying or dismissing this action as duplicative of *Blau*.

Equally compelling considerations, however, may dictate that the action raising broader issues, here the *Hyland* action pending in this Court, should proceed in order to give a court the opportunity to "definitively resolve[]" more controversies. *Williams v. GE Capital Auto Lease, Inc.*, 159 F.3d 266, 268 (7th Cir. 1998). Either way,

this Court has the opportunity to eliminate a superfluous drain on judicial resources and imposition on the defendants.

I. **This Court May Stay the Instant Action and Allow Claims Challenging the Merger Disclosure to Proceed in the Northern District of Illinois.**

For the most part, the Private Securities Litigation Reform Act ("PSLRA") eliminated the "race to the courthouse" model of securities litigation. Given the longstanding deference in federal law to the first-filed among competing actions, however, the remedy under the PSLRA to the plaintiff (and lawyer) who loses the race to the courthouse is not to file a duplicative class action, but rather to compete for the lead-plaintiff designation in the pending action. As the District Court for the District of New Jersey explained:

> The PSLRA did not completely eliminate the "race to the courthouse". [P]laintiffs who are first to file suit are obligated to provide notice to other purported class members of the asserted claims and the purported class period. Plaintiffs who are first to file, moreover, are in a better position to aggregate plaintiffs in an effort to obtain the largest financial interest in the litigation, an important aspect of lead plaintiff status.

*In re Nice Sys., Ltd. Sec. Litig.*, 188 F.R.D. 206, 215 n.7 (D.N.J. 1999) (citation omitted); *accord In re Lucent Techs. Inc. Sec. Litig.*, 194 F.R.D. 137, 145 n.11 (D.N.J. 2000) (same); *see also In re Cavanaugh*, 306 F.3d 726, 738 (9th Cir. 2002) (observing that the PSLRA's procedures for appointing lead plaintiffs "assur[e] potential plaintiffs that they still have a chance to take control of the case, even though they have lost the 'race to the courthouse'").

Plaintiffs Hyland and Speakman never moved for lead-plaintiff status in the Northern District of Illinois, offering little explanation for this failure.[2] Consequently, it would be an appropriate exercise of this Court's discretion to stay this action and invite plaintiffs here to seek lead or co-lead plaintiff status in the Northern District of Illinois if they desire to assume control of this litigation.

## II. Alternatively, This Court May Enjoin the *Blau* Plaintiffs from Litigating in the Northern District of Illinois and Proceed to Adjudicate the Pending Motion to Dismiss the Instant Action.

When "duplicate or overlapping class actions are filed[,] it normally is necessary to decide which lawsuit (if any) definitively resolves a matter between particular parties." *Williams*, 159 F.3d at 268.[3] "[T]he nature and scope of each related suit is a further consideration in determining the propriety of an injunction against other federal suits. If one suit appears to offer resolution of all the issues while a second related suit does not, assertion of jurisdiction in the first suit would constitute the fairest and most efficient means of disposing of the litigation." Edward F. Sherman, *Class Actions and Duplicative Litigation*, 62 IND. L.J. 507, 519 (1987).

---

[2] For example, the Northern District of Illinois officially stamped the *Blau* complaint with the case number "04C 6592," and Mr. Gielata attempted to argue that the *Blau* plaintiffs' PSLRA-mandated notice was ineffective because it identified the civil action number as "04 C 6592," which Mr. Gielata described as "not in an acceptable format." (Aff. of Joseph N. Gielata in Support of Mem. of Amici Curiae Hyland & Speakman ¶ 13 (N.D. Ill. filed May 24, 2005).)

[3] In *Williams*, the Seventh Circuit affirmed the issuance of an injunction prohibiting class members from "re-litigating [settled] claims in another forum." *Id.* at 275. The interest in "protect[ing] the Illinois settlement" was deemed consistent with the goal of favoring the action that "definitively resolves a matter between particular parties." *Id.* at 275, 268.

The *Hyland* plaintiffs argue that their action should take precedence because it has a "'larger scope'" and "'cover[s] more parties.'" (Pls Opening Br in Support of Pls' Mot. to Enjoin at 7 (*quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co*, 342 U.S 180, 183 (1952))) Although defendants disagree that the additional claims in the Hyland action have any merit, there is an argument that proceeding with the *Hyland* action has the potential to "definitively resolve[]" a greater number of claims *Williams*, 159 F.3d at 268

An additional factor favoring the continuation of the *Hyland* action and enjoining the *Blau* action is that Delaware law governing disclosure is similar to federal law under Section 14(a) *See Malone v. Brincat*, 722 A.2d 5, 13 (Del 1998) Therefore, this Court presumptively has a greater familiarity with Delaware law and thus has that additional resource to draw upon in adjudicating the claim under Section 14(a) The Third Circuit Court of Appeals has recognized that a District Court's understanding of relevant state law is an important factor in determining venue *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995) ("The public interests [for determining venue] have included    the familiarity of the trial judge with the applicable state law in diversity cases")

\* \* \* \* \*

In any event, should the Court decide to enjoin prosecution of the *Blau* action, the injunction should not extend to *defendants*, who ought not to be enjoined from defending themselves. Plaintiffs cite *Bamdad Mechanic Co. v. United Techs. Corp*, 109 F.R.D. 128, 134 (D. Del. 1985), for the proposition that this "Court's authority to enjoin a party within its jurisdiction from prosecuting the same cause of action in another suit in

another court is undisputed." However, *Bamdad Mechanic*—as well as all three cases cited in *Bamdad* for that proposition[4]—involved injunctions against *plaintiffs'* proceeding with lawsuits in other District Courts. Neither in *Bamdad Mechanic* nor the cases upon which it relied was it even intimated that the power to enjoin a party from *prosecuting* an action in another District Court extends to the power to enjoin the *defense* of such an action.

---

[4] *Berkshire Int'l Corp.*, 69 F.R.D. at 591; *Old Charter Distillery Co. v. Cont'l Distillery Corp.*, 59 F. Supp. 528, 530 (D. Del. 1945); *Crosley Corp.*, 122 F.2d at 930.

## CONCLUSION

For the reasons stated above, the Court should either stay the instant action or grant plaintiffs' motion to enjoin prosecution of the *Blau* action in the Northern District of Illinois, but should not permit both actions to proceed concurrently

**OF COUNSEL:**

Michael A. Cooper
Sharon L. Nelles
Keith Levenberg
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-3712
*Counsel for the Individual Defendants*

Nancy E. Schwarzkopf
JPMORGAN CHASE LEGAL DEPARTMENT
1 Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-3585
*Counsel for J.P. Morgan Chase & Co.*

Dated: October 6, 2005

/s/ Jesse A. Finkelstein
Jesse A. Finkelstein (DSB #1090)
finkelstein@rlf.com
Michael R. Robinson (DSB #4452)
robinson@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2005, I caused to be electronically filed the foregoing **Defendants' Memorandum of Law in Response to Plaintiffs' Motion to Enjoin Further Prosecution of *Blau v. Harrison***, with the Clerk of Court using CM/ECF which will send notification of such filings to the following:

Joseph N. Gielata, Esq.
501 Silverside Road, Suite 90
Wilmington, DE 19809


Robert R. Davis, Esq.
Chimicles & Tikellis LLP
P.O. Box 1035
One Rodney Square
Wilmington, DE 19899


/s/ Michael R. Robinson
Michael R. Robinson (DSBA No. 4452)
robinson@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700