## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL I. HYLAND and STEPHANIE SPEAKMAN, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:05-cv-162 (JJF) |
| Plaintiff, | |
| v. | CLASS ACTION |
| WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, and J.P. MORGAN CHASE & CO., and JAMES DIMON, | |
| Defendants. | |
| DR. STEPHEN BLAU, Individually and On Behalf of All Others Similarly Situated, | |
| Applicants-In-Intervention | |

## DR. BLAU'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS SAMUEL I. HYLAND AND STEPHANIE SPEAKMAN'S MOTION TO ENJOIN FURTHER PROSECUTION OF *BLAU V. HARRISON, ET AL.*

Dated: October 6, 2005

CHIMICLES & TIKELLIS LLP

Pamela S. Tikellis (#2172)
Robert Davis (#4536)
One Rodney Square
P.O. Box 1035
Wilmington, Delaware 19899
(302) 656-2500

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Gregory M. Nespole (of the New York bar)
Adam J. Levitt (of the Illinois bar)

# TABLE OF CONTENTS

Table of Authorities ............................................................................................................................. ii

NATURE & STAGE OF PROCEEDING .................................................................................................. 1

SUMMARY OF ARGUMENT ................................................................................................................. 3

The Motion To Enjoin Is Improper Because The District Court Of Illinois Has
    Already Ruled On The Arguments Herein And Effectively Denied The
    Hyland Plaintiffs' Request For Transfer Of The *Blau* Action To This Court. ...................... 3

STATEMENT OF FACTS ........................................................................................................................ 4

    Dr. Blau's Action ............................................................................................................................ 4

    Dr. Blau's and his Counsel's Compliance with the PSLRA ........................................................ 4

    The Later-Filed Hyland Action ..................................................................................................... 5

ARGUMENT ........................................................................................................................................... 7

The Motion To Enjoin Is Improper Because The District Court Of Illinois Has
    Already Ruled On The Arguments Herein And Effectively Denied The
    Hyland Plaintiffs' Request For Transfer Of The *Blau* Action To This Court. ...................... 7

CONCLUSION ...................................................................................................................................... 12

## TABLE OF AUTHORITIES

**CASES**                                                                      **PAGE(S)**

*Ellicott Machine Corp. v. Modern Welding Co.,*
  502 F.2d 178 (4th Cir. 1974) ...............................................................................8, 10

*Hoffman v. Blaski,*
  363 U.S. 335 (1960).........................................................................................7, 8, 9

*Semmes Motors, Inc. v. Ford Motors Co.,*
  429 F.2d 1197 (2d Cir. 1970) ..................................................................................6n

## STATUTES AND RULES

Securities Exchange Act of 1934
  Section 14(a) .......................................................................................................4
  Section 21D(a)(3)(B)(i) ........................................................................................ 4

Private Securities Litigation Reform Act of 1995 (PSLRA)
  15 U.S.C. §77......................................................................................................1, 4, 6n

## NATURE & STAGE OF PROCEEDING

Stephen Blau, the plaintiff previously appointed pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") as the lead plaintiff by Judge William J. Hibbler of the United States District Court for the Northern District of Illinois (the "Illinois District Court") in the action styled *Blau v. J.P. Morgan Chase & Co., et al.*, Civil Action No. 04C 6592 (the "*Blau* Action"), and the movant in intervention in the present action (the "*Hyland* Action"), submits this brief in opposition to plaintiffs Samuel I. Hyland and Stephanie Speakman's Motion to Enjoin Further Prosecution of *Blau v. Harrison, et al.* ("Motion to Enjoin") (D.I. 68) filed in this District and accompanied by the Opening Brief in Support of Plaintiffs' Motion to Enjoin Further Prosecution of *Blau v. Harrison, et al.* ("Motion to Disqualify Brief") (D.I. 69).

On September 22, 2005, seven days after filing a Motion to Disqualify Wolf Haldenstein Adler Freeman & Herz ("WHAFH") (D.I. 64), and in the midst of the briefing on Dr. Blau's Motion To Intervene in Order to Further Move that this Action be Stayed ("Dr. Blau's Motion to Intervene") (D.I. 58), Mr. Hyland and Ms. Speakman (the "*Hyland* Plaintiffs"), filed a Motion to Enjoin further prosecution of the Blau Action in the Northern District of Illinois (D.I. 68).

Prior to that, the *Hyland* Plaintiffs made several submissions to the Illinois District Court, the most substantial of which was two successive memorandums styled in *Amici Curiae* mailed to the Illinois District Court requesting that Judge Hibbler disqualify Wolf Haldenstein from being court-appointed lead counsel in that case, vacate his order appointing Dr. Blau lead plaintiff, and transfer the action to the District of Delaware. *See* Memorandum of *Amici Curiae* Samuel Hyland and Stephanie Speakman and Supplemental Memorandum ("*Amici Curiae* Memoranda"), attached as Exhibit 1 & 2 to the Affidavit of Gregory M. Nespole, Esq., dated September 19, 2005 and submitted to this Court in support of Dr. Stephen Blau's Reply Brief in

Further Support of his Motion to Intervene in Order to Further Move That this Action be Stayed, dated September 19, 2005 ("Nespole September 19, 2005 Affidavit") (D.I. 67).

The *Amici Curiae* Memoranda specifically requested of Judge Hibbler that he exercise his discretion to transfer the case to the District of Delaware based on arguments of *forum non conveniens*. *See Amici Curiaie* Memoranda at 17-23 (D.I. 67). In an Order dated August 29, 2005, Judge Hibbler dismissed the *Hyland* Plaintiffs' arguments after a hearing on Dr. Blau's response to the *Hyland* Action Plaintiffs' *Amici Curiae* Memoranda, adopted and incorporated by reference herein. *See* Lead Plaintiff's Response to the Memorandum and Supplemental Memorandum of *Amici Curiae,* ("Dr. Blau's Response to *Amici Curiae* Submission"), attached as Exhibit 6 to the Nespole September 19, 2005 Affidavit (D.I. 67). *See* the Transcript of Proceedings Before the Honorable Judge William J. Hibbler, August 29, 2005, and the Docket Entry text in the *Blau* Action, attached as Exhibit 7 & 8 to the Nespole September 19, 2005 Affidavit (D.I. 67).

Not satisfied with Judge Hibbler's decision to maintain the *Blau* Action in the District Court of Illinois, and apparently incapable of awaiting the results of this Court's decision on Dr. Blau's Motion to Intervene, the *Hyland* Plaintiffs chose to try their chances in this Court by making this Motion to Enjoin (D.I.68) the further proceedings in the Illinois *Blau* Action, effectively asking Your Honor to reassess the convenience factors which Judge Hibbler has already considered and decided upon.

## SUMMARY OF ARGUMENT

**THE MOTION TO ENJOIN IS IMPROPER BECAUSE THE DISTRICT COURT OF ILLINOIS HAS ALREADY RULED ON THE ARGUMENTS HEREIN AND EFFECTIVELY DENIED THE *HYLAND* PLAINTIFFS' REQUEST FOR TRANSFER OF THE *BLAU* ACTION TO THIS COURT.**

## STATEMENT OF FACTS

### *Dr. Blau's Action*

On October 13, 2004, Dr. Blau commenced a securities fraud action in the United States District Court for the Northern District of Illinois, alleging that the defendants violated section 14(a) of the Securities Exchange Act of 1934. Specifically, Dr. Blau brought his action on his own behalf and on behalf of a class of plaintiffs who voted to approve a proposed merger between J.P. Morgan Chase & Co. ("J.P. Morgan") and Bank One Corporation ("Bank One"), pursuant to a proxy statement issued by J.P. Morgan on April 19, 2004. In his complaint, Dr. Blau alleges that the defendants negligently failed to disclose that Mr. James Dimon – Bank One's CEO at the time of the proposed merger – had offered to consummate the merger at no premium to J.P. Morgan shareholders if he was permitted to lead the merged company as its CEO.

### *Dr. Blau's and his Counsel's Compliance with the PSLRA*

After commencing this case, Dr. Blau, with Wolf Haldenstein as his counsel, complied with the procedural mandates pertaining to securities class action litigations pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") codified at 15 U.S.C. § 78u-4(a), section 21D of the Securities Exchange Act of 1934. Dr. Blau, by his counsel, complied with the PSLRA by publishing nationwide notice in the October 15, 2004 edition of *Investor's Business Daily*, detailing the claims asserted in the *Blau* Action.

Thereafter, pursuant to Section 21(D)(a)(3)(B)(i) of the Exchange Act, Dr. Blau and additional class member American Growth Fund, Inc. ("AGF") moved, on December 14, 2004 (the sixtieth day from publication of notice of pendency), to be appointed lead plaintiffs in the *Blau* Action and further sought the concomitant appointment of Wolf Haldenstein as lead

counsel therein. On January 5, 2005, the court entered an Order appointing Dr. Blau and AGF as Lead Plaintiffs in the *Blau* Action and further appointed Wolf Haldenstein as lead counsel.

On February 18, 2005, Dr. Blau filed his amended complaint.[1] The briefing on the motion to dismiss the *Blau* Action, filed by the defendants, was completed on September 23, 2005.

## The Later-Filed Hyland Action

In March 2005, Samuel I. Hyland, by his counsel Mr. Gielata, filed the *Hyland* Action in this Court (D.I. 1). While the complaints in the *Hyland* Action and the *Blau* Action are based on common factual allegations, the *Hyland* Plaintiffs assert additional claims including ones that were previously dismissed by Vice Chancellor Lamb in *In re J.P. Morgan Chase & Co. Shareholder Litigation*, C.A. No. 531-N, and ones that Dr. Blau chose not to put forth given the circumstances and facts at hand. *See* Affidavit of Gregory M. Nespole, Esq., dated September 29, 2005 and submitted to this Court in support of Dr. Stephen Blau's Answering Brief in Opposition to Plaintiffs Samuel I. Hyland and Stephanie Speakman's Motion to Disqualify Wolf Haldenstein Adler Freeman & Herz, dated September 29, 2005. (D.I. 74). Importantly, neither the *Hyland* Plaintiffs nor their counsel took action within the statutory deadline mandated by the PSLRA to seek appointment as lead plaintiff in the *Blau* Action.

Instead, the *Hyland* Plaintiffs submitted the *Amici Curiae* Memoranda requesting that the Illinois District Court disqualify Wolf Haldenstein as lead counsel, vacate its order appointing Dr. Blau as lead plaintiff, and transfer the *Blau* Action to the District of Delaware. In response,

---

[1] As detailed in Dr. Blau's prior submissions to this Court, AGF thereafter elected to withdraw as a lead plaintiff. On February 18, 2005, Wolf Haldenstein filed the necessary papers with the Illinois District Court to enable AGF to withdraw from the Blau Action. *See* Affidavit of Gregory M. Nespole, Esq., dated September 29, 2005 and submitted to this Court in support of Dr. Stephen Blau's Answering Brief in Opposition to Plaintiffs Samuel I. Hyland and Stephanie Speakman's Motion to Disqualify Wolf Haldenstein Adler Freeman & Herz, dated September 29, 2005. (D.I. 74)

5

at Judge Hibbler's request, Wolf Haldenstein submitted to the Illinois District Court a brief and

the accompanying affidavit of Gregory Mark Nespole dated August 24, 2005, addressing all of

the *Hyland* Plaintiffs' concerns. *See* Dr. Blau's Response to *Amici Curiae* Submission, attached

as Exhibit 6 to the Nespole September 19, 2005 Affidavit (D.I. 67).

Judge Hibbler reviewed the papers and determined, both at a hearing and in a subsequent

order, that the *Hyland* Plaintiffs' accusations were adequately addressed and did not deserve

further consideration, thereby effectively denying their request for transfer of the *Blau* Action to

Delaware. *See* the Transcript of Proceedings Before the Honorable William J. Hibbler and the

Docket Entry Text in the *Blau* Action, attached as Exhibit 7 & 8 to the Nespole September 19,

2005 Affidavit (D.I. 67). Despite Judge Hibbler's unequivocal ruling on the *Hyland* Plaintiffs'

*Amici Curiae* Memoranda in Illinois, the Motion to Enjoin Brief (D.I. 69) repeats many of those

same unfounded remarks and charges; and by doing so improperly appeals Judge Hibbler's

decision to this Court.[2]

---

[2] Assuming *arguendo* that the Motion to Enjoin (D.I. 68) is proper, it is nonetheless premature because this Court has not yet granted Dr. Blau's Motion to Intervene (D.I. 58). Moreover, the *Hyland* Plaintiffs' counsel's fascination with Global Positioning Systems and his extraordinary efforts at measuring metes and bounds in support of his argument that Delaware is geographically more convenient than Chicago, or even New York, fails to recognize that Delaware's primary connection to J.P. Morgan and legacy Bank One is that both were incorporated there. Indeed, if proximity to a courthouse should be afforded any persuasive effect, legacy Bank One (today's J.P. Morgan) is less than two blocks away from Judge Hibbler's courtroom. Nevertheless, we thought it prudent not to burden Your Honor with a Chicago street map as an exhibit - just represent it to be the case. As to the *Hyland* Plaintiffs' argument that pursuant to the PSLRA their plaintiff is more adequate; it is one that the Hyland Plaintiffs should have put forth before January 15, 2005, in a Motion for Lead Plaintiff filed with the Illinois District Court. *See* Dr. Blau's Response to *Amici Curiae* Submission, adopted and incorporated herein, attached as Exhibit 6 to the Nespole September 19, 2005 Affidavit (D.I. 67). Finally, even assuming that this Court had the power to grant this motion, and finds Delaware to be an adequate forum, the situation in this case is extremely far from the "exceptional circumstances" warranting departing from the First–To–File principle. *See Semmes Motors,* (continued...)

## ARGUMENT

### THE MOTION TO ENJOIN IS IMPROPER BECAUSE THE DISTRICT COURT OF ILLINOIS HAS ALREADY RULED ON THE ARGUMENTS HEREIN AND EFFECTIVELY DENIED THE *HYLAND* PLAINTIFFS' REQUEST FOR TRANSFER OF THE *BLAU* ACTION TO THIS COURT.

With their Motion to Enjoin (D.I. 68), the *Hyland* Plaintiffs are in effect improperly

appealing from one district judge to another. Because of widely recognized principles of comity

among federal courts of equal authority, their Motion to Enjoin is improperly brought in this

Court. *See Hoffman v. Blaski*, 363 U.S. 335 (1960). As stated by the Supreme Court in its 1960

decision of *Hoffman*:

> 'Public policy dictates that there be an end of litigation; that those
> who have contested an issue shall be bound by the result of the
> contest; and that matters once tried shall be considered forever
> settled as between the parties. We see no reason why this doctrine
> should not apply in every case where one voluntarily appears,
> presents his case and is fully heard, and why he should not, in the
> absence of fraud, be thereafter concluded by the judgment of the
> tribunal to which he has submitted his cause.' *Baldwin v. Iowa
> Traveling Men's Ass'n*, 283 U.S. 522, 525-526, 51 S.Ct. 517, 518,
> 75 L.Ed. 1244. One would suppose that these considerations would
> be especially important in enforcing comity among federal courts
> of equal authority.

*Hoffman*, at 348-49.

This widely recognized principle applies with equal force to a District Court's decision

on the transfer of an action. As the Supreme Court also stated in *Hoffman*:

---

(…continued)

*Inc.v. Ford Motor Co.*, 429 F.2d 1197 (2d Cir. 1970) (Where the Court of Appeals finds that
even plaintiff's preference to press the later-filed action and plaintiff's stipulation that defendant
had no vested right to be proceeded against in the district in which the earlier suit was brought
are insufficient grounds for departing from the general rule that the later action should give way
to the earlier one).

7

> The fact that the issue involved is the propriety of a transfer of the
> action only makes the case for deference to the previous decision
> of a coordinate court in the same litigation that much stronger.

*Hoffman,* at 349.

In the context of these competing cases, the *Hyland* Plaintiffs voluntarily interfered in the *Blau* Action in Illinois requesting the transfer of the *Blau* Action to Delaware. *See Amici Curiae* Memoranda at 17-23, 37 ("For all the foregoing reasons, this Court should disqualify Wolf Haldenstein, vacate the Minute Order, and transfer the Illinois Action to the District of Delaware. Counsel welcomes any invitation to participate in oral argument" (*Amici Curiae* Memoranda at 37))[3]. Here, the *Hyland* Plaintiffs' Motion to Enjoin (D.I. 68) stems directly from Judge Hibbler's decision not to transfer the *Blau* Action to this Court and as such is not permissible. *See Ellicott Machine Corp. v. Modern Welding Co.,* 502 F.2d 178, 180 (4th Cir. 1974) (Reversing a judgment of the District Court of Maryland enjoining the further prosecution of a parallel action in a Kentucky district court and dissolving the injunction because it was improper for the plaintiff to file in Maryland a motion to enjoin further proceedings in Kentucky where the District Court of Kentucky had previously denied his motion to transfer the Kentucky suit to Maryland).

The *Hyland* Plaintiffs should not be permitted to evade these principles of comity based on calculating methods which led them to not formally "appear" in the Illinois District Court but to instead request the transfer of the *Blau* Action to this Court through *Amici Curiae* memoranda. Indeed, the principles of comity that Dr. Blau invokes here do not depend on whether the *Hyland*

---

[3] While the *Hyland* Plaintiffs in their *Amici Curiae* Memoranda also requested that Judge Hibbler disqualify Wolf Haldenstein, this did not render improper their Motion to Disqualify (D.I.64) because in that case they were asking this Court to rule on Wolf Haldenstein qualifications in this Court, a separate request from that put to Judge Hibbler in their *Amici Curiae* Memoranda.

8

Plaintiffs formally appeared in the Illinois District Court. Instead, the *Hyland* Plaintiffs' Motion to Enjoin (D.I. 68) is improper in this Court because the Honorable Judge Hibbler of the Illinois District Court has already heard the arguments presented in this motion and declined to transfer the *Blau* Action to this District. *See Hoffman*, 363 U.S. 335, 350 ("Surely a prior decision of a federal court on the unfundamental issue of venue ought to receive similar respect from a coordinate federal court when the parties and the facts are the same").

Here, it is apparent from the Transcript of Proceedings Before the Honorable William J. Hibbler and the Docket Entry Text in the *Blau* Action, attached as Exhibit 7 & 8 to the Nespole September 19, 2005 Affidavit (D.I. 67), that his Honor did in fact deny the *Hyland* Plaintiffs' request for transfer of the *Blau* Action to this Court:

> Mr. Levitt (on plaintiffs' behalf):
>
> As far as we're concerned, there isn't an issue whether it should be in Delaware or hear [here]. The case is here. The case has been proceeding here, and that's the way it should stay.
>
> […]
>
> The Court:
>
> Let me say that, obviously, the Court has been receiving a great deal of material from Counsel Gielata regarding this matter in the form of an amicus curiae brief and also in the form of letters which have been forwarded to the Court through counsel.
>
> Those materials the Court reviewed and they raise certain issues with the Court […].
>
> The Court here had no information and still has no information which it can base any action on its part to change what the Court has previously ruled.

Transcript of Proceedings Before the Honorable William J. Hibbler, attached as Exhibit 7 to the Nespole September 19, 2005 Affidavit (D.I. 67); and

> The Court finds that the Parties have sufficiently responded to issues raised by Amici Curiae filing and absent some further

9

> intervention authorized by the Court this matter shall proceed
> without further consideration regarding the Hyland case.

Docket Entry Text in the *Blau* Action, attached as Exhibit 8 to the Nespole
September 19, 2005 Affidavit (D.I. 67)

The Honorable Judge Hibbler effectively denied the *Hyland* Plaintiffs' request for

transfer of the *Blau* Action to this Court after consideration of their arguments both as to the

propriety of lead counsel and the convenience of the forum.[4] *See* Transcript of Proceedings

Before the Honorable William J. Hibbler and the Docket Entry Text in the *Blau* Action, attached

as Exhibit 7 & 8 to the Nespole September 19, 2005 Affidavit (D.I. 67). Accordingly, because

the Illinois District Court has already ruled on the *Hyland* Plaintiffs' arguments for transfer of

the *Blau* Action to Delaware, the *Hyland* Plaintiffs are not entitled to file, in this Court, the

Motion To Enjoin Dr. Blau from further prosecution of the Illinois *Blau* Action (D.I. 68). *Ellicott*

502 F.2d at 180 (Where a plaintiff whose motion to the Kentucky Court for transfer of a suit

from Kentucky to Maryland was denied was not entitled to subsequently file a motion in the

Maryland case to enjoin the further prosecution of the Kentucky action.). In explaining its

reasoning, the *Ellicott* Court stated:

> Ellicot voluntarily chose to present its claim of statutory *forum non
> conveniens* to the Kentucky Court [the parallel to the *Hyland*
> Plaintiffs' request to the District of Illinois]. For reasons of the
> non-appealability of interlocutory orders, respect for the judgment
> of coordinate federal courts, and the preservation of judicial
> resources, as well as those of the party who would otherwise be

---

[4] In fact, the record shows that Judge Hibbler gave the utmost importance to the *Hyland* Plaintiffs' submissions: (i) Judge Hibbler requested that both the plaintiff's and defendants' respond to the *Hyland* Plaintiffs' *Amici Curiae* Memoranda; (ii) Judge Hibbler later requested a hearing on the *Hyland* Plaintiffs' *Amici Curiae* Memoranda; (iii) On August 29, 2005, Judge Hibbler held a hearing exclusively devoted to the arguments presented in the *Amici Curiae* Memoranda including those of *forum non conveniens*. It is only pursuant to Dr. Blau's filing of Dr. Blau's Response to *Amici Curiae* Memoranda as well as a hearing on the question that Judge Hibbler effectively denied the Hyland Plaintiffs' request for a transfer of the *Blau* Action to Delaware.

> 'forced to rebut the same arguments in two proceedings before
> different courts,'[citing to 287 F.2d at 48], a party seeking the
> exercise of a district court's discretion is ordinarily bound by that
> court's determination.

*Ellicott*, 502 F.2d at 182.

Finally, the Motion to Enjoin Brief (D.I. 69) is replete with extrapolations and mischaracterizations of the Illinois District Court's holdings especially as to its supposed "deferral to this Court" to, in the *Hyland* Plaintiffs' words, "determine which of the two actions (but not both) should proceed". *See* Motion to Enjoin Brief at 1, 2, 3, 5 (D.I. 69). While the Illinois District Court made it very clear in the Hearing on August 29, 2005, that it was concerned with this action here in Delaware, nowhere did Judge Hibbler cede to this Court the power to enjoin the *Blau* Action, especially not on the basis on the same arguments his Honor already rejected when considering the transfer of the *Blau* Action to Delaware:

> The Court:
>
> The Court is concerned about the ancillary or the other action in
> Delaware, but I – it is the Court's belief that that Court can, after
> hearing these materials regarding the intervention and the
> movement to stay that action, can rule, and if that ruling results in
> that action going forward as well as this action, then, I think, the
> next step is to decide where the action should go forth, the two
> actions should go forth simultaneously in a single court as opposed
> to two, but we're not there because your motion to stay might be,
> in fact granted.

Transcript of Proceedings Before the Honorable William J. Hibbler, attached as
Exhibit 7 to the Nespole September 19, 2005 Affidavit (D.I. 67)

Moreover, as much as Mr. Gielata, counsel to the *Hyland* Plaintiffs, would like it, he cannot single-handedly create a new appellate procedure based on his so called "invitation to act" from one Federal Court to another. *See* Motion to Enjoin Brief at 5 (D.I. 69)("The Northern District of Illinois invited this court to decide which action should proceed"). Judge Hibbler

11

suggested only that if this Court denies Dr. Blau's Motion to Intervene in order to further move to stay this later-filed action, (D.I. 58), some procedural mechanism might then be employed to decide which case should proceed.

Clearly then, the determining element here is that the Illinois District Court opted not to transfer the *Blau* Action to this Court and did so after adequate consideration of the *Hyland* Plaintiffs' arguments; the very same arguments offered in support of their Motion to Enjoin (D.I. 68). Accordingly, the principles of comity among federal courts of equal authority apply fully to render improper the *Hyland* Plaintiffs' Motion to Enjoin (D.I. 68). The proper course of action for the *Hyland* Plaintiffs would be to either await the decision of this Court on Dr. Blau's Motion to Intervene (D.I. 58), or alternatively to submit in Illinois District Court their own Motion to Intervene for purposes of Staying the *Blau* Action.

## CONCLUSION

For all of the above reasons, Dr. Blau, on behalf of the putative class that he represents, respectfully requests that the Court dismiss the Motion to Enjoin filed by the *Hyland* Plaintiffs.

**Dated:** October 6, 2005                    CHIMICLES & TIKELLIS LLP

Pamela S. Tikellis (#2172)
Robert Davis (#4536)
One Rodney Square
P.O. Box 1035
Wilmington, Delaware 19899
(302) 656-2500

OF COUNSEL:

Adam J. Levitt, Esquire
Wolf Haldenstein Adler Freeman
& Herz LLC
55 West Monroe Street, Suite 1111

12

Chicago, Illinois 60603
(312) 984-0000

Gregory M. Nespole, Esquire
Wolf Haldenstein Adler Freeman
& Herz LLP
270 Madison Avenue
New York, New York 10016
(212) 545-4600
/415913

13