IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL I. HYLAND and STEPHANIE SPEAKMAN, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, JPMORGAN CHASE & CO., and JAMES DIMON,<br><br>　　　　Defendants. | Case No.  **1:05-cv-162 (JJF)**<br><br>**CLASS ACTION** |

**REPLY BRIEF IN SUPPORT OF
PLAINTIFFS' MOTION TO ENJOIN FURTHER
PROSECUTION OF *BLAU V. HARRISON, ET AL.***

Dated: October 13, 2005

　　　　　　　　　　　　　　　　　　Joseph N. Gielata (DSB # 4338)
　　　　　　　　　　　　　　　　　　Attorney at Law
　　　　　　　　　　　　　　　　　　501 Silverside Road, Suite 90
　　　　　　　　　　　　　　　　　　Wilmington, DE 19809
　　　　　　　　　　　　　　　　　　(302) 798-1096

　　　　　　　　　　　　　　　　　　*Lead Counsel for Plaintiffs
　　　　　　　　　　　　　　　　　　　and the Putative Class*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT....................................................1

ARGUMENT .................................................................2

I.    THE NORTHERN DISTRICT OF ILLINOIS HAS NOT RULED
ON THE SUITABILITY OF THE ILLINOIS FORUM.....................2

II.   THE DELAWARE PLAINTIFFS CANNOT BE
BOUND BY ANY RULING IN THE ILLINOIS ACTION..................4

III.  THE ILLINOIS PLAINTIFF DOES NOT CONTEST
THAT AN INJUNCTION SHOULD ISSUE.............................8

CONCLUSION................................................................10

## **TABLE OF AUTHORITIES**

**Cases:**                                                                 **Page**

*Adams v. Bell*,
    711 F.2d 161 (D.C. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Ellicott Machine Corp. v. Modern Welding Co.*,
    502 F.2d 178 (4th Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hoffman v. Blaski*,
    363 U.S. 335 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Kerr-McGee Chemical Corp. v. Hartigan*,
    816 F.2d 1177 (7th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Kewanee Oil Co. v. M & T Chemicals, Inc.*,
    315 F. Supp. 652 (D. Del. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10 n.4

*Munoz v. County of Imperial*,
    667 F.2d 811 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Remington Products Corp. v. American Aerovap, Inc.*,
    192 F.2d 872 (2d Cir. 1951) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Semmes Motors, Inc. v. Ford Motor Co.*,
    429 F.2d 1197 (2d Cir. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*S-Fer Intern., Inc. v. Paladion Partners, Ltd.*,
    906 F. Supp. 211 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10 n.4

*TRW, Inc. v. Ellipse Corp.*,
    495 F.2d 314 (7th Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. El-Gabrowny*,
    844 F. Supp. 955 (S.D.N.Y. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Statutes:**

28 U.S.C. § 1404(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3, 8

**Other Authorities:**

Restatement 2d, Judgments. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

This reply brief is respectfully submitted by the Delaware Plaintiffs in further support of their motion to enjoin further prosecution of the Illinois Action.[1]

## PRELIMINARY STATEMENT

Unsurprisingly, the Illinois Plaintiff has all but ignored the substance of the Delaware Plaintiffs' opening brief. Rather than respond to the points and authorities that overwhelmingly support an injunction of further prosecution of the Illinois Action, the Illinois Plaintiff contends that the motion for an injunction is precluded by comments made at an August 29, 2005 status conference in the Illinois Action (the "Status Conference"), in which the Delaware Plaintiffs did not participate. However, the Illinois Transcript itself does not support the Illinois Plaintiff's reading at all.

There has been no ruling in the Illinois Action on the suitability of the Illinois forum. Indeed, comments in the Illinois Transcript suggest that the Northern District of Illinois expects *this Court* to rule on the issue. Even if one could find a definitive ruling on this issue somewhere in the Illinois Transcript, such a ruling could not bind the Delaware Plaintiffs, who never joined or appeared in the Illinois Action, but only presented relevant information to the Northern District of Illinois as friends of the Court.

The Illinois Plaintiff's sole argument is devoid of merit because none of the issues raised in the Delaware Plaintiffs' *amici curiae* submissions were resolved, even if considered, in the Illinois Action. Even the defendants agree that the Northern District of Illinois is "willing to have these questions resolved by this Court." (D.I. 75 at 4.) The defendants have taken an agnostic position concerning whether the Illinois Action or the Delaware Action should proceed, asking only that this Court choose one or the other, but

---

[1] Unless otherwise defined, capitalized terms have the meanings ascribed to them in the Delaware Plaintiffs' opening brief (D.I. 69).

noting also that only the Delaware Action can comprehensively resolve the litigation. (*Id.* at 8.) The Illinois Plaintiff does not contest the substance of the Delaware Plaintiffs' opening brief. Accordingly, an injunction should issue.

## ARGUMENT

### I. THE NORTHERN DISTRICT OF ILLINOIS HAS NOT RULED ON THE SUITABILITY OF THE ILLINOIS FORUM

Wishful thinking may account for the Illinois Plaintiff's interpretation of the Illinois Transcript. In particular, the Illinois Plaintiff refers to the Illinois Transcript as an "unequivocal ruling" (D.I. 78 at 6) which precludes this Court from "reassess[ing] the convenience factors which Judge Hibbler has already considered and decided upon." (*Id.* at 2.) Elsewhere, the Illinois Transcript is said to have "effectively denied" a request for transfer (*id.* at 7) because Judge Hibbler "has already heard the arguments presented in [the] motion and declined to transfer the [Illinois] Action to this District." (*Id.* at 9.)

The first problem with this contention is that the Delaware Plaintiffs were never parties to the Illinois Action, never appeared in the Illinois Action, and never moved for any relief in the Illinois Action. Rather, upon discovering the existence of the Illinois Action, the Delaware Plaintiffs, as friends of the Court, opted to provide the Northern District of Illinois with information to assist the Court. The customary role of an *amicus* is "to aid the court and offer insights not available from the parties." *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994). *Amicus* status as such confers no particular rights of participation. Neither statute nor rule grants to an *amicus* the right to file a motion, present argument, or do anything else. Thus, the Delaware Plaintiffs never moved for transfer of the Illinois Action to this Court. Rather, the Delaware Plaintiffs provided information to the Northern District of Illinois suggesting that a transfer *sua*

*sponte* would be appropriate.  Indeed, the Illinois Transcript reflects that Judge Hibbler has found this information valuable:

> There is some indication also in the materials that I've reviewed suggesting that the matter should be more properly brought in that Court as opposed to this Court.
>
> None of th[e] issues have been answered to my satisfaction.

(Illinois Transcript at 2.)

Since there was no motion by the Delaware Plaintiffs pending before the Northern District of Illinois, it follows that there was no ruling on any motion.  The Illinois Plaintiff contends that "it is apparent from the [Illinois Transcript] that [Judge Hibbler] did in fact deny the [Delaware] Plaintiffs' request for transfer of the [Illinois] Action to this Court[.]"  (D.I. 78 at 9.)  Confirming that no motion was pending, the Illinois Transcript includes no analysis whatsoever of the balance of conveniences necessary to consider whether to transfer an action pursuant to 28 U.S.C. § 1404(a).  The Status Conference, which the Delaware Plaintiffs did not attend (having not been invited), cannot reasonably be viewed as a hearing on the merits of *any* issue, let alone the suitability of the Illinois forum.  Judge Hibbler clearly framed the purpose of the Status Conference: "I think we need to resolve that issue as to whether or not we proceed here or proceed [in Delaware.]"  (Illinois Transcript at 2.)  The Illinois Transcript indicates that Judge Hibbler was satisfied that this issue would be resolved by the Illinois Plaintiff's appearance in the Delaware Action.  (*Id.* at 11.)  The Delaware Plaintiffs' motion for an injunction of the Illinois Action advances the resolution of this issue.

Even the defendants, whose counsel actually attended the Status Conference, agree with the Delaware Plaintiffs' reading of the Illinois Transcript, observing that the

Northern District of Illinois is "willing to have these questions resolved by this Court." (D.I. 75 at 4.)

The Illinois Plaintiff has mischaracterized the Illinois Transcript as a definitive ruling on the suitability of the Illinois forum. Neither the Delaware Plaintiffs nor the defendants share this reading, which has no basis in the text of the Illinois Transcript. The Northern District of Illinois has made no ruling on the subject matter of the instant motion. Accordingly, the Illinois Plaintiffs' argument that this motion has already been "effectively denied" in the Illinois Action should be rejected.

## II. THE DELAWARE PLAINTIFFS CANNOT BE BOUND BY ANY RULING IN THE ILLINOIS ACTION

Even if Judge Hibbler's words could be construed as a definitive ruling on venue, a ruling in the Illinois Action would not be binding on the Delaware Plaintiffs, who have not sought to become parties in the Illinois Action. Providing relevant information *qua amici curiae* to the Northern District of Illinois does not preclude the Delaware Plaintiffs from seeking relief in this Court, since "[i]t is clear that appearance as *amici* does not rise to the level of participation necessary for preclusion." *Adams v. Bell*, 711 F.2d 161, 197 n.128 (D.C. Cir. 1983) (citing both *Munoz v. County of Imperial*, 667 F.2d 811, 816 (9th Cir. 1982) ("the filing of an *amicus* brief has never been enough to bind a non-party to the results of a proceeding") and *TRW, Inc. v. Ellipse Corp.*, 495 F.2d 314, 318 (7th Cir. 1974) ("TRW limited its role in the prior suit to observing the proceedings and to filing *amicus curiae* briefs. These are insufficient modes of participation to render applicable the doctrine of *res judicata*.")). In *Adams*, the Court rejected preclusion under circumstances comparable to those present here: "The *Adams* plaintiffs appeared only as *amicus curiae* in the North Carolina litigation. They purposefully chose not to intervene,

- 4 -

and neither the State of North Carolina, the government, nor the court attempted to join them." *Id.* at 197 (footnotes omitted).

The Delaware Plaintiffs never appeared as parties in the Illinois Action, and thus had no control over that litigation. *See Kerr-McGee Chemical Corp. v. Hartigan*, 816 F.2d 1177, 1181 (7th Cir. 1987) (one is "not bound simply by [an] appearance as an *amicus curiae*…[because] [p]articipation as an *amicus curiae* does not provide the requisite degree of control."). *See also* Restatement 2d, Judgments § 39, comment c. Moreover, the Delaware Plaintiffs were neither served with any orders in the Illinois Action nor invited to any hearing, including the Status Conference.[2] Indeed, counsel for the Illinois Plaintiff emphatically argued at the Status Conference that the Delaware Plaintiffs had no standing in the Illinois Action and that, accordingly, their submissions should simply be ignored:

> When we received these [*amici curiae* submissions] and when your Honor received these papers, we were in court shortly thereafter. We advised your Honor at that time that Mr. Gielata has no standing to be here in the first place. Second of all, what he's done to the extent we were going to have to engage in actual substantive analysis of what he's saying is simply wrong and false. At that point, your Honor had said that if we didn't think that your Honor had to consider those papers, you'd simply hold onto them. And we spoke to opposing counsel, and our actions speak louder than words. We thought that there was no need to even consider them.

(Illinois Transcript at 3-4.)

Summarizing this position, counsel for the Illinois Plaintiff stated:

---

[2] Judge Hibbler's comments suggest that he refrained from considering issues raised in the *amici curiae* submissions precisely because the Delaware Plaintiffs did not formally appear in the Illinois Action. (*See* Illinois Transcript at 11 ("So I did believe that it was necessary for someone to become either -- *one lawyer to become present here and intervene so I could have that lawyer present and talk what the issues really are* or the lawyer here to intervene in that action…." (emphasis added)).)

> So what's happening here, your Honor, stripping out the sound and fury, is he lacks any standing to be in this Court. … And to the extent that he had a problem with the proceedings in this Court, he had to first intervene into this action and then raise that objection here in the form of a motion for reconsideration. He didn't do it. He's not here.

(*Id.* at 8.)  The defendants' counsel shared this position:

> However, what we can say is that [the Delaware Plaintiffs' counsel] -- I would agree with what Mr. Levitt said. He has no standing here. He's not filed an appearance. He's not filed a motion to intervene. He's not filed a motion of any sort. All he has done is sent in letters to the Court with his purported amicus papers. He's not associated local counsel in Illinois….
>
> [B]ased on the papers, there's no motion for the Court to consider.

(*Id.* at 9.)

The Illinois Plaintiff's change of heart is insincere. After repeatedly disregarding the Delaware Plaintiffs' informative submissions in the Illinois Action and arguing that the Northern District of Illinois should also ignore the submissions, the Illinois Plaintiff now pretends that the Delaware Plaintiffs have had a full and fair hearing on the issue of the suitability of the Illinois forum, claiming that:

> In fact, the record shows that Judge Hibbler gave the utmost importance to the [Delaware] Plaintiffs' submissions: (i) Judge Hibbler requested that both the [Illinois Action] plaintiff's and defendants' [*sic*] respond to the [Delaware] Plaintiffs' *Amici Curiae* Memoranda; (ii) Judge Hibbler later requested a hearing on the [Delaware] Plaintiffs' *Amici Curiae* Memoranda; (iii) On August 29, 2005, Judge Hibbler held a hearing exclusively devoted to the arguments presented in the *Amici Curiae* Memoranda including those of *forum non conveniens*. It is only pursuant to Dr. Blau's filing of Dr. Blau's Response to *Amici Curiae* Memoranda as well as a hearing on the question that Judge Hibbler effectively denied the [Delaware] Plaintiffs' request for a transfer of the [Illinois] Action to Delaware.

(D.I. 78 at 10 n.4.)

This remarkable mischaracterization cries out for clarification. First, Judge Hibbler originally requested that any response to the Delaware Plaintiffs' submissions be filed before July 25, 2005, but no response was filed by that date. Then, on August 17, after no response had been filed, Judge Hibbler set the Status Conference— which was not a "hearing" since no substantive issues were discussed and, moreover, the Delaware Plaintiffs were neither noticed (much less invited) nor in attendance. Just days before the Status Conference, and only after realizing that Judge Hibbler was indeed concerned with the issues set forth in the Delaware Plaintiffs' submissions, the Illinois Plaintiff belatedly filed a partial response and moved to intervene in the Delaware Action. The Delaware Plaintiffs were not invited to participate in the Status Conference or to join the Illinois Action. Thus, there was no adversarial hearing in the Illinois Action in which the Delaware Plaintiffs were present, and there is no written opinion or language in the Illinois Transcript demonstrating that Judge Hibbler analyzed and definitively ruled on whether Illinois is an inconvenient forum for this litigation.

The Illinois Plaintiff does not argue for collateral estoppel or *res judicata* but contends instead that comity alone compels against considering any issue that has already been raised in the "unequivocal ruling" purportedly set forth in the Illinois Transcript. (D.I. 78 at 12.) Such a proposed application of comity would be inconsistent with due process of law, given that the Delaware Plaintiffs have not had any opportunity to have their concerns about the suitability of the Illinois forum heard on the merits. Indeed, the Delaware Plaintiffs were not even notified of the Status Conference.

No authority cited by the Illinois Plaintiff supports this tortured reading of the Illinois Transcript. In *Ellicott Machine Corp. v. Modern Welding Co.*, 502 F.2d 178 (4th Cir. 1974), the Court in a parallel federal action had actually denied a transfer motion by a *party*. After Ellicott Machine first sued Modern Welding in Maryland, Modern Welding then sued Ellicott Machine in Kentucky, and a dispute over forum ensued. Thus, *Ellicott* does not involve non-parties involved in parallel litigation, like the Delaware Plaintiffs, who supplied relevant information for the benefit of the Court. Unlike in *Ellicott*, the issue of non-appealability of interlocutory orders is absent here because the Northern District of Illinois did not even have before it a motion for transfer under 28 U.S.C. § 1404(a) to grant or deny.

*Hoffman v. Blaski*, 363 U.S. 335 (1960), is similarly inapposite. In *Hoffman*, the Supreme Court clarified the requirement of § 1404(a) that an action can only be transferred to a forum "where it might have been brought." *Id.* at 344. No other question was considered. *Id.* at 340 ("[T]he parties have in this Court commendably narrowed their contentions to the scope of the only relevant inquiry."). The Illinois Plaintiff cites the dissenting opinion in *Hoffman* for a "widely recognized principle"— namely, finality of judgments. (D.I. 78 at 7.) However, as already amply shown, the principle of deference to a previous decision, whether under *res judicata*, *stare decisis*, collateral estoppel, or comity, is beside the point as there is no previous decision to defer to in this litigation.

## III.    THE ILLINOIS PLAINTIFF DOES NOT CONTEST THAT AN INJUNCTION SHOULD ISSUE

Rather than contest the merits of the Delaware Plaintiffs' motion for an injunction, the Illinois Plaintiff elected to argue only that the motion is precluded by

comments made at the Status Conference. As stated above, this argument is wholly meritless. The Illinois Plaintiff offers no other reason why an injunction should not issue.

The Illinois Plaintiff scoffs at the notion that "proximity to a courthouse should be afforded any persuasive effect," (D.I. 78 at 6 n.2), even though, in balancing the conveniences between two districts, a well-settled critical factor is whether a courthouse is close enough to relevant witnesses to make available compulsory attendance at trial. (D.I. 69 at 9-11 (citing cases).)

The Illinois Plaintiff brushes off all the authorities cited in the opening brief and does not seriously contest (i) that Delaware is more convenient than Illinois for this litigation or (ii) that "first-filed" status (even if the Illinois Action could claim to be first-filed) is immaterial in the wake of the PSLRA. In a footnote, the Illinois Plaintiff cites only *Semmes Motors, Inc. v. Ford Motor Co.*, (D.I. 78 at 6-7 n.2), which implicitly notes that a first-filed suit may give way to a parallel second-filed suit if the balance of conveniences favors the second action. 429 F.2d 1197, 1202 (2d Cir. 1970) (citing *Remington Products Corp. v. American Aerovap, Inc.*, 192 F.2d 872, 873 (2d Cir. 1951)).

The Illinois Plaintiff also disregards the critical fact that the Delaware Action is substantially more comprehensive in terms of parties and claims than the Illinois Action. (D.I. 69 at 17-20.) The defendants concede that this consideration, as well as the presumption that this Court is more familiar with the law that governs the Delaware Plaintiffs' claims for breach of fiduciary duty, weighs in favor of the primacy of the Delaware Action. (D.I. 75 at 7-8.)[3]

---

[3] Defendants incorrectly contend that the Delaware Plaintiffs have not explained why they did not move to be appointed lead plaintiffs in the Illinois Action. (D.I. 75 at 7.) In fact, as defendants note, the Delaware Plaintiffs were not aware of the Illinois Action until their counsel was advised of its existence earlier this year. (*Id.* at 4.) A majority of the claims and theories in the Delaware Action are absent from the Illinois

At bottom, the Illinois Plaintiff has retreated from reality in responding to the instant motion by ignoring the text of the Illinois Transcript as well as the arguments set forth in the opening brief. The defendants concur that only the Delaware Action can comprehensively resolve this litigation. Accordingly, this Court should enjoin any further prosecution of the Illinois Action.[4]

## CONCLUSION

For the reasons stated above and in the Delaware Plaintiffs' opening brief, the Court should enjoin the Illinois Plaintiff and defendants from proceeding further with the Illinois Action (or commencing or prosecuting any litigation in any court other than the District of Delaware concerning, or arising out of, the subject matter of the Delaware Action), until such time as the Delaware Action has been decided on its merits.

DATED:   October 13, 2005        Respectfully submitted,

/s/ Joseph N. Gielata
Joseph N. Gielata (DSB # 4338)
Attorney at Law
501 Silverside Road, Suite 90
Wilmington, DE 19809
(302) 798-1096

*Lead Counsel for Plaintiffs
and the Putative Class*

---

Action, and several defendants who are named and who waived service of process in the Delaware Action were either not named or not served in the Illinois Action. (D.I. 69 at 17-20.) In light of these critical disparities, there was no reason for the Delaware Plaintiffs to participate in the defective Illinois Action. Moreover, given that the Illinois Action was inadequately noticed (D.I. 65 at 31-34; D.I. 76 at 10-11), and inexplicably commenced in an inconvenient forum, (D.I. 69 at 7-15), no member of the Delaware Action class was obliged to participate in the Illinois Action. Neither the defendants nor the Illinois Plaintiff cite any authority stating such an obligation.

[4] Despite defendants' contention that such an injunction, if granted, should extend only to the Illinois Plaintiff, (D.I. 75 at 8-9), there is precedent for enjoining *all* parties in parallel litigation. *See, e.g., Kewanee Oil Co. v. M & T Chemicals, Inc.*, 315 F. Supp. 652, 656 (D. Del. 1970) ("Accordingly, since the present case will not be transferred or stayed, the parties will be enjoined from proceeding further [in the parallel case.]"); *S-Fer Intern., Inc. v. Paladion Partners, Ltd.*, 906 F. Supp. 211, 217 (S.D.N.Y. 1995) ("[The] motion to enjoin the parties from proceeding with the California action pending completion of this case is granted.").

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that, on October 13, 2005, I electronically filed *PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO ENJOIN FURTHER PROSECUTION OF BLAU V. HARRISON, ET AL.* with the Clerk of Court using CM/ECF which will send notification of such filing to:

> Michael R. Robinson, Esq.
> **RICHARDS LAYTON & FINGER, P.A.**
> One Rodney Square
> Wilmington, DE 19801
> *Counsel for Defendants*
>
> Robert R. Davis, Esq.
> **CHIMICLES & TIKELLIS LLP**
> P.O. Box 1035
> One Rodney Square
> Wilmington, DE 19899
> *Counsel for Proposed Intervenor*

           /s/ Joseph N. Gielata
          Joseph N. Gielata (DSB # 4338)
          Attorney at Law
          501 Silverside Road, Suite 90
          Wilmington, Delaware 19809
          (302) 798-1096
          attorney@gielatalaw.com