## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL I. HYLAND and STEPHANIE SPEAKMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, and J.P. MORGAN CHASE & CO., and JAMES DIMON,<br><br>Defendants. | Case No. 1:05-cv-162 (JJF)<br><br>CLASS ACTION |
| DR. STEPHEN BLAU, Individually and On Behalf of All Others Similarly Situated,<br><br>Applicants-In-Intervention | |

## DR. STEPHEN BLAU'S REPLY BRIEF IN OPPOSITION TO DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFFS' MOTION TO ENJOIN FURTHER PROSECUTION OF *BLAU V. HARRISON, ET AL.*

Dated: October 14, 2005

CHIMICLES & TIKELLIS LLP

Pamela S. Tikellis (#2172)
Robert Davis (#4536)
One Rodney Square
P.O. Box 1035
Wilmington, Delaware 19899
(302) 656-2500

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Gregory M. Nespole (of the New York bar)
Adam J. Levitt (of the Illinois bar)

# TABLE OF CONTENTS

Table of Authorities ........................................................................................................... ii

INTRODUCTION .............................................................................................................. 1

    Nature And Stage Of Proceeding......................................................................................... 2

ARGUMENT ...................................................................................................................... 3

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Hyland v. Harrison,*
  C.A. No. 05-162 JJF (D. Del. April 18, 2005) (order denying motion
  for injunction) ...........................................................................................................2, 3

## INTRODUCTION

Dr. Stephen Blau, court appointed lead plaintiff on behalf of a proposed class consisting of thousands of shareholders by and through his counsel has taken extraordinary steps to ensure that the claims he alleged are properly adjudicated and that he exercises his fiduciary responsibilities in a manner that serves the best interests of the proposed class. Mr. Gielata, counsel for the Hyland Plaintiffs, has elected to pursue a different course. He has filed everything from a procedurally defective *amicus* brief before Judge Hibbler in Chicago (while explicitly stating he was not appearing in the action), to a motion seeking to disqualify the Wolf Haldenstein firm as counsel in this case even though the motion to intervene is *sub judice*, to filing before Your Honor a frivolous motion to enjoin the proceeding before Judge Hibbler – a fellow Article III Judge - alleging nonsensical and previously rejected arguments (D.I. 68). In every instance, Mr. Gielata burdens the Court and the class by proffering outrageous arguments that are more noteworthy for their disparaging tone than their legal alacrity. This must stop and defendants' recent submission further demonstrates why.

Defendants are not the focus of Mr. Gielata's attacks, apart from an allegation that defendants are somehow colluding with Dr. Blau's counsel – an allegation that was refuted by defendants' counsel before Judge Hibbler during a conference addressing and rejecting Mr. Gielata's myriad allegations. While defendants have expressed their neutrality to date mostly through silence, they recently felt compelled to reiterate in writing that they take no position on whether this action should be enjoined or stayed in deference to the first-filed Illinois action. Defendants' election to finally join in the fray, however, further demonstrates that Your Honor is left with two options, of which only one is viable: stay these proceedings and allow the case to move apace in Chicago, where it was originally filed and lead plaintiff and lead counsel were appointed pursuant to the PSLRA.

1

**Nature and Stage of Proceeding**

Given that the Court has before it a plethora of materials laying out this actions' and the Illinois Action's respective procedural postures, Dr. Blau respectfully directs the Court's attention to his opposition to the Hyland Plaintiffs' motion to enjoin (D.I. 78), Dr. Blau's opposition to the Hyland Plaintiffs' motion to disqualify Wolf Haldenstein (D.I. 73), and Dr. Blau's motion to intervene along with the accompanying affidavits of Gregory M. Nespole (D.I. 60).

## ARGUMENT

Defendants are correct in stating that Your Honor is presented with two options. First, Your Honor could allow Dr. Blau to intervene and stay this action on principles of comity and out of deference to the first-filed action pending in Illinois before Judge Hibbler. Alternatively, Your Honor could enjoin a proceeding before a fellow Article III Judge who already stated that he believes the case is rightfully before him and who has already considered Mr. Gielata's litany of criticisms and found them to be of no import. Importantly, defendants have never contested jurisdiction or venue in Chicago and motions to dismiss are presently *sub judice* before Judge Hibbler.

Defendants' memorandum, while offering alternatives, really presents nothing more than a Hobson's choice. It is beyond cavil that it would be inappropriate under these circumstances to enjoin the proceeding before Judge Hibbler. Indeed, the reasonable and judicially sound choice is to stay this action given the circumstances and the conduct of the litigation to date which is replete with attempts to enjoin other actions, court and bar associations, and state officials.

This Court has previously refused to grant a prior motion to enjoin a Delaware state court action that the Hyland plaintiffs argued threatened this action. Specifically, on April 18, 2005, You Honor denied an application brought under, among other things, the All Writs Act to stay

2

the then pending action before Vice Chancellor Lamb styled *In re J.P. Morgan Chase & Co. Shareholder Litigation*, CA No. 531-N. (D.I. 19). There, Your Honor stated that the "Court finds that the harm Plaintiff alleges is speculative, and the Court will not enjoin the state court litigation absent some tangible showing that the co-pending state court proceedings are being used to frustrate an important federal right." (*Id.*) Here, similar circumstances warrant a similar result: the Illinois action, being pursued by a properly appointed lead plaintiff, should not be enjoined; rather, this action should be stayed following Dr. Blau's intervention and this collateral battle must end so that the case's merits are litigated. Thus, defendants are correct in theory - there are two options. Only one, however, is judicially sound. This action must be stayed and the application to enjoin denied.

Dated: October 14, 2005

CHIMICLES & TIKELLIS LLP

_____
Pamela S. Tikellis (#2172)
Robert Davis (#4536)
One Rodney Square
P.O. Box 1035
Wilmington, Delaware  19899
(302) 656-2500

OF COUNSEL:

Adam J. Levitt, Esquire
Wolf Haldenstein Adler Freeman
& Herz LLC
55 West Monroe Street, Suite 1111
Chicago, Illinois  60603
(312) 984-0000

Gregory M. Nespole, Esquire
Wolf Haldenstein Adler Freeman
& Herz LLP
270 Madison Avenue
New York, New York 10016
(212) 545-4600