IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL I. HYLAND and STEPHANIE SPEAKMAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, JPMORGAN CHASE & CO., and JAMES DIMON,<br><br>    Defendants. | Case No. **1:05-cv-162 (JJF)**<br><br>**CLASS ACTION** |

**PLAINTIFFS' MOTION TO TAKE LIMITED
DISCOVERY OF STEPHEN BLAU**

Plaintiffs Samuel I. Hyland and Stephanie Speakman ("Plaintiffs") respectfully request that this Court issue an Order granting leave to take limited discovery of Stephen Blau ("Blau"), the purported lead plaintiff in *Blau v. Harrison, et al.*, No. 04C 6592 (N.D. Ill.) (the "Illinois Action"). In light of the numerous irregularities which have surfaced in connection with the appointment of Blau and the American Growth Fund, Inc. ("AGF") as co-lead plaintiffs in the Illinois Action, followed by the abrupt withdrawal of AGF, discovery is appropriate pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iv) to verify Blau's participation in this litigation, as well as the veracity of representations made by counsel on Blau's behalf.

## BACKGROUND

Through his counsel, Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), Blau has moved to intervene in this action in order to seek a stay in favor of the Illinois Action. (D.I. 58.) As set forth more fully in Plaintiffs' motion to disqualify Wolf Haldenstein (D.I. 64, 65), Wolf Haldenstein commenced the Illinois Action by filing a complaint together with a certification by Blau, dated October 12, 2004 (D.I. 60 Ex. C), representing *inter alia* that: (i) Blau had reviewed the complaint and authorized the commencement of the Illinois Action; (ii) Blau purchased 899.9 shares[1] of JPMorgan Chase & Co. on January 21, 1994; and (iii) Blau is willing to provide testimony at a deposition. Wolf Haldenstein partner Gregory M. Nespole, Esq. has expressly reaffirmed these representations in this action. (D.I. 60 ¶ 5.)

In connection with a lead plaintiff/lead counsel application in the Illinois Action, Wolf Haldenstein submitted Blau's certification, this time with the additional certification of AGF, a mutual fund located in Colorado.[2]

AGF subsequently withdrew from the Illinois Action as soon as it discovered that it had been appointed lead plaintiff. (D.I. 65 Ex. 3.) Upon discovering its unwitting role (by virtue of mistakenly signing what appeared to be a proof of claim form), AGF immediately ordered that its involvement in the Illinois Action be terminated. Moreover, the Affidavit of Gregory Mark Nespole, Esq. ("Nespole Affidavit") (D.I. 74), submitted in support of Blau's Answering Brief in Opposition to the Motion to Disqualify Wolf Haldenstein (D.I. 73), amply demonstrates that Wolf Haldenstein failed to meaningfully communicate with AGF, let alone to inform the fund of the responsibilities of a lead

---

[1] There is a reasonable basis to question this representation because it is impossible to buy or sell fractional shares on the New York Stock Exchange.

[2] As noted in Plaintiffs' Motion to Enjoin Further Prosecution of the Illinois Action, Wolf Haldenstein chose to commence the Illinois Action in a venue with no apparent connection to the parties, witnesses or events at issue in this litigation. (D.I. 69 at 4, 7-14.)

plaintiff.  Based upon this record, it is eminently possible that, like AGF, Blau did not intend to become involved in the Illinois Action, or he may not fully understand the responsibilities of a representative plaintiff in a class action.

Raising questions as to Wolf Haldenstein's solicitation tactics, the Nespole Affidavit entirely fails to plausibly explain how AGF mistakenly moved for and was appointed lead plaintiff as a result of what an AGF officer described to the undersigned counsel as a "clerical error."  (D.I. 65 Decl. ¶ 10.)  Rather, even a cursory review of the Nespole Affidavit reveals that it is carefully drafted to sidestep critical questions.  For example, Mr. Nespole's discussion of AGF's involvement begins with: "[o]n or about November 23, 2004, I received in the mail an unsigned plaintiff's certificate from American Growth Fund, Inc.. . ." (D.I. 74 ¶ 4) but omits how and from whom AGF received the certificate (which mimics a claims form[3]).  Moreover, Mr. Nespole effectively admits that he never spoke with any representative of AGF prior to moving for AGF's appointment as co-lead plaintiff and for the appointment of Wolf Haldenstein as AGF's purportedly chosen counsel.  This conduct alone casts substantial doubt on whether Blau made an informed decision to serve as lead plaintiff in the Illinois Action.

---

[3] Plaintiffs have called the Court's attention to this misleading practice in previous submissions. (D.I. 62 at 5-8; D.I. 65 at 26-30.)  *See also Sakhrani v. Brightpoint, Inc.*, 78 F. Supp. 2d 845, 847 (S.D. Ind. 1999) (noting "powerful incentives for lawyers competing to represent the class to solicit clients and to create misleading forms of notice under the PSLRA that prompt plaintiffs to 'volunteer' as lead plaintiffs when they think they are merely providing notice to preserve their claims.").  In *Sakhrani*, the Court observed that "volunteers are often collected by inviting investors who read the national notice under the PSLRA to send in a form to a law firm. Evidence in the record in this case indicates that at least some investors who send in such forms believe they are merely taking minimal, required steps to preserve their claims, not volunteering to take on the leadership of a nationwide class with thousands of members or more." *Id.* at 851. Wolf Haldenstein's website advances this ongoing misleading practice by inviting potential class members to "participate" in various class actions through boilerplate sign-up forms apparently without engaging in any dialogue with potential clients about lead plaintiff duties or securities class action procedures. *See, e.g.,* Selected web pages from Wolf Haldenstein website (attached hereto as Exhibit A).

## PLAINTIFFS HAVE DEMONSTRATED A
## REASONABLE BASIS TO CONDUCT LIMITED DISCOVERY

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that "discovery relating to whether a member…of the purported plaintiff class is the most adequate plaintiff may be conducted by a plaintiff only if the plaintiff first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class."  15 U.S.C. §78u-4(a)(3)(B)(iv).

Plaintiffs have more than adequately identified a "reasonable basis" to take discovery as to the adequacy of Blau in light of the issues stated above.  Blau claims to be the lead plaintiff in the Illinois Action, but Plaintiffs, who have been appointed lead plaintiffs in the above-captioned action, dispute that Blau is the "most adequate plaintiff" in any sense.[4]  If Blau misrepresented his financial stake in this litigation, if he mistakenly signed or was duped into signing the certification, if he is unable or unwilling to monitor counsel, if he has not had a sufficient opportunity to communicate with Wolf Haldenstein, or if he is simply unaware of his purported role in the Illinois Action, then he may not be an adequate class representative.

Given the importance of this issue, as evidenced by the PSLRA's focus on "prevent[ing] 'lawyer-driven' litigation," *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001), it should not be unduly burdensome for Blau, if in fact he is willing to serve as lead plaintiff, to submit to a brief deposition regarding these matters.  Further, it cannot be disputed that, if Blau turns out to be an illusory client like AGF, that fact would substantially impact these proceedings.

---

[4] Blau is certainly not the "presumptively most adequate plaintiff," as the PSLRA defines that term, *see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) because his financial interest in the litigation is less than one-sixth of the Plaintiffs' financial interest.

- 4 -

In accordance with Local Rule 7.1.1, Plaintiffs' counsel attempted to confer with Gregory Nespole, Esq., counsel to Blau, concerning this motion, but did not reach any agreement on the matters set forth herein. In particular, Mr. Nespole declined to furnish any evidence (documentary or otherwise) of Blau's existence or purported holding. Courts have rejected the adequacy of proposed lead plaintiffs based on lack of sufficient information. *See, e.g., Clair v. DeLuca*, No. Civ. A. 03-288, --- F.R.D. ----, 2005 WL 3019124, at *7 (W.D. Pa. Nov. 10, 2005) (rejecting lead plaintiff candidates because "[w]e know nothing about the Glover Plaintiffs' understanding of their role and responsibilities as lead plaintiff, their commitment to pursue vigorously litigation that is liable to extend for years, or their experience directing counsel.") (attached hereto as Exhibit B). In *Piven v. Sykes Enterprises, Inc.*, the Court rejected a proposed lead plaintiff due to its proposed co-lead plaintiff's unexplained "sudden withdrawal" and a "dearth of information regarding [the plaintiff] in the record" which "opposed any discovery regarding its suitability to serve as lead plaintiff despite this complete lack of information in the record." 137 F. Supp. 2d 1295, 1305 (M.D. Fla. 2000). The abrupt withdrawal of AGF in this litigation mirrors the mysterious withdrawal in *Piven* and further highlights the need to conduct limited discovery on Blau.

WHEREFORE, Plaintiffs respectfully request that they be granted leave to serve document requests upon and take the deposition of Blau.

DATED:   November 30, 2005         Respectfully submitted,

/s/ Joseph N. Gielata
Joseph N. Gielata (DSB # 4338)
Attorney at Law
501 Silverside Road, Suite 90
Wilmington, DE 19809
(302) 798-1096

*Lead Counsel for Plaintiffs
   and the Putative Class*

- 5 -

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 30, 2005, I electronically filed *PLAINTIFFS'*

*MOTION TO TAKE LIMITED DISCOVERY OF STEPHEN BLAU* with the Clerk of Court using

CM/ECF which will send notification of such filing to:

> Michael R. Robinson, Esq.
> **RICHARDS LAYTON & FINGER, P.A.**
> One Rodney Square
> Wilmington, DE  19801
> *Counsel for Defendants*
>
> Robert R. Davis, Esq.
> **CHIMICLES & TIKELLIS LLP**
> P.O. Box 1035
> One Rodney Square
> Wilmington, DE  19899
> *Counsel for Proposed Intervenor*

                                             /s/ Joseph N. Gielata
                                      Joseph N. Gielata (DSB # 4338)
                                      Attorney at Law
                                      501 Silverside Road, Suite 90
                                      Wilmington, Delaware 19809
                                      (302) 798-1096
                                      attorney@gielatalaw.com