**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SAMUEL I. HYLAND and STEPHANIE SPEAKMAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, JPMORGAN CHASE & CO., and JAMES DIMON,<br><br>    Defendants. | Case No. **1:05-cv-162 (JJF)**<br><br>**CLASS ACTION** |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION
TO TAKE LIMITED DISCOVERY OF STEPHEN BLAU**

Plaintiffs respectfully submit this reply in further support of their motion for leave to take limited discovery of Stephen Blau (the "Discovery Motion") (D.I. 84).

The Discovery Motion concisely sets forth: (i) a specific statutory provision permitting the discovery sought, *see* 15 U.S.C. § 78u-4(a)(3)(B)(iv); and (ii) facts supporting a reasonable basis for this Court to find that limited discovery of Blau is appropriate and necessary to safeguard the interests of the class (including, *inter alia*, that counsel for Blau previously proffered an unwilling plaintiff in the Illinois Action who later withdrew). In light of Blau's failure to respond to any of Plaintiffs' substantive arguments, the Discovery Motion should be granted as unopposed.

Disregarding regular motion practice, Blau responded to the Discovery Motion by filing a letter to the Court (the "Letter") (D.I. 85). The Letter fails to address any of the substantive grounds set forth in the Discovery Motion. Instead, the Letter contends that: (i) "the Court should not require a formal opposition to the so-called 'motion'" because "[t]here is no procedural or substantive basis – and counsel points to none – for taking discovery from a third party like Dr. Blau except by way of subpoena" (*id.* at 1-2); (ii) Plaintiffs' reasons for seeking discovery have already been rejected in the Illinois Action (*id.* at 2); and (iii) "Plaintiffs' unfounded allegations against Dr. Blau and his counsel already have been fully briefed" (*id.* at 3). All three contentions are meritless.

*First*, the Discovery Motion cites 15 U.S.C. § 78u-4(a)(3)(B)(iv) as supplying clear authority for the limited discovery requested, subject to the condition that a reasonable basis be "first demonstrate[d]" by a plaintiff, and, per that provision, articulates a specific, well-founded basis for this Court to make a "finding" to permit such discovery. The limited discovery is necessary to answer such basic yet potentially dispositive questions as: Is Blau a bona fide plaintiff? If so, did Blau, in fact, read the complaint in the Illinois Action and authorize its filing? Is Blau aware of his role and responsibilities in the Illinois Action?

That Blau, *qua* proposed intervenor, is not a party to this litigation (D.I. 85 at 2) is immaterial because 15 U.S.C. § 78u-4(a)(3)(B)(iv) covers any "member or members of the purported plaintiff class." In light of the PSLRA's automatic stay of discovery, *see* 15 U.S.C. § 78u-4(b)(3)(B), Plaintiffs are prohibited from seeking testimony and other information from Blau by subpoena without prior leave of the Court.[1]

---

[1] If such leave is granted, Plaintiffs will of course cause an appropriate subpoena *duces tecum* and *ad testificandum* to be properly served on Blau.

*Second*, Blau's contention that "Plaintiffs' reason for seeking the discovery… has already been rejected by Judge Hibbler" (D.I. 85 at 2) is simply wrong. The record of proceedings in the Illinois Action indicates that Judge Hibbler declined to address the issues raised in Plaintiffs' *amici* submissions at the insistence of Blau and the defendants, who together argued emphatically that the *amici* submissions should be ignored. (D.I. 80 at 2-4.) Moreover, no discovery, pursuant to § 78u-4(a)(3)(B)(iv) or otherwise, has been sought in the Illinois Action.

*Third*, this is the first formal request by Plaintiffs to seek information from Blau. Thus, Blau's assertion that "Plaintiffs' unfounded allegations against Dr. Blau and his counsel already have been fully briefed before this Court" (D.I. 85 at 3) entirely sidesteps the points and authorities set forth in the Discovery Motion and, moreover, finds little support in the record. In fact, Blau's counsel has repeatedly failed to adequately explain the short-lived appointment of Blau and AGF as co-lead plaintiffs in the Illinois Action, including AGF's abrupt withdrawal. This does not mean that the issue has been "fully briefed" or in any way settled.

Ultimately, Blau does not challenge the grounds set forth in the Discovery Motion but, instead, asserts in conclusory fashion that no opposition is necessary, nebulously points to other submissions on the docket and directs the Court to decide whether Blau should oppose the motion at all. (D.I. 85 at 3.) The Letter is not an appropriate or substantive opposition and, accordingly, the Discovery Motion should be deemed unopposed.[2]

---

[2] The parting assertion of Blau's counsel to "stand ready to submit a brief in opposition" (D.I. 85 at 3) is a procedurally improper request for an enlargement of time which should be summarily denied for failure to set forth any grounds for such an application.

WHEREFORE, Plaintiffs respectfully request that this Court enter the Order proposed in connection with the Discovery Motion.

DATED:       December 16, 2005             Respectfully submitted,

/s/ Joseph N. Gielata
Joseph N. Gielata (DSB # 4338)
Attorney at Law
501 Silverside Road, Suite 90
Wilmington, DE 19809
(302) 798-1096

*Lead Counsel for Plaintiffs
     and the Putative Class*

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that, on December 16, 2005, I electronically filed *PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO TAKE LIMITED DISCOVERY OF STEPHEN BLAU* with the Clerk of Court using CM/ECF which will send notification of such filing to:

> Michael R. Robinson, Esq.
> **RICHARDS LAYTON & FINGER, P.A.**
> One Rodney Square
> Wilmington, DE 19801
> *Counsel for Defendants*
>
> Robert R. Davis, Esq.
> **CHIMICLES & TIKELLIS LLP**
> P.O. Box 1035
> One Rodney Square
> Wilmington, DE 19899
> *Counsel for Proposed Intervenor*

          /s/ Joseph N. Gielata
          Joseph N. Gielata (DSB # 4338)
          Attorney at Law
          501 Silverside Road, Suite 90
          Wilmington, Delaware 19809
          (302) 798-1096
          attorney@gielatalaw.com