# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

MICHAEL R. ROBINSON

DIRECT DIAL NUMBER
302-651-7767
ROBINSON@RLF.COM

January 10, 2006

**VIA ELECTRONIC FILING**
Honorable Joseph J. Farnan, Jr.
U.S. District Court for the District of Delaware
District of Delaware
844 N. King Street, Room 4209
Wilmington, DE 19801

Re:    **Hyland and Speakman v. Harrison, *et al.*, Case No. 1:05-cv-162**

Dear Judge Farnan:

Plaintiffs' December 30, 2005 submission to the Court of *In re NYSE/Archipelago Merger Litig.*, No. 601646/05 (N.Y. Sup. Ct. Sept. 2, 2005), misunderstands that case and offers no basis for this Court to overrule the Delaware Court of Chancery's holding that state law claims challenging the fairness of the premium paid by JPMC to Bank One are derivative, not direct, under the test set forth in *Tooley v. DLJ, Inc.*, 845 A.2d 1031 (Del. 2004). *See In re J.P. Morgan Chase & Co. S'holder Litig.*, C.A. No. 531-N, 2005 Del. Ch. LEXIS 51, at *22-25 (Del. Ch. Apr. 29, 2005). The *NYSE/Archipelago* court's application of the *Tooley* test was predicated on allegations that the corporation *benefited* from the challenged transaction by having "more assets appear[] on [its] balance sheet" as a result of the alleged breach, which obviously "cannot be characterized as an injury to the corporate entity." *Slip op.* at 24. Plaintiffs here make no such allegation, instead relying on a dilution theory (Am. Compl. ¶¶ 164, 168-70) already rejected by the Court of Chancery. *See In re J.P. Morgan Chase*, 2005 Del. Ch. LEXIS 51, at *20-21.

Respectfully submitted,

Michael R. Robinson (DSBA # 4452)

MRR:mr
cc:    Clerk of Court (By Electronic Filing)
       Michael A. Cooper, Esq. (By Email)
       Joseph N. Gielata, Esq. (By Electronic Filing)
       Nancy E. Schwarzkopf, Esq. (By Email)
       Pamela Tikellis, Esq. (By Hand)

RLF1-2967507-1