**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SAMUEL I. HYLAND, *et al.*,<br>    Plaintiffs,<br>    v.<br>WILLIAM B. HARRISON, JR., *et al.*,<br>    Defendants. | Civil Action No. **05-162 JJF**<br><br>**CLASS ACTION** |

**PLAINTIFFS' SUBMISSION OF SUBSEQUENT AUTHORITY**

Pursuant to Local Rule 7.1.2(c), plaintiffs respectfully submit a pertinent decision issued after the filing of their answering brief in opposition to defendants' motion to dismiss the amended complaint (D.I. 52).

Plaintiffs contend that 15 U.S.C. § 78u-4(b)(2) of the Private Securities Litigation Reform Act of 1995 violates the Seventh Amendment insofar as it usurps the jury's role. (D.I. 52 at 37-40.)  The Seventh Circuit recently addressed this issue.  *See Makor Issues & Rights, Ltd. v. Tellabs Inc.*, No. 04-1687, --- F.3d ----, 2006 WL 172142, at *12 (7th Cir. Jan. 25, 2006) (attached hereto as Exhibit A) (noting that a standard under which plaintiffs are entitled only to the most plausible of competing inferences "could potentially infringe upon plaintiffs' Seventh Amendment rights." (citation omitted)).  In an attempt to avert the constitutional problem, the Court "adopt[ed] an approach that cannot be misunderstood as a usurpation of the jury's role." *Ibid*.  "Instead of accepting only the most plausible of competing inferences as sufficient at the pleading stage, we will allow the complaint to survive if it alleges facts from which, if true, a reasonable person could infer that the defendant acted with the required intent." *Ibid.*  "'Faced with two seemingly equally strong inferences, one favoring the plaintiff and one favoring the

- 2 -

defendant, it is inappropriate for us to make a determination as to which inference will ultimately prevail, lest we invade the traditional role of the factfinder.'" *Ibid.* (quoting *Pirraglia v. Novell, Inc.*, 339 F.3d 1182, 1188 (10th Cir. 2003)).

Despite defendants' characterization of plaintiffs' constitutional argument as "frivolous," (D.I. 54 at 8 n.5), clearly the Seventh Circuit shares plaintiffs' concern that § 78u-4(b)(2) potentially raises a constitutional problem.

DATED:   January 27, 2006        Respectfully submitted,

/s/ *Joseph N. Gielata*
JOSEPH N. GIELATA (DSBA # 4338)
Attorney at Law
501 Silverside Road, Suite 90
Wilmington, DE 19809
(302) 798-1096

*Lead Counsel for Plaintiffs
   and the Putative Class*

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 27, 2006, I electronically filed *PLAINTIFFS'*

*SUBMISSION OF SUBSEQUENT AUTHORITY* with the Clerk of Court using CM/ECF which

will send notification of such filing to:

> Michael R. Robinson, Esq.
> **RICHARDS LAYTON & FINGER, P.A.**
> One Rodney Square
> Wilmington, DE  19801
> *Counsel for Defendants*
>
> Robert R. Davis, Esq.
> **CHIMICLES & TIKELLIS LLP**
> P.O. Box 1035
> One Rodney Square
> Wilmington, DE  19899
> *Counsel for Proposed Intervenor*

                                                             /s/ *Joseph N. Gielata*
                                                    JOSEPH N. GIELATA (DSBA # 4338)
                                                    Attorney at Law
                                                    501 Silverside Road, Suite 90
                                                    Wilmington, Delaware 19809
                                                    (302) 798-1096
                                                    attorney@gielatalaw.com