IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SAMUEL I. HYLAND and STEPHANIE :
SPEAKMAN, individually and on  :
behalf of all other similarly :
situated,                      :
                               :
             Plaintiffs,       :
                               :
        v.                     :   Civil Action No. 05-162-JJF
                               :
WILLIAM B. HARRISON, JR., HANS :
W. BECHERER, RILEY P. BECHTEL, :
FRANK A. BENNACK, JR., JOHN H. :
BIGGS, LAWRENCE A. BOSSIDY, M. :
ANTHONY BURNS, ELLEN V. FUTTER,:
WILLIAM H. GRAY, III, HELENE L.:
KAPLAN, LEE R. RAYMOND, JOHN R.:
STAFFORD, JPMORGAN CHASE & CO.,:
and JAMES DIMON,               :
                               :
             Defendants.       :
_____:
                               :
DR. STEPHEN BLAU, individually :
and on behalf of all others    :
similarly situated,            :
                               :
     Applicant-in-Intervention :

Joseph N. Gielata, Esquire of JOSEPH N. GIELATA, ATTORNEY AT LAW,
Wilmington, Delaware.
Counsel for Plaintiffs.

Jesse A. Finkelstein, Esquire and Michael R. Robinson, Esquire of
RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware.
Counsel for Defendants.
Of Counsel:  Michael A. Cooper, Esquire; Sharon L. Nelles,
Esquire and Keith Levenberg, Esquire of SULLIVAN & CROMWELL LLP,
New York, New York.
Counsel for the Individual Defendants.
Of Counsel:  Nancy E. Schwarzkopf, Esquire of JPMORGAN CHASE
LEGAL DEPARTMENT, New York, New York.
Counsel for J.P. Morgan Chase & Co.

Pamela S. Tikellis, Esquire and Robert Davis, Esquire of
CHIMICLES & TIKELLIS LLP, Wilmington, Delaware.

Of Counsel:  Gregory M. Nespole, Esquire of WOLF HALDENSTEIN
ADLER FREEMAN & HERZ LLP, New York, New York.
Adam J. Levitt, Esquire of WOLF HALDENSTEIN ADLER FREEMAN & HERZ
LLC, Chicago, Illinois.
Counsel for Stephen Blau.

## O P I N I O N

February ___, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is the Motion of Dr. Stephen Blau
To Intervene In Order To Further Move That This Action Be Stayed
(D.I. 58) and a Motion To Enjoin Further Prosecution Of <u>Blau v.
Harrison, et al.</u> (D.I. 68) filed by Plaintiffs, Samuel Hyland and
Stephanie Speakman (the "Hyland Plaintiffs"). For the reasons
discussed, the Court will grant Dr. Stephen Blau's Motion To
Intervene and grant his request for a stay. The Court will deny
as moot the Hyland Plaintiffs' Motion To Enjoin Further
Prosecution Of <u>Blau v. Harrison, et al.</u>

### BACKGROUND

On October 13, 2004, Dr. Stephen Blau ("Dr. Blau") commenced
an action in the United States District Court for the Northern
District of Illinois (the "Illinois Action") alleging that
Defendants[1] violated Section 14(a) of the Securities Exchange Act
of 1934 (the "Exchange Act") in connection with the merger of
J.P. Morgan Chase & Co. and Bank One Corporation. Dr. Blau filed
the Illinois Action on behalf of himself and all holders of
common stock of J.P. Morgan Chase on April 2, 2004 (the record
date), or any time from April 19, 2004 (the proxy date) through
July 1, 2004 (the date the merger was consummated). Judge

---

[1]    Defendants in the Illinois Action are William B.
Harrison, Jr., Hans W. Becherer, Riley P. Bechtle, Frank A.
Bennack, Jr., John H. Biggs, Lawrence A. Bossidy, M. Anthony
Burns, Laurence Fuller, Ellen V. Futter, William H. Gray, III,
Helene L. Kaplan, Lee R. Raymond, John R. Stafford, and J.P.
Morgan Chase & Co.

William J. Hibbler presides over the Illinois Action.

On January 5, 2005, Judge Hibbler entered an order appointing Dr. Blau and American Grown Fund, Inc. ("AGF") lead plaintiffs in the Illinois Action and appointing Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as lead counsel. (D.I. 60, Exh. A).  On February 18, 2005, AGF withdrew as lead plaintiff, and Dr. Blau filed an Amended Complaint in the Illinois Action.

On March 17, 2005, the Hyland Plaintiffs through their counsel Joseph N. Gielata, Esquire, filed the instant action alleging similar claims against the same Defendants in connection with the J.P. Morgan and Bank One Merger.[2]  Shortly after filing the Complaint, the Hyland Plaintiffs moved to enjoin an action filed in the Delaware Chancery Court involving the same circumstances.[3]  Although the Chancery Court action did not involve federal claims, the Hyland Plaintiffs argued that the common law causes of action asserted in the Chancery Court were within this Court's jurisdiction and that the prospect of

---

[2]    The Court notes that this case includes an additional defendant, James Dimon, that is not named in the Illinois Action. In addition, this action includes seven claims not asserted in the Illinois Action, two based on the common law duty of loyalty and duty of disclosure, two based on Section 10(b) and Section 20 of the Exchange Act and three based on Sections 11, 12(a)(2), and 15 of the Securities Act of 1933.

[3]    The Chancery Court action has since been dismissed on the merits, and the plaintiffs have filed an appeal to the Delaware Supreme Court.  In re J.P. Morgan Chase & Co. S'holder Litig., 2005 WL 1076069 (Del. Ch. Apr. 29, 2005).

parallel actions frustrated the purposes of the Private
Securities Litigation Reform Act of 1995 ("PSLRA") and the
Securities Litigation Uniform Standards Act.  The Court denied,
without prejudice, Plaintiff's Motion For An Injunction Barring
The Prosecution Of Relate State Court Actions (D.I. 2) concluding
that the "harm Plaintiff alleges is speculative, and the Court
will not enjoin the state court litigation absent some tangible
showing that the co-pending state court proceedings are being
used to frustrate an important federal right." (D.I. 19).  On
June 21, 2005, the Court entered an Order (D.I. 46) appointing
Joseph N. Gielata, Esquire lead counsel in this action, "subject
to Defendants reservations" which include, but are not limited
to, arguments against class certification.  (D.I. 31).

Counsel for the Hyland Plaintiffs learned of the pending
Illinois Action and filed several briefs and letters styled as
amici curiae submissions urging the Illinois District Court to
vacate its order appointing Dr. Blau as lead plaintiff and Wolf
Haldenstein as lead counsel and requesting the Illinois District
Court to sua sponte transfer the action to Delaware.  Dr. Blau
then filed the instant motion to intervene and stay this action
in favor of allowing the first-filed Illinois Action to proceed.

On August 29, 2005, the Illinois District Court held a
status conference to discuss the impact of the Hyland Plaintiffs'

amici curiae submissions on the Illinois Action.[4]   The Illinois

District Court stated:

> I received notice of the parties in this action
> moving to intervene or stay the . . . [Hyland] matter.
> I think we need to resolve that issue as to whether or
> not we proceed here or proceed there or these matters
> are so similarly situated that we need to proceed in
> one forum as opposed to both because clearly some order
> issued by this Court or by that Court could affect the
> litigation in other arena.
>
> There is some indication also in the materials
> that I've reviewed suggesting that the matter should be
> more properly brought in that Court as opposed to this
> Court.
>
> None of those issues have been answered to my
> satisfaction.

(D.I. 69, Exh. A at 2).   At the conclusion of the hearing, the

Illinois District Court further stated:

> Let me say that, obviously, the Court has been
> receiving a great deal of material from Counsel Gielata
> regarding this matter in the form of an amicus curiae
> brief and also in the form of letters which have been
> forwarded to the Court through counsel.
>
> Those materials the Court reviewed, and they raise
> certain issues with the Court, some of which the Court
> viewed as sour grapes perhaps, others of which caused
> the Court to, at least, have some concern about orders
> entered by this Court which might somehow impact orders
> entered by that Court or vice versa.
>
> So I did believe that it was necessary for someone
> to become either -- one lawyer to become present here
> and intervene so I could have that lawyer present and
> talk what the issues really are or the lawyer here to
> intervene in that action so that we have one forum
> where we know this case is going to go forward in and
> we don't have these ancillary actions all over the
> place.

---

[4]     Mr. Gielata was not invited to participate in that
status conference.

Now that counsel has indicated and I have seen your motion to stay the Highland matter in Delaware, that, at least, should bring to fruition a hearing as to which case is going to go forward.

Based upon the filing that have been made by counsel for the Highland plaintiff in the Delaware matter, I will make this order:  That based upon the fact that we now have a motion pending to stay that matter in which the issues will be discussed and decided by that Court, I see no need to further entertain motions or writings or materials from Mr. Gielata in this case.  I am not going to . . . make any further order on his motions regarding the propriety of lead counsel or his other assertions in his papers. The Court here had no information and still has no information which it can base any action on its part to change what the Court has previously ruled.  As far as this Court is concerned, lead counsel remains lead counsel.

Certainly . . . there may be other person who might suggest that have a greater interest, for instance, the Highland plaintiff, but that is of no movement [sic] to this Court in that the notices that the Court reviewed were proper, the lead plaintiff has indicated a willingness, and the Court has found that he is a proper lead plaintiff.

The Court is concerned as to the ancillary or the other action in Delaware, but . . . it is the Court's belief that that Court can, after hearing these materials regarding the intervention and the movement to stay that action, can rule, and if that ruling results in that action going forward as well as this action, then, I think, the next step is to decide where the actions should go forth, the two actions should go forth simultaneously in a single court as opposed to two, but we're not there because your motion to stay [Dr. Blau's motion to stay the Delaware action] might be, in fact, granted.

(D.I. 69, Exh. A at 10-12).

Following the Illinois District Court's ruling, the Hyland

Plaintiffs filed the instant motion to enjoin the Illinois

Action.  Defendants have refrained from taking a position with

respect to "the tug-of-war" between Dr. Blau and the Hyland

Plaintiffs for lead plaintiff status, except to file a Memorandum

Of Law in response to the Hyland Plaintiffs' motion to enjoin the

Illinois Action stating that "Defendants view the claims as

wholly devoid of merit and have filed motions to dismiss both

pending federal actions in their entirety.  Whether the

determination of those motions is made by this Court or the

District Court in Illinois is of secondary importance to the

desirability of having a single determination and avoiding

duplicative litigation."  (D.I. 75 at 1).

## DISCUSSION

## I.    Whether Dr. Blau Should Be Permitted To Intervene In This Action

By his Motion, Dr. Blau, the lead plaintiff in the Illinois

Action, moves to intervene in this action pursuant to Federal

Rule of Civil Procedure 24.  Dr. Blau contends that he is

entitled to intervene as a matter of right under Rule 24(a).  In

the alternative, Dr. Blau contends that permissive intervention

is warranted under Rule 24(b).  In support of his Motion, Dr.

Blau contends that both he and the Hyland plaintiffs have filed

legal complaints premised on the same facts and circumstances,

raising similar legal issues and seeking substantially the same

relief.  Dr. Blau also contends that his intervention will not

delay or prejudice the Hyland Plaintiffs.  However, Dr. Blau

contends that he will suffer undue prejudice if his Motion To

Intervene is not granted, because he and his counsel have

vigorously investigated the legal issues in the Illinois Action, addressed Defendants' Motion To Dismiss in the Illinois Action and are proceeding under the time frames set forth in the Pretrial Order entered by the Illinois District Court.

In response, the Hyland Plaintiffs contend that Dr. Blau's Motion To Intervene is untimely, because Motions To Dismiss have already been briefed in this Court, and Dr. Blau failed to oppose the Hyland Plaintiffs' motion for appointment as lead plaintiffs even though Dr. Blau was aware of the filing of this motion.  The Hyland Plaintiffs also contend that they will be prejudiced if Dr. Blau is permitted to intervene here because (1) this action is substantially underway with briefing completed on Defendants' Motion To Dismiss, (2) Defendants have waived service of process, and (3) discovery efforts have been initiated, including the service of document preservation subpoenas on critical witnesses.

In reply to the Hyland Plaintiffs, Dr. Blau further contends that his intervention is warranted, because Mr. Gielata is not an adequate representative to prosecute this action.  Dr. Blau points out that Mr. Gielata did not move for lead plaintiff status in the first-filed Illinois Action and contends that Mr. Gielata is jeopardizing these actions by filing claims that were already dismissed by the Delaware Chancery Court.  Dr. Blau also contends that Mr. Gielata has attempted to interfere in the first-filed Illinois Action, while trying to avoid subjecting himself to the jurisdiction of that court by filing amici curiae

memorandum containing inflammatory accusations against himself
and Wolf Haldenstein, including, among other things, that (1)
Wolf Haldenstein plagiarized counts from the complaint filed in
the Delaware Chancery Court, (2) provided insufficient notice of
the Illinois Action, and (3) used AGF as an "illusory plaintiff"
to show a larger financial stake in the action, when AGF did not
want to be a party to the Illinois Action and indicated that its
involvement in the action was a clerical error.

Federal Rule of Civil Procedure 24 provides:

(a) Intervention of Right. Upon timely application
anyone shall be permitted to intervene in an action:
(1) when a statute of the United States confers an
unconditional right to intervene; or (2) when the
applicant claims an interest relating to the property
or transaction which is the subject of the action and
the applicant is so situated that the disposition of
the action may as a practical matter impair or impede
the applicant's ability to protect that interest,
unless the applicant's interest is adequately
represented by existing parties.

(b) Permissive Intervention. Upon timely application
anyone may be permitted to intervene in an action: (1)
when a statute of the United States confers a
conditional right to intervene; or (2) when an
applicant's claim or defense and the main action have a
question of law or fact in common.  When a party to an
action relies for ground of claim or defense upon any
statute or executive order administered by a federal or
state governmental officer or agency or upon any
regulation, order, requirement, or agreement issued or
made pursuant to the statute or executive order, the
officer or agency upon timely application may be
permitted to intervene in the action.  In exercising
its discretion the court shall consider whether the
intervention will unduly delay or prejudice the
adjudication of the rights of the original parties.

In determining whether a motion for intervention is timely,
the Court should consider three factors:  (1) the stage of the

proceeding, (2) prejudice to the parties, and (3) the reason for the delay.  Commonwealth v. Pennsylvania v. Rizzo, 530 F.2d 501, 506 (3d Cir. 1976).  The party seeking to intervene bears the burden of demonstrating that intervention is appropriate.

As a threshold matter, the Hyland Plaintiffs contend that Dr. Blau's motion is untimely, because Dr. Blau knew about this action since May 2005, but waited an unreasonable length of time, until August 2005, before filing his Motion To Intervene.  In support of their contention, the Hyland Plaintiffs cite three cases:  Delaware Valley Citizens' Counsel for Clean Air v. Pennsylvania, 674 F.2d 970, 974 (3d Cir. 1982), National Wildfire Fed'n v. Gorsuch, 744 F.2d 963 (3d Cir. 1984) and In re Fine Paper Anti-Trust Litig., 695 F.2d 494 (3d Cir. 1982).

The Court has reviewed these cases and finds them to be distinguishable from the circumstances here.  For example, in Delaware Valley Citizens' Council for Clean Air v. Pennsylvania, the potential intervenors moved to intervene four years after the action was commenced and twenty months after a consent decree was entered.  Similarly, in both National Wildfire Fed'n v. Gorsuch and In re Fine Paper Anti-Trust Litig., intervention was sought after the court had entered a judgment in the case.

By comparison, this case has not progressed as far as the cases cited by the Hyland Plaintiffs, and although a motion to dismiss has been fully briefed, a substantive decision has not yet been issued.  Indeed, no final decrees or judgments have been

entered on any substantive matters, and the one order that has
been entered concerning the appointment of lead plaintiffs and
lead counsel was entered on a conditional basis subject to the
full exposition of Defendants' reservations at a later date.
Given the early stage of this proceeding, the Court is not
persuaded that the Hyland Plaintiffs will be prejudiced by the
intervention of Dr. Blau.  The Court also finds that Dr. Blau
filed his motion to intervene within a reasonable time after
learning that Mr. Gielata sought to vacate the Illinois District
Court's rulings on lead counsel in the Illinois Action.
Accordingly, the Court concludes that Dr. Blau's Motion To
Intervene is not untimely.

The Hyland Plaintiffs next contend that Dr. Blau's motion to
intervene should be denied, because it is not made for a proper
purpose.  Citing to <u>Kamerman v. Steinberg</u>, 681 F. Supp. 206
(S.D.N.Y. 1988) and <u>Lexington Ins. Co. v. Caleco, Inc.</u>, 2003 WL
21652163, *6 (E.D. Pa. Jan. 25, 2003), the Hyland Plaintiffs
contend that a motion to intervene should not be granted for the
purpose of seeking to stay the underlying action.

In both <u>Kamerman</u> and <u>Lexington</u>, the respective plaintiffs
sought to stay the respective federal court actions during the
pendency of related state court actions.  The <u>Kamerman</u> and
<u>Lexington</u> courts denied the respective motions to intervene
concluding that the plaintiffs had not demonstrated the
requirements of Rule 24(c), i.e. that the intervenors file

pleadings setting forth the claims or defenses for which
intervention is sought.  In reaching this conclusion, the
Kamerman and Lexington courts specifically noted that the
potential intervenors had no claims to press against any
defendants or any defenses to assert against any plaintiffs, and
no intention of litigating the causes of action set forth in the
respective federal complaints.

    In the Court's view, neither the Kamerman decision nor the
Lexington decision provide a basis to deny Dr. Blau's motion.
First, this case does not involve a federal action co-existing
with a state court action.  Rather, this case involves two co-
existing federal actions.  More importantly, Dr. Blau has
asserted claims against Defendants, and the Court is not
persuaded that Dr. Blau's Motion To Intervene is meant to delay
the resolution of those claims, which he has also asserted in the
Illinois District Court.  Rather, it appears to the Court that
Dr. Blau's interest lies in preserving the jurisdiction of the
Illinois District Court and recovering for the class of investors
he represents.  Further, unlike the plaintiffs in Kamerman and
Lexington, Dr. Blau appears to have every intention of pressing
his claims, the concern is in which of the two federal district
courts those claims will be litigated.

    Having concluded that Dr. Blau's Motion is not untimely and
is not being pressed for the sole purpose of delay, the Court
concludes that Dr. Blau has established that permissive

intervention is appropriate.  The Illinois Action filed by Dr.

Blau is based on the same facts and circumstances as this case,

seeks substantially the same relief, and raises similar legal

issues.  For the reasons discussed in determining the timeliness

of Dr. Blau's motion, the Court further concludes that the Hyland

Plaintiffs will not be prejudiced by Dr. Blau's intervention.

Accordingly, the Court will grant Dr. Blau's Motion For

Intervention.

## II.  Whether This Action Should Be Stayed In Favor Of Allowing The Illinois Action To Proceed

By his Motion To Stay, Dr. Blau contends that this action

should be stayed, because it was brought at an impermissible time

and in contravention of the procedures set forth in the PSLRA for

appointing lead plaintiff and selecting lead counsel.  Dr. Blau

points out that the Illinois Action was the first filed action,

and Dr. Blau contends that the Hyland Plaintiffs should have

moved for appointment as lead plaintiffs in the Illinois Action

within the 60 day time period provided for in Section

27(a)(3)(b)(i) of the Securities Act and Section 21D(a)(3)(B)(i)

of the Exchange Act.  Dr. Blau contends that by filing the

instant action, the Hyland Plaintiffs are attempting to overrule

the Illinois District Court's determination that Dr. Blau's

appointment as lead plaintiff was proper and the notice in the

Illinois Action was adequate.

In response, the Hyland Plaintiffs contend that a stay is

inappropriate.  Specifically, the Hyland Plaintiffs contend that

staying this action would expose them, and the class they represent, to (1) reduced recovery due to (a) the absence of certain claims in the Illinois Action and (b) Wolf Haldenstein's alleged conflict of interest and lack of prosecution of the Illinois Action, (2) the risk that claims will be released in the event that Wolf Haldenlstein settles or voluntarily dismisses the Illinois Action, (3) the harm of having claims litigated in an inconvenient venue where important witnesses cannot be summoned for trial, and (4) the risk of no recovery as a result of service of process issues.  The Hyland Plaintiffs also contend that there are significant differences between this action and the Illinois Action, and that a stay of this action would effectively be a dismissal of the claims asserted here.

The Hyland Plaintiffs further contend that the existence of a lead plaintiff order in the Illinois Action is not a basis to stay this action.  The Hyland Plaintiffs point out that a lead plaintiff order has also been entered in this case, and the Hyland Plaintiffs contend that the lead plaintiff order in this case does not overrule any orders entered in the Illinois Action.  The Hyland Plaintiffs further point out that they have not sought to intervene in the Illinois Action, and Dr. Blau has not sought reargument under Local Rule 7.1.5 or relief under Federal Rule of Civil Procedure 60 from the lead plaintiff order entered in this case.

In addition, the Hyland Plaintiffs contend that, by requesting a stay, Dr. Blau is trying to "sidestep" three issues. Specifically, the Hyland Plaintiffs contend that (1) Dr. Blau failed to commence the Illinois Action in a proper or convenient forum, (2) the Delaware Plaintiffs have a financial interest that exceeds Dr. Blau's financial interest, and (3) Dr. Blau failed to include valuable class claims and substantive allegations in this Illinois Action that have been asserted here.

The power of the Court to stay proceedings is incidental to its inherent power to control the disposition of the cases on its docket.  <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936) The decision to stay a proceeding lies within the discretion of the Court.  In exercising this discretion, the Court "must weigh competing interests and maintain an even balance."  <u>Id.</u> at 255. The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else."  <u>Id.</u>

In determining whether a stay is appropriate in this case, the Court also finds it necessary to consider certain provisions of the PSLRA relating to the appointment of lead plaintiff.  The PSLRA was enacted to end perceived abuses in federal securities actions by eliminating the "race to the courthouse" as the method for selecting lead plaintiffs, and instead requiring the court to choose the most adequate plaintiff to represent the class'

interests.  Procedurally, the selection of lead plaintiff
requires the party who files the initial action to publish notice
within 20 days of the filing to inform class members of the
pendency of the action, the claims asserted, the class period and
their right to file a motion for appointment of lead plaintiff.
Within 60 days of the publication of that notice, any member of
the putative class may move the court for appointment to serve as
lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(i).  When multiple
actions are filed asserting substantially the same claims, only
the plaintiff in the first filed action is required to provide
notice.  15 U.S.C. § 78u-4(a)(3)(A)(ii).

> However, courts have recognized that, in actuality,

> The PSLRA did not completely eliminate the "race to the
> courthouse" . . . . [P]laintiffs who are first to file
> suit are obligated to provide notice to other purported
> class members of the asserted claims and the purported
> class period.  Plaintiffs who are first to file,
> moreover, are in a better position to aggregate
> plaintiffs in an effort to obtain the largest financial
> interest in the litigation, an important aspect of the
> lead plaintiff status.

In re Nice Sys., Ltd. Sec. Litig., 188 F.R.D. 206, 215 n.7
(D.N.J. 1999) (citations omitted).

Weighing the parties' interests in light of the facts and
circumstances in this case, the Court concludes that this action
should be stayed in deference to the first-filed Illinois Action.
By the nature of the various filings in this Court, as well as in
the Illinois District Court, it is apparent to the Court that the
Hyland Plaintiffs and their counsel and Dr. Blau and his counsel

are in a "tug of war" over who is going to serve as lead
plaintiff and lead counsel.  Consistent with the procedures of
the PSLRA, the Illinois District Court has appointed Dr. Blau as
lead plaintiff and approved Wolf Haldenstein to serve as lead
counsel in that action.  If the Hyland Plaintiffs wished to
challenge that decision, their remedy was not to file a second
action in this Court, but to follow the procedures laid out in
the PSLRA and contest that decision in the Illinois District
Court.  Instead, the Hyland Plaintiffs, through their counsel,
have circumvented this procedure by filing this action and
presenting their arguments to the Illinois District Court in the
form of amici curiae briefs.

       Nevertheless, the Illinois Court has considered and rejected
the arguments of the Hyland Plaintiffs concerning the appointment
of Dr. Blau as lead counsel, including the Hyland Plaintiffs'
assertion that Dr. Blau did not provide them with proper notice
under the PSLRA.  This Court will not second-guess the decisions
of the Illinois District Court on this matter.

       Although it is true that this Court has also entered a lead
plaintiff order, the Court's order was entered on a conditional
basis.  At this juncture, it appears to the Court that neither
action has progressed to a substantive review of the merits.
Indeed, Motions To Dismiss are fully briefed and pending in both
this Court and the Illinois District Court.  However, the
Illinois District Court has acknowledged that there may be

questions concerning whether Illinois is the appropriate venue
for the action filed there.[5]  In light of these questions and the
first-filed status of the Illinois Action, the Court is persuaded
that this action should be stayed pending resolution of the
Illinois Action.  Once the Illinois Action is resolved, the stay
can be lifted here, and this action can then proceed to its end.
In addition, the Court is not persuaded that the Hyland
Plaintiffs will be prejudiced by this decision, because the
Illinois District Court has concluded that Dr. Blau and Wolf
Haldenstein are appropriate representatives for the class.  Thus,
the Court concludes that a stay will adequately preserve the
interests of the Hyland Plaintiffs in this action, while
simultaneously allowing their interests to be served in the
Illinois Action to the extent their claims are being pressed
there.  Accordingly, the Court will grant Dr. Blau's Motion and
stay this action pending resolution of the Illinois Action.

## CONCLUSION

For the reasons discussed, the Court will grant the Motion
of Dr. Stephen Blau To Intervene In Order To Further Move That
This Action Be Stayed (D.I. 58).  The above-captioned action will
be stayed pending the resolution of the Illinois Action.  The

---

[5]     Although Defendants have not requested a transfer of
the Illinois Action, Mr. Gielata has requested a transfer in his
amici curiae papers.  Dr. Blau suggests that the Illinois
District Court has already rejected Mr. Gielata's request for a
transfer; however, Judge Hibbler has indicated that these issues
were not addressed to his satisfaction.

Motion To Enjoin Further Prosecution Of Blau v. Harrison, et al.

(D.I. 68) will be denied as moot.

    An appropriate Order will be entered.