IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL I. HYLAND and STEPHANIE SPEAKMAN, individually and on behalf of all others similarly situated, | Civil Action No. **05-162 JJF** |
| Plaintiffs, | **CLASS ACTION** |
| v. | |
| WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, JPMORGAN CHASE & CO., and JAMES DIMON, | |
| Defendants. | |

**OPENING BRIEF IN SUPPORT OF
PLAINTIFFS' MOTION TO REOPEN
AND FOR RECONSIDERATION**

Dated: February 17, 2006

                      JOSEPH N. GIELATA (# 4338)
                      Attorney at Law
                      501 Silverside Road, No. 90
                      Wilmington, DE 19809
                      (302) 798-1096

                      *Lead Counsel for Plaintiffs
                       and the Putative Class*

**TABLE OF CONTENTS**

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      The Illinois Action Seeks Relief on Behalf of a Non-Existent Class . . . . . . . . . . . 2

      Factual Distinctions and Likelihood of Additional Defendants and Claims . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.      STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.     WHEN IT ISSUED THE STAY ORDER, THE COURT DID NOT
        HAVE THE BENEFIT OF LAW AND FACTS DEMONSTRATING
        THAT THE STAY ORDER IS NOT APPROPRIATE HERE. . . . . . . . . . . . . . . . 5

III.    THE CIRCUMSTANCES OF THIS CASE DEMAND THAT THE COURT
        VACATE THE STAY EVEN IF IT CONCLUDES THAT THE FIRST-FILED
        RULE IS APPLICABLE, IN ORDER TO PREVENT MANIFEST INJUSTICE
        TO PLAINTIFFS AND ABSENT CLASS MEMBERS. . . . . . . . . . . . . . . . . . . . . 7

        A.      The Stay Order is Immoderate. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        B.      The PSLRA Does Not Support a Stay in This Case. . . . . . . . . . . . . . . . . 10

        C.      At a Minimum, the Stay Should Be Modified. . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# **TABLE OF AUTHORITIES**

**Cases:**                                                      **Page**

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
    946 F.2d 622 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*APV North Amer. v. SIG Simonazzi North Amer.*,
    295 F. Supp. 2d 393 (D. Del. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Asten, Inc. v. Weavexx Corp.*,
    No. 99-593-GMS, 2000 WL 1728354 (D. Del. Feb. 11, 2000) . . . . . . . . . . . . . . 6

*Brambles USA, Inc. v. Blocker*,
    735 F. Supp. 1239 (D. Del. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Buffa v. N.J. State Dep't of Judiciary*,
    56 Fed. Appx. 571 (3d Cir. Jan. 14, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Cendant Corp. Sec. Litig.*,
    404 F.3d 173 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Cheyney State College Faculty v. Hufstedler*,
    703 F.2d 732 (3d Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*Clinton v. Jones*,
    520 U.S. 681 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Dellinger v. Mitchell*,
    442 F.2d 782 (D.C. Cir. 1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

*Equal Employment Opportunity Commission v. University of Pennsylvania*,
    850 F.2d 969 (3d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*In re Grand Jury Proceedings (United States Steel-Clairton Works)*,
    525 F.2d 151 (3d Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Haberern v. Lehigh & N. E. Ry. Co.*,
    554 F.2d 581 (3d Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Hechinger Inv. Co. v. Fleet Retail Fin. Group*,
    303 B.R. 18 (D. Del. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Jones v. Pittsburgh Nat'l Corp.*,
    899 F.2d 1350 (3d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*,
    189 F.2d 31 (3d Cir. 1951) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*,
   342 U.S. 180 (1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Landis v. North American Co.*,
   299 U.S. 248 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Look Magazine Enterprises S.A. v. Look, Inc.*,
   596 F. Supp. 774 (D. Del. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

*Max's Seafood Cafe v. Quinteros*,
   176 F.3d 669 (3d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4,5

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*North River Ins. Co. v. CIGNA Reins. Co.*,
   52 F.3d 1194 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Ortega Trujillo v. Conover & Co. Communications, Inc.*,
   221 F.3d 1262 (11th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Penn West Associates, Inc. v. Cohen*,
   371 F.3d 118 (3d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Ravens v. Iftikar*,
   174 F.R.D. 651 (N.D. Cal. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Saleh v. Titan Corp.*,
   353 F. Supp. 2d 1087 (S.D. Cal. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*Tuff Torq Corp. v. Hydra-Gear Ltd. P'ship*,
   882 F. Supp. 359 (D. Del. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*United States v. Cargill, Inc.*,
   508 F. Supp. 734 (D. Del. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Worbetz v. Ward North Amer. Inc.*,
   54 Fed. Appx. 526 (3d Cir. Dec. 5, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

This opening brief is respectfully submitted by lead plaintiffs Samuel I. Hyland and Stephanie Speakman (collectively, the "Delaware Plaintiffs") in support of their motion to reopen this case and, pursuant to Local Rule 7.1.5, for reconsideration of the Court's February 7, 2006 Order (the "Stay Order") (D.I. 91) staying this case pending resolution of *Blau v. Harrison, et al.*, No. 04-CV-6592 (N.D. Ill.) (the "Illinois Action").

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

On February 7, 2006, this Court stayed the instant securities class action (the "Delaware Action") pending resolution of the Illinois Action. The Court imposed the stay based on its misapprehension that the Illinois Action "is based on the same facts and circumstances as this case, seeks substantially the same relief, and raises similar legal issues." (D.I. 90 at 12.) Plaintiffs seek reconsideration on two independent grounds.

*First*, when it ordered the stay without briefing from the parties on the permissible scope and duration of a stay in the Third Circuit, the Court did not have the benefit of case law and facts that would have shown that an indefinite stay based on the prior-pending Illinois Action is inappropriate here.

*Second*, the Court should reconsider the stay in order to prevent manifest injustice to the Delaware Plaintiffs and absent class members.

## SUMMARY OF THE ARGUMENT

1.  The Stay Order should be vacated in view of the substantial factual dissimilarities between the two actions.

2.  The Stay Order should be vacated because its duration is indefinite.

3.  At a minimum, the Stay Order should be modified to prevent the release, or dismissal by stipulation, of claims asserted in this action but not in the Illinois Action.

## STATEMENT OF FACTS

### The Illinois Action Seeks Relief on Behalf of a Non-Existent Class

The operative complaint in the Illinois Action alleges that "defendants have violated Section 14(a) of the Exchange Act and Rule 14a-9(a) of the SEC and are liable to plaintiff and all other members of the Class *who held stock in J.P. Morgan Chase that were* [sic] *exchanged for Bank One shares* pursuant to the J.P. Morgan Chase/Bank One Merger." (D.I. 63 Exh. J ¶ 90 (emphasis added); *see also id.* ¶ 99.)

Neither the Delaware Plaintiffs nor any absent class member in the Delaware Action exchanged any of their JPMC shares for Bank One shares. Indeed, *they could not have*. After all, the Merger was structured such that Bank One shareholders exchanged their shares for newly-issued shares of JPMC, not the other way around. The Court overlooked this critical difference between the actions in entering the Stay Order.

### Factual Distinctions and Likelihood of Additional Defendants and Claims

The Delaware Plaintiffs commenced the instant action after engaging in an extensive, painstaking investigation. This continuing investigation is expected to yield additional claims and may result in the naming of additional defendants. As this Court noted, there are several claims asserted in the Delaware Action that are absent from the Illinois Action. (D.I. 90 at 2 n.2.) However, the Court's opinion does not reflect a comparison of the factual allegations in the two actions. It is respectfully submitted that such a comparison would reveal that the Delaware Action presents several factually-distinct issues. For instance, the operative complaint in the Delaware Action alleges the following facts that, among others, are nowhere alleged in the Illinois Action:

(1) a shareholder proposal to separate the Chairman and CEO posts presented at JPMC's annual meeting received over 500 million votes in its favor, substantially higher

than the other shareholder proposals and higher than the number of votes cast to approve the merger in excess of the number of votes needed (D.I. 51 ¶¶ 18, 155-56, 171);

(2) an essential element of the entrenchment scheme was the wrongful amendment of JPMC's charter (*id.* ¶¶ 15, 164-70);

(3) the proxy statement omitted material relationships concerning several JPMC directors (*id.* ¶¶ 186, 192, 200, 210, 215, 220, 223);

(4) JPMC's board of directors lacked an independent majority (*id.* ¶¶ 172-223);

(5) Harrison made actionable misrepresentations that were published in *FORTUNE* magazine (*id.* ¶¶ 86-87);

(6) the press release announcing the merger contained actionable misrepresentations and omissions (*id.* ¶ 96);

(7) Harrison had a specific pecuniary motive to seek additional time as CEO because he possessed restricted stock units valued at potentially millions of dollars, which would vest upon JPMC achieving a target price by January 25, 2007, but which were "subject to continued employment" (*id.* ¶¶ 58, 73); and

(8) but for defendants' misconduct, the merger exchange ratio would have been 1.153 instead of 1.32 (*id.* ¶ 89).

Moreover, the operative complaint in the Delaware Action presents significantly more particularity as to the overarching entrenchment scheme by citing many sources not cited in the Illinois Action. *See, e.g.*, *id.* ¶¶ 56, 60-64, 78-80, 86, 92, 108.

Despite these numerous factual dissimilarities, there is a realistic possibility that the Delaware Action would be precluded if the Delaware Plaintiffs are forced by the Stay Order to wait for the resolution of the Illinois Action.

**ARGUMENT**

**I.    STANDARD OF REVIEW**

A motion for reconsideration under Local Rule 7.1.5 is the functional equivalent of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990). The purpose of a motion for reconsideration is to "correct manifest errors of law or to present newly discovered evidence." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, the court may alter or amend a judgment if the movant demonstrates at least one of three major grounds: (1) there is a change the controlling law, (2) there is new evidence, or (3) to correct a "clear error of law or fact or to prevent a manifest injustice." *See id.* (citing *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). In this District, reconsideration is also appropriate where the court decides an issue "that was outside the adversarial issues presented by the parties." *In re Hechinger Inv. Co. v. Fleet Retail Fin. Group*, 303 B.R. 18, 23 (D. Del. 2003) (granting motion for reconsideration); *see also Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990) (setting forth standard for reconsideration under former Local Rule 3.3 and concluding that reconsideration is appropriate when court decides issues outside those presented by the parties).

Reconsideration, and hence modification of the Stay Order, is appropriate here for two independent reasons: (1) by misapprehending the relief sought in the Illinois Action and overlooking factual dissimilarities between the two actions, the Court did not have the benefit of the facts and caselaw regarding the appropriate scope and duration of a stay when it decided to stay the Delaware Action; and (2) reconsideration is necessary to prevent a manifest injustice to the Delaware Plaintiffs and absent class members.

II. **WHEN IT ISSUED THE STAY ORDER, THE COURT DID NOT HAVE THE BENEFIT OF LAW AND FACTS DEMONSTRATING THAT THE STAY ORDER IS NOT APPROPRIATE HERE**

While a court may properly decline to re-analyze its decision on a motion for reconsideration, a district court should consider previously overlooked facts and case law. *See Max's Seafood Cafe*, 176 F. 3d at 678 (reversing denial of motion for reconsideration as abuse of discretion where court refused to receive overlooked evidence); *see also Buffa v. N.J. State Dep't of Judiciary*, 56 Fed. Appx. 571, 575 (3d Cir. Jan. 14, 2003) (finding that the court had not erred in granting a motion for reconsideration where certain facts, arguments and case law had been overlooked); *Worbetz v. Ward North Amer. Inc.*, 54 Fed. Appx. 526, 533 (3d Cir. Dec. 5, 2002) (finding that the court acted within its discretion by granting reconsideration of grant of summary judgment on one claim, where court had overlooked portions of defendant's opposing brief).

The Court based its decision to stay this action in favor of the Illinois Action on its misapprehension that the latter "is based on the same facts and circumstances as this case, seeks substantially the same relief, and raises similar legal issues." (D.I. 90 at 12.) In fact, as stated above, although both actions arise from the same transaction, they are factually dissimilar in terms of their allegations, do not seek the same relief, and are not sufficiently duplicative with respect to their respective legal issues.

The Court's strict application of the first-filed rule, without due consideration for the various exceptions set forth by the Delaware Plaintiffs (D.I. 69 at 13-15) pursuant to the Third Circuit's guidance in *EEOC v. University of Pennsylvania*, 850 F.2d 969, 972 (3d Cir. 1988), also merits reconsideration in light of the overlooked factual differences set forth above. It is well-established that the rule does not apply where the parties and

issues differ in each jurisdiction. *EEOC*, 850 F.2d at 971; *see also Asten, Inc. v. Weavexx Corp.*, No. 99-593-GMS, 2000 WL 1728354, at *2 (D. Del. Feb. 11, 2000) (first-filed rule should only apply when the competing actions involve the same parties and the same issues); *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 n.13 (9th Cir. 1991) (applying first-filed rule where the parties and issues are not the same would be reversible error).

In addition to the lack of identity of issues, no court in this District has departed from the Third Circuit's "same parties" requirement in *EEOC* to permit application of the first-filed rule to stay a second suit where the plaintiff in the second suit is not a party to the first-filed action. *See, e.g., Tuff Torq Corp. v. Hydra-Gear Ltd. P'ship*, 882 F. Supp. 359, 365 (D. Del. 1994) (declining to stay case based on first-filed rule where parties were not identical). No class has yet been certified in the Delaware Action or the Illinois Action. Thus, the Delaware Plaintiffs are not parties to the Illinois Action, and the first-filed rule is inapplicable because the two actions lack sufficient identity of parties and issues. *See Saleh v. Titan Corp.*, 353 F. Supp. 2d 1087, 1090 (S.D. Cal. 2004) (first-filed rule inapplicable when tandem actions do not involve "the same parties *and* issues" (emphasis in original)). The issues and claims that are asserted solely in the Delaware Action should not be shunted aside while the claims in the Illinois Action are permitted to be litigated to their conclusion. *See Haberern v. Lehigh & N. E. Ry. Co.*, 554 F.2d 581, 584 (3d Cir. 1977) (vacating "stay order of indefinite length, which singles out a claim for extended delay while others of a similar nature are paid from current income, [due to] equitable overtones quite different from the usual stay of proceedings.").

Accordingly, the Stay Order should be vacated because the Court overlooked that the Delaware Action involves numerous factual issues not asserted in the Illinois Action, thereby precluding the application of the first-filed rule. *See APV North Amer. v. SIG Simonazzi North Amer.*, 295 F. Supp. 2d 393, 397 (D. Del. 2002) (Farnan, J.) (finding first-filed rule inapplicable where second-filed action involved facts and claims not asserted in first-filed action, and rejecting argument that "substantial overlap" of issues is sufficient in District of Delaware to satisfy "same issues" requirement).

### III. THE CIRCUMSTANCES OF THIS CASE DEMAND THAT THE COURT VACATE THE STAY EVEN IF IT CONCLUDES THAT THE FIRST-FILED RULE IS APPLICABLE, IN ORDER TO PREVENT MANIFEST INJUSTICE TO PLAINTIFFS AND ABSENT CLASS MEMBERS

The Court should also grant reconsideration and vacate the stay on the independent ground that reconsideration is necessary to prevent manifest injustice to the Delaware Plaintiffs and absent class members. Even if the Court were inclined to give priority to the Illinois Action because it won the race to the courthouse, the first-filed rule "is not a mandate directing wooden application of the rule without regard to rare or extraordinary circumstances, bad faith, or forum shopping." *Tuff Torq*, 882 F. Supp. at 364 (quoting *EEOC*, 850 F.2d at 972, and noting that "[t]he Third Circuit has rejected that a district court must stay the second-filed action without regard to the circumstances of the case."). The letter and spirit of the first-filed rule are grounded on equitable principles. *EEOC*, 850 F.2d at 977. Thus, while the rule's primary purpose is to avoid burdening the federal judiciary and to prevent the judicial embarrassment of conflicting judgments, "fundamental fairness dictates the need for fashioning a flexible response to the issue of concurrent jurisdiction." *Id.* (citations and internal quotations omitted).

It is "fundamentally unfair" to stay this litigation, especially since the Delaware Plaintiffs are not even parties to the first action. *See Tuff Torq*, 882 F. Supp. at 365. Also, by calling for the parties to report at half-year intervals on the status of the Illinois Action, the Court appears to anticipate that the Illinois Action might not proceed rapidly.

Forcing the Delaware Plaintiffs to await the outcome of a litigation that is likely to drag on for years, and, at the same time, allowing inadequate representatives to mismanage the Illinois Action and perhaps produce adverse rulings contravenes clear precedent regarding the appropriate scope and duration of a stay.

### A.   The Stay Order is Immoderate

It is respectfully submitted that the Stay Order is indefinite and immoderate because the resumption of the Delaware Action is not based on any set date, or even any constraint dictated by the progress of the Illinois Action. "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936).

This Court premised its authority to stay this case on *Landis* (D.I. 90 at 14), but the Third Circuit has "emphasize[d] that *Landis* approved stays of moderate length, and not those of indefinite duration which require a party to take affirmative steps for dissolution." *Cheyney State College Faculty v. Hufstedler*, 703 F.2d 732, 738 (3d Cir. 1983). "The [Supreme] Court emphasized the need to adapt judicial processes to varying conditions, and said that in cases of exceptional public interest, individual litigants might be required to 'submit to delay not immoderate in extent and not oppressive in its consequences.'" *Ibid.* (quoting *Landis*, 299 U.S. at 256).

Of indefinite duration by its very terms, the Stay Order is "immoderate in extent" and will produce oppressive consequences. *See Clinton v. Jones*, 520 U.S. 681, 707 (1997) (affirming vacation of "lengthy and categorical stay [which] takes no account whatever of the respondent's interest in bringing the case to trial"). There is no indication that the Illinois Action is progressing quickly—indeed, the parties in the Illinois Action have agreed to numerous delays. (D.I. 62 at 9.) *See In re Grand Jury Proceedings (United States Steel-Clairton Works)*, 525 F.2d 151, 155-56 (3d Cir. 1975) (vacating indefinite stay that caused grand jury proceedings to "grind to a halt" and that had the practical effect of a dismissal) (citation omitted); *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264-65 (11th Cir. 2000) (vacating stay pending resolution of prior-filed related action due to indefinite duration of stay). That this Court has administratively closed this case (D.I. 93) and ordered status reports at six-month intervals strongly suggests that the stay is expected to last for years, not weeks or months. *See Penn West Associates, Inc. v. Cohen*, 371 F.3d 118, 127 (3d Cir. 2004) (noting use of administrative closing "in circumstances in which a case, though not dead, is likely to remain moribund for an appreciable period of time").

The oppressive consequences of staying this case in favor of the Illinois Action are considerable. If the parties to the Illinois Action agree upon a compromise providing inadequate recovery for the class in exchange for a general release of all claims, including those asserted solely in the Delaware Action, then the Delaware Plaintiffs will be relegated to the limited role of objecting to the fairness of such a settlement.

In short, the Stay Order is an absolute, immediate and indefinite bar to the Delaware Plaintiffs' right to proceed in court in any respect. All further proceedings, all

pending motions, and all discovery is stayed against all defendants, including James Dimon, who is not even a party to the Illinois Action, and Riley Bechtel, who contends he was never properly served in the Illinois Action. (D.I. 62 at 4.) The Stay Order is so broad that it leaves the Delaware Plaintiffs "'effectively out of court'" and thus is the functional equivalent of a dismissal. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 & n.11 (1983) (citation omitted).

Accordingly, the Stay Order should be vacated.

### B.     The PSLRA Does Not Support a Stay in This Case

The Court relied in part on the Private Securities Litigation Reform Act of 1995 ("PSLRA") in concluding that a stay is appropriate. (D.I. 90 at 14.) However, the PSLRA does not provide that non-duplicative actions in different districts should be stayed pending resolution of the first-filed action. Nor does the PSLRA's legislative history support this outcome. In fact, under the unique circumstances here, the Stay Order *frustrates* the Congressional policy behind the PSLRA.

"The overriding goal of the [PSLRA] is to displace figurehead plaintiffs with real investors in securities class actions." *Ravens v. Iftikar*, 174 F.R.D. 651, 654 (N.D. Cal. 1997). As the Delaware Plaintiffs have pointed out (D.I. 84 at 2-3), there is every indication that Blau is little more than such a figurehead plaintiff who has likely had little or no contact with his "chosen" attorneys. *See id.* at 661 ("Congress [through the PSLRA] sought to eliminate figurehead plaintiffs who exercise no meaningful supervision of litigation"); *see also In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 196 (3d Cir. 2005) ("The legislative history indicates that the PSLRA was a reaction against a race-to-the-courthouse model of securities litigation in which attorneys appointed

- 10 -

themselves class representatives and chose their own figurehead plaintiffs who had no power to select or oversee 'their' lawyers.").

Absent any rationale derivable from the PSLRA, the Stay Order ultimately must stand on the aim of judicial efficiency alone. However, "judicial economy is not served by awaiting one tribunal's resolution of a particular issue when another tribunal can resolve in a single proceeding that issue and all others disputed by the parties." *Look Magazine Enterprises S.A. v. Look, Inc.*, 596 F. Supp. 774, 780 (D. Del. 1984). "Why, under the circumstances, should there be two litigations where one will suffice?" *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 189 F.2d 31, 34 (3d Cir. 1951)). In view of the superior convenience and broader scope of the Delaware Action, "all interests will be best served by prosecution of the single suit" in this forum. *Id.* at 184. As the PSLRA does not support a stay of the Delaware Action, the Stay Order should be vacated and the Illinois Action should be enjoined.

### C.     At a Minimum, the Stay Should Be Modified

Courts disapprove stays of proceedings in cases when a lesser measure is adequate to protect the moving party's interests or when the balance of interests and prejudices comes out in the non-moving party's favor. "The court must grant the narrowest stay which is warranted in light of the justifications which require the court to stay its hand." *United States v. Cargill, Inc.*, 508 F. Supp. 734, 749 (D. Del. 1981).

In *Dellinger v. Mitchell*, the District of Columbia Circuit held that the total stay of proceedings in a civil action related to a criminal case was immoderate and invalid. 442 F.2d 782, 787 (D.C. Cir. 1971). The United States had moved to stay the proceedings

because it was concerned that the civil action was a stratagem to circumvent orders in the criminal case limiting pretrial discovery. *Id.* at 785. In the court's view, a protective order regarding discovery would have been adequate to protect the government's interests. *Id.* at 787.

In this case, it is respectfully submitted that a blanket stay of indefinite duration plainly exceeds the "narrowest stay which is warranted." *Cargill*, 508 F. Supp. at 749. At a minimum, the Court should tailor the stay to minimize prejudice to the Delaware Plaintiffs. For instance, insofar as the Court fears conflicting adjudication of defendants' motions to dismiss the two actions, the duration of the stay should be expressly limited by ordering that the stay be lifted once the motion to dismiss the Illinois Action is decided by the Northern District of Illinois (or any court to which that action is transferred).

In addition to reasonably limiting the duration of the stay, this Court should prevent oppressive consequences of the Stay Order, such as a "reverse auction" settlement, by enjoining Blau and his attorneys from granting or agreeing to support a release or dismissal of any claims and/or causes of action asserted in the Delaware Action that have not been asserted in the Illinois Action. With the Delaware Plaintiffs powerless to prosecute their claims due to the stay, Blau's attorneys could ransom the orphaned claims at a discount. Thus, without such a limited injunction, the Delaware Plaintiffs and absent class members will be held hostage by the Illinois Action. The defendants should not be able to dispose of meritorious claims investigated and asserted solely in this action by obtaining in the Illinois Action a general release extending to claims in both actions. Seen another way, the Delaware Plaintiffs' commendable diligence (which might explain why they lost the race to the courthouse) should not be penalized.

Accordingly, the Delaware Plaintiffs respectfully request that the Court exercise its discretion to vacate or modify its order in the interests of justice and efficiency, and in recognition of "the special circumstances of this case." *Tuff Torq*, 882 F. Supp. at 365.

## CONCLUSION

For all of the foregoing reasons, the Delaware Plaintiffs respectfully request that this Court reopen this case to reconsider and vacate its February 7, 2006 Order staying this action, or, in the alternative, modify its Order to (1) enjoin Blau and his attorneys from granting or agreeing to support a release or dismissal of any claims and/or causes of action asserted in the Delaware Action that have not been asserted in the Illinois Action; and (2) provide that the stay will expire once the defendants' motion to dismiss the Illinois Action is decided by the Northern District of Illinois (or any court to which such suit is transferred).

DATED:    February 17, 2006        Respectfully submitted,

/s/ *Joseph N. Gielata*
JOSEPH N. GIELATA (# 4338)
Attorney at Law
501 Silverside Road, No. 90
Wilmington, Delaware 19809
(302) 798-1096

*Lead Counsel for Plaintiffs
    and the Putative Class*

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that, on February 17, 2006, I electronically filed the foregoing *OPENING BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO REOPEN AND FOR RECONSIDERATION* with the Clerk of Court using CM/ECF which will send notification of such filing to:

>Michael R. Robinson, Esq.
>**RICHARDS LAYTON & FINGER, P.A.**
>One Rodney Square
>Wilmington, DE  19801
>*Counsel for Defendants*
>
>Robert R. Davis, Esq.
>**CHIMICLES & TIKELLIS LLP**
>P.O. Box 1035
>One Rodney Square
>Wilmington, DE  19899
>*Counsel for Intervenor*

>>/s/ *Joseph N. Gielata*
>>Joseph N. Gielata (# 4338)
>>501 Silverside Road, No. 90
>>Wilmington, Delaware 19809
>>(302) 798-1096
>>attorney@gielatalaw.com