## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SAMUEL I. HYLAND and STEPHANIE
SPEAKMAN, individually and on behalf of all
others similarly situated,

  Plaintiffs,

    v.

WILLIAM B. HARRISON, JR., HANS W.
BECHERER, RILEY P. BECHTEL, FRANK
A. BENNACK, JR., JOHN H. BIGGS,
LAWRENCE A. BOSSIDY, M. ANTHONY
BURNS, ELLEN V. FUTTER, WILLIAM H.
GRAY, III, HELENE L. KAPLAN, LEE R.
RAYMOND, JOHN R. STAFFORD, J.P.
MORGAN CHASE & CO., and JAMES
DIMON,

  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

: Case No. 1:05-cv-162 (JJF)

## DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO
## PLAINTIFFS' MOTION FOR RECONSIDERATION

**OF COUNSEL:**

Nancy E. Schwarzkopf
JPMORGAN CHASE LEGAL DEPARTMENT
1 Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-3585
*Counsel for J.P. Morgan Chase & Co.*

Michael A. Cooper
Sharon L. Nelles
Keith Levenberg
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-3712
*Counsel for the Individual Defendants*

Jesse A. Finkelstein (Del. Bar #1090)
Michael R. Robinson (Del. Bar #4452)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
finkelstein@rlf.com
robinson@rlf.com
(302) 651-7700
*Counsel for Defendants*

Dated: <u>March 6, 2006</u>

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ii

STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ...........................1

SUMMARY OF ARGUMENT ........................................................................................2

STANDARD OF REVIEW ...............................................................................................2

ARGUMENT .....................................................................................................................2

CONCLUSION...................................................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Bostic v. AT&T of the Virgin Islands*,
    312 F. Supp. 2d 731 (D.V.I. 2004) ........................................................................2

*Cheyney State College Faculty v. Hufstedler*,
    703 F.2d 732 (3d Cir. 1994)........................................................................4

*Karr v. Castle*,
    768 F. Supp. 1087 (D. Del. 1991) ........................................................................2, 4

*Max's Seafood Cafe v. Quinteros*,
    176 F.3d 669 (3d Cir. 1999)........................................................................2

*In re Nice Sys., Ltd. Sec. Litig.*,
    188 F.R.D. 206 (D.N.J. 1999)........................................................................4

*North River Ins. Co. v. CIGNA Reinsurance Co.*,
    52 F.3d 1194 (3d Cir. 1995)........................................................................2

## STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

Plaintiff Samuel Hyland (later joined by plaintiff Stephanie Speakman) filed this action on March 17, 2005, five months *after* a purported class action based on the same alleged facts and circumstances, *Blau v. Harrison*, No. 04-6592 (N.D. Ill.) (filed Oct. 13, 2004), was brought in the Northern District of Illinois. Upon learning of that action, plaintiffs here attempted to contest the Northern District of Illinois's lead-plaintiff appointment through a submission to that Court styled as a brief amicus curiae. In response, Illinois plaintiff, Stephen Blau, filed a motion to intervene in this Court for the purpose of staying the action here and continuing to litigate before the Northern District of Illinois. (D.I. 58) (Aug. 26, 2005). Plaintiffs parried with a motion asking this Court to enjoin Blau from proceeding in that forum. (D.I. 68) (Sept. 22, 2005). Defendants took no position on the appropriate forum, seeking only resolution of the competing motions so that this litigation could move forward at one time and in one place. (*See* Defs. Resp. to Pls. Motion to Enjoin Further Prosecution of *Blau v. Harrison* (D.I. 75) (Oct. 6, 2005).)

The Court granted Blau's motions for intervention and a stay and denied as moot plaintiffs' motion for an injunction. (*See* Order (D.I. 91) (Feb. 7, 2006).) This action was then administratively closed by Order of the Court dated February 9, 2006. (D.I. 93.) On February 17, plaintiffs filed the pending motion to reopen this action and for reconsideration of the Court's February 7 decision. (D.I. 94.)[1]

---

[1]    Also on February 17, Mr. Gielata filed a motion for intervention in the Northern District of Illinois for the purpose of taking discovery of Blau and his counsel.

## SUMMARY OF ARGUMENT

Because plaintiffs identify no error of law or fact in this Court's February 7, 2006 disposition of Blau's motion to intervene and plaintiffs' motion for injunctive relief, their motion for reconsideration should be denied.

## STANDARD OF REVIEW

Reconsideration is unwarranted unless the party seeking reconsideration shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999) (*citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

## ARGUMENT

Plaintiffs base their motion for reconsideration on the contention that purported differences between their complaint and the *Blau* complaint constitute "previously overlooked facts" that this Court "misapprehen[ded]." (Pls. Br. at 5.) Plaintiffs also claim that this Court overlooked pertinent case law. (*See* Pls. Br. at 5, 10-11.) Both contentions are wrong.

A motion for reconsideration is an "'extraordinary' remedy" and "is not a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT&T of the Virgin Islands*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004); *see also Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991) (motion for reconsideration is not an opportunity for "repetition of arguments that were

- 2 -

or should have been presented to the court previously"). Because this Court already found the purported differences between the two complaints immaterial, and because plaintiffs' case law—which does not, in any event, undermine the stay—could have been cited in any of the half-dozen substantive filings plaintiffs made previously regarding control of the litigation, plaintiffs' motion should be denied with prejudice.

Plaintiffs identify cosmetic distinctions between their complaint and the *Blau* complaint and then claim that "the Court's opinion does not reflect a comparison of the factual allegations in the two actions." (Pls. Br. at 2.) This assertion is impossible to square with the opinion itself. The Court acknowledged that the *Hyland* complaint "includes seven claims not asserted in the Illinois Action" (slip op. at 4 n.2) and expressly found that *Blau* nonetheless "is based on the same facts and circumstances as this case, seeks substantially the same relief, and raises similar legal issues." (Slip op. at 14.) Further, the Court rejected plaintiffs' argument that adjudication in Illinois risks "reduced recovery due to . . . the absence of certain claims in the Illinois Action." (Slip op. at 15.)

In support of the instant motion, plaintiffs merely point to purported "facts" and "differences" already acknowledged and enumerated to the Court in considerable detail. (*See* Pls. Answering Br. in Opp. to Motion of Stephen Blau to Intervene (D.I. 62) at 19-24 (Sept. 12, 2005); Pls. Opening Br. in Support of Pls. Motion to Enjoin Further Prosecution of *Blau v. Harrison* (D.I. 69) at 17-20 (Sept. 22, 2005).) In other words, plaintiffs offer no new information supporting reconsideration.

Plaintiffs' legal argument is equally untimely and unavailing. Plaintiffs argue that the stay was unwarranted because the "first-filed rule" should not apply here. But the parties have already briefed the issue of the rule's application to this case. (*See*

- 3 -

Br. in Supp. of Motion of Stephen Blau to Intervene (D.I. 59) at 8 n.5 (Aug. 26, 2005);

Reply Br. in Supp. of Motion of Stephen Blau to Intervene (D.I. 66) at 11-13 (Sept. 19,

2005); Defs. Mem. of Law in Resp. to Pls. Motion to Enjoin Further Prosecution of *Blau*

*v. Harrison* (D.I. 75) at 6-7 (Oct. 6, 2005).)  Any argument that the rule is inapplicable

"should have been presented to the court previously" and cannot support reconsideration

now. *Karr*, 768 F. Supp. at 1093.

       Regardless, plaintiffs' authorities do not support their argument.  Plaintiffs

argue that courts may not defer to the first-filed action when the parties differ,

sophistically concluding that the parties differ here because the named plaintiffs are

different and neither class has been certified.  That, of course, virtually always will be

true about putative class actions and is not a basis to undermine the traditional deference

to the first-filed action.  Courts have long recognized that a plaintiff who is not first to file

a securities class action must defer to the action filed first by *other plaintiffs. See, e.g., In*

*re Nice Sys., Ltd. Sec. Litig.*, 188 F.R.D. 206, 215 n.17 (D.N.J. 1999).

       Plaintiffs' remaining legal argument is that the stay is "oppressive"

because it is "[o]f indefinite duration," reasoning that the Court's administrative closure

and ordering of "status reports at six-month intervals strongly suggests that the stay is

expected to last for years, not weeks or months." (Pls. Br. at 9 (*citing* Order (D.I. 93)

(Feb. 9, 2006).)  This argument is foreclosed by *Cheyney State College Faculty v.*

*Hufstedler*, 703 F.2d 732, 735–36 (3d Cir. 1994) (rejecting the argument that a stay was

"indefinite" and "unreasonably delay[ed] [the] plaintiff's right to have his case heard" on

the ground that the stay order contemplated a status report on the progression of the

parallel proceedings and therefore evinced "an intention to monitor the stay

periodically").

## CONCLUSION

For the reasons stated above, the Court should deny plaintiffs' motion for

reconsideration.

Respectfully submitted,

**OF COUNSEL:**

Michael A. Cooper
Sharon L. Nelles
Keith Levenberg
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-3712
*Counsel for the Individual Defendants*

Nancy E. Schwarzkopf
JPMORGAN CHASE LEGAL DEPARTMENT
1 Chase Manhattan Plaza, 26th Floor
New York, New York  10081
(212) 552-3585
*Counsel for J.P. Morgan Chase & Co.*

Jesse A. Finkelstein (Del. Bar #1090)
finkelstein@rlf.com
Michael R. Robinson (Del. Bar #4452)
robinson@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware  19801
(302) 651-7700
*Counsel for Defendants*

Date: <u>March 6, 2006</u>

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2006, I caused to be electronically filed the foregoing **Defendants' Memorandum of Law in Response to Plaintiffs' Motion to for Reconsideration**, with the Clerk of Court using CM/ECF which will send notification of such filings to the following:

Joseph N. Gielata, Esq.
501 Silverside Road, Suite 90
Wilmington, DE 19809

Robert R. Davis, Esq.
Chimicles & Tikellis LLP
One Rodney Square
Wilmington, DE 19899

_____
Michael R. Robinson (DSBA No. 4452)
robinson@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700