UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL I. HYLAND and STEPHANIE SPEAKMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, JPMORGAN CHASE & CO., and JAMES DIMON,<br><br>Defendants. | Case No. 1:05-cv-162 (JJF) |
| Dr. Stephen Blau, Individually and On Behalf of All Others Similarly Situated,<br><br>Intervenor. | |

## DR. BLAU'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS SAMUEL I. HYLAND AND STEPHANIE SPEAKMAN'S MOTION TO REOPEN AND FOR RECONSIDERATION

CHIMICLES & TIKELLIS LLP
Pamela S. Tikellis (#2172)
Robert Davis (#4536)
One Rodney Square
P.O. Box 1035
Wilmington, Delaware 19899
(302) 656-2500

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Gregory M. Nespole (of the New York bar)
Adam J. Levitt (of the Illinois bar)

Dated: March 6, 2006

## **TABLE OF CONTENTS**

**Page No.**

NATURE AND STAGE OF THE CASE .................................................................................. 1

SUMMARY OF ARGUMENT ................................................................................................. 3

STATEMENT OF FACTS ........................................................................................................ 3

ARGUMENT ............................................................................................................................. 6

    I.    PLAINTIFFS' CANNOT SATISFY THE RIGOROUS
         STANDARDS FOR PREVAILING ON RECONSIDERATION ............. 6

    II.   THE RECONSIDERATION MOTION SHOULD BE DENIED
         BECAUSE THE *HYLAND* PLAINTIFFS ARE IMPROPERLY
         REHASHING ARGUMENTS THEY MADE AND LOST BOTH
         IN THIS COURT AND IN THE NORTHERN DISTRICT OF
         ILLINOIS ................................................................................................... 7

    III.  THE STAY ORDER IS ENTIRELY PROPER BECAUSE IT IS
         LIMITED IN SCOPE AND PLAINTIFFS ARE FREE TO MOVE
         TO REOPEN THE CASE ........................................................................ 12

CONCLUSION ....................................................................................................................... 13

# TABLE OF AUTHORITIES

**CASES**                                                                                                    **PAGE(S)**

*APV North America v. SIG Simonazzi North America,*
    295 F. Supp. 2d 393 (D. Del. 2002) ..................................................................................11n

*Buffa v. New Jersey State Department of Judiciary,*
    56 Fed. Appx. 571 (3d Cir. 2003) ................................................................................8n, 9n

*Cheyney State College Faculty v. Hufstedler,*
    703 F.2d 732 (3d Cir. 1994) .................................................................................................13

*Dellinger v. Mitchell,*
    442 F.2d 782 (D.C. Cir. 1971) ........................................................................................12n

*In re Grand Jury Proceedings (United States Steel-Clairton Works),*
    525 F.2d 151 (3d Cir. 1975) ............................................................................................12n

*Haberern v. Lehigh & N.E. Railway. Co.,*
    554 F.2d 581 (3d Cir. 1977) ............................................................................................11n

*Hyland v. Harrison,*
    C.A. No. 05-162,
    2006 WL 288247 (D. Del. Feb. 7, 2006) ........................................................... *passim*

*Landis v. North American Co.,*
    299 U.S. 248 (1936) ...............................................................................................................12

*Max's Seafood Café v. Quinteros,*
    176 F.3d 669, 677 (3d Cir.1999) ..................................................................................6, 7, 8

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,*
    460 U.S. 1 (1983) .........................................................................................................12n, 13n

*Pharmastem Therapeutics, Inc. v. Viacell, Inc.,*
    C.A. No. 02-148,
    2004 WL 2898061 (D. Del. Dec. 14, 2004) ......................................................................6

*Quaker Alloy Casting v. Gulfco Indus., Inc.,*
    123 F.R.D. 282, 288 (N.D. Ill. 1988) ....................................................................................7

*Saleh v. Titan Corp.,*
    353 F. Supp. 2d 1087 (S.D. Cal. 2004) ..........................................................................11n

*Seawright v. Carroll*,
    C.A. No. 02-1258,
    2004 WL 396310 (D. Del. Mar. 2, 2004) ...........................................................6, 7

*Smith v. Illinois Central R.R. Co.*,
    C.A. No. 5-04-0411,
    2005 WL 3540990 (Ill. App. Ct., Dec. 27, 2005) ................................................10n

*Spencer v. Wal-Mart Stores, Inc.*,
    C.A. No. 03-104,
    2005 WL 3654381 (D. Del. June 24, 2005) .............................................................6

*Trujillo v. Conover & Co. Comm'ns, Inc.*,
    221 F.3d 1262 (11th Cir. 2000) ...........................................................................12n

*Tuff Torq Corp. v. Hydra-Gear Ltd. Partnership*,
    882 F. Supp. 359 (D. Del. 1994) .........................................................................11n

*United States v. Cargill, Inc.*,
    508 F. Supp. 734 (D. Del. 1981) .........................................................................12n

*United States v. General Dynamics Corp.*,
    828 F.2d 1356 (9th Cir. 1987) ...............................................................................13

*Worbetz v. Ward N. Am., Inc.*,
    54 Fed. Appx. 526 (3d Cir. 2002) .........................................................................9n

**STATUTES AND RULES**

    Federal Rule of Civil Procedure 24(b) ......................................................................4

## NATURE AND STAGE OF THE CASE

Dr. Stephen Blau, the Court-appointed Lead Plaintiff in the action styled *Blau v. Harrison, et al.*, Case No. 04 C 6592 (N.D. Illinois) (Hibbler, J.) (the "Illinois Action"), and the Court-approved intervenor in this action (the "*Hyland* Action"), by his undersigned counsel, respectfully submits this brief, accompanied by the affidavit of Gregory M. Nespole dated March 6, 2006, in opposition to Plaintiffs' Motion to Reopen and for Reconsideration (D.I. 94) (the "Reconsideration Motion")[1] of this Court's February 7, 2006 Opinion and Order, which granted Dr. Blau's motion to intervene and stay this action in favor of the first-filed Illinois Action, and denied as moot Plaintiffs' motion to enjoin further prosecution of the Illinois Action. *Hyland v. Harrison*, C.A. No. 05-162, 2006 WL 288247, at **7-8 (D. Del. Feb. 7, 2006) (the "Stay Order")).

This is the *Hyland* Plaintiffs' ***fourth motion***[2] in which they attempt to convince this Court to undermine the January 5, 2005 Order of Judge William J. Hibbler appointing Dr. Blau lead plaintiff and Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") lead counsel in the Illinois Action, in strict compliance with the provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Each of Plaintiffs' motions are based on precisely the same specious arguments – that Dr. Blau and Wolf Haldenstein are purportedly unqualified to serve as lead plaintiff and lead counsel, that the Illinois Action and the *Hyland* Action do not involve the same claims,

---

[1] Plaintiffs' brief in support of their Reconsideration Motion (D.I. 95) is referred to herein as ("Plaintiffs' Brief" or "Pl. Br.").

[2] On September 15, 2005, Plaintiffs filed a motion to disqualify Wolf Haldenstein (D.I. 65); on September 22, 2005, Plaintiffs' filed a motion to enjoin further prosecution of the Illinois Action (D.I. 68); and, on November 30, 2005, Plaintiffs filed a motion to take the deposition of Dr. Blau claiming that he is not an adequate lead plaintiff. (D.I. 84).

parties, or facts, and that the interests of the *Hyland* Plaintiffs will not be adequately protected in the Illinois Action. Plaintiffs also made these same arguments, by way of improper *amicus curiae* submissions, in the Illinois Action in their unsuccessful and procedurally defective attempts to get that Court to vacate its lead plaintiff order.

In the Stay Order, this Court, like the Illinois District Court, rejected Plaintiffs' arguments, and granted Dr. Blau's motion to intervene, and, having granted intervention, stayed this action in deference to the first-filed Illinois Action. In the Stay Order, this Court noted that Dr. Blau and Wolf Haldenstein were properly appointed lead plaintiff and lead counsel in the Illinois Action, and further noted that the Illinois Court had previously "considered and rejected the arguments of the Hyland Plaintiffs concerning the appointment of Dr. Blau as lead counsel". Stay Order, 2006 WL 288247, at **7-8. In the Stay Order, the Court carefully considered all of Plaintiffs' arguments, and ruled that the *Hyland* Plaintiffs' interests would not be prejudiced by a stay in favor of the Illinois Action because "a stay will adequately preserve the interests of the *Hyland* Plaintiffs in this action, while simultaneously allowing their interests to be served in the Illinois Action to the extent their claims are being pressed there." *Id.*, at *8. Given the stay, the Court denied as moot Plaintiffs' motion to enjoin the Illinois Action.

On February 8, 2006, the *Hyland* Plaintiffs filed a letter seeking clarification of the scope of the Stay Order, including whether it encompassed their motions to disqualify Wolf Haldenstein and to take the deposition of Dr. Blau. (D.I. 92). On February 9, 2006, the Court entered an order formally denying those motions (as well defendants' motion to dismiss, without prejudice), administratively closing the case, directing the parties to file status reports every six months, and ruling that the parties "may seek to reopen this action

2

upon written request." (D.I. 93). On February 17, 2005, the *Hyland* Plaintiffs filed their Reconsideration Motion. (D.I. 94). On that same day, the *Hyland* Plaintiffs filed a motion to intervene in the Illinois Action (the "Illinois Intervention Motion," attached as Exhibit A to the concurrently filed Affidavit of Gregory M. Nespole dated March 6, 2006 ("Nespole Aff.") – conveniently abandoning their prior tactic of denying that the Illinois Court had jurisdiction over them – seeking discovery from Dr. Blau despite this Court's denial of their earlier motion seeking the same relief. *See also* Intervenors' Memorandum in Support of Their Motion to Intervene For the Purpose of Seeking Limited Discovery (Exhibit B to the Nespole Aff.). Having failed in their gambit to have this Court review a lead plaintiff order entered by a sister federal court, the *Hyland* Plaintiffs now seek to have that court disturb this Court's Orders staying the *Hyland* Action and rejecting their patently improper bid to take Dr. Blau's deposition.

## SUMMARY OF ARGUMENT

I. **Plaintiffs' Cannot Satisfy The Rigorous Standards For Prevailing On Reconsideration**

II. **The Reconsideration Motion Should Be Denied Because The *Hyland* Plaintiffs Are Improperly Rehashing Arguments They Made And Lost Both In This Court And In The Northern District Of Illinois**

III. **The Stay Order is Entirely Proper Because It Is Limited in Scope and Plaintiffs Are Free to Move to Reopen the Case**

## STATEMENT OF FACTS

On October 13, 2004, Dr. Blau commenced the Illinois Action,[3] alleging that

---

[3] Dr. Blau brought his action on his own behalf and on behalf of a class of all those who held common stock of J.P. Morgan Chase, on either April 2, 2004 (the record date), or at any time from April 19, 2004 (the proxy date) through July 1, 2004 (the date upon which the merger between J.P. Morgan Chase & Co. and Bank One Corporation was consummated). 2006 WL (continued...)

Defendants violated Section 14(a) of the Securities Exchange Act of 1934. After proper nationwide notice and the Illinois District Court's consideration of a timely lead plaintiff motion – in compliance with the requirements of the PSLRA – the lead plaintiff selection process was completed in January 2005. Stay Order, 2006 WL 288247, at *1. Almost six months later, the *Hyland* Plaintiffs circumvented the Illinois Action, and violating the clear provisions of the PSLRA and improperly interfering with the Illinois District Court's lead plaintiff order, filed the instant case and moved for lead plaintiff. The Illinois Action and the *Hyland* Action seek substantially the same relief, are premised on the same facts and circumstances and raise similar legal issues. *Id.* After the *Hyland* Plaintiffs were appointed lead plaintiff in Delaware, they made numerous *amicus curiae* submissions seeking to unseat Dr. Blau and Wolf Haldenstein as lead plaintiff and lead counsel in the Illinois action.[4] Dr. Blau then moved to intervene in this action for the purpose of securing a stay so that he could continue to actively litigate his first-filed Illinois Action without the distraction of the vexatious and wasteful interference of the *Hyland* Plaintiffs.

In the Stay Order, this Court granted the intervention prong of Dr. Blau's motion, finding that the motion, as required by Federal Rule of Civil Procedure 24(b), was timely,

---

(...continued)

288247, at *1.

[4] As described in detail in Dr. Blau's prior submissions, on December 14, 2004, American Growth Fund, Inc. ("AGF") also moved to be appointed lead plaintiffs in the Illinois Action with Wolf Haldenstein as lead counsel. On January 5, 2005, the Illinois District Court appointed both Dr. Blau and AGF as lead plaintiffs. Subsequently, AGF elected to withdraw as lead plaintiff and, on February 18, 2005, Wolf Haldenstein filed the necessary papers with the court.

having been made only three months after Dr. Blau learned of the *Hyland* Action. The Court also noted that the *Hyland* Action was at a relatively early stage, noting that the only substantive order that had been entered in the case was the conditional lead plaintiff order. *Id.* at *5. The Court therefore concluded that the *Hyland* Plaintiffs would not be prejudiced by Dr. Blau's intervention. *Id.* The Court also rejected the *Hyland* Plaintiffs' argument that Dr. Blau sought to intervene in this action for an improper purpose, ruling instead that it appeared that "Dr. Blau's interest lies in preserving the jurisdiction of the Illinois District Court and recovering for the class of investors he represents," and that he "appears to have every intention of pressing his claims." *Id.*

*Significantly, the Hyland Plaintiffs do not seek reconsideration of the Court's granting of Dr. Blau's motion to intervene, implicitly admitting that the Illinois Action and this action have factual and legal issues in common.* Rather, the *Hyland* Plaintiffs only seek reconsideration of the Court's staying of the *Hyland* Action, which the Court held was justified primarily because Judge Hibbler's appointment of Dr. Blau and Wolf Haldenstein as lead plaintiff and counsel was entirely proper under the PSLRA. *Id.*, at *3. As this Court noted, if the *Hyland* Plaintiffs wished to be lead plaintiffs, their remedy was not to file a second action in Delaware, but to have followed the PSLRA's procedures for the appointment of lead plaintiff in Illinois. *Id.*, at *7. The Court found that the *Hyland* Plaintiffs "circumvented" these procedures by filing the *Hyland* Action and making the *amicus curiae* submission in the Illinois Action, which was unsuccessful. The Court pointedly announced that it "will not second-guess the decisions of the Illinois District Court on this matter." *Id.*, at *8.

5

The Court also scrutinized whether the *Hyland* Plaintiffs faced any potential prejudice from the stay, and concluded that they do not. The Court analyzed all of Plaintiffs' scattershot arguments attempting to create substantive differences between the two actions where there are none, found the two cases were substantially similar, and concluded that there could be no prejudice given the adequacy of lead plaintiff and lead counsel in the Illinois Action. The Court then crafted a carefully tailored stay of the *Hyland* Action, set to expire at the resolution of the Illinois Action, at which time "the stay can be lifted here, and this action then proceed to its end." *Id.*

## ARGUMENT

### I.  PLAINTIFFS' CANNOT SATISFY THE RIGOROUS STANDARDS FOR PREVAILING ON RECONSIDERATION

In this District, motions for reconsideration are "sparingly granted." *Spencer v. Wal-Mart Stores, Inc.*, C.A. No. 03-104, 2005 WL 3654381, at *1 (D. Del. June 24, 2005); *Pharmastem Therapeutics, Inc. v. Viacell, Inc.* C.A. No. 02-148, 2004 WL 2898061, at *1 (D. Del. Dec. 14, 2004). A court may grant a motion for reconsideration only if the moving party successfully establishes one of the following factors: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Seawright V. Carroll*, C.A. No. 02-1258, 2004 WL 396310, at *1 (D. Del. Mar. 2, 2004) (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999)). The *Hyland* Plaintiffs do not argue – nor can they – that there has been a change in the law or that they have newly discovered evidence. Nor can the *Hyland* Plaintiffs satisfy their heavy burden of demonstrating a clear error of law or fact, or that a manifest injustice would result, because the Stay Order is not marred by

6

*any* factual or legal errors, and the stay issued by the Court ensures that the interests of the *Hyland* Plaintiffs are amply protected.

II.  **THE RECONSIDERATION MOTION SHOULD BE DENIED BECAUSE THE *HYLAND* PLAINTIFFS ARE IMPROPERLY REHASHING ARGUMENTS THEY MADE AND LOST BOTH IN THIS COURT AND IN THE NORTHERN DISTRICT OF ILLINOIS**

A motion for reconsideration is not a vehicle for rearguing issues that a court has already considered and decided. *See Seawright*, 2004 WL 396310, at *1 (citing *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990)). A court's "opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). That, however, is precisely what the *Hyland* Plaintiffs attempt to do here.

Initially, there is no question that, in their prior submissions, the *Hyland* Plaintiffs repeatedly made the arguments that they now speciously claim the Court did not consider. They simply present them differently on this motion in an obvious attempt to make it appear that the Court did not consider facts and arguments that it did. Thus, in their Reconsideration Motion, the *Hyland* Plaintiffs *list* the supposed factual differences in the two actions, whereas, in their opposition to Dr. Blau's intervention/stay motion, they presented them in *chart* form. *Compare* Pl. Br. at 2-3 *with* Answering Brief in Opposition to Dr. Blau's Motion to Stay and Intervene ("Pl. Stay Opp. Br.")(D.I. 62) at 19-24.

Indeed, the *Hyland* Plaintiffs do not even attempt to conceal the fact that they are merely recycling arguments that they already made and lost. Rather, while recycling their failed arguments, the *Hyland* Plaintiffs impertinently tell the Court that because it did not rule in their favor, the Court must have misunderstood their arguments. The

*Hyland* Plaintiffs assert that the court "*misapprehend[ed]* the relief sought" in the Illinois Action ... and "*overlooked* factual dissimilarities" between the two actions. Pl. Br. at 4 (emphasis added). Relying on the Third Circuit's opinion in *Max's Seafood Café*, 176 F.3d 669 (3d Cir. 1999), the *Hyland* Plaintiffs argue that "a district court should consider previously overlooked facts and case law" (Pl. Br. at 5). That case is inapposite, however, primarily because, unlike this case, it involved the refusal to consider newly discovered evidence. In *Max's Seafood Café*, the Third Circuit held that the District Court's failure to consider on reconsideration newly discovered evidence was error because the new evidence[5] would have rendered the Court's earlier decision a legal and factual impossibility. *Id.*, at 679. The *Hyland* Plaintiffs' reliance on *Max's Seafood Café* is thus clearly misguided.

In any event, contrary to Plaintiffs' unfounded contentions, the Court did not "misapprehend" or "overlook" anything. To the contrary, the Court explicitly considered all of Plaintiffs' factual and legal arguments in the Stay Order, and rejected them. For example, the Court noted that: "[t]he Hyland Plaintiffs also contend that there are significant differences between this action and the Illinois Action" (Stay Order, 2006 WL 288247, at *6), but *rejected* that contention: "The Illinois Action filed by Dr. Blau is based on the same facts and circumstances as this case, seeks substantially the same relief, and raises similar legal issues."[6] *Id.* The Court took note of many of the particular

---

[5] In *Max's Seafood Café*, the newly discovered evidence that the court refused to consider demonstrated that a corporation had not come in to existence until more than six months after the time when it was held to have been in contempt. 176 F.3d at 678.

[6] This explicit finding makes clear that the two cases cited by Plaintiffs (Pl. Br. at 5) in support of their argument that this Court should reconsider the Stay Order based on the supposed (continued...)

8

differences cited by Plaintiffs, such as the fact that this action includes an additional defendant, James Dimon, who is not named in the Illinois Action, and that this action includes seven claims that are not alleged in the Illinois Action. *Id.* at *3, n.2. The Court was nothing if not thorough:

> Specifically the Hyland Plaintiffs contend that staying this action would expose them, and the class they represent, to (1) reduced recovery due to (a) the absence of certain claims in the Illinois Action and (b) Wolf Haldenstein's alleged conflict of interest and lack of prosecution of the Illinois Action, (3) the harm of having claims litigated in an inconvenient venue where important witnesses cannot be summoned for trial, and (4) the risk of no recovery as a result of service of process issues. The Hyland Plaintiffs also contend that there are significant differences between this action and the Illinois Action, and that a stay of this action would effectively be a dismissal of the claims asserted here.

*Id.*, at *6. The Court carefully considered all of the facts presented and simply ruled against the *Hyland* Plaintiffs. The fact that the *Hyland* Plaintiffs do not like the Court's ruling is not grounds for reconsideration.

In any event, in a complete about face from their strident position in this action that the two actions are so dissimilar that a stay of this action is tantamount to a "manifest injustice," Plaintiffs now argue – *in the Illinois Action* – that "intervention should be permitted because intervenor's interests (as well as their claims in a related action in Delaware) share common questions of law and fact." *See* Nespole Aff., Ex. B, at 4.

---

(...continued)

"overlooked factual differences" between the two actions are inapplicable. *See Buffa v. N.J. State Dep't of Judiciary*, 56 Fed. Appx. 571, 575 (3d Cir. 2003) ("In its opinion, the District Court...*recognized* that it had overlooked certain arguments, factual admissions, and relevant case law previously set forth by the State Defendants.") (emphasis added); *Worbetz v. Ward N. Am., Inc.*, 54 Fed. Appx. 526, 533 (3d Cir. 2002) (The District Court granted a motion for reconsideration after *recognizing* that it had overlooked portions a brief). Here, there are no facts or arguments that were overlooked by the Court.

Plaintiff's eleventh-hour claim that the Illinois Action involves a different class than the *Hyland* Action is specious. The two classes are substantively the same.[7] In order to argue otherwise, Plaintiffs pounce on an inadvertent, *de minimis* error in the Illinois Complaint[8] – which is not even part of the class allegations and has nothing to do with how the class is defined – that plaintiffs exchanged J.P. Morgan shares for Bank One shares when it was really the other way around. Elsewhere in the Illinois Complaint, the terms of the merger, including the fact that Bank One shareholders exchanged their shares for J.P. Morgan shares at a premium is repeatedly and accurately described. *See* Illinois Complaint, ¶¶ 39, 40. Plaintiffs themselves never before complained about this "critical difference" they now claim the Court "overlooked" (Pl. Br. at 2), because the classes in fact are identical in the two actions.[9]

It is equally clear from the Stay Order that this Court did not overlook any of the *Hyland* Plaintiffs' legal arguments. The Court considered and rejected Plaintiffs'

---

[7] *Compare* Amended Class Action Complaint For Violations of Federal Securities Law in the Illinois Action (D.I. 63 Exh. J) (the "Illinois Complaint") at ¶¶ 1, 11 ("all those who held common stock of J.P. Morgan Chase, on either April 2, 2004 (the record date), or at any time from April 19, 2004 (the proxy date) through July 1, 2004 (the date upon which the merger between J.P. Morgan Chase & Co. and Bank One Corporation was consummated)") *with* Corrected Amended Class Action Complaint for Breaches of Fiduciary Duty and Violations of Federal Securities Laws at ¶ 45 ("present and former J.P. Morgan Chase shareholders who (1) purchased or otherwise acquired the common stock of J.P. Morgan Chase between January 14, 2004 and June 25, 2004 inclusive, (2) as shareholders of record of J.P. Morgan Chase on April 2, 2004, and/or (3) acquired their J.P. Morgan Chase shares in connection with the merger or on or about July 1, 2004.).

[8] Illinois Complaint, ¶¶ 90, 94.

[9] Even if the typographical error had any significance, which it does not, the class definition in the Illinois Complaint is proper because it is legally sufficient to allow members of the class to be identified. *See Smith v. Illinois Central R.R. Co.*, C.A. No. 5-04-0411, 2005 WL 3540990, at *8 (Ill. App. Ct., Dec. 27, 2005).

argument – repeated here almost verbatim from their prior submissions[10] – that the "first-filed rule" should not apply to these actions, despite their being subject to the PSLRA. As the Court correctly noted, the "first filed rule" applies in the context of cases subject to the PSLRA – not in the traditional sense – but because plaintiffs who file first must provide notice to other potential members of the class under the PSLRA. Stay Order, 2006 WL 288247, at *7. The *Hyland* Plaintiffs' reliance on pre-PSLRA authority[11] and post-1995 cases which are not subject to the PSLRA[12] to argue that the first-filed rule should not apply here evinces a total disregard of the law that is near frivolous.[13]

Moreover, Plaintiffs' argument that the PSLRA does not support a stay in this case – on the basis of arguments repeatedly made here *and* in the Illinois Action – has now considered and rejected by two district courts,[14] and, undeterred, Plaintiffs persist in making the same arguments in their Illinois Intervention Motion. Similarly, this Court has considered Plaintiffs' argument that judicial economy will be served by enjoining the

---

[10] *Compare* Pl. Br. at 4-13 *with* Pl. Stay Opp. Br. (D.I. 62) at 19-24.

[11] *See, e.g., Tuff Torq Corp. v. Hydra-Gear Ltd. P'ship*, 882 F. Supp. 359, 365 (D. Del. 1994); *Haberern v. Lehigh & N.E. Ry. Co.*, 554 F.2d 581, 584 (3d Cir. 1977).

[12] *See, e.g., Saleh v. Titan Corp.*, 353 F. Supp. 2d 1087, 1090 (S.D. Cal. 2004); *APV N. Am. v. SIG Simonazzi N. Am.*, 295 F. Supp. 2d 393, 397 (D. Del. 2002).

[13] Plaintiffs' attempt to rely on *APV North America*, 295 F. Supp. 2d at 397, a non-PLSRA case in which Your Honor held that the first-filed rule was inapplicable, cannot succeed. The critical distinction between this action and *AVP North America* is that, there, the two cases did not involve the same set of facts, whereas here, Your Honor repeatedly found that they did. Accordingly, while the first filed rule was inapplicable in *AVP North America*, giving priority to the first-filed Illinois Action is entirely appropriate, because the two actions at issue are "based on the same facts and circumstances as this case, seeks substantially the same relief, and raises similar legal issues". 2006 WL 288247, at *6.

[14] *See* Illinois Order (D.I. 69, Exh. A at 10-12); *see* Stay Order, 2006 WL 288247, at **7-8.

Illinois action and rejected it.[15] Plaintiffs do not add anything to the arguments they made previously, and there is no basis for the Court to depart from or otherwise modify its prior rulings.

### III. THE STAY ORDER IS ENTIRELY PROPER BECAUSE IT IS LIMITED IN SCOPE AND PLAINTIFFS ARE FREE TO MOVE TO REOPEN THE CASE

Far from imposing a blanket stay on this action, this Court only stayed the action "pending resolution of the Illinois Action," adding that "once the Illinois Action is resolved, the stay can be lifted here and this action can then proceed". Stay Order, 2006 WL 2882477, at *8. Thus, the stay is not "of indefinite duration" as the *Hyland* Plaintiffs incorrectly argue. Pl. Br. at 9, 12.

Plaintiffs' reliance on *Landis v. North American Co.*, 299 U.S. 248 (1936) is misplaced. In *Landis*, the Supreme Court found to be immoderate was one set to continue "in effect after the decision by the District Court in the [other] suit" and one that would remain "in operation during the course of an appeal". *Id.* at 256, 258.[16] Here, the

---

[15] *See* Opening Brief In Support Of Plaintiffs' Motion to Enjoin Further Prosecution of *Blau v. Harrison, et al.* (D.I. 69) at 8-15 and Stay Order, 2006 WL 288247, at *8 (denying as moot Plaintiffs' Motion to Enjoin the Illinois Action).

[16] Similarly inapplicable here are the remaining cases cited by the *Hyland* Plaintiffs in support of their arguments that the stay is immoderate and should be modified. *See In re Grand Jury Proceedings (United States Steel-Clairton Works)*, 525 F.2d 151, 155-56 (3d Cir. 1975) (Pl. Br. at 9) and *Trujillo v. Conover & Co. Comm'ns, Inc.*, 221 F.3d 1262, 1264-65 (11th Cir. 2000) (*Id.* at 9) (both vacating an indefinite stay); *Dellinger v. Mitchell*, 442 F.2d 782, 787 (D.C. Cir. 1971) (*Id.* at 11)(finding a "total stay" to be inappropriate); *United States v. Cargill, Inc.*, 508 F. Supp. 734, 749 (D. Del. 1981)(*Id.* at 11)(finding an unlimited stay to exceed the "narrowest stay which is warranted"). The case of *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983) (*Id.* at 10) cited by Plaintiffs in support of their argument that the stay puts them "effectively out of court", is also inapplicable here. In that case, the federal action was stayed and the stayed party was left with no way to proceed with its claims because the party from whom he was seeking payment or performance could not be compelled to arbitrate by the (continued...)

stay clearly passes the *Landis* test as it is only in effect pending the resolution of the Illinois Action, after which it will be lifted in this action, and, most importantly, ***the Hyland Plaintiffs are free to make a written application to the Court to lift the stay at any time.*** (D.I. 93). Thus, Plaintiffs' arguments that the stay is "immoderate" or that it should be modified are wholly devoid of merit. *See Cheyney State College Faculty v. Hufstedler*, 703 F.2d 732, 735 (3d Cir. 1994) (stay order together with periodic reports and opportunity to reconsider is "merely a temporary suspension of the proceedings" and plaintiffs are not "effectively out of court"); *see also U.S. v. General Dynamics Corp.* 828 F.2d 1356, 1370 (9th Cir. 1987).

## CONCLUSION

For the foregoing reasons, Dr. Blau respectfully requests that this Court deny Plaintiffs' Motion for Reconsideration on all respects.

Dated: March 6, 2006

**CHIMICLES & TIKELLIS LLP**

*/s/ Robert Davis*

Pamela S. Tikellis (#2172)
Robert Davis (#4536)
One Rodney Square
P.O. Box 1035
Wilmington, Delaware 19899
(302) 656-2500

430826v5

---

(...continued)

state court where the continuing action was brought. *See Moses*, 460 U.S. 1 at 27.

OF COUNSEL:

Adam J. Levitt
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
(312) 984-0000

Gregory M. Nespole
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
(212) 545-4600