# Exhibit B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. STEPHEN BLAU, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, and J.P. MORGAN CHASE & CO.,<br><br>Defendants. | No. 04-CV-6592<br><br>Judge William J. Hibbler<br><br>Magistrate Judge Martin C. Ashman |

### INTERVENORS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO INTERVENE FOR THE PURPOSE OF SEEKING LIMITED DISCOVERY

Samuel Hyland and Stephanie Speakman ("Intervenors"), as members of the putative class in the above-captioned class action, respectfully submit this memorandum in support of their motion to intervene for the limited purpose of verifying the bona fides of Dr. Stephen Blau ("Blau"), the named plaintiff in this action.

### BACKGROUND

The instant class action was commenced by the filing of a complaint together with an October 12, 2004 certification endorsed by Blau representing *inter alia* that: (i) Blau had reviewed the complaint and authorized the commencement of the action; (ii) Blau

purchased 899.9 shares[1] of JPMorgan Chase & Co. ("JPMC") on January 21, 1994; and (iii) Blau is willing to provide testimony at a deposition.

In connection with the lead plaintiff/lead counsel application in this action (D.E. # 17), Blau's certification was submitted to the Court with the additional certification of the American Growth Fund, Inc. ("AGF").[2] Blau and AGF were thereafter appointed lead plaintiffs in this action. (D.E. # 20.) Six weeks later, AGF abruptly withdrew as lead plaintiff, without explanation. (D.E. # 24.)

Submitted months later, the Affidavit of Gregory Mark Nespole, Esq. ("Nespole Affidavit") (D.E. # 58), in support of Blau's response to *amici curiae* submissions (D.E. # 59), amply demonstrates that Blau's attorneys failed to meaningfully communicate with AGF, let alone to inform the fund of the responsibilities of a lead plaintiff. *See* Nespole Affidavit ¶¶ 4-13. Evidently, upon discovering its unwitting role (by virtue of mistakenly signing what appeared to be a proof of claim form), AGF immediately ordered that its involvement in the Illinois Action be terminated. *See* Nespole Affidavit Exh. J. Based upon this record, there is reason to be concerned that, like AGF, Blau did not intend to become involved in this litigation, or he may not fully understand the responsibilities of a representative plaintiff in a class action.

---

[1] There is a reasonable basis to question this representation because it is impossible to buy or sell fractional shares on the New York Stock Exchange.

[2] In their memorandum of law, plaintiffs' counsel represented that: "[Blau and AGF] signed certifications attesting to the fact that each has reviewed the Complaint filed in the one [sic] of the Actions and each is willing to serve as a representative party on behalf of the Class.... In addition, [Blau and AGF] have selected experienced and competent counsel to represent them and the Class." (D.E. # 17 at 11.) *See also id.* at 12 n.9 ("Here, two proposed lead plaintiffs constitute a small, cohesive group that have [sic] communicated with their chosen counsel concerning this litigation...."); at 14 ("[Blau and AGF] have taken significant steps demonstrating their commitment to the interests of the Class by seeking to become Lead Plaintiffs in prosecuting this action and in retaining counsel possessing the experience, dedication, and professionalism that prosecuting this complex litigation demands.").

Raising further questions as to the solicitation tactics of Blau's attorneys, the Nespole Affidavit does not plausibly explain how AGF mistakenly moved for and was appointed lead plaintiff as a result of what an AGF officer described to the undersigned counsel as a "clerical error." (D.E. # 50 ¶ 2 (attached hereto as Exh. A).) Rather, even a cursory review of the Nespole Affidavit reveals that it is carefully drafted to sidestep critical questions. For example, Mr. Nespole's discussion of AGF's involvement begins with: "[o]n or about November 23, 2004, I received in the mail an unsigned plaintiff's certificate from American Growth Fund, Inc...." (Nespole Affidavit ¶ 4) but omits how and from whom AGF received the certificate (which mimics a claims form[3] and not once uses the term "lead plaintiff"). Moreover, Mr. Nespole effectively admits that he never actually spoke with any representative of AGF prior to moving for AGF's appointment as co-lead plaintiff and for the appointment of his law firm as AGF's "chosen" counsel. This pattern of conduct alone casts substantial doubt on whether Blau made an informed decision to serve as lead plaintiff in this action.

A related class action brought by Intervenors in the District of Delaware has been stayed pending resolution of this action. *See Hyland v. Harrison*, No. 05-162-JJF, 2006 WL 288247 (D. Del. Feb. 7, 2006) (attached hereto as Exh. B). Intervenors' complaint in Delaware asserts several claims not raised in this action. *See id.* at *1 n.2. A motion for reconsideration of the stay order has been filed.

---

[3] The Securities and Exchange Commission has denounced this misleading practice. *See In re Network Associates, Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1052 (N.D. Cal. 1999). *See also Sakhrani v. Brightpoint, Inc.*, 78 F. Supp. 2d 845, 847 (S.D. Ind. 1999) (noting "powerful incentives for lawyers competing to represent the class to solicit clients and to create misleading forms of notice under the PSLRA that prompt plaintiffs to 'volunteer' as lead plaintiffs when they think they are merely providing notice to preserve their claims."). In *Sakhrani*, the Court observed that "volunteers are often collected by inviting investors who read the national notice under the PSLRA to send in a form to a law firm. Evidence in the record in this case indicates that at least some investors who send in such forms believe they are merely taking minimal, required steps to preserve their claims, not volunteering to take on the leadership of a nationwide class with thousands of members or more." 78 F. Supp. 2d at 851.

- 3 -

## ARGUMENT

I.  **INTERVENTION SHOULD BE GRANTED**

The motion for intervention is timely filed. *See In re Discovery Zone Sec. Litig.*, 181 F.R.D. 582 (N.D. Ill. 1998) (granting intervention nearly four years after commencement of action). Intervenors acted diligently in learning of this suit and acted promptly upon learning of it. *Id.* at 594. This motion is filed just two weeks after Intervenors' related suit in Delaware was stayed in favor of the instant action.

In *Discovery Zone*, the Court granted intervention under both Fed. R. Civ. P. 24(a)(2) and 24(b)(2) by an unnamed member of the original class in a securities class action where the intervenor "allege[d] the same course of fraudulent defendant conduct and the same kind of injury as the class plaintiffs...." 181 F.R.D. at 602. The intervenor in *Discovery Zone* was excluded from the proposed settlement class, and the Court observed that "analyzing these requirements [for intervention] is much simpler if the proposed intervener is a class member; for example, an absent class member would have little difficulty showing an interest in the action (Rule 24(a)) or a common question of law or fact with the class (Rule 24(b))." *Id.* at 589.

Here, Intervenors both held stock of JPMC as of April 2, 2004, and thus are members of the putative class in this action. *See* Amended Complaint ¶ 11 (D.E. # 23). However, it is alleged that "defendants have violated Section 14(a) of the Exchange Act and Rule 14a-9(a) of the SEC and are liable to plaintiff and all other members of the Class *who held stock in J.P. Morgan Chase that were* [sic] *exchanged for Bank One shares* pursuant to the J.P. Morgan Chase/Bank One Merger." *Id.* ¶ 90 (emphasis added); *see also* ¶ 99. Intervenors did not exchange any of their JPMC shares for Bank One

- 4 -

shares.[4] Accordingly, their interests, which arise from the merger transaction at issue in this action, cannot be adequately represented and intervention as of right should be granted as a matter of right.[5]

Alternatively, intervention should be permitted because Intervenors' interests (as well as their claims in a related action in Delaware) share common questions of law and fact. *See Discovery Zone*, 181 F.R.D. at 598-99. Indeed, in the District of Delaware, Blau was permitted to intervene in a related action brought by the Intervenors. *See Hyland v. Harrison*, 2006 WL 288247, at *6.

The denial of intervention may prejudice Intervenors' interests and claims, which may be released by settlement of this action or potentially barred by collateral estoppel or *res judicata*. The instant suit and the Intervenors' Proposed Complaint in Intervention (as well as Intervenors' complaint in Delaware) arise out of the same transaction.[6] Accordingly, intervention should be granted for the limited purpose set forth below.

## II.    LIMITED DISCOVERY SHOULD BE ALLOWED

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that "discovery relating to whether a member…of the purported plaintiff class is the most adequate plaintiff may be conducted by a plaintiff only if the plaintiff first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iv).

Intervenors have more than adequately identified a "reasonable basis" to take discovery as to the adequacy of Blau in light of the issues stated above. Blau claims to be

---

[4] Nor could they have. The merger in question was structured such that Bank One shareholders exchanged their shares for newly-issued shares of JPMC, not the other way around.

[5] Intervenors' interests also may not be adequately represented as a result of the divided loyalties of Blau's attorneys, who represent competing classes seeking recovery from JPMC in massive securities and antitrust litigation arising from the IPO allocation scandals.

[6] Intervenors' Proposed Complaint in Intervention is submitted in compliance with Fed. R. Civ. P. 24(c), although Intervenors do not seek leave to file the pleading at this time.

the lead plaintiff in this action, but Intervenors, who were appointed lead plaintiffs in a related action, dispute that Blau is the "most adequate plaintiff" in any sense.[7] If Blau misrepresented his financial stake in this litigation, if he mistakenly signed or was duped into signing the certification, if he is unable or unwilling to monitor counsel, if he has not had a sufficient opportunity to communicate with his "chosen" attorneys, or if he is simply unaware of his purported role in this action, then he may not be an adequate class representative. *See Ravens v. Iftikar*, 174 F.R.D. 651, 661 (N.D. Cal. 1997) ("Congress [through the PSLRA] sought to eliminate figurehead plaintiffs who exercise no meaningful supervision of litigation").

In *Piven v. Sykes Enterprises, Inc.*, the Court rejected a lead plaintiff candidate due to the unexplained "sudden withdrawal" of its proposed co-lead plaintiff and a "dearth of information regarding [the candidate] in the record" who "opposed any discovery regarding its suitability to serve as lead plaintiff despite this complete lack of information in the record." 137 F. Supp. 2d 1295, 1305 (M.D. Fla. 2000). The abrupt withdrawal of AGF in this case mirrors the mysterious withdrawal in *Piven* and further highlights the need to conduct limited discovery on Blau.

"The overriding goal of the [PSLRA] is to displace figurehead plaintiffs with real investors in securities class actions." *Ravens*, 174 F.R.D. at 654. Given the importance of this issue, it should not be unduly burdensome for Blau, if in fact he is willing to serve as lead plaintiff, to submit to a brief deposition regarding these matters. Further, it cannot be disputed that, if Blau turns out to be an illusory client like AGF, that fact would substantially impact these proceedings. *See, e.g., Krim v. pcOrder.com, Inc.*, 210 F.R.D.

---

[7] Blau is certainly not the "presumptively most adequate plaintiff," as the PSLRA defines that term, *see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) because his financial interest in the litigation is less than one-sixth of the Intervenors' financial interest.

581, 588 (W.D. Tex. 2002) (denying class certification in part due to inadequacy of lead plaintiffs who "demonstrated no understanding of his obligations as lead plaintiff," "did not demonstrate a familiarity with the complaint, even though he swore in his January 11, 2001 declaration he reviewed the complaint and authorized its filing," and/or had never met his attorneys); *In re Baan Co. Sec. Litig.*, 271 F. Supp. 2d 3, 16-17 (D.D.C. 2002) (denying class certification where sole lead plaintiff "had minimal contact with his attorneys since his appointment" and otherwise demonstrated lack of commitment to prosecution of suit).

## CONCLUSION

The Court's continuing responsibility to ensure that the interests of the class are being protected warrants the limited relief sought herein. *See In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 784 (3d Cir. 1995) ("[T]he court plays the important role of protector of the absentees' interests, in a sort of fiduciary capacity, by approving appropriate representative plaintiffs and class counsel.").

For all the foregoing reasons, Intervenors respectfully request that this Court enter an order pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iv) granting leave for Intervenors to cause an appropriate subpoena *duces tecum* and *ad testificandum* to be served on Blau.

DATED:     February 17, 2006          Respectfully submitted,

JOSEPH N. GIELATA, ESQ.
*pro hac vice* application pending
501 Silverside Road, No. 90
Wilmington, Delaware 19809
(302) 798-1096

*Attorney for Samuel Hyland
and Stephanie Speakman*

## CERTIFICATE OF SERVICE

The undersigned counsel for Samuel Hyland and Stephanie Speakman hereby certifies that on February 17, 2006, copies of the foregoing INTERVENORS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO INTERVENE FOR THE PURPOSE OF SEEKING LIMITED DISCOVERY were served via U.S. mail, postage prepaid, to the following counsel of record:

Adam Levitt
Wolf Haldenstein Adler
    Freeman & Herz LLP
55 West Monroe St., Suite 1111
Chicago, Illinois 60603

*Counsel for Plaintiff*

Kathleen L. Roach
Sidley Austin
    Brown & Wood LLP
10 South Dearborn
Chicago, Illinois 60603

*Counsel for Defendants*

JOSEPH N. GIELATA, ESQ.

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
JUN 22 2005 WH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| DR. STEPHEN BLAU, Individually and On Behalf of All Others Similarly Situated, <br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, LAURENCE FULLER, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, and J.P. MORGAN CHASE & CO.,<br><br>Defendants. | Civil Action No. 04C 6592<br><br>Judge William J. Hibbler<br><br>Magistrate Judge Martin C. Ashman |

## SUPPLEMENTAL AFFIDAVIT OF JOSEPH N. GIELATA IN SUPPORT OF THE MEMORANDUM OF AMICI CURIAE SAMUEL HYLAND AND STEPHANIE SPEAKMAN

JOSEPH N. GIELATA, a member of the Bar of the Supreme Court of Delaware, for his affidavit states:

1. I make this affidavit in further support of the Memorandum Of Amici Curiae Samuel Hyland and Stephanie Speakman (D.E. # 40).

2. On June 7, 2005, I spoke on the telephone with Timothy Taggart, the treasurer of American Growth Fund, Inc. ("AGF") and apparently the second-in-command to Robert Brody, AGF's president. In particular, I discussed AGF's involvement in *Blau v. Harrison et al.* with Mr. Taggart. He indicated that AGF never sought to be the lead plaintiff in *Blau* and that, to the extent that AGF was involved at all,

it was merely the result of a "clerical error." Moreover, Mr. Taggart indicated that he sought AGF's withdrawal from *Blau* only "2 or 3 days" after discovering AGF's role as lead plaintiff.

3.  On June 14, 2005, I spoke for a second time on the telephone with Mr. Taggart to obtain clarification and confirmation of certain points. Again, Mr. Taggart confirmed that AGF never sought to be the lead plaintiff in *Blau* and never wanted to be directly involved in the litigation. According to Mr. Taggart, someone at AGF mistakenly filled out a form which apparently led to its "involvement" in the case. Two or three days after AGF received a copy of what Mr. Taggart recalls to be the lead plaintiff motion, AGF sought to withdraw as lead plaintiff from the litigation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed: June 16, 2005

_____
Joseph N. Gielata

SWORN TO AND SUBSCRIBED BEFORE
ME THIS SIXTEENTH DAY OF JUNE, 2005.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES _____

MARY B. DURSO
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires Nov. 17, 2008

2

### CERTIFICATE OF SERVICE

I hereby certify that, on June 16, 2005, I mailed the Supplemental Affidavit of Joseph N. Gielata to the following:

The Honorable William J. Hibbler
United States District Court
Northern District of Illinois, Eastern Division
Everett McKinley Dirksen Building
219 South Dearborn Street
Chicago, Illinois 60604
via overnight courier

Michael Dobbins, Clerk of Court
United States District Court
Northern District of Illinois, Eastern Division
Everett McKinley Dirksen Building
219 South Dearborn Street
Chicago, Illinois 60604
via U.S. Mail

Adam Levitt
Wolf Haldenstein Adler Freeman & Herz LLP
55 West Monroe St., Suite 1111
Chicago, Illinois 60603
*Counsel for Plaintiff*
via U.S. Mail

Kathleen L. Roach
Sidley Austin Brown & Wood LLP
10 South Dearborn
Chicago, Illinois 60603
*Counsel for Defendants*
via U.S. Mail

Joseph N. Gielata
Attorney at Law
501 Silverside Road, Suite 90
Wilmington, Delaware 19809
(302) 798-1096
attorney@gielatalaw.com

# JOSEPH N. GIELATA
## ATTORNEY AT LAW
501 SILVERSIDE ROAD, SUITE 90
WILMINGTON, DELAWARE 19809
WWW.GIELATALAW.COM
TEL (302) 798-1096
FAX (302) 792-0777

**FILED** JUN 22 2005 WH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**FILED** JUN 21 2005 WH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

June 16, 2005

**BY OVERNIGHT COURIER**

The Honorable William J. Hibbler
United States District Court
Northern District of Illinois
Eastern Division
Everett McKinley Dirksen Building
219 South Dearborn Street
Chicago, Illinois 60604

Re:    *Blau v. Harrison, et al.*, No. 1:04-cv-06592

Judge Hibbler,

This letter is submitted on behalf of class members Samuel Hyland and Stephanie Speakman in further support of their amici curiae brief dated May 23, 2005 (the "Amici Brief") (D.E. # 40). As Your Honor may recall, the Amici Brief detailed numerous irregularities attributable to the putative class counsel in the above-captioned case. Further investigation has revealed even more troubling facts. (*See* attached.)

As the enclosed supplemental affidavit states, the American Growth Fund, Inc. ("AGF") never sought or desired to be a lead plaintiff in this action, according to a senior AGF executive. Indeed, it appears that AGF's involvement was solely the result of a "clerical error." When AGF formally withdrew from the action, the concealment of these critical facts by the putative class counsel amounted to nothing less than a fraud upon this Court. For attorneys to claim leadership of this class action without disclosing that their client was not willing to serve as lead plaintiff is reprehensible and should not be tolerated in this case.

The above-captioned case has been mismanaged by the putative class counsel and threatens to undermine my clients' zealous prosecution of valuable class claims. Immediate judicial intervention is necessary to remove this concern and admonish those attorneys who have disregarded their duty of candor to the Court. Accordingly, for the reasons set forth in the Amici Brief, Dr. Blau's counsel should be disqualified, the January 5, 2005 minute order should be vacated, and this litigation should be transferred to the District of Delaware.

The Honorable William J. Hibbler
June 16, 2005, page 2

Respectfully,

*Joseph N. Gielata*
*of the Delaware Bar*

cc: Michael Dobbins, Clerk of Court
      Adam Levitt, Esq.
      Kathleen L. Roach, Esq.

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. STEPHEN BLAU, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, and J.P. MORGAN CHASE & CO.,<br><br>Defendants. | No. 04-CV-6592<br><br>Judge William J. Hibbler<br><br>Magistrate Judge Martin C. Ashman |

### INTERVENORS' MOTION TO INTERVENE
### FOR THE PURPOSE OF SEEKING LIMITED DISCOVERY

Class members Samuel Hyland and Stephanie Speakman ("Intervenors") move pursuant to Fed. R. Civ. P. 24, to intervene for the sole purpose of verifying the bona fides of Dr. Stephen Blau ("Blau"), the plaintiff in the above-captioned class action. Well-established statutory objectives under the Private Securities Litigation Reform Act, set forth more fully in their supporting memorandum, clearly support Intervenors' request for limited discovery concerning Blau. Intervenors seek to ensure that the above-captioned class action was not brought in the name of an illusory client.

Support for the intervention and limited discovery sought is found in the memorandum of facts and law attached hereto. In compliance with Fed. R. Civ. P. 24(c),

the Intervenors' Proposed Complaint in Intervention is tendered with this motion. However, Intervenors do not seek leave at this time to file said pleading.

WHEREFORE, Intervenors respectfully request that this Court enter an order pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iv) granting leave for Intervenors to cause an appropriate subpoena *duces tecum* and *ad testificandum* to be served upon Blau.

DATED:      February 17, 2006            Respectfully submitted,

JOSEPH N. GIELATA, ESQ.
*pro hac vice* application pending
501 Silverside Road, Suite 90
Wilmington, Delaware 19809
(302) 798-1096

*Attorney for Samuel Hyland
and Stephanie Speakman*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. STEPHEN BLAU, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, and J.P. MORGAN CHASE & CO., <br><br> Defendants. | No. 04-CV-6592 <br><br> Judge William J. Hibbler <br><br> Magistrate Judge Martin C. Ashman |

## [PROPOSED] ORDER

Upon Intervenors' motion to intervene for the purpose of seeking limited discovery under 15 U.S.C. §78u-4(a)(3)(B)(iv), and it appearing that Intervenors have demonstrated a reasonable basis to conduct such limited discovery, for good cause shown; IT IS HEREBY ORDERED THAT Intervenors' motion to intervene for the purpose of seeking limited discovery is **GRANTED**; and

IT IS FURTHER ORDERED that Intervenors are hereby authorized and empowered to serve a subpoena *duces tecum* and *ad testificandum* upon Dr. Stephen Blau for the purpose of verifying Dr. Stephen Blau's bona fides *qua* lead plaintiff.

SO ORDERED AND ADJUDGED, this _____ day of _____, 2006.

                                                                                          _____
                                                                                          WILLIAM J. HIBBLER
                                                                                          United States District Judge

## CERTIFICATE OF SERVICE

The undersigned counsel for Samuel Hyland and Stephanie Speakman hereby certifies that on February 17, 2006, copies of the foregoing INTERVENORS' MOTION TO INTERVENE FOR THE PURPOSE OF SEEKING LIMITED DISCOVERY were served via U.S. mail, postage prepaid, to the following counsel of record:

| | |
|---|---|
| Adam Levitt | Kathleen L. Roach |
| Wolf Haldenstein Adler Freeman & Herz LLP | Sidley Austin Brown & Wood LLP |
| 55 West Monroe St., Suite 1111 | 10 South Dearborn |
| Chicago, Illinois 60603 | Chicago, Illinois 60603 |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

_____
JOSEPH N. GIELATA, ESQ.