# Exhibit A

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 6592 | DATE | 3/8/2006 |
| CASE TITLE | Dr. Stephen Blau, Individually and On Behalf of All Others Similarly Situated, vs. William B. Harrison, Jr., et al. | | |

**DOCKET ENTRY TEXT**

For the attached reasons, Hyland Plaintiffs' Motion to Intervene (doc. # 77) is DENIED.

■ [ For further detail see separate order(s).]

*/s/ Wm. J. Hibbler/*

Notified counsel by telephone.

| | Courtroom Deputy Initials: | JC |
|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Dr. Stephen Blau, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>William B. Harrison, Jr., Hans W. Becherer, Riley P. Bechtel, Frank A. Bennack, Jr., John H. Biggs, Lawrence A. Bossidy, M. Anthony Burns, Ellen V. Futter, William H. Gray, III, Helene L. Kaplan, Lee R. Raymond, John R. Stafford, and J.P. Morgan Chase & Co.,<br><br>Defendants. | No.  04 C 6592<br><br>The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the motion of Samuel Hyland and Stephanie Speakman ("Hyland Plaintiffs") to intervene. Dr. Stephen Blau ("Dr. Blau"), lead Plaintiff in Dr. Stephen Blau, Individually and on Behalf of All Others Similarly Situated, vs. William B. Harrison, Jr., et al., 04 C 6592, currently before this Court ("Illinois Action"), has submitted memoranda in opposition to this intervention.[1] For the reasons stated below, the Court DENIES the Hyland Plaintiffs' motion to intervene.

### BACKGROUND

On October 13, 2004, Dr. Blau filed action in the United States District Court for the

---

[1] Other Defendants in the Illinois action are Hans W. Becherer, Riley P. Bechtel, Frank A. Bennack, Jr., John H. Biggs, Lawrence A. Bossidy, M. Anthony Burns, Ellen V. Futter, William H. Gray, III, Helene L. Kaplan, Lee R. Raymond, John R. Stafford, and J.P. Morgan Chase & Co.

1

Northern District of Illinois against Defendants alleging violations of Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act") in connection with the merger of J.P. Morgan Chase & Co. and Bank One Corporation. On January 5, 2005, this Court entered an order appointing Dr. Blau and American Growth Fund, Inc. ("AGF") lead Plaintiffs and approved Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as lead Counsel. On February 18, 2005, AGF withdrew as lead plaintiff, and Dr. Blau subsequently filed an Amended Complaint.

On March 17, 2005, the Hyland Plaintiffs filed an action in the United States District Court District of Delaware ("Delaware Action") containing claims similar to the allegations in the Illinois Action.[2] Subsequently, counsel for the Hyland Plaintiffs filed several briefs and letters to this Court, characterized as *amici curiae* submissions, requesting that this Court vacate its January 5, 2005 Order appointing Dr. Blau as lead Plaintiff and approving Wolf Haldenstein as lead counsel in the Illinois Action. These submissions further requested that this Court *sua sponte* transfer the Illinois Action to the Delaware District Court.

In August 2005, Dr. Blau filed, in the Delaware District Court, a motion to intervene and stay the Delaware Action. On February 7, 2006, the Delaware District Court issued a ruling granting Dr. Blau's motion to intervene and also stayed the Delaware Action until resolution of the Illinois Action. *See Hyland v. Harrison*, No. 05-162-JJF, 2006 U.S. Dist. Lexis 5744, 2006 WL 288247 (D. Del. Feb. 7, 2006). Following the Delaware District Court's ruling, the Hyland Plaintiffs filed the instant motion.

---

[2] The Delaware Action included an additional defendant, James Dimon, and also contained several additional claims such as: the common law duty of loyalty and duty of disclosure; two based on Section 10(b) and Section 20 of the Exchange Act and three based on Section 11, 12(a)(2), and 15 of the Securities Act of 1933.

2

## DISCUSSION

The Hyland Plaintiffs' motion is brought pursuant to Federal Rule of Civil Procedure 24(a)(2)(Intervention of Right) or, in the alternative, Fed. R. Civ. Pro. 24(b)(2)(Permissive Intervention). The Hyland Plaintiffs request to intervene in order to conduct limited discovery on Dr. Blau's status as lead Plaintiff. In sum, the Hyland Plaintiffs request to conduct discovery on whether Dr. Blau is aware of the implications and responsibilities of being lead Plaintiff. The Hyland Plaintiffs point out AGF's withdrawal as Lead Plaintiff, alleging that it resulted from Wolf Haldenstein's failure to adequately notice AGF that it was signing on to be Lead Plaintiff.

In response, Dr. Blau claims that the motion is procedurally defective for several reasons: first, because the Delaware District Action stayed the Hyland action; next, because this Court has already considered whether Dr. Blau is an appropriate Lead Plaintiff; and lastly, because the motion seeks to have this Court review the Delaware District Court's order to stay the Delaware Action. Notwithstanding the procedural defects, Dr. Blau additionally argues that the Hyland Plaintiff's motion to intervene is untimely and contends that the Hyland Plaintiffs interests are adequately represented by the lead Plaintiff in the Illinois Action.

A.  Intervention of Right

Fed. R. Civ. Pro. 24(a)(2) provides that upon timely application, "anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." The Seventh Circuit has held that four requirements must be satisfied in order to intervene as a matter of right: (1) the

3

application is timely; (2) the applicant has an interest in the property or transaction which is the subject of the action; (3) disposition of the action . . . may impede or impair the applicant's ability to protect that interest; and (4) no existing party adequately represents the applicant's interest. *See Security Insurance Company of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377 (7th Cir. 1995). Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as a matter of right. *See N.A.A.C.P. v. New York*, 413 U.S. 345, 369, 37 L.Ed. 2d 648, 93 S. Ct. 2591 (1973).

Dr. Blau contends that the Hyland Plaintiffs motion is untimely because although the Hyland Plaintiffs were aware of the Illinois action as evidenced by their *amici curiae* filings to this Court, they failed to file a motion to intervene until after the Delaware District Court stayed the Delaware Action. The Hyland Plaintiffs argue that the motion to intervene is timely as it was filed two weeks after the Delaware Action was stayed.

The Hyland Plaintiffs cite *In re: Discovery Zone Sec. Litig.*, 181 F.R.D. 582 (N.D. Ill. 1998) in support of their contention that their motion is timely. *Discovery Zone*, however, is distinguishable from the facts at hand. *Discovery Zone* entailed a federal securities fraud class action in which McDonald Corporation, who was not a member of the class, filed a motion to intervene after three years of litigation and after a proposed settlement had been announced. *Id.* at 586. During the proceedings, McDonald's, who was Discovery Zone's largest shareholder, acted as co-counsel to the class counsel and was considered an "absent class member." *Id.* at 587. Subsequently, class counsel began negotiating a settlement agreement without inclusion of McDonald's claims or damages. *Id.* One month after class counsel and defendants reached a full settlement, explicitly excluding McDonald's claims, McDonald's filed a motion to intervene. *Id.* at 588. In granting the motion to

4

intervene, the *Discovery Zone* Court reasoned that the motion to intervene was timely because it was filed "within a reasonable amount of time after discovering that class counsel was no longer litigating or negotiating on its [McDonald's] behalf. *Id.* At 594.

In the instant case, this Court appointed Dr. Blau lead Plaintiff on January 5, 2005. On May 24, 2005, four months later, counsel for the Hyland Plaintiffs filed an *amici curiae* brief urging this Court to vacate its Order appointing Dr. Blau lead Plaintiff and approving Wolf Haldenstein as lead Counsel. On August 8, 2005, three months after its initial filing and the same month that Dr. Blau filed a motion to intervene in the Delaware Action, the Hyland Plaintiffs submitted another *amici curiae* memorandum to this Court again advocating that this Court vacate its January 2005 Order appointing Dr. Blau lead Plaintiff. The Hyland Plaintiffs filed their motion to intervene in February 2006, thus, the Hyland Plaintiffs were aware of the Illinois Action at least nine months prior to filing the instant motion to intervene to this Court. In fact, the Hyland Plaintiffs strategically chose not to file an earlier motion to intervene for fear of subjecting their claims to jurisdiction in Illinois.[3] The facts reflect that the Hyland Plaintiffs were aware of Dr. Blau's appointment as lead Plaintiff as early as May 2005. In turn, the Hyland Plaintiffs filed several briefs and letters urging this Court to vacate its Order appointing Dr. Blau lead Plaintiff, but specifically refrained from filing a motion to intervene. The test for timeliness is "essentially one of reasonableness: potential interveners need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly." *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 621 (7th Cir. 1995).

---

[3] In submitting the amicus briefs, Hyland Plaintiff's counsel noted that his "clients proceed as amici curiae but do not wish to intervene or otherwise formally appear in the Illinois Action for fear that doing so might waive their objections to venue."

The Court finds that the Hyland Plaintiffs failed to file a motion to intervene within a reasonable time after learning of the Illinois Action. Accordingly, the Court concludes that the Hyland Plaintiffs motion to intervene is untimely.

Additionally, this Court is not persuaded that the Hyland Plaintiff's interests are not adequately represented in the Illinois Action. Other than surreptitious filings regarding Dr. Blau's appointment as lead Plaintiff, the Hyland Plaintiffs have failed to demonstrate that Dr. Blau has failed to adequately represent their interests thus far in the proceedings. Indeed, this Court previously determined that Dr. Blau is an appropriate lead Plaintiff. Further, the Delaware District Court concluded that "a stay will adequately preserve the interests of the Hyland Plaintiffs in this action, while simultaneously allowing their interests to be served in the Illinois Action to the extent their claims are pressed there." Recognizing the "tug of war" between Dr. Blau and the Hyland Plaintiffs with regard to who will serve as lead Plaintiff, the Court finds no reasonable basis for a finding that Dr. Blau is not capable of adequately representing the class in the Illinois Action.

B.  Permissive Intervention

Permissive Intervention, set forth under Rule 24(b)(2), provides that, upon timely application, the Court has discretionary authority to permit a nonparty to intervene when "an applicant's claim or defense and the main action have a question of law or fact in common." When considering whether to grant a motion for permissive intervention, the Court must "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). In this case, there is no dispute that the claims alleged by the Hyland Plaintiffs and Dr. Blau share common issues of law and fact. Further, while the motion to dismiss is fully briefed and there has been no dispositive action in the instant action, the Court does not believe that Dr. Blau would be

6

prejudiced by the Hyland Plaintiffs participation in this action. As noted above, however, the Court finds that the Hyland Plaintiffs' motion to intervene is untimely. Therefore, this motion is denied.

## CONCLUSION

For the aforementioned reasons, the Court DENIES the Hyland Plaintiffs' motion to intervene.

IT IS SO ORDERED.

_3/8/06_
Dated

_[signature]_
The Honorable William J. Hibbler
United States District Court.

7