UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL I. HYLAND and STEPHANIE SPEAKMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, JPMORGAN CHASE & CO., and JAMES DIMON,<br><br>Defendants. | Case No. 1:05-cv-162 (JJF) |
| Dr. Stephen Blau, Individually and On Behalf of All Others Similarly Situated,<br><br>Intervenor. | |

[Additional Caption on the Following Page]

**DR. BLAU'S BRIEF IN SUPPORT OF HIS MOTION TO ENFORCE THIS COURT'S STAY ORDER AND TO CONSOLIDATE AND STAY CO-LEAD PLAINTIFF SAMUEL I. HYLAND'S RELATED CIVIL ACTION FILED ON APRIL 6, 2006**

CHIMICLES & TIKELLIS LLP
Pamela S. Tikellis (#2172)
Robert Davis (#4536)
Daniel J. Brown (#4688)
One Rodney Square
P.O. Box 1035
Wilmington, Delaware 19899
(302) 656-2500

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Demet Basar (of the New York bar)
Adam J. Levitt (of the Illinois bar)        April 18, 2006

435398v3

| | |
|---|---|
| SAMUEL I. HYLAND,<br>    Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>J.P. MORGAN SECURITIES, INC.,<br>    A Delaware Corporation,<br><br>    Defendant. | Case No. 06-224 (JJF) |

435398v3

# Table of Contents

| | Page # |
|---|---|
| INTRODUCTION | 1 |
| NATURE AND STAGE OF THE CASE | 2 |
| SUMMARY OF ARGUMENT | 5 |
| STATEMENT OF FACTS | 5 |
| ARGUMENT | 8 |
| I. THE FILING OF THE SECOND HYLAND ACTION CONTRAVENES THE STAY ORDER | 8 |
| II. THE SECOND HYLAND ACTION SHOULD BE CONSOLIDATED WITH THE 05-162 ACTION | 10 |
| III. UPON CONSOLIDATION, BOTH ACTIONS SHOULD BE STAYED DURING THE PENDENCY OF THE ILLINOIS ACTION | 12 |
| CONCLUSION | 14 |

## TABLE OF AUTHORITIES

**CASES**                                             **PAGE(S)**

*Bechtel Corp. v. Laborers' International Union*,
544 F.2d 1207 (3d Cir. 1976) ............................................................................12

*Blake v. Farrell Lines, Inc.*,
417 F.2d 264 (3d Cir. 1969) ...............................................................................12

*Blau v. Harrison*,
C.A. No. 04-6592,
2006 U.S. Dist. LEXIS 9822 (N.D. Ill. Mar. 8, 2006)................................. *passim*

*In re Data General Corporation Antitrust Litigation*,
510 F. Supp. 1220 (J.P.M.D.L. 1979)..................................................................9

*Ex Parte Ashton*,
231 Ala. 497, 165 So. 773 (Ala. 1936)...............................................................11

*Green v. Citigroup, Inc.*,
68 Fed. Appx. 934 (10th Cir. June 25, 2003) .......................................................9

*Honeywell International Inc. v. Audiovox Communications Corp.*,
C.A. No. 04-1337,
2005 WL 2465898 (D. Del. May 18, 2005).......................................................10

*Hyland v. Harrison*,
C.A. No. 05-162,
2006 WL 288247 (D. Del. Feb. 7, 2006)..................................................... *passim*

*Lloyd v. Industrial Bio-Test Laboratories*,
454 F. Supp. 807 (S.D.N.Y. 1978) ..............................................................10, 11

*McGinley v. Houston*,
No. 03-0563,
2003 U.S. Dist. LEXIS 14947 (S.D. Ala. Aug. 27, 2003)..................................10

*In re Persico*,
362 F. Supp. 713 (E.D.N.Y. 1973) ......................................................................9

*In re Pusser*,
123 F. Supp. 164 (D.S.C. 1954)...........................................................................9

*Rohm and Haas Co. v. Mobil Oil Corp.*
    525 F. Supp. 1298 (D. Del. 1981)..................................................................................10

*Sanders v. Barrett,*
    C.A. No. 05-12660,
    2005 U.S. App. LEXIS 22496 (11th Cir. Oct. 17, 2005).................................................8

*Shillitani v. United States,*
    384 U.S. 364 (1966).........................................................................................................8

*Spallone v. United States,*
    493 U.S. 265 (1990).........................................................................................................8

*United States v. Rabin,*
    263 F. Supp. 989 (S.D. Fla. 1966)...................................................................................9

*Waldman v. Electrospace Corp.,*
    68 F.R.D. 281 (S.D.N.Y. 1975).....................................................................................11

## STATUTES AND RULES

Fed. R. Civ. P. 42(a)........................................................................................................10

PSLRA
    15 U.S.C. §§ 78u.................................................................................................. *passim*

Securities Exchange Act of 1934
    Section 14(a).............................................................................................................5
    Section 20(a).............................................................................................................5

## OTHER AUTHORITIES

Manual For Complex Litigation, Fourth § 21.631 (2004)..................................................11

## INTRODUCTION

Dr. Stephen Blau, Lead Plaintiff in the action styled *Blau v. Harrison, et al.*, Case No. 04 C 6592 (N.D. Illinois) (Hibbler, J.) (the "Illinois Action"), and intervenor in Civil Action No. 05-162 JJF (the "Hyland Action"), by his undersigned counsel, respectfully submits this brief in support of his motion to enforce this Court's February 7, 2006 Order (D.I. 91,[1] the "Stay Order")[2] staying the 05-162 action pending the resolution of the first-filed Illinois Action.

In their most audacious ruse to date, Samuel I. Hyland – but, tellingly, not his co-plaintiff in the Hyland Action, Stephanie Speakman (together the "Hyland Plaintiffs") – and his counsel are attempting *for at least the second time* to circumvent the Stay Order in the 05-162 action,[3] which stymied their patently improper attempt to circumvent the Lead Plaintiff Order in the Illinois Action. This time, Hyland alone has filed a second action in this District[4] that, but for a few cosmetic changes, is almost identical to the Hyland Action and has simultaneously moved before the Judicial Panel on Multidistrict

---

[1] Unless otherwise specified, references to D.I. numbers indicate filings in C.A. No. 05-162.

[2] The Stay Order embodied the Court's rulings in its February 7, 2006 opinion, which, in addition to staying the 05-162, granted Dr. Blau's motion to intervene and denied the Hyland Plaintiffs' motion to enjoin further prosecution of the Illinois Action. *Hyland v. Harrison*, C.A. No. 05-162, 2006 WL 288247, at **7-8 (D. Del. Feb. 7, 2006) (the "Opinion") (D.I. 90). On February 9, 2006, the Court entered a second order (D.I. 93) denying the Hyland Plaintiffs' motions to disqualify Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") (D.I. 65), and to take the deposition of Dr. Blau concerning his adequacy as lead plaintiff (D.I. 84).

[3] As discussed below, on February 17, 2006, concurrently with their motion to reopen and reconsider the Stay Order (D.I. 94), the Hyland Plaintiffs violated the stay by filing a motion to intervene in the Illinois Action (Exhibit A to the Affidavit of Gregory M. Nespole dated March 6, 2006 (D.I. 98)), which was denied in all respects. *Blau v. Harrison*, 2006 U.S. Dist. LEXIS 9822 (N.D. Ill. Mar. 8, 2006).

[4] The second Hyland Action, *Hyland v. J.P. Morgan Securities Inc.*, Civil Action No. 1:06-cv-224, has been assigned to this Court.

435398v7                                  1

Litigation ("MDL Panel") to consolidate the newly constituted "three cases" for pre-trial purposes, with the obvious goal of getting yet another shot at arguing that he and his counsel should be appointed lead plaintiff and lead counsel.[5]

## NATURE AND STAGE OF THE CASE

This Court issued the Stay Order after the Hyland Plaintiffs repeatedly attempted, both before the Illinois Court and this Court, to subvert the Illinois Court's Lead Plaintiff Order. Like the Illinois Court, this Court rejected the Hyland Plaintiffs' spurious claim that Dr. Blau and his counsel should be unseated because they supposedly were inadequate class representatives, and stayed the 05-162 action in favor of the Illinois Action. The Court, moreover, found that the appointment of Dr. Blau as lead plaintiff was "consistent with the procedures of the PSLRA," and ruled that if "the Hyland Plaintiffs wished to challenge [the Illinois Court's] decision, their remedy was not to file a second action in this Court, but to follow the procedures laid out in the PSLRA and contest that decision in the Illinois District Court." *Hyland v. Harrison*, 2006 WL 288247 at *7. The Court further ruled that the interests of the Hyland Plaintiffs in the 05-162 action would be adequately protected by Dr. Blau and his counsel in the Illinois Action. *Id.* at *8.

---

[5] Presumably, Hyland will rely on provisions of the PSLRA requiring that determination of the most adequate plaintiff await the resolution of a motion to consolidate if one is made. 15 U.S.C. §§ 78u-4(a)(3)(B)(ii). That subsection, however, is of no help to Hyland because it does not trump but rather is an integral part of the PSLRA procedures for appointing lead plaintiff – such as the requirement that lead plaintiff motions must be filed within the statutorily mandated period – with which Hyland has not complied, and which was in part, the basis for this Court's refusal to disturb the Illinois Court's Lead Plaintiff Order. At the time of the appointment of Dr. Blau as Lead Plaintiff, there were no other actions to be consolidated and neither Hyland nor Speakman bothered to contest that appointment until the time to do so had run.

The Hyland Plaintiffs promptly filed a motion for reconsideration before this Court that is still pending and, flagrantly disregarding the Stay Order, on February 17, 2006, also filed a motion to intervene in the Illinois Action. Judge William J. Hibbler of the Illinois District Court denied that motion and entirely agreed with this Court:

> [t]his Court is not persuaded that the Hyland Plaintiff's interests are not adequately represented in the Illinois Action. Other than surreptitious filings regarding Dr. Blau's appointment as lead Plaintiff, the Hyland Plaintiffs have failed to demonstrate that Dr. Blau has failed to adequately represent their interests thus far in the proceedings. Indeed, this Court previously determined that Dr. Blau is an appropriate lead Plaintiff.

*Blau v. Harrison*, 2006 U.S. Dist. LEXIS 9822 at *10 (N.D. Ill. Mar. 8, 2006).

***Less than two weeks later, on March 24, 2006, Judge Hibbler upheld Dr. Blau's complaint and denied defendants' motion to dismiss the Illinois Action.*** [6] Thus, despite constant interference from plaintiffs here, Dr. Blau and his counsel's aggressive and able representation allowed the class to clear the first hurdle in this $7 billion litigation – surviving a motion to dismiss.

Two weeks after Judge Hibbler's upholding of Dr. Blau's complaint, on April 6, 2006, Hyland filed the second Hyland Action, which he admits is a "related action," in this District arising from precisely the same wrongdoing that underlies the stayed action as well as the Illinois Action. Indeed, in his Motion for Centralization before the MDL Panel, Hyland claims that centralization is proper because there are now three "Related

---

[6] In denying the motion to dismiss, Judge Hibbler limited the class to individuals who held shares on the voting date for the merger, with leave to amend. *Blau v. Harrison*, No. 04-6592, slip op. (N.D. Ill. Mar. 24, 2006) (granting motion to dismiss in part and denying in part) (attached hereto as Exhibit A to the concurrently filed Affidavit of Aya Bouchedid) ("Slip Op."). Lead Plaintiff filed a second amended complaint with a conforming class definition on April 10, 2006.

Actions," which "are all premised on the central allegation that JPMC's former CEO wrongfully rejected a superior merger opportunity solely to entrench himself," which "opportunity was then concealed from JPMC's shareholders when they decided whether or not to vote for the Merger." Br. at 3-4. (D.I. 101). The only differences between the Hyland Action and the second Hyland Action are that: the defendant in the second action is J.P. Morgan Securities Inc. ("J.P.M.S."), a wholly-owned subsidiary of J.P. Morgan, Inc. (J.P. Morgan"), a defendant in the 05-162 action, and that the claims against J.P.M.S. derive from its role as the investment advisor to J.P. Morgan, which issued the misleading proxy statement at issue.[7]

It is obvious that the second Hyland Action is simply a means to get before the MDL Panel in a last ditch attempt to wrest control of this litigation. Without the second case, Hyland would be hard-pressed to argue that a case, such as this, that has been stayed in favor of another case, should be consolidated with that case for pre-trial purposes. Even if they were somehow consolidated, the two potential transferee courts have already rejected Hyland's bid to replace Dr. Blau and his counsel and, in essence, determined that, despite the Hyland Plaintiffs' protests, Illinois is a proper venue for this case. Hyland rejects that and seeks to have the MDL Panel second-guess both this Court and the Illinois Court and transfer the Illinois Action here. It cannot be denied that the second Hyland Action appears to have been brought in bad faith and solely for an improper purpose – to attempt to circumvent the Stay Order.

---

[7] Given the several prior orders of this Court and the Illinois Court, Hyland's admission that the three cases are "premised on [a] central allegation" is tantamount to a concession that Dr. Blau and his counsel are indeed qualified to represent plaintiffs' interests in all "three cases" in the Illinois Action, which is now poised to proceed to discovery.

In its February 7, 2006 Opinion, this Court astutely observed that "Dr. Blau's interest lies in preserving the jurisdiction of the Illinois District Court and recovering for the class of investors he represents." *Hyland v. Harrison*, 2006 WL 288247 at *5. Dr. Blau has made great headway in his goal to secure recovery for the class he represents by successfully defending against the motion to dismiss in that case. In order to continue fulfilling his duties, Dr. Blau respectfully requests that this Court enforce the Stay Order, consolidate the second Hyland Action with the 05-162 action for all purposes, and stay both actions pending the resolution of the Illinois Action.

## SUMMARY OF ARGUMENT

I.  **The Filing of The Second Hyland Action Contravenes The Stay Order**

II. **The Second Hyland Action Should Be Consolidated With The 05-162 Action**

III. **Upon Consolidation, Both Actions Should Be Stayed During The Pendency Of The Illinois Action**

## STATEMENT OF FACTS

Because Hyland's efforts to undermine the Lead Plaintiff Order in the Illinois Action have been the subject of extensive briefing before this Court, Dr. Blau respectfully refers the Court to his Brief in Opposition to Plaintiffs' Reconsideration Motion (D.I. 97) for a summary of the facts, and sets forth herein only the relevant facts that have come to light since the filing of that brief.

### The Illinois Court's Denial of Defendants' Motion to Dismiss Dr. Blau's Action

On March 24, 2006, Judge Hibbler denied defendants' motion to dismiss Dr. Blau's claims under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 arising out of the 2004 stock-for-stock merger between J.P. Morgan and Bank One Corporation ("Bank One"), in which Bank One shareholders received a 14% premium for

their shares. Plaintiff alleged that J.P. Morgan and members of its board of directors failed to disclose in the proxy materials that during the negotiations James Dimon, Bank One's CEO, had offered to do the deal with no premium if he could become the CEO of the merged entity immediately upon consummation of the merger and that William B. Harrison, J.P. Morgan's CEO, rejected that offer.

Defendants sought to dismiss Dr. Blau's claims arguing that the claim was subject to the heightened pleading requirements of the PSLRA and Rule 9(b), which Judge Hibbler rejected. He also rejected defendants' argument that the failure to disclose the no-premium offer was immaterial, despite defendants' claim that there is no requirement that proxy materials disclose negotiating positions. Slip Op. at 11-12. The court found that, while not all factors in a negotiation need be disclosed, the failure to disclose the availability of a more profitable exchange ratio was material.[8]

**The Second Hyland Action**

The claims in both the Hyland Action and the second Hyland Action are based on the disclosures made to stockholders of J.P. Morgan relating to J.P. Morgan's merger with Bank One. In both cases, the proxy statement is alleged to be misleading because it failed to disclose that Dimon made a no premium offer to Harrison, which was rejected and caused harm to J.P. Morgan shareholders. These similarities are reflected in both complaints which contain identical language in most of the 43 pages covering the

---

[8] The court granted defendants' motion to strike an expert affidavit on this point offered by Dr. Blau and upheld materiality at the pleading.

substantive allegations.[9] Some of the changes in the new complaint – for example, renaming a section entitled "Harrison's Secret Deal: the Merger of Jupiter and Apollo" in the first complaint as "The Entrenchment Scheme: Merging Jupiter and Apollo" – make it plain that the changes are superficial only.

Not surprisingly, in the first Hyland Action, Hyland and Speakman sued the parties directly responsible for the offending proxy statement, namely J.P. Morgan Chase and its directors.[10] Despite their Herculean efforts to cast that case as fundamentally different than the Illinois Action, plaintiffs litigated their claims against the primary wrongdoers for over a year without adding any new claims or defendants. It is only after this Court stayed the 05-162 action and Judge Hibbler upheld the Illinois Action that Hyland filed a second action arising from the same exact wrongdoing, naming only J.P.M.S. as a defendant, and asserting claims against it for having advised J.P. Morgan on the deal. Prior to the Stay Order, plaintiffs could have moved to amend their complaint to assert these claims, but did not. The second Hyland Action is the 05-162 dressed up to evade the Stay Order.

---

[9] Compare the following paragraphs of the substantive allegations section of the Hyland Action Complaint ("HAC") (D.I. 51) with the corresponding ones in the second Hyland Action Complaint ("SHAC"), C.A. No. 1:06-CV-224 (D.I. 2): ¶¶ 55 to 70 HAC with ¶¶ 53 to 75 SHAC; ¶¶ 74 to 145 HAC with ¶¶ 79 to 152 SHAC; ¶¶ 146-148 HAC with ¶¶ 153, 154, 156 SHAC; ¶ 149 HAC with ¶ 157 SHAC; and ¶¶ 150 to 161 HAC with ¶¶ 159 to 168 SHAC.

[10] Hyland and Speakman also named Dimon as a defendant. Both this Court and the Illinois Court acknowledged that and that the first action asserted claims not asserted in the Illinois Action, and nonetheless refused to disturb Judge Hibbler's Lead Plaintiff Order. *See Hyland v. Harrison*, 2006 WL 228247, at **1 n.2, 8; *see Blau v. Harrison*, 2006 U.S. Dist. LEXIS 9822, at **3 n.2, 10-11.

## ARGUMENT

I. **THE FILING OF THE SECOND HYLAND ACTION CONTRAVENES THE STAY ORDER**

By Order dated February 9, 2006, this Court stayed this case "pending the resolution of *Blau v. Harrison, et al.*, an action pending in the United States District Court for the Northern District of Illinois," administratively closed the case, directed the parties to file status reports every six months, and ruled that the parties "may seek to reopen this action upon written request." (D.I. 93). The Court ruled that "a stay will adequately preserve the interests of the Hyland Plaintiffs in this action, while simultaneously allowing their interests to be served in the Illinois Action to the extent their claims are being pressed there." *Hyland v. Harrison*, 2006 WL 288247 at *8.

It is well-established that a court has the inherent power to enforce compliance with its lawful orders. *Spallone v. United States*, 493 U.S. 265, 276 (1990); *Shillitani v. United States*, 384 U.S. 364, 370 (1966). A federal court has the power to enforce its orders by dismissing actions and by way of civil contempt. *See Sanders v. Barrett*, 2005 U.S. App. LEXIS 22496, at *4 (11th Cir. Oct. 17, 2005) (The district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits.") (citing *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)); *Shillitani*, 384 U.S. at 370 ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt.")

While Dr. Blau does not seek to dismiss the second Hyland Action or to hold Hyland in civil contempt at this juncture, Hyland's filing of the second action must be seen for what it plainly is – a calculated attempt to sidestep the Stay Order. If Hyland's true purpose was to assert claims against a new defendant in connection with the J.P.

Morgan and Bank One merger, he would have complied with the Stay Order and made a written application to this Court. But Hyland's *modus operandi*, engineered by his counsel, has always been to seek to circumvent lawful orders issued by one federal court by going to a different federal court.

For example, despite the existence of the Lead Plaintiff Order and despite not having moved for lead plaintiff in the Illinois Action, Hyland and Speakman filed the 05-162 action. When Dr. Blau moved to intervene and stay the 05-162 action, the Hyland Plaintiffs asked this Court to render the Lead Plaintiff Order a nullity by claiming that Dr. Blau and his counsel were inadequate class representatives. After the Court issued the Stay Order and ruled in effect that plaintiffs had relinquished any right to contest the Lead Plaintiff Order by circumventing the PSLRA, the Hyland Plaintiffs sought reconsideration and simultaneously went to the Illinois Court and asked that Court to effectively overturn the Stay Order by allowing them to intervene in the Illinois Action. Now, Hyland has effectively violated the Stay Order again by filing the second Hyland Action, together with a motion to consolidate before the MDL Panel, in a naked and patently improper attempt to get yet more federal judges to sit in review of lawful orders issued by other federal judges.[11]

---

[11] *See In re Data General Corporation Antitrust Litigation*, 510 F. Supp. 1220, 1226-27 (J.P.M.D.L. 1979) ("The Panel has neither the statutory authority nor the inclination to review decisions of district courts, whether they are transferor or transferee courts."); *see also, Green v. Citigroup, Inc.*, 68 Fed. Appx. 934, 936 (10th Cir. June 25, 2003) (unpublished decision) ("It is axiomatic that one district court has no jurisdiction to review the decision of another district court."); *In re Persico*, 362 F. Supp. 713, 714 (E.D.N.Y. 1973) ("Judges of coordinate jurisdiction do not, except in the most extraordinary situations, have the function of reviewing each other's orders."); *United States v. Rabin*, 263 F. Supp. 989, 990 (S.D. Fla. 1966) (district court lacks jurisdiction to review ruling entered by another district court); *In re Pusser*, 123 F. Supp. 164, 167 (D.S.C. 1954) (court "ha[d] no power or authority to amend, modify or revoke an order of (continued...)

This Court can enforce its Stay Order – as the Illinois Court enforced its Lead Plaintiff Order by denying plaintiffs' intervention motion – by consolidating the two actions and staying both.

## II. THE SECOND HYLAND ACTION SHOULD BE CONSOLIDATED WITH THE 05-162 ACTION

Consolidation is appropriate where there are common issues of law or fact, and where the benefits of consolidation outweigh potential prejudice to the defendants. *See* Fed. R. Civ. P. 42(a);[12] *Rohm and Haas Co. v. Mobil Oil Corp.* 525 F. Supp. 1298, 1309 (D. Del. 1981).

In order to be consolidated, complaints need not be exactly alike so long as the basic claims are similar enough to make consolidation worthwhile. *Honeywell Intern. Inc. v. Audiovox Commc'ns Corp.*, C.A. No. 04-1337, 2005 WL 2465898, at *4 (D. Del. May 18, 2005). Indeed, complaints can have significant differences and still be consolidated. *Lloyd v. Industrial Bio-Test Labs.*, 454 F. Supp. 807, 812 (S.D.N.Y. 1978) (consolidation of securities cases with different class periods, different securities and different defendants). But here the cases are virtually the same.

The Hyland Action and the second Hyland Action indisputably involve common

---

(...continued)

another United States District Judge"); *McGinley v. Houston*, No. 03-0563, 2003 U.S. Dist. LEXIS 14947, at *2 (S.D. Ala. Aug. 27, 2003) ("The law does not allow a party to file a 'horizontal appeal' from one district judge to another judge of the same rank").

[12] Rule 42(a) provides that: "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matter in issue in the actions; it may order all of the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

issues of law and fact. Even Hyland admits so in his MDL Panel filing. Among other things, the second Hyland Action alleges that J.P.M.S. aided and abetted J.P. Morgan and its directors in creating and distributing a misleading proxy statement, which necessarily requires proof of the claims in the first Hyland Action – and the Illinois Action – that, J.P. Morgan did in fact distribute a misleading proxy statement. Similarly, both actions require the resolution of the question of whether the alleged omission is material as a matter of law – a question Judge Hibbler resolved in Dr. Blau's favor on the pleadings.

The slightly different class definitions[13] do not preclude consolidation because all claims are based on the same course of conduct. *Lloyd*, 454 F. Supp. at 812. Moreover, Hyland is a plaintiff in both cases and J.P.M.S., the defendant in the second case, is a wholly owned subsidiary of J.P. Morgan, a defendant in the first case. In short, Hyland cannot prove one element of his claims against J.P.M.S. without first having to prove the elements of the claims of the now stayed Hyland Action. Thus, consolidation is entirely appropriate. *Ex Parte Ashton*, 231 Ala. 497, 165 So. 773 (Ala. 1936); Manual For Complex Litigation, Fourth § 21.631 (2004) ("[w]hether consolidation is permissible or desirable will depend in large part on the extent to which the evidence is common.").

Moreover, consolidation of shareholders' suits is favored, especially where the wrongdoing at issue is that of a single issuer of securities. *Waldman v. Electrospace Corp.*, 68 F.R.D. 281, 283 (S.D.N.Y. 1975). Even though the second Hyland Action does

---

[13] The second Hyland Complaint defines a class as all shareholders who owned stock at the close of market on January 14, 2004 and who *sold* their stock after the merger was announced. The first Hyland Action defines the class as those who (1) *purchased* J.P. Morgan stock between January 14, 2004 and June 25, 2004, (2) as shareholders of record on April 2, 2004 were entitled to vote on the merger, and/or (3) acquired their shares by surrendering Bank One shares in connection with the merger on or about July 1, 2004.

not name J.P. Morgan as a defendant, J.P. Morgan is the issuer of the securities at issue, the issuer of the proxy statement alleged to be misleading, and, through its directors, is the primary wrongdoer, with whom Hyland alleges J.P.M.S. conspired. *See* Second Hyland Action Complaint (D.I. 2) at ¶ 19.

### III. UPON CONSOLIDATION, BOTH ACTIONS SHOULD BE STAYED DURING THE PENDENCY OF THE ILLINOIS ACTION

This Court held that:

> Consistent with the procedures of the PSLRA, the Illinois District Court has appointed Dr. Blau as lead plaintiff and approved Wolf Haldenstein to serve as lead counsel in that action. If the Hyland Plaintiffs wished to challenge that decision, their remedy was not to file a second action in this Court, but to follow the procedures laid out in the PSLRA and contest that decision in the Illinois District Court. Instead, the Hyland Plaintiffs, through their counsel, have circumvented this procedure by filing this action and presenting their arguments to the Illinois District Court in the form of amici curiae briefs.
>
> Nevertheless, the Illinois Court has considered and rejected the arguments of the Hyland Plaintiffs concerning the appointment of Dr. Blau as lead counsel, including the Hyland Plaintiffs' assertion that Dr. Blau did not provide them with proper notice under the PSLRA. This Court will not second-guess the decisions of the Illinois District Court on this matter.

*Hyland v. Harrison*, 2006 WL 288247, at *7-8.

The Court's reasoning is equally applicable to the second Hyland Action which, for the reasons above, should be consolidated with the first Hyland Action. Accordingly, it too should also be stayed. *See Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976) (A district court has broad power to stay proceedings); *Blake v. Farrell Lines, Inc.*, 417 F.2d 264, 266 (3d Cir. 1969) ("the trial judge, under Rule 42(a), is given the broad authority to 'make such orders concerning proceedings therein as may

tend to avoid unnecessary costs or delay'").

Moreover, this Court ordered the Hyland Action stayed even before "[]either action ha[d] progressed to a substantive review of the merits". *Hyland v. Harrison*, 2006 WL 288247, at *8. Since then, the Illinois District Court has ruled on J.P. Morgan's motion to dismiss the Illinois Action and sustained all of Dr. Blau's claims, allowing the case to go forward and providing further justification for imposing a stay in this second Hyland Action as with the first one.

As has been made abundantly clear by this court, any right Hyland and Speakman had to intervene in the Illinois Action, the only pending action asserting claims related to the merger of J.P. Morgan with Bank One, was foregone when, starting in May 2005, they chose to circumvent the PSLRA. *See Hyland v. Harrison*, 2006 WL 288247, at *7. This Court should not countenance Hyland's bold-faced attempt to circumvent the PSLRA again and to do so by disrespecting the sanctity of the orders of two federal courts.

## CONCLUSION

For the foregoing reasons, Dr. Blau respectfully requests that this Court grant his motion to enforce the Stay Order and to consolidate the first and second Hyland actions, and, upon consolidation, stay both actions pending resolution of the Illinois Action.

Dated: April 18, 2006

                                            **CHIMICLES & TIKELLIS LLP**

                                            /s/ Pamela S. Tikellis
                                            Pamela S. Tikellis (#2172)
                                            Robert Davis (#4536)
                                            Daniel J. Brown (#4688)
                                            One Rodney Square
                                            P.O. Box 1035
                                            Wilmington, Delaware  19899
                                            (302) 656-2500

OF COUNSEL:

Demet Basar
Aya Bouchedid
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
(212) 545-4600

Adam J. Levitt
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
(312) 984-0000