IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SAMUEL I. HYLAND and STEPHANIE :
SPEAKMAN, individually and on  :
behalf of all other similarly  :
situated,                      :
                               :
            Plaintiffs,        :
                               :
        v.                     :  Civil Action No. 05-162-JJF
                               :
WILLIAM B. HARRISON, JR., HANS :
W. BECHERER, RILEY P. BECHTEL, :
FRANK A. BENNACK, JR., JOHN H. :
BIGGS, LAWRENCE A. BOSSIDY, M. :
ANTHONY BURNS, ELLEN V. FUTTER,:
WILLIAM H. GRAY, III, HELENE L.:
KAPLAN, LEE R. RAYMOND, JOHN R.:
STAFFORD, JPMORGAN CHASE & CO.,:
and JAMES DIMON,               :
                               :
            Defendants.        :
——————————————————————————————— :
                               :
DR. STEPHEN BLAU, individually :
and on behalf of all others    :
similarly situated,            :
                               :
            Intervenor.        :

---

Joseph N. Gielata, Esquire of JOSEPH N. GIELATA, ATTORNEY AT LAW,
Wilmington, Delaware.
Counsel for Plaintiffs.

Jesse A. Finkelstein, Esquire and Michael R. Robinson, Esquire of
RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware.
Counsel for Defendants.
Of Counsel:  Michael A. Cooper, Esquire; Sharon L. Nelles,
Esquire and Keith Levenberg, Esquire of SULLIVAN & CROMWELL LLP,
New York, New York.
Counsel for the Individual Defendants.
Of Counsel:  Nancy E. Schwarzkopf, Esquire of JPMORGAN CHASE
LEGAL DEPARTMENT, New York, New York.
Counsel for J.P. Morgan Chase & Co.

Pamela S. Tikellis, Esquire and Robert Davis, Esquire of
CHIMICLES & TIKELLIS LLP, Wilmington, Delaware.

<u>Of Counsel</u>:  Gregory M. Nespole, Esquire of WOLF HALDENSTEIN
ADLER FREEMAN & HERZ LLP, New York, New York.
Adam J. Levitt, Esquire of WOLF HALDENSTEIN ADLER FREEMAN & HERZ
LLC, Chicago, Illinois.
Counsel for

---

**<u>MEMORANDUM OPINION</u>**

April 27, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is a Motion To Reopen And For Reconsideration (D.I. 94) filed by Plaintiffs, Samuel Hyland and Stephanie Speakman (the "Hyland Plaintiffs"). For the reasons discussed, the Court will deny the Hyland Plaintiffs' Motion.

## BACKGROUND

The background relevant to this action has been set forth in the Court's February 7, 2006 Opinion and Order granting Dr. Blau's Motion To Intervene and staying this action pending resolution of an action commenced by Dr. Blau in the United States District Court for the Northern District of Illinois (the "Illinois Action") alleging that Defendants[1] violated Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") in connection with the merger of J.P. Morgan Chase & Co. and Bank One Corporation. Hyland v. Harrison, 2006 WL 288247 (D. Del. Feb. 7, 2006). By the instant Motion, the Hyland Plaintiffs contend that an indefinite stay based on the prior pending Illinois Action is inappropriate, because this action is dissimilar from the Illinois Action. In addition, the Hyland Plaintiffs contend that the Court should reconsider its decision

---

[1]    Defendants in the Illinois Action are William B. Harrison, Jr., Hans W. Becherer, Riley P. Bechtle, Frank A. Bennack, Jr., John H. Biggs, Lawrence A. Bossidy, M. Anthony Burns, Laurence Fuller, Ellen V. Futter, William H. Gray, III, Helene L. Kaplan, Lee R. Raymond, John R. Stafford, and J.P. Morgan Chase & Co.

1

staying this action in order to prevent manifest injustice to the Delaware Plaintiffs and other absent class members.  Dr. Blau has filed an Answering Brief opposing the Motion.

## STANDARD OF REVIEW

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  The purpose of the motion for reconsideration is not to "rehash arguments already briefed." Dentsply Int'l. Inc. v. Kerr Mfg. Co., 42 F. Supp.2d 385, 419 (D. Del. 1999).  In order to succeed, the party requesting reconsideration must show that at least one of the following criteria applies: (1) a change in the controlling law; (2) availability of new evidence not available when the Court made its decision; or (3) need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d at 677).  "As a general rule, motions for reconsideration should be granted 'sparingly.'" Karr v. Castle, 768 F. Supp. 1087, 1090 (D. Del. 1991).

## DISCUSSION

Reviewing the Hyland Plaintiffs' Motion in light of the standard for reconsideration, the Court concludes that

2

reconsideration of the Court's February 7, 2006 Opinion and Order is not warranted. The Hyland Plaintiffs have not advanced an intervening change in controlling law or the availability of new evidence. Rather, the Hyland Plaintiffs reiterate their argument that this action is substantially different from the Illinois Action; however, the Court considered this argument in the context of Dr. Blau's Motion To Intervene and found it to be lacking.[2] Hyland, 2006 WL 288247 at *6. The Court also considered and rejected the Hyland Plaintiffs' arguments under the PSLRA. Id. at 6-8.

In addition, the Hyland Plaintiffs contend that reconsideration is necessary to prevent manifest injustice to the Hyland Plaintiffs and other class members who may be absent from the Illinois Action. In this regard, the Hyland Plaintiffs contend that the Court's Order staying this action is immoderate and effectively leaves the Hyland Plaintiffs out of court. (D.I. 95 at 10). The Hyland Plaintiffs request the Court to modify the stay so that (1) the stay is lifted once a motion to dismiss is adjudicated in the Illinois Court, and/or (2) the claims asserted by the Hyland Plaintiffs solely in this action are not dismissed or released by Dr. Blau.

---

[2]     Although the Hyland Plaintiffs argue here that this action is substantially different from the Illinois Action, when they sought to intervene in the Illinois Action, they argued that this action and the Illinois Action share common questions of law and fact.

3

Unlike the stay found to be immoderate by the Supreme Court in <u>Landis v. North American Co.</u>, 299 U.S. 248 (1936), which extended beyond the adjudication of the action in the district court and which remained in effect during the pendency of the appeal, the stay in this case is only operative during the pendency of the Illinois Action and can be lifted once that action is resolved. Moreover, the Hyland Plaintiffs are not precluding from seeking to lift the stay in this case if the circumstances so warrant. At this time, however, the landscape of this action has not substantially changed since the Court issued its February 7 Opinion, and therefore, the Court finds no reason to modify or lift the stay.

CONCLUSION

For the reasons discussed, the Court will deny the Hyland Plaintiffs' Motion To Reopen And For Reconsideration.

An appropriate Order will be entered.

4