**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

SAMUEL I. HYLAND and STEPHANIE SPEAKMAN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, J.P. MORGAN CHASE & CO., and JAMES DIMON,

Defendants.

Case No. 1:05-cv-162 (JJF)

**DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF-IN-INTERVENTION'S MOTION TO ENFORCE THE STAY**

**OF COUNSEL:**

Nancy E. Schwarzkopf
JPMORGAN CHASE LEGAL DEPARTMENT
1 Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-3585
*Counsel for J.P. Morgan Chase & Co.*

Michael A. Cooper
Sharon L. Nelles
Keith Levenberg
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-3712
*Counsel for the Individual Defendants*

Jesse A. Finkelstein (DSB #1090)
Michael R. Robinson (DSB #4452)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
finkelstein@rlf.com
robinson@rlf.com
(302) 651-7700
*Counsel for Defendants*

Dated: May 2, 2006

# TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS | 1 |
| SUMMARY OF ARGUMENT | 2 |
| ARGUMENT | 3 |
| CONCLUSION | 4 |

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Animal Science Prods. Inc. v. Hebei Welcome Pharm. Co.*,
No. 05-0453, 2005 U.S. Dist. LEXIS 38214 (E.D.N.Y. Dec. 23, 2005) ..................3

*Ellis v. Merck & Co.*,
No. 06-1005, 2006 U.S. Dist. LEXIS 9639 (W.D. Tenn. Feb. 19, 2006)..................3

*Landis v. North Am. Co*,
299 U.S. 248 (1936)..................3

*Leeson v. Merck & Co.*,
No. 05-2240, 2006 U.S. Dist. LEXIS 3096 (E.D. Cal. Jan. 27, 2006) ..................3

*New Mexico State Inv. Council v. Alexander*,
317 B.R. 440 (D.N.M. 2004), ..................3, 4

*Toppins v. 3M Co.*,
No. 05-1356, 2006 U.S. Dist. LEXIS 36 (E.D. Mo. Jan 3, 2006) ..................3

*Welch v. Merck & Co.*,
No. 05-2267, 2006 U.S. Dist. LEXIS 4432 (E.D. Cal. Feb. 6, 2006)..................3

*Woods v. Merck & Co.*,
No. 05-1333, 2005 U.S. Dist. LEXIS 31610 (W.D. Tenn. Nov. 25, 2005)..................3

### STATUTES AND RULES

28 U.S.C. § 1407 (2006)..................3

J.P.M.L. R. 1.5..................3

**STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS**

On October 13, 2004, a plaintiff purporting to represent shareholders of J.P. Morgan Chase & Co. filed an action in the Northern District of Illinois challenging JPMC's 2004 merger with Bank One. *Blau v. Harrison*, No. 04-6592 (N.D. Ill.). Five months later, plaintiff Samuel Hyland (later joined by plaintiff Stephanie Speakman) filed the instant action based on the same facts and circumstances. (D.I. 1.) These two actions, as well as a since-dismissed action brought in Delaware state court, *see In re J.P. Morgan Chase & Co. S'holder Litig.*, No. 531-N, 2005 Del. Ch. LEXIS 51 (Del. Ch. Apr. 29, 2005), *aff'd*, No. 218, 2005, 2006 Del. LEXIS 124 (Del. Mar. 8, 2006), were all based on a single sentence in a *New York Times* article attributing to two unnamed sources the statement that JPMC's CEO had declined an alleged offer by Bank One's CEO to merge the companies without an acquisition premium to Bank One shareholders if its CEO could lead the combined entity immediately. *See* Landon Thomas Jr., "The Yin, the Yang[,] and the Deal," N.Y. TIMES, June 27, 2004, at C1.

Both Hyland (with Speakman) and Blau were appointed lead plaintiffs in their respective actions. Hyland and Speakman attempted to contest the Northern District of Illinois's appointment of Blau through a submission to that Court styled as a brief amicus curiae. In response, Blau filed a motion to intervene in this Court for the purpose of staying this action and continuing to litigate in Illinois. (D.I. 58) (Aug. 26, 2005). Plaintiffs parried with a motion asking this Court to enjoin Blau from proceeding in that forum. (D.I. 68) (Sept. 22, 2005). Finding that "the Hyland Plaintiffs and their counsel and Dr. Blau and his counsel are in a 'tug of war' over who is going to serve as lead plaintiff and lead counsel" (D.I. 90 (*slip op.* at 18)) (Feb. 7, 2006), this Court granted

Blau's motion to intervene and stayed this case pending adjudication of the action in the Northern District of Illinois. This action was then administratively closed by Order of the Court dated February 9, 2006. (D.I. 93.)

Like the face that launched a thousand ships, the single sentence in the *New York Times* article has inspired yet another complaint recycling the now-familiar allegations in the dismissed Delaware state complaint. On April 6, 2006, Hyland filed a new action based on the same facts as this action, *Blau*, and the *Shareholder Litigation*, but this time naming as the only defendant J.P. Morgan Securities Inc., a subsidiary of JPMC and the investment bank that advised JPMC and provided a fairness opinion with respect to the merger. *See Hyland v. J.P. Morgan Securities Inc.*, No. 06-0224 (D. Del.) (hereinafter "*Hyland II*"). On the basis of the new action, Hyland moved the Judicial Panel on Multidistrict Litigation to centralize all three cases. (*See* D.I. 101.) Blau, the intervenor-plaintiff at bar, has responded with the instant motion to enforce the Court's February 7 Stay Order (D.I. 91) by finding the filing of *Hyland II* in contravention of the Stay Order, or, alternatively, by consolidating *Hyland I* and *Hyland II* and staying both until final judgment in *Blau*. Defendants respond as follows.

## SUMMARY OF ARGUMENT

This Court should temporarily stay *Hyland v. J.P. Morgan Securities Inc.* pending a decision from the MDL Panel on the *Hyland* plaintiff's motion for centralization.

**ARGUMENT**

The decision whether to stay an action is within the inherent discretionary power of the Court. *See Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The pendency of a motion to transfer actions for coordinated proceedings pursuant to the MDL statute, 28 U.S.C. § 1407 (2006), does not affect the Court's jurisdiction for pretrial purposes or limit its power to issue a stay. *See* J.P.M.L. R. 1.5; *Toppins v. 3M Co.*, No. 05-1356, 2006 U.S. Dist. LEXIS 36 at *2-*3 (E.D. Mo. Jan. 3, 2006); *New Mexico State Inv. Council v. Alexander*, 317 B.R. 440, 443 (D.N.M. 2004).

It is routine practice to stay an action temporarily while awaiting a decision by the Judicial Panel on Multidistrict Litigation on whether to centralize the actions. *See, e.g.*, *Ellis v. Merck & Co.*, No. 06-1005, 2006 U.S. Dist. LEXIS 9639 (W.D. Tenn. Feb. 19, 2006); *Toppins*, 2006 U.S. Dist. LEXIS 36 at *3-*4; *Animal Science Prods. Inc. v. Hebei Welcome Pharm. Co.*, No. 05-0453, 2005 U.S. Dist. LEXIS 38214 (E.D.N.Y. Dec. 23, 2005); *New Mexico*, 317 B.R. at 446.[1] This is because anything that occurs in the originating Court in the interim "could be contradicted by another court or might need to be re-litigated"; a temporary stay thus preserves "valuable judicial resources," *Animal Science*, 2005 U.S. Dist. LEXIS 38214 at *2, and reduces the

---

1 Literally dozens of other *Merck* cases granted temporary stays, many with identical opinions. *See, e.g*, *Welch* v. *Merck & Co.*, No. 05-2267, 2006 U.S. Dist. LEXIS 4432 (E.D. Cal. Feb. 6, 2006); *Leeson* v. *Merck & Co.*, No. 05-2240, 2006 U.S. Dist. LEXIS 3096 (E.D. Cal. Jan. 27, 2006); *Woods* v. *Merck & Co.*, No. 05-1333, 2005 U.S. Dist. LEXIS 31610 (W.D. Tenn. Nov. 25, 2005).

risk of prejudice. *See New Mexico*, 317 B.R. at 446 ("[I]f the stay is not granted, Defendants may be prejudiced by the duplication in efforts required if they are forced to participate in pretrial proceedings in this forum and then the action is transferred to the MDL court.").

The Court need not address the need for a lengthier stay at this juncture. It is sufficient that the interests of justice and judicial economy are served by a temporary stay pending a decision by the MDL Panel.

## CONCLUSION

For the reasons stated above, the Court should stay *Hyland v. J.P. Morgan Securities Inc.* pending a decision from the MDL Panel on the *Hyland* plaintiff's motion for centralization.

Respectfully submitted,

Jesse A. Finkelstein (#1090)
finkelstein@rlf.com
Michael R. Robinson (#4452)
robinson@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square, 920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
*Counsel for Defendants*

**OF COUNSEL:**

Michael A. Cooper
Sharon L. Nelles
Keith Levenberg
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-3712
*Counsel for the Individual Defendants*

Nancy E. Schwarzkopf
JPMORGAN CHASE LEGAL DEPARTMENT
1 Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-3585
*Counsel for J.P. Morgan Chase & Co.*

Date: May 2, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2006, I caused to be electronically filed the foregoing **Defendants' Memorandum of Law in Response to Plaintiff-in-Intervention's Motion to Enforce the Stay**, with the Clerk of Court using CM/ECF which will send notification of such filings to the following:

Joseph N. Gielata, Esq.
501 Silverside Road, Suite 90
Wilmington, DE 19809

Robert R. Davis, Esq.
Chimicles & Tikellis LLP
One Rodney Square
Wilmington, DE 19899

Michael R. Robinson (DSBA No. 4452)
robinson@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700