# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL I. HYLAND,<br>  individually and on behalf of all<br>    others similarly situated,<br><br>  Plaintiff,<br><br>         v.<br><br>J.P. MORGAN SECURITIES, INC.,<br>  a Delaware corporation,<br><br>  Defendant. | Civil Action No. **06-224 JJF**<br><br>**CLASS ACTION** |
| SAMUEL I. HYLAND and STEPHANIE SPEAKMAN, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>         v.<br><br>WILLIAM B. HARRISON, JR., *et al.*<br><br>  Defendants. | Civil Action No. **05-162 JJF**<br><br>**CLASS ACTION** |
| DR. STEPHEN BLAU,<br><br>  Plaintiff-in-Intervention | |

**ANSWERING BRIEF IN OPPOSITION TO
DR. BLAU'S MOTION FOR CONSOLIDATION AND STAY**

Dated: May 2, 2006

JOSEPH N. GIELATA (# 4338)
Attorney at Law
501 Silverside Road, No. 90
Wilmington, Delaware 19809
(302) 798-1096
*Attorney for Samuel Hyland*

**TABLE OF CONTENTS**

NATURE AND STAGE OF PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.  CONSOLIDATION AT THIS TIME WILL UNNECESSARILY
    DELAY THE RESOLUTION OF THE JPMSI ACTION AND
    WILL NOT PROMOTE JUDICIAL ECONOMY. . . . . . . . . . . . . . . . . . . . . . . . . 7

II. CONSOLIDATION FOLLOWED BY A STAY WOULD JEOPARDIZE
    ANY RECOVERY BY PLAINTIFF AND THE CLASS OF SIMILARLY
    SITUATED PERSONS IN THE JPMSI ACTION. . . . . . . . . . . . . . . . . . . . . . . .10

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**TABLE OF AUTHORITIES**

**Cases:**                                                                 *Page*

*Borough of Olyphant v. PPL Corp.*,
    153 Fed. Appx. 80 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Clopay Corp. v. Newell Companies, Inc.*,
    527 F. Supp. 733 (D. Del. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*In re Consolidated Parlodel Litig.*,
    182 F.R.D. 441 (D.N.J. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*Consorti v. Armstrong World Ind.*,
    72 F.3d 1003 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*,
    149 F.R.D. 65 (D.N.J. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Lloyd v. Industrial Bio-Test Laboratories, Inc.*,
    454 F. Supp. 807 (S.D.N.Y. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Rohm and Haas Co. v. Mobil Oil Corp.*,
    525 F. Supp. 1298 (D. Del. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

**Statutory Authority:**

28 U.S.C. § 1407. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3,11


**Rules:**

Fed. R. Civ. P. 42. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*


**Other Authority:**

Wright & Miller, *Federal Practice and Procedure* (1971). . . . . . . . . . . . . . . . . . . . . . .6

This brief is respectfully submitted by plaintiff Samuel I. Hyland ("Plaintiff") in opposition to the motion for consolidation and a stay of this action, and opening brief in support thereof ("Op. Br."), submitted by Dr. Stephen Blau ("Blau").

## NATURE AND STAGE OF PROCEEDINGS

To date, three securities class actions have been filed in federal court in connection with the 2004 merger (the "Merger") of JPMorgan Chase & Co. ("JPMC") and Bank One Corporation ("Bank One").

The first suit (the "Illinois Action") was filed in Blau's name in the Northern District of Illinois. Despite abundant evidence that Blau's attorneys exploited at least one illusory client in the Illinois Action, they have yet to provide a shred of proof that they genuinely represent a client in this litigation. Notwithstanding this obstacle, their complaint—almost entirely plagiarized from a pleading filed in Delaware state court—recently withstood a motion to dismiss. (Op. Br. Exh. A.)

The second suit, *Hyland v. Harrison*, C.A. No. 05-162 (the "Delaware Action") was filed in this District in 2005. Despite some overlap, this Court observed that the Delaware Action asserts several claims not asserted in the Illinois Action. Nevertheless, the Delaware Action has been stayed pending resolution of the Illinois Action.

The third suit, *Hyland v. J.P. Morgan Securities, Inc.*, C.A. No. 06-224 (the "JPMSI Action") is fundamentally different from the first two. Whereas the Delaware Action and Illinois Action both seek relief on behalf of **holders** of JPMC stock, the JPMSI Action seeks relief only on behalf of **sellers** of JPMC stock against J.P. Morgan Securities, Inc. ("JPMSI"), JPMC's financial advisor in the Merger. JPMSI is not named as a defendant in either the Delaware Action or the Illinois Action. Moreover, only the JPMSI Action asserts seller claims under Section 10(b) of the Securities Exchange Act of

1934, for aiding and abetting breach of fiduciary duty, and for civil conspiracy—none of which are asserted in the Illinois Action.  Thus, the interests of JPMC Action class members are hardly, if at all, being pursued in the Illinois Action.  Indeed, those who sold all their JPMC stock prior to April 2, 2004 (the record date for the Merger vote) are excluded *by definition* from the putative class in the Illinois Action, which is defined as all JPMC shareholders on that date.

The differences do not end there.  The JPMSI Action alleges with particularity facts concerning JPMSI's scienter and sets forth the primary and critical role played by JPMSI in structuring the Merger and selling it to shareholders with a misleading fairness opinion.  Also, unlike the inchoate allegation of damages in the Illinois Action, the JPMSI Action spells out the specific lost opportunity damages suffered by sellers.

In addition, the legitimacy of the Illinois Action remains in dispute.  After probing irregularities in the Illinois Action, Plaintiff exposed the fact that Blau's attorneys had knowingly (or at least recklessly) filed false statements in federal court by proposing an illusory client, the American Growth Fund, Inc., as a lead plaintiff.  The unwitting "client" mistakenly declared that it had agreed to serve as a named plaintiff, reviewed the complaint and authorized its filing when, in fact, it had not.

On this good-faith basis, in addition to other information, Plaintiff fears that Blau may have been similarly duped into joining the suit by signing a declaration without fully understanding the role he was expected to play.  Blau's attorneys have yet to provide any proof to refute this well-grounded suspicion.  Until and unless they do so, Plaintiff is obligated, by virtue of the class action aspect of this litigation, to scrutinize and question Blau's adequacy to conduct this litigation as a representative of the class.

Blau characterizes the JPMSI Action as an "audacious ruse," (Op. Br. at 1)—an apt description of the illusory client(s), rampant plagiarism, and other tricks employed by Blau's attorneys. However, this attack on the JPMSI Action is baseless and improper, especially since the suit asserts claims which otherwise would have been extinguished by the applicable statute of limitations. That Blau neglected to bring numerous valuable claims does not foreclose diligent parties from asserting such claims.

On February 7, 2006, this Court stayed the Delaware Action. Nothing in the Court's opinion or order precludes Plaintiff from asserting claims against other persons or entities involved in the Merger.

On April 6, 2006, Plaintiff filed a motion for centralization of related actions pursuant to 28 U.S.C. § 1407 with the Judicial Panel on Multidistrict Litigation ("JPML"). Responses to said motion are due on May 4, 2006. Plaintiff will notify this Court when the JPML issues a ruling on the motion for centralization.

## SUMMARY OF THE ARGUMENT

1. Consolidation of the JPMSI Action and the Delaware Action would be premature and highly prejudicial. Blau has not met his burden to show that consolidation would promote judicial economy or reduce delay or costs. Indeed, consolidation at this time would likely increase delay, confusion and costs and lead to injustice.

2. Due to the dissimilar issues in these matters and in the interest of judicial efficiency, the Court should not consolidate the Delaware Action with the JPMSI Action if such consolidation would only result in a stay of the JPMSI Action.

3. Blau's motion essentially seeks a stay of the JPMSI Action, even though the Illinois Action is fundamentally dissimilar. Blau has not met his burden to show that the extraordinary relief of a stay is warranted under these circumstances.

**STATEMENT OF FACTS**

This litigation involves an entrenchment scheme concocted and executed by the highest-ranking corporate officers of JPMC and Bank One, and their Wall Street advisors, in connection with the Merger. During the course of the merger negotiations, Bank One's head was willing to agree to a deal with zero premium so long as he could become chief executive officer ("CEO") of the combined company immediately. However, JPMC's beleaguered chairman and CEO was so obsessed with keeping his CEO title and retiring on his own terms that he rejected this opportunity and, despite his fiduciary duty to JPMC shareholders, struck a deal with a staggering $7 billion premium, solely in exchange for two more years as CEO – equivalent to nearly $10 million per day.

When JPMC shareholders voted in favor of the Merger, they did so based on an incomplete and materially misleading proxy-prospectus and other false and misleading statements. The allocation of their equity stake in the post-Merger entity was directly impacted. Indeed, on the date the Merger was announced, the stock market efficiently reflected the massive shift of value from JPMC's shareholders to Bank One's shareholders due to the Merger's unfair exchange ratio. JPMC shareholders who sold shares after the Merger announcement were deprived of the opportunity to sell their stock at the higher price they would have obtained but for the entrenchment scheme.

The JPMSI Action seeks to hold accountable JPMC's financial advisor for its integral role in the entrenchment scheme. Faced with mediocre rankings for its merger advisory work among Wall Street investment banks, JPMSI seized the Merger as an opportunity not only to reap an extraordinary $40 million fee but also to launch itself into a top-tier ranking in order to attract other investment banking business. Despite its lack

of independence, JPMSI was selected to stamp the deal with the necessary imprimatur and falsely opined that the Merger was fair, even though its bankers knew that the Merger deprived JPMC's shareholders of billions of dollars in value without any legitimate business justification.

The Delaware Action also concerns numerous undisclosed financial and personal relationships which crippled the ability of JPMC's board of directors to consider the merits of the Merger without regard for personal benefit.  These undisclosed relationships help to explain why JPMC's directors stood silently by as JPMC shareholders foot the bill for a treacherous scheme to entrench JPMC's highest-ranking officer.

## ARGUMENT

Blau's contention that the commencement of the JPMSI Action violates the stay of the Delaware Action is meritless.  Compared to the Illinois Action and Delaware Action, the JPMSI Action seeks different claims against a different defendant on a distinct theory.  This Court did not enjoin or otherwise restrict Plaintiff from protecting any claims that were not asserted in the Delaware Action.  Indeed, the central premise of the stay of the Delaware Action is that *overlapping* claims could be resolved in the Illinois Action, and then remaining claims would be resolved in this Court.  There is no such overlap between the Illinois Action and the JPMSI Action—and Blau points to none—and thus there is no justification for staying the JPMSI Action.

Consolidation designed solely to delay the prosecution of the JPMSI Action would be inappropriate.  Blau has not met his burden to prove that consolidation or a stay of the JPMSI Action would promote judicial economy or the ends of justice.  Rule 42(a) of the Federal Rules of Civil Procedure provides that:

> When actions involving a common question or law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order the actions consolidated; and it may make such orders concerning proceedings therein *as may tend to avoid unnecessary costs or delay.*  [Emphasis added.]

The purpose of Rule 42(a) "is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Wright & Miller, *Federal Practice and Procedure*, § 2381 (1971).

Thus, in assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy.  However, efficiency cannot be permitted to prevail at the expense of justice—consolidation should be considered when "savings of expense and gains of efficiency can be accomplished *without sacrifice of justice*." *Consorti v. Armstrong World Ind.*, 72 F.3d 1003, 1007 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996) (emphasis in original).

As the movant, Blau has the burden to establish that there are common issues of law or fact and that any judicial convenience which may result outweighs the "potential for new delays, expense, confusion, or prejudice." *In re Consolidated Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998).  Blau seeks to turn Rule 42(a) on its head by invoking it solely to block the prosecution of valuable claims his lawyers neglected to assert.  A stay of the JPMSI Action would not be in the interests of efficiency or judicial economy, and would lead to unnecessary costs and undue delay.  Plaintiff respectfully requests that the Court refrain from consolidating the JPMSI Action with the Delaware Action unless both cases are both allowed to move forward.  Consolidation is meant to

promote efficiency and convenience but should not be granted merely to delay disposition of this case, especially where there is no basis to stay the JPMSI Action.

I. **CONSOLIDATION AT THIS TIME WILL UNNECESSARILY DELAY THE RESOLUTION OF THE JPMSI ACTION AND WILL NOT PROMOTE JUDICIAL ECONOMY**

Although the Court enjoys broad discretion to order consolidation, such discretion is constrained by the interests of justice and may be inappropriate if it would cause delay. *See, e.g., Borough of Olyphant v. PPL Corp.*, 153 Fed. Appx. 80, 82 (3d Cir. 2005) ("It is within a district court's broad discretion to deny a motion to consolidate if it would cause delay in one of the cases[.]").

Blau contends that consolidation is necessary because all the actions must prove that JPMC disseminated a misleading proxy statement (Op. Br. at 11) as a prerequisite to recovery, but "the mere fact that two cases assert *similar theories of recovery* does not constitute a 'common question of law' so as to warrant consolidation." *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 81 (D.N.J. 1993) (emphasis in original and citations omitted).

Furthermore, "[a]lthough such common issues are a prerequisite to consolidation, the mere existence of these issues does not require a joint trial as a matter of course. Instead the Court must balance the savings of time and effort gained through consolidation against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions." *Rohm and Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1309 (D. Del. 1981).

At this juncture, consolidation would create a two-tiered litigation, with the Illinois Action to be resolved first while the Delaware Action and JPMSI Action are

relegated to the sidelines. Depositions and other discovery would proceed in the Illinois Action, and subsequently a second round of depositions (including many or all of the same witnesses) and expanded discovery (including additional document production) would be necessary in the Delaware suits.

In addition to the costly duplication in this scenario, lengthy delay would be inevitable. Whether or not the Illinois Action is resolved by settlement, summary judgment or trial, the other suits would be forced to wait, perhaps for years, and then resume regardless of what takes place in the Illinois Action. Thus, considerable delay, substantial duplication and unnecessary costs would follow from having to re-do the depositions and document requests to cover the numerous allegations unique to the Delaware Action and JPMSI Action.

Blau ignores this inevitable and inefficient scenario and instead contends that the JPMSI Action is basically the same as the Illinois Action. However, what Blau calls "slightly different class definitions" (Op. Br. at 11) in fact reveal a fundamental difference between the JPMSI Action and the other suits. The putative class in the Illinois Action covers JPMC shareholders as of April 2, 2004 (the record date for the Merger vote). The putative class in the JPMSI Action covers those JPMC shareholders as of January 14, 2004 (the date the Merger was announced) who thereafter sold any or all of their JPMC holdings. The two class definitions are not coextensive and Blau does not contend that the relief sought by members of the two classes is the same. Thus, Blau has not met his burden because he fails to show that consolidation is appropriate despite these dramatically different class definitions.

Blau cites to *Lloyd v. Industrial Bio-Test Laboratories, Inc.* (Op. Br. at 11), which is inapposite because there the complaint involved "the same corporate defendants" and "[t]he legal and factual issues in both actions are otherwise identical." 454 F. Supp. 807, 812 (S.D.N.Y. 1978). By contrast, the defendant in the JPMSI Action is not named in the Illinois Action or the Delaware Action. Also, even though the suits both arise from the Merger, the legal issues (*e.g.*, scienter and damages) are by no means identical.

In *Clopay Corp. v. Newell Companies, Inc.*, this Court denied a motion for consolidation after observing that:

> Clopay's motion to consolidate the two suits seems, at first glance, likely to promote the most efficient solution of these disputes. Given that both involve customer-adjustable window shades and both allege infringement of the '384 patent, the two cases appear quite similar. In many ways they are.
>
> They differ, however, in one respect that may well be material to their outcomes. In its suit against Graber, Clopay has alleged infringement of a second patent, the '383 patent. While this fact would not be particularly salient were the cases being tried to the Court, it takes on additional significance in light of the fact that Clopay has requested juries in both cases. Juries in patent cases are frequently called upon to weigh extraordinary volumes of complex material. In such situations, it may not be reasonable to expect a jury to screen out, in its deliberations regarding one defendant, evidence it has been instructed to consider with respect to another defendant. In short, the interests of justice in these cases may dictate separate trials to different juries.

527 F. Supp. 733, 735 (D. Del. 1981). Likewise, other than conclusory assertions to the contrary, Blau has not overcome the material differences between the JPMSI Action and the other related suits, which involve different defendants and different claims. These differences may inhibit a consolidated trial. Blau fails to address this question.

- 9 -

In sum, Blau has not shown that consolidation of the JPMSI Action with the Delaware Action will result in any tangible savings in time, money or judicial resources. In reality, at this juncture consolidation of the instant case with the Delaware Action will increase the costs of litigation and unduly delay the resolution of the distinct questions raised by the JPMSI Action. Assessing the propriety of consolidation is premature until the legal landscape has evolved such that the Court has before it enough information to conduct the careful analysis undertaken in *Clopay*.

Accordingly, this Court should deny Blau's motion or, in the alternative, defer ruling on the motion until it can be shown that consolidation will promote judicial economy without sacrificing justice.

## II.   CONSOLIDATION FOLLOWED BY A STAY WOULD JEOPARDIZE ANY RECOVERY BY PLAINTIFF AND THE CLASS OF SIMILARLY SITUATED PERSONS IN THE JPMSI ACTION

Unable to justify a stay of the JPMSI Action in favor of the Illinois Action, Blau seeks a stay of the JPMSI Action through the backdoor of consolidation.

Consolidation of the JPMSI Action with the stayed Delaware Action will delay the ultimate resolution of the JPMSI Action. Assuming *arguendo* that consolidation will reduce the costs of litigation, any such benefit is clearly outweighed by the prejudice Plaintiff and the JPMSI Action class would suffer as a result of consolidation followed by a stay. Allowing the resolution of the Illinois Action to dictate not only the Delaware Action, but also the JPMSI Action—in which overlap of claims is lacking—would jeopardize the recovery available to Plaintiff and the JPMSI Action class.

Blau trivializes the seriousness of the claims in the JPMSI Action to cover up his attorneys' failure to investigate and bring such valuable claims. Consolidation of the

JPMSI Action with the indefinitely-stayed Delaware Action will only delay the resolution of Plaintiff's case and increase the risk that his class claims may be released or otherwise impaired by developments in the Illinois Action.

The JPMSI Action pursues claims which do not overlap with the claims in the Illinois Action—thus its commencement preserved claims that would have become time-barred.  Accordingly, the JPMSI Action should not be stayed in favor of the Illinois Action.  Now that the motion to dismiss has `been decided in the Illinois Action, the various actions can proceed concurrently without discriminating against the interests of some parties and without the risk of conflicting adjudication on motions to dismiss.  The most fair and efficient solution would be to allow discovery in all actions to proceed in parallel, with pre-trial coordination to be worked out between the parties.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that Blau's motion be denied.  However, Plaintiff does not oppose consolidation of the JPMSI Action and the Delaware Action so long as neither suit is stayed.  In the alternative, the Court should defer ruling on consolidation until the JPML rules on the pending motion for centralization of related actions pursuant to 28 U.S.C. § 1407.[1]

---

[1] Defendants have responded to Blau's motion by proposing that the JPMSI Action be stayed pending the JPML's ruling on Plaintiff's motion for centralization.  Plaintiff is not fundamentally opposed to this proposal, subject to two exceptions: (1) any stay of the JPMSI Action should not preclude the filing of motions for the appointment of lead plaintiff(s) pursuant to the procedures in the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) if the defendants are unwilling to produce to Plaintiff copies of all discovery to be produced in the Illinois Action, a stay of the JPMSI Action should not preclude Plaintiff from filing a motion for appropriate relief, including modification or lifting of the PSLRA's automatic discovery stay.

DATED: May 2, 2006 Respectfully submitted,

/s/ *Joseph N. Gielata*
JOSEPH N. GIELATA (# 4338)
Attorney at Law
501 Silverside Road, No. 90
Wilmington, Delaware 19809
(302) 798-1096

*Attorney for Samuel Hyland*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 2, 2006, I electronically filed the foregoing *PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DR. BLAU'S MOTION FOR CONSOLIDATION AND STAY* with the Clerk of Court using CM/ECF which will send notification of such filing to:

Michael R. Robinson, Esq.
**RICHARDS LAYTON & FINGER, P.A.**
One Rodney Square
Wilmington, DE 19801
*Counsel for Defendants*

Robert R. Davis, Esq.
**CHIMICLES & TIKELLIS LLP**
P.O. Box 1035
One Rodney Square
Wilmington, DE 19899
*Counsel for Dr. Stephen Blau*

/s/ *Joseph N. Gielata*
Joseph N. Gielata

- 12 -