## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL I. HYLAND and STEPHANIE SPEAKMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, JPMORGAN CHASE & CO., and JAMES DIMON,<br><br>Defendants. | Case No. 05-162 (JJF) |

| |
|---|
| Dr. Stephen Blau, Individually and On Behalf of All Others Similarly Situated,<br><br>Intervenor. |

[Additional Caption on the Following Page]

### DR. BLAU'S REPLY BRIEF IN FURTHER SUPPORT OF HIS MOTION TO ENFORCE THIS COURT'S STAY ORDER IN CASE NO. 05-162 AND TO CONSOLIDATE AND STAY RELATED CASE NO. 06-224

**CHIMICLES & TIKELLIS LLP**
Pamela S. Tikellis (#2172)
Daniel J. Brown (#4688)
One Rodney Square
P.O. Box 1035
Wilmington, Delaware 19899
(302) 656-2500

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Demet Basar (of the New York bar)
Adam J. Levitt (of the Illinois bar)                    May 9, 2006

SAMUEL I. HYLAND, Individually and On
Behalf of All Others Similarly Situated,

        Plaintiff,

               v.

J.P. MORGAN SECURITIES, INC.,
     A Delaware Corporation,

        Defendant.

Case No. 06-224 (JJF)

# **TABLE OF CONTENTS**

**Page No.**

INTRODUCTION ..........................................................................................................................1

ARGUMENT................................................................................................................................3

I.    HYLAND'S ARGUMENTS HERE *AGAINST* CONSOLIDATION ARE
      DIRECTLY CONTRARY TO HIS ARGUMENTS *FOR* CENTRALIZATION
      IN HIS MDL MOTION.................................................................................................3

II.   HYLAND'S ARGUMENTS AGAINST CONSOLIDATION ARE
      UNAVAILING ............................................................................................................5

III.  THERE WILL BE NO PREJUDICE FROM STAYING THE SECOND
      HYLAND ACTION IN FAVOR OF THE ILLINOIS ACTION...................................8

CONCLUSION...........................................................................................................................10

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE(S)**

*Borenstein v. Finova Group Inc.,*
   No. 00-619,
   2000 WL 34524843 (D. Ariz. Aug. 30, 2000)................................................................7

*Borough of Olyphant v. PPL Corp.,*
   153 Fed. Appx. 80 (3d Cir. 2005)..................................................................................9

*Bridgeport Harbour Place I, LLC v. Ganim,*
   269 F. Supp. 2d 6  (D. Conn. 2002)...............................................................................9

*Clopay Corp. v. Newell Companies, Inc.,*
   527 F. Supp. 733 (D. Del. 1981).....................................................................................8

*In re Consolidated Parlodel Litigation,*
   182 F.R.D. 441 (D.N.J. 1998)..........................................................................................6

*Consorti v. Armstrong World Industries, Inc.,*
   72 F. 3d 1003 (2d Cir. 1995) ..........................................................................................6

*Dix v. ICT Group, Inc.,*
   No. CS-03-0315,
   2003 WL 22852135 (E.D. Wa. Oct. 20, 2003).............................................................2

*Hyland v. Harrison,*
   No. 05-162,
   2006 WL 288247 (D. Del. Feb. 7, 2006)...........................................................1, 2, 9, 10

*In re J.P. Morgan Chase & Co. Shareholders Litigation,*
   No. 218,
   2006 WL 585606 (Del. Mar. 8, 2006) ...........................................................................5

*Janovici v. DVI, Inc.,*
   Nos. Civ.A.2:03CV4795, et al.,
   2003 WL 22849604 (E.D. Pa. Nov. 25, 2003) ..............................................................7

*Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.,*
   149 F.R.D. 65 (D.N.J. 1993)............................................................................................6

*In re Olsten Corp. Securities Litigation,*
    3 F. Supp. 2d 286 (E.D.N.Y. 1998)
    *adhered to,*
    181 F.R.D. 218 (E.D.N.Y. 1998) .................................................................................. 6

*Pinkowitz v. Elan Corp., PLC,*
    Nos. 02 Civ. 865 (WK) et al.,
    2002 WL 1822118 (S.D.N.Y. July 29, 2002) ............................................................. 6

*Rohm and Haas Co. v. Mobil Oil Corp.*
    525 F. Supp. 1298 (D. Del. 1981) ............................................................................... 6

*Skwortz v. Crayfish Co.,*
    No. 00-6766,
    2001 WL 1160745 (S.D.N.Y. Sept. 28, 2001) ......................................................... 6, 7

*Waldman v. Electrospace Corp.,*
    68 F.R.D. 281(S.D.N.Y. 1975) .................................................................................... 7

*Weisz v. Calpine Corp.,*
    No. 4:02-cv-1200,
    2002 WL 32818827 (N.D. Cal. Aug. 19, 2002) ........................................................... 6

*Werner v. Satterlee, Stephens, Burke & Burke,*
    797 F. Supp. 1196 (S.D.N.Y. 1992) ........................................................................ 6, 7

## STATUTES AND RULES

28 U.S.C. § 1407 .............................................................................................................. 4

Fed. R. Civ. Pro. 42(a) ................................................................................................. 4, 5

PSLRA
    15 U.S.C. § 78(u) .......................................................................................................... 1

Securities Exchange Act of 1934
    Section 14(a) ................................................................................................................. 5
    Section 20(a) ................................................................................................................. 5

## SECONDARY SOURCE

Eunice A. Eichelberger, J.D., Annotation, *Propriety of Ordering Consolidation
Under Rule 42(a) of Federal Rules of Civil Procedure in Actions Involving
Patents, Copyrights, or Trademarks*, 82 A.L.R. Fed. 719 §2[a] .......................................... 8

## INTRODUCTION

Dr. Stephen Blau, Lead Plaintiff in the Illinois Action,[1] and court-approved intervenor in the Hyland Action (No. 05-162 (JJF)), submits this reply memorandum in further support of his motion to enforce this Court's February 7, 2006 Stay Order in the Hyland Action and to consolidate the Second Hyland Action (No. 06-224 (JJF)) with the Hyland Action, and stay it pending the resolution of the first-filed Illinois Action.

Both this Court and the Illinois District Court have ruled that the proper forum for the Hyland Action and the Illinois Action is the Northern District of Illinois, *which, as this Court found, is the only court where a Lead Plaintiff Order was properly entered in accordance with the PSLRA. Hyland v. Harrison*, 2006 WL 288247 (D. Del. Feb. 7, 2006), at *7. The Court issued the Stay Order, finding that the Hyland Plaintiffs circumvented the PSLRA and the Lead Plaintiff Order in the Illinois Action by filing the first Hyland Action. The Court further found that if "the Hyland Plaintiffs wished to challenge that decision, their remedy was not to file a second action in this Court, but to follow the procedures laid out in the PSLRA and contest that decision in the Illinois District Court." *Id.*

Notwithstanding the Stay Order, Hyland, without his co-plaintiff in the stayed Hyland Action, filed the Second Hyland Action immediately after the Illinois District Court denied the Hyland Plaintiffs' motion to intervene and upheld Dr. Blau's complaint.[2]  Despite superficial differences, the Second Hyland Action is premised on the same conduct underlying the Hyland Action and the Illinois Action.  Thus, the reasoning underlying the Stay Order requires that it too

---

[1] Capitalized terms herein have the same meanings ascribed to them as in Dr. Blau's opening brief in support of his motion to consolidate and stay ("Blau Br.").

[2] The Court held that the class should be comprised of shareholders entitled to vote on the merger.

should be stayed in deference to the Illinois Action. That action continues to advance successfully under the stewardship of Dr. Blau, who both Courts agree is an adequate class representative and can properly protect the interests of the Hyland Plaintiffs. *Id.*, at \*8. Nothing in Hyland's Answering Brief in Opposition to Dr. Blau's Motion for Consolidation and Stay ("Opp. Br.", D.I. 110[3]) requires a contrary result.[4]

Hyland argues against consolidation on the ground that the two Hyland Actions are "fundamentally different" (Opp. Br. at 1), despite having made a motion for centralization before the MDL Panel (the "Panel"), in which Hyland repeatedly argues that the two actions, as well as the Illinois Action, are so intertwined that they should be coordinated for pretrial proceedings. MDL Mem. (D.I. 101) at 3-4. In fact, the actions are substantively identical except that the complaint in the Second Hyland Action asserts what essentially are secondary liability claims against defendant J.P. Morgan's *subsidiary* for providing a misleading fairness opinion.

The Second Hyland Action is an effort to sidestep the Stay Order in order to proceed

---

[3]  Unless otherwise specified, references to D.I. numbers refer to filings in Case No. 05-162.

[4]  Defendants do not oppose Dr. Blau's motion but state that the "routine" practice is to abstain from ruling on a stay motion pending a decision from the MDL Panel on a motion for centralization. This is incorrect. When faced with a motion to stay while a motion for transfer is pending before the MDL Panel, courts generally consider three factors in deciding whether a stay is appropriate: (1) the interests of judicial economy; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *Dix v. ICT Group, Inc.*, No. CS-03-0315, 2003 WL 22852135, at \*7 (E.D. Wa. Oct. 20, 2003) (citing *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)). Here, the interests of judicial economy will best be served if this court rules on Dr. Blau's motion. With this reply, the motion is fully briefed and a favorable decision by this Court will obviate a ruling by the MDL Panel on Hyland's motion for centralization. Defendants, the parties requesting a stay pending the MDL Panel decision, will suffer no hardship if this Court rules on Dr. Blau's motion because a successful resolution of the motion will result in a stay pending resolution of the Illinois Action, which only works to their benefit. (Defendants have their own motive in requesting a stay pending the MDL's decision given the Illinois Court's denial of their motion to dismiss.) On the other hand, Dr. Blau will be greatly prejudiced if this Court stays the Second Hyland Action pending the MDL's decision without ruling on his motion. Among other things, if the Panel does not decide to transfer all three actions to the Northern District of Illinois or this forum, Dr. Blau may once again have to move to consolidate and/or stay the Second Hyland Action.

before the MDL Panel for the ultimately purpose of securing a leadership position in these litigations. Without bringing his second action in this District, Hyland could not argue to the Panel that the Illinois Action should be transferred to this Court, which has ruled that the Hyland Action should be stayed in favor of the Illinois Action.

A significant portion of Hyland's opposition brief consists of a repetition of arguments concerning the supposed inadequacy of Dr. Blau (Opp. Br. at 1-3) that have been squarely rejected in both Delaware and Illinois. Hyland thus betrays that his goal is not to prosecute "new" and "valuable" claims against J.P. Morgan Securities, but to secure another opportunity to argue for his appointment as lead plaintiff. This Court already denied the Hyland Plaintiff's motion for reconsideration of the Stay Order. (D.I. 108). Dr. Blau respectfully submits that Hyland should not be permitted to use the Second Hyland Action to evade the Stay Order, which this Court entered in deference to the Illinois District Court's Lead Plaintiff Order.

## ARGUMENT

I. **HYLAND'S ARGUMENTS HERE *AGAINST* CONSOLIDATION ARE DIRECTLY CONTRARY TO HIS ARGUMENTS *FOR* CENTRALIZATION IN HIS MDL MOTION**

Hyland's claim that the Second Hyland Action is "fundamentally different" from the stayed Hyland Action and the Illinois Action, such that consolidation will not "promote judicial economy," is contradicted by his own statements before the MDL Panel. One need look no further than Hyland's opposition brief to conclude that the factual basis of all three actions is *identical*. The central allegation in each action is that the proxy failed to disclose Dimon's no premium offer, which Harrison rejected in exchange for two more years as CEO of the post-merger entity, at a cost of $7 billion to J.P. Morgan shareholders. Opp. Br. at 4. Indeed, Hyland argues for centralization before the Panel on this very ground: "They [the "Related Actions"] all arise from an entrenchment scheme and misrepresentations connected with the merger" and *"the*

*related actions raise numerous common questions of fact."* MDL Mot. at ¶¶ 2-3 (emphasis added). Hyland's contrary argument here that "[d]ue to the *dissimilar issues in these matters and in the interest of judicial efficiency*, the Court should not consolidate the [stayed Hyland Action] with the [Second Hyland Action]" (Opp. Br. at 3; emphasis added) should not be countenanced.

Here Hyland argues that the Second Hyland Action and the Illinois Action are so different that "a second round of depositions" and "expanded discovery ... would be necessary in the Delaware suit." Opp. Br. at 8. Hyland argued the opposite in his MDL Memorandum. He advocated there that centralization is necessary to avoid duplicative discovery and that discovery in each of the "Related Actions" will center on common issues. MDL Mem. at 3-4. Hyland urges the Panel to find that he has met the burden of showing that "centralization will promote the just and efficient conduct of" the three Related Actions, while simultaneously attacking Dr. Blau's motion on the grounds that he has not met his "burden to show that consolidation would promote judicial economy or reduce or delay costs."[5] Opp. Br. at 4.

Elsewhere in his opposition, Hyland, in yet another about-face, argues that consolidation of the Second Hyland Action with the stayed Hyland Action would be proper, but only if *both* cases are allowed to move forward. Opp. Br. at 6. This is another way of arguing that this Court should overturn its Stay Order, betraying Hyland's goal in bringing the Second Hyland Action, and simultaneously moving for centralization before the MDL Panel: is to upset the Lead Plaintiff Order in the Illinois Action. Hyland offers to agree to a temporary stay of the Second

---

[5] Under 28 U.S.C. § 1407, centralization may be directed "when civil actions involving *one or more common questions of fact* are pending in different districts." Fed. R. Civ. Pro. 42(a) provides that a court may order consolidation when actions "involving a common *question of law or fact* are pending before the court."

Hyland Action pending the MDL Panel's ruling on his centralization motion, so long as he is not precluded from moving for lead plaintiff in the new action. Opp. Br. at 11, n1.

## II.      HYLAND'S ARGUMENTS AGAINST CONSOLIDATION ARE UNAVAILING

The Second Hyland Action is designed to appear different from the stayed Hyland Action, despite being based on the same wrongdoing. *See* Blau Mem. at 9. The basis for the "new" action is that J.P. Morgan Securities allegedly provided a false fairness opinion to its parent, J.P. Morgan.[6]   The Hyland Plaintiffs already made these same allegations in their complaint in the stayed Hyland Action. (D.I. 51). They alleged, as Hyland does in the Second Hyland Action, that J.P. Morgan Securities was paid $40 million and that "[o]nly by retaining a conflicted financial advisor could Harrison control the process and justify paying more than necessary for Bank One." *Id.*, ¶ 83. Despite being aware of the role of J.P. Morgan Securities' role in the "scheme," Hyland did not sue J.P. Morgan Securities for over a year and then only *after* this Court issued the Stay Order and the Illinois District Court refused to dismiss Dr. Blau's claims under Section 14(a) and 20(a) of the Exchange Act.

Hyland's arguments against consolidation – that the different defendants, claims and class definitions in the two Delaware suits militate against consolidation – are belied by the express terms of Fed. R. Civ. Pro. 42(a), which provides that a court may order consolidation

---

[6] It bears noting here that Hyland's common claims against J.P. Morgan Securities in the Second Hyland Action – breach of fiduciary duty and aiding and abetting breach of fiduciary duty – have already been dismissed in the Delaware Chancery Court action against the primary wrongdoers, which ruling was affirmed on appeal. *In re J.P. Morgan Chase & Co. Shareholders Litig.*, No. 218, 2006 WL 585606 (Del. Mar. 8, 2006). The basis of the ruling was that such claims should have been brought derivatively, and not as direct claims, as Hyland purports to do in the Second Hyland Action.

when actions "involving a common question of law *or* fact are pending before the court."[7] (Emphasis added.)

Numerous courts have held that consolidation is proper where cases involve different parties, legal issues or class periods. *Pinkowitz v. Elan Corp., PLC*, Nos. 02 Civ. 865 (WK) et al., 2002 WL 1822118, at *3 (S.D.N.Y. July 29, 2002) ("[A]lthough certain class actions here name defendants not otherwise present in the other class actions, 'consolidation is not barred simply because the actions to be consolidated allege claims against different parties.'")(quoting *Skwortz v. Crayfish Co., Ltd.*, 2001 WL 1160745, at *2 (S.D.N.Y. Sept. 28, 2001)); *Weisz v. Calpine Corp.*, No. 4:02-cv-1200, 2002 WL 32818827, at *2 (N.D. Cal. Aug. 19, 2002) (consolidating actions despite plaintiff's opposition on the grounds that actions allege different claims, because such differences are outweighed by the fact that all claims are based on the same alleged course of conduct); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 292-93 (E.D.N.Y. 1998) (consolidating cases alleging different class periods and slightly different facts; "the facts and legal issues need not be identical to warrant consolidation"), *adhered to in*, 181 F.R.D. 218 (E.D.N.Y. 1998); *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992)("The fact that there are different parties in this action does not mean this case

---

[7] In his arguments against consolidation, Hyland relies on cases that are either inapposite as they involve situations where issues individual to each plaintiff were likely to overcome common issues, which is clearly not the case here, or actually did grant consolidation or affirm it. *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 81 (D.N.J. 1993) (Opp. Br. at 7), did not involve the consolidation of two securities actions and liability had to be determined on a plaintiff by plaintiff basis. In *In re Consolidated Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998) (Opp. Br. at 6), the court denied consolidation in a products liability action noting that in such cases, individual issues may outnumber common issues. In *Rohm and Haas Co. v. Mobil Oil Corp.* 525 F. Supp. 1298 (D. Del. 1981) (Opp. Br. at 7), the Court granted the motion for consolidation even where the actions where at different stages. In *Consorti v. Armstrong World Indus., Inc.*, 72 F. 3d 1003 (2d Cir. 1995) (Opp. Br. at 6), the court found that consolidation was proper because plaintiffs and defendants had a trial by jury that fairly addressed the individual claims.

should not be consolidated.").

Moreover, it is widely recognized that "[i]n securities actions where the complaints are based on the same public statements and reports; consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced." *Skwortz,* 2001 WL 1160745, at *2 (citation omitted); *Janovici v. DVI, Inc.,* Nos. Civ.A.2:03CV4795, et al., 2003 WL 22849604, at *3 (E.D. Pa. Nov. 25, 2003). That the two actions here involve different defendants and different class definitions is not determinative because the claims in both actions are premised on a proxy statement issued by a single issuer, J.P. Morgan. *See Werner,* 797 F. Supp. at 1211 (consolidating cases over plaintiffs' objections that the cases involve different causes of action, different parties and different facts where the complaints involved numerous common issues of law and fact and were based on the same public statements and reports); *Waldman v. Electrospace Corp.,* 68 F.R.D. 281, 283 (S.D.N.Y. 1975) (favoring consolidation of shareholders' suits especially where the wrongdoing at issue is that of a single issuer of securities and finding that the fact that plaintiffs in one case have raised a claim against defendants which plaintiffs in the other two actions have not does not militate against a consolidated trial).

Similarly unavailing is Hyland's argument that consolidation is unwarranted because issues like scienter and damages "are by no means identical." Opp. Br. at 9. In *Borenstein v. Finova Group Inc.,* No. 00-619, 2000 WL 34524743 (D. Ariz. Aug. 30, 2000), the district court consolidated an action with three others where issues of causation and damages differed between the cases. *Id.,* at *4-*5. In justifying its decision to consolidate, the Court found that "for the purposes of initial pre-trial proceedings and at least some of the discovery, consolidation of [the action with other cases] will avoid the unnecessary costs and delay inherent in maintaining two separate, parallel and duplicative actions." *Id.* at *3. This is particularly true where, as here, the

issue of J.P. Morgan Securities' "scienter" and Hyland's "damages" are secondary to the central issues in the case – whether the proxy materials were misleading, whether the omissions were material, and whether the primary wrongdoers engaged in actionable wrongdoing.

The only case Hyland cites in support of his argument that Dr. Blau does "not overcome the material differences" between the two actions, *Clopay Corp. v. Newell Companies, Inc.*, 527 F. Supp. 733, 735 (D. Del. 1981) (Opp. Br. at 9), is inapposite. At issue in *Clopay* was a motion to consolidate an action involving one patent with another action involving two patents, an exceedingly complex determination. *See* Eunice A. Eichelberger, J.D., Annotation, *Propriety of Ordering Consolidation Under Rule 42(a) of Federal Rules of Civil Procedure in Actions Involving Patents, Copyrights, or Trademarks*, 82 A.L.R. Fed. 719, §2[a] ("A number of courts in actions involving patents, copyrights, or trademarks have considered whether consolidation under Rule 42(a) would be appropriate for this often complex litigation.") The issues in these litigations obviously are not nearly as complex and require consideration of only a limited number of issues, including the circumstances of Dimon's offer and its rejection, whether the Individual Defendants knew and negligently failed to disclose the offer in the proxy, and, if they did not know of the offer, whether they performed their duties negligently.

III.    **THERE WILL BE NO PREJUDICE FROM STAYING THE SECOND HYLAND ACTION IN FAVOR OF THE ILLINOIS ACTION**

This Court has already rejected the Hyland Plaintiff's claims that they will be prejudiced if the Hyland Action were to be stayed. There is no reason to depart from that ruling in the context of the Second Hyland Action. Hyland's claim that he will be prejudiced by "delay" if the Second Hyland Action is stayed should not succeed given that his claims are secondary claims that necessarily must await the resolution of the primary issues. One such issue is whether the alleged omissions were material, which Hyland singles out in his MDL motion as one of the

key questions as to which it is crucial to avoid "inconsistent pre-trial rulings". MDL Mem. at 3. *See also Bridgeport Harbour Place I, LLC v. Ganim*, 269 F. Supp. 2d 6, 9 (D. Conn. 2002) (where actions overlap, consolidation is proper even if there is delay).[8]

Similarly, Hyland's claim that he will be prejudiced if the two Hyland actions are consolidated *for trial* is premature. If the Court grants this motion, it likely will issue as narrow a stay as it did in the first Hyland Action. There, the Court issued a stay set to expire at the conclusion of the Illinois Action. After the Illinois Action is resolved, the Court will be in a better position to determine how the two Hyland actions should proceed, including whether they should be tried together or separately, or whether liability and/or damages issues should be bifurcated for trial.

Importantly, defendants in the stayed Hyland Action and J.P. Morgan Securities, the defendant in the Second Hyland Action, do not argue against consolidation, nor do they claim they will be prejudiced by a stay. Defendants in both cases are represented by the same counsel and have submitted one brief in response to Dr. Blau's motion, demonstrating defendants' view of the two actions. As this Court noted in the Stay Opinion, defendants' position has been that the related actions should proceed in a single forum due to "the desirability of having a single determination and avoiding duplicative litigation." 2006 WL 288247, at *3. As this Court also noted in the Stay Opinion, that same concern has also been voiced by Judge Hibbler, who, in rejecting the Hyland Plaintiffs' improper *amicus curiae* submissions seeking vacatur of his Lead

---

[8] Hyland cites *Borough of Olyphant v. PPL Corp.*, 153 Fed. Appx. 80 (3d Cir. 2005) to argue that a district court can deny a motion to consolidate if it would cause delay in one of the cases. That case, however, dealt with a situation, inapplicable here, where the actions were at very different stages of litigation. In *Borough*, the Third Circuit upheld the denial of a motion for consolidation where discovery had been closed in one action for nearly a year, but discovery had just begun in the other action.

Plaintiff Order, noted that Dr. Blau's intervention in the Hyland Action was the proper way to proceed "so that we have one forum where we know this case is going to go forward in and we don't have these ancillary actions all over the place." *Id.* at *2.

This Court granted Dr. Blau's motion to intervene and stayed the First Hyland Action, not only avoiding piecemeal litigation but protecting the sanctity of the Illinois District Court's Lead Plaintiff Order. Dr. Blau respectfully submits that there is no basis to deviate from that sound course.

**CONCLUSION**

For the foregoing reasons, Dr. Blau respectfully requests that this Court grant his motion to enforce the Stay Order, to consolidate the stayed Hyland Action and the Second Hyland Action, and, upon consolidation, to stay the Second Hyland Action pending resolution of the Illinois Action.

Dated: May 9, 2006

**CHIMICLES & TIKELLIS LLP**

Pamela S. Tikellis (#2172)
Daniel J. Brown (#4688)
One Rodney Square
P.O. Box 1035
Wilmington, Delaware 19899
(302) 656-2500

OF COUNSEL:

Demet Basar
Aya Bouchedid
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
(212) 545-4600

438642v6                                        10

Adam J. Levitt
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
(312) 984-0000