IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL I. HYLAND and STEPHANIE SPEAKMAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, JPMORGAN CHASE & CO., and JAMES DIMON,<br><br>    Defendants. | Civil Action No. **05-162-JJF**<br><br>**CLASS ACTION** |

**OPENING BRIEF IN SUPPORT OF
PLAINTIFFS' MOTION FOR LEAVE TO FILE A
<u>SECOND AMENDED CLASS ACTION COMPLAINT</u>**

Dated: June 26, 2006

JOSEPH N. GIELATA (# 4338)
Attorney at Law
501 Silverside Road, No. 90
Wilmington, Delaware 19809
(302) 798-1096

*Plaintiffs' Lead Counsel*

# **TABLE OF CONTENTS**

NATURE AND STAGE OF PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.       Applicable Law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.      There Has Been No Undue Delay. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.     Defendants Will Not Be Prejudiced. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

IV.     Lead Plaintiffs Do Not Seek Leave to Amend and
           Supplement in Bad Faith or With a Dilatory Motive. . . . . . . . . . . . . . . . . . . . . . . .7

V.      The Proposed Amendments and Supplementations Are Not Futile. . . . . . . . . . . . 8

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# **TABLE OF AUTHORITIES**

**Cases:** Page

*In re Adams Golf, Inc., Sec. Litig.*,
    No. 99-371-KAJ (D. Del. Jan. 24, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Adams v. Gould Inc.*,
    739 F.2d 858 (3d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Basic v. Levinson*,
    485 U.S. 224 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bechtel v. Robinson*,
    886 F.2d 644 (3d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Blau v. Harrison*,
    No. 04-6592 (N.D. Ill. Mar. 24, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*,
    295 F. Supp. 2d 430 (D. Del. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*,
    668 F. Supp. 906 (D. Del. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Foman v. Davis*,
    371 U.S. 178 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Jenn-Air Prods. Co. v. Penn Ventilator, Inc.*,
    283 F. Supp. 591 (E.D. Pa. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Larison v. City of Trenton*,
    180 F.R.D. 261 (D.N.J. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*Matsushita Electrical Industrial Co. v. Cinram Int'l, Inc.*,
    01-882-SLR (D. Del. Jan. 5, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Medeva Pharma Ltd. v. American Home Prods. Corp.*,
    201 F.R.D. 103 (D. Del. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Pegasus Dev. Corp. v. DirecTV, Inc.*,
    No. 00-1020-GMS (D. Del. Apr. 18, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Proctor & Gamble Co. v. Nabisco Brands, Inc.*,
    125 F.R.D. 405 (D. Del. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

**Rules:**

Fed. R. Civ. P. 15. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Plaintiffs Samuel I. Hyland and Stephanie Speakman (together, the "Lead Plaintiffs") respectfully submit this Opening Brief in Support of their Motion for Leave to File a Second Amended Class Action Complaint.

## NATURE AND STAGE OF THE PROCEEDINGS

This securities class action arises out of the 2004 merger (the "Merger") of the Bank One Corporation ("Bank One") and JPMorgan Chase & Co. ("JPMC" or the "Company"). This action was commenced on March 17, 2005 with the filing of a comprehensive class action complaint against JPMC and various of its present and former directors asserting claims under the federal securities laws and pendent common law claims for breach of fiduciary duty.

On February 7, 2006, this case was stayed pending the resolution of an action filed in Illinois. (D.I. 90, 91.)

## SUMMARY OF ARGUMENTS

1. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Lead Plaintiffs respectfully request leave to amend their complaint: (1) to assert modified claims based on counsel's continuing investigation and analysis; (2) to preserve, on behalf of the putative class, claims which could otherwise be time barred; and (3) to update and "fine-tune" the allegations in the complaint in order to obviate any challenge based on the strict pleading standards imposed by the federal securities laws. Allowing this amendment will be efficient for the parties and the Court. The modified claims all emanate from the same underlying transaction, and thus including them in the trial involving the original claims will avoid having a second trial on the same facts, similar claims, and undoubtedly similar defenses.

2.  As this case has been stayed, the modified claims have been preserved against the running of the applicable statute of limitations.

3.  There can be no prejudice to the defendants in that no discovery has taken place in this case, the Court has yet to review the sufficiency of the operative pleading, there is no cutoff date for amended pleadings and no trial date has been scheduled.

## STATEMENT OF FACTS

JPMC is a global financial services firm involved in investment banking, financial services for consumers and businesses, financial transaction processing, investment management, private banking, and private equity. In 2003, William B. Harrison, Jr. was Chief Executive Officer ("CEO") and Chairman of the Board of Directors of JPMC. However, by late 2003, after years of poor business decisions, costly acquisitions, and financial scandals, numerous public reports denounced Harrison's leadership and predicted that he would soon lose his job. This situation forced Harrison to conjure yet another massive deal to protect his lucrative and prestigious CEO title. Thus, Harrison commenced discussions with James Dimon, Chairman and CEO of Bank One, concerning the possibility of a business combination between JPMC and Bank One.

As a result of these discussions, JPMC and Bank One issued a joint press release on January 14, 2004 announcing their agreement to merge. When the Merger was announced, the acquisition premium for Bank One shares amounted to approximately 14 percent, based on that day's closing prices. In other words, to merge with Bank One, JPMC shareholders funded an acquisition premium of more than $7 billion in stock, which substantially reduced their equity stake in the combined Company. The total value of the deal was approximately $57 billion.

JPMC and Bank One subsequently issued a Joint Proxy Statement-Prospectus, dated April 19, 2004 (the "Proxy Statement"), to gain shareholder approval of the Merger. Unaware that the Proxy Statement contained materially false and misleading statements and failed to disclose material facts, JPMC shareholders approved the Merger.

However, it was later revealed that, in the course of the highly secretive negotiations between Dimon and Harrison, Dimon had been willing to agree to a ***zero-premium deal*** if he could be CEO of the combined Company immediately. The Proxy Statement omitted this valuable opportunity. Ultimately, Harrison and Dimon agreed that Harrison would retain the CEO title for two more years in exchange for paying a substantial premium. However, a June 27, 2004 article in the *New York Times* entitled "The Yin, the Yang and the Deal" revealed the entrenchment scheme:

> During the negotiations with Mr. Dimon, [Harrison] fought hard to give himself the two extra years, to secure a smooth transition, although he may have cost J.P. Morgan shareholders extra money in doing so. Mr. Dimon, always the tough deal maker, offered to do the deal for no premium if he could become chief executive immediately, according to two people close to the deal.
>
> When Mr. Harrison resisted, Mr. Dimon insisted on a premium, which Mr. Harrison was able to push down to 14 percent. The two men declined to comment on the specifics of their negotiations.

The facts uncovered in the course of the *New York Times* investigation illustrate that the Proxy Statement was incomplete and materially misleading and that several JPMC directors and other persons and entities had violated federal securities laws by omitting any reference to the zero-premium opportunity. The Merger's enormous acquisition premium was an astonishing betrayal of the interests of JPMC shareholders, as it served only to entrench Harrison in the CEO position for two more years, even

- 3 -

though under his leadership the Company's stock price had fallen significantly and its value and reputation had suffered.

## ARGUMENT

### I. Applicable Law

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires" and, as the Supreme Court has declared, "this mandate is to be heeded." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Ibid.* This Court has noted that the Supreme Court has counseled "lower federal courts to heed the liberal policy of amendment embodied in Rule 15(a)." *Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*, 295 F. Supp. 2d 430, 433 (D. Del. 2003).

The liberal pleading philosophy of the federal rules limits the district court's discretion to deny leave to amend. *See Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). A court may only deny a motion for leave to amend if it finds undue delay in bringing the amendment, undue prejudice to the non-moving party, bad faith or a dilatory motive on the part of the movant, or a failure to state a cause of action. *See ibid.*

Similarly, under Fed. R. Civ. P. 15(d), a party may move for leave to supplement its pleading "upon reasonable notice and upon such terms as are just" in order to "set[] forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." The underlying purpose of Rule 15(d) is to "to promote as complete an adjudication of the dispute between the parties as possible" and, in this way, to enhance judicial economy. *Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*, 668 F. Supp. 906, 922-23 (D. Del. 1987). Leave to supplement the

pleadings, like leave to amend, should be granted unless it causes undue delay or undue prejudice. *See Medeva Pharma Ltd. v. American Home Prods. Corp.*, 201 F.R.D. 103, 104 (D. Del. 2001). Indeed, the standard for supplementation under Rule 15(d) is essentially the same as the standard for amendments under Rule 15(a), *id.* at 104 n.3, and thus leave to supplement under Rule 15(d), consistent with the command of Rule 15, "should be freely granted if it will promote the just disposition of the case, not cause undue prejudice or delay, and not prejudice the rights of any parties." *Matsushita Electrical Industrial Co. v. Cinram Int'l, Inc.*, 01-882-SLR, slip op. at 3 (D. Del. Jan. 5, 2004) (citing *Medeva*, 201 F.R.D. at 104). Because the 15(a) and (d) standards are the same, Lead Plaintiffs will provide a combined analysis.

## II.     There Has Been No Undue Delay

"Well-established precedent in the Third Circuit dictates that delay, in and of itself, is an insufficient basis for denial of a motion to amend." *Proctor & Gamble Co. v. Nabisco Brands, Inc.*, 125 F.R.D. 405, 408 (D. Del. 1987). To justify a denial of a motion to amend or supplement, the delay must be "undue." *See Adams*, 739 F.2d at 868. Here there has been no undue delay.

The proposed amended complaint reflects relevant developments have taken place since the commencement of this action. For instance, defendant Harrison is no longer CEO of the Company and some of JPMC's directors recently left the board. In addition to updating the complaint to reflect these developments, the modified claims in the proposed amended complaint reflect an intensive ongoing investigation and analysis of available claims in order to protect the legal interests of Lead Plaintiffs and the class they seek to represent. Given the stay of this suit and the defendants' refusal to entertain the possibility of reaching tolling agreements, the Lead Plaintiffs deemed it necessary and

appropriate to file the instant motion to toll the applicable statute of limitations as to the modified claims.[1]

One substantial amendment of the complaint is the modification of the Section 10(b)/Rule 10b-5 claims from purchaser claims into seller claims.  Seller class actions are admittedly not prevalent but are by no means unprecedented.  *See, e.g., Basic v. Levinson*, 485 U.S. 224 (1988) (remanding Section 10(b)/Rule 10b-5 seller class action).  Thus, extraordinary research and careful analysis was undertaken to plead the claims in keeping with the standards mandated by federal securities laws.  Moreover, this modification obviates the standing objection raised in defendants' motion to dismiss. (D.I. 33 at 11-13.)

The delay in bringing these seller claims is attributable to the diligence and careful investigation of the Lead Plaintiffs' counsel.  As the modified claims are being asserted within the applicable statute of limitations, and this suit has been and will continue to be stayed, it cannot be claimed that the delay was "undue."

### III. Defendants Will Not Be Prejudiced

In opposing this motion, defendants bear the burden of proving that actual prejudice would result if Lead Plaintiffs were granted leave to amend and supplement. *See Pegasus Dev. Corp. v. DirecTV, Inc.*, No. 00-1020-GMS, slip op. at 4 (D. Del. Apr. 18, 2002).  To carry their burden, defendants cannot merely claim prejudice; they must

---

[1] The filing of a motion to amend the complaint, when accompanied by a copy of the proposed complaint, has long been held sufficient to stop the running of the statute of limitations.  *See, e.g., Longo v. Pennsylvania Elec. Co.*, 618 F. Supp. 87, 89 (W.D. Pa. 1985), *aff'd* 856 F.2d 183 (3d Cir. 1988); *Boarhead Farm Agreement v. Advanced Environmental Technology Corp.*, 381 F. Supp. 2d 427, 431 n.2 (E.D. Pa. 2005) (citing cases);  *Gloster v. Pennsylvania R.R. Co.*, 214 F. Supp. 207, 208 (W.D. Pa. 1963);  *Moore v. State of Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993);  *Mayes v. AT&T Information Systems, Inc.*, 867 F.2d 1172, 1173 (8th Cir. 1989);  *Rademaker v. E.D. Flynn Export Co.*, 17 F.2d 15 (5th Cir. 1927).  As the Seventh Circuit explained: "As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion."  *Moore*, *supra*, 999 F.2d at 1131.

show that they have been unfairly disadvantaged or deprived of the opportunity to present facts or evidence that could have been presented had the amendments been made earlier. *See Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). Indeed, "prejudice ordinarily is not considered to have occurred unless the motion is made during or after the actual trial." *Jenn-Air Prods. Co. v. Penn Ventilator, Inc.*, 283 F. Supp. 591, 594 (E.D. Pa. 1968).

Defendants cannot demonstrate prejudice, undue or otherwise. Currently, this action is stayed, no discovery has been taken and no trial date is set. Once the stay is lifted, the parties will likely re-brief defendants' motion to dismiss in any event. Given the interrelatedness between the modified claims and the original claims, judicial economy would be served by having all of these claims adjudicated in the same litigation due to overlapping evidence and discovery.

### IV.   Lead Plaintiffs Do Not Seek Leave to Amend and Supplement in Bad Faith or With a Dilatory Motive

Lead Plaintiffs do not bring this motion in bad faith or with a dilatory motive. As to the latter, this suit is currently stayed and it is reasonable to anticipate that the stay will last for in excess of one year. Accordingly, any delay resulting from the filing of the instant motion would not affect this suit's progress, or lack thereof. Indeed, Lead Plaintiffs suggest that the Court need not rule on this motion until the stay is lifted.

Given the extraordinary efforts devoted to the modified claims by the Lead Plaintiffs, it cannot be disputed that this motion is not brought in bad faith. Further, Lead Plaintiffs could not possibly have any interest in delaying this action, which, unfortunately, is currently stayed. Accordingly, leave to amend should be granted.

### V.     The Proposed Amendments and Supplementations Are Not Futile

Lead Plaintiffs' proposed amendments and supplementations are far from futile. Lead Plaintiffs' proposed pleading states claims upon which relief could be granted and thus the amendments and supplementations are clearly not futile. *See Adams*, 739 F.2d at 864-66. *See also Larison v. City of Trenton*, 180 F.R.D. 261, 263-64 (D.N.J. 1998) ("If a proposed amendment is clearly not futile, then denial of leave to amend is improper." (citation omitted)).

*First*, judicial review of the sufficiency of the pleading will raise many complex issues and should be reserved until after a full briefing on a revised Rule 12(b)(6) motion to dismiss once the stay of this case is lifted. *Cf. In re Adams Golf, Inc., Sec. Litig.*, No. 99-371-KAJ, slip op. at 4 (D. Del. Jan. 24, 2006) (granting motion for leave to amend and reserving decision on sufficiency of amended pleading for motion to dismiss).

*Second*, the Northern District of Illinois has already rejected many of defendants' arguments, including their central materiality argument, and upheld the sufficiency of the securities complaint in that case. *See Blau v. Harrison*, No. 04-6592, slip op. at 12 (N.D. Ill. Mar. 24, 2006) ("While it is not necessary to disclose all factors in a negotiation, failure to offer shareholders a more profitable exchange may have been important to shareholders in considering whether or not to approve the merger. For the purposes of the instant motion to dismiss, the Court concludes that the omission regarding an alleged 'no premium' stock exchange is material.").

Accordingly, the defendants cannot contend—and in any event not at this particular juncture—that the proposed amendments are futile.

## **CONCLUSION**

For all of the foregoing reasons, Lead Plaintiffs request leave to file the Second Amended Class Action Complaint attached to their motion.

DATED:      June 26, 2006              Respectfully submitted,

/s/ *Joseph N. Gielata*
JOSEPH N. GIELATA (#4338)
Attorney at Law
501 Silverside Road, No. 90
Wilmington, Delaware 19809
(302) 798-1096

*Lead Counsel for Plaintiffs
   and the Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 26, 2006, I electronically filed *PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT* with the Clerk of Court using CM/ECF which will send notification of such filing to:

> Michael R. Robinson, Esquire
> **RICHARDS LAYTON & FINGER, P.A.**
> One Rodney Square
> Wilmington, DE 19801
> *Counsel for Defendants*

> Robert R. Davis, Esquire
> **CHIMICLES & TIKELLIS LLP**
> P.O. Box 1035
> One Rodney Square
> Wilmington, DE 19899
> *Counsel for Dr. Stephen Blau*

                         /s/ *Joseph N. Gielata*
                         Joseph N. Gielata