UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL I. HYLAND and STEPHANIE SPEAKMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, JPMORGAN CHASE & CO., and JAMES DIMON,<br><br>Defendants. | Case No. 05-162 (JJF) |
| Dr. Stephen Blau, Individually and On Behalf of All Others Similarly Situated,<br><br>Intervenor. | |

**DR. BLAU'S STATUS REPORT PURSUANT TO THE COURT'S FEBRUARY 7 AND 9, 2006 ORDERS STAYING AND ADMINISTRATEVELY CLOSING CASE NO. 05-162**

CHIMICLES & TIKELLIS LLP
Pamela S. Tikellis (#2172)
Daniel J. Brown (#4688)
One Rodney Square
P.O. Box 1035
Wilmington, Delaware 19899
(302) 656-2500

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Demet Basar (of the New York bar)
Adam J. Levitt (of the Illinois bar)                             August 9, 2006

Dr. Stephen Blau, the Court-appointed Lead Plaintiff in *Blau v. Harrison, et al.,* Case No. 04 C 6592 (N.D. Ill.) (Hibbler, J.) (the "Illinois Action"), and the Court-approved intervenor in this action (the "05-162 Action"), respectfully submits this status report as directed by the Court in its order dated February 9, 2006. By separate orders dated February 7 and 9, 2006, respectively, this Court stayed and administratively closed this action pending the outcome of the first-filed Illinois Action.

This Status Report addresses relevant developments during the last six months regarding: (1) the Illinois Action; (2) the 05-162 Action; (3) the action filed in this Court on April 6, 2006 by plaintiff Samuel Hyland (without his co-plaintiff Stephanie Speakman) captioned *Hyland v. J.P. Morgan Securities, Inc.,* 1:06-cv-224 (D. Del) (Farnan, J.) (the "06-224 Action"); (4) the proceedings initiated by Samuel Hyland on April 6, 2006 before the Judicial Panel on Multidistrict Litigation captioned *In re J.P. Morgan Chase & Co. Securities Litigation,* MDL Docket No. 1783, seeking to centralize the three actions in the District of Delaware; and (5) relevant developments concerning Joseph N. Gielata, counsel for plaintiffs in the 05-162 and 06-224 Actions.

**The Illinois Action**

On February 21, 2006, plaintiffs in the 05-162 Action (the "Hyland Plaintiffs") filed a motion to intervene in the Illinois Action for the purpose of taking the deposition of Dr. Blau. By Memorandum Opinion and Order dated March 8, 2006, Judge William J. Hibbler of the Northern District of Illinois denied the motion in full. *Blau v. Harrison,* 2006 U.S. Dist. LEXIS 9822 (N.D. Ill, Mar. 8, 2006). (In its February 9, 2006 Order, this Court had denied an earlier motion by the Hyland Plaintiffs seeking discovery from Dr. Blau.) By Order dated March 20,

1

2006, Judge Hibbler denied the *pro hac vice* application of Joseph N. Gielata filed in connection with the motion to intervene.

Shortly thereafter, on March 24, 2006, Judge Hibbler denied defendants' motion to dismiss Dr. Blau's complaint in the Illinois Action.[1] *Blau v. Harrison*, 2006 U.S. Dist. LEXIS 19795 (N.D. Ill. Mar. 24, 2006). On April 7, 2006, defendants filed a motion for partial reconsideration of Judge Hibbler's opinion and for certification for interlocutory appeal on the issue of materiality. *See* Illinois Action Docket (Ex. A.) (D.I. 100). Oral argument was held on April 26, 2006 and Judge Hibbler denied defendants' reconsideration motion from the bench. *See* Ex. A. (D.I. 109). Defendants filed their answer on May 15, 2006.

The parties filed a joint scheduling order which was entered by the Court on May 31, 2006. *See* Ex. A (D.I.122). On July 26, 2006, the parties submitted a joint Confidentiality Stipulation and Protective Order for Judge Hibbler's consideration. *See* Ex. A (D.I. 137). On July 27, 2006, the Hyland Plaintiffs, without moving to intervene, filed an objection to the joint Protective Order on the grounds that it was too restrictive. *See* Ex. A (D.I. 138). Judge Hibbler entered the joint Protective Order on July 28, 2006. *See* Ex. A (D.I. 137). The Court has not ruled on the Hyland Plaintiffs' objection and no ruling is expected given Judge Hibbler's earlier denial of their motion to intervene and the *pro hac vice* application of their counsel. The parties to the Illinois Action are actively engaged in discovery.

---

[1] In the opinion, Judge Hibbler upheld Dr. Blau's claims under Section 14(a) and 20(a) of the Securities and Exchange Act of 1934 for pleading purposes , but changed the definition of the class. The class was initially defined as all those who held common stock of J.P. Morgan on either April 2, 2004 (the record date), or at any time from April 19, 2004 (the proxy date) through July 1, 2004 (the date on which the merger was consummated). Judge Hibbler limited the class to individuals who held shares on the voting date for the merger, with leave to amend. Dr. Blau filed a second amended complaint with a conforming class definition on April 10, 2006.

2

On June 30, 2006, Dr. Blau filed a motion for class certification. *See* Ex. A. (D.I. 128). Defendants' opposition is due on September 15, 2006 and plaintiff's reply is due October 18, 2006. *See* Ex. A. (D.I. 139).

On July 26, 2006, defendants filed a motion for transfer of venue under 28 U.S.C. §1404(a), in which they argued for the first time in the Illinois Action that venue is proper in the Southern District of New York. *See* Ex. A. (D.I. 134). Defendant's motion was filed one day before oral argument on the Hyland Plaintiffs' motion for centralization, in which the Hyland Plaintiffs seek centralization in the District of Delaware, defendants seek centralization in the Southern District of New York, and Dr. Blau opposes centralization or, alternatively, proposes that all the actions be coordinated before Judge Hibbler in the Northern District of Illinois. (*See* "The MDL Proceeding," below.) Dr. Blau's opposition to defendants' motion to transfer venue is due on August 23, 2006 and defendants' reply is due September 7, 2006. *See* Ex. A. (D.I. 139).

**The 05-162 Action**

On February 17, 2006, the Hyland Plaintiffs filed a motion to reopen and reconsider the Court's February 7, 2006 order staying the 05-162 Action (the "Stay Order"). D.I. 94. On April 27, 2006, this Court denied the Hyland Plaintiffs' motion in its entirety. D.I. 108.

On April 6, 2006, Samuel Hyland, without his co-plaintiff, filed the 06-224 Action against J.P. Morgan Securities, Inc. ("J.P.M.S"), which was assigned to this Court on April 12, 2006. The only substantial difference between the 06-224 Action and the 05-162 Action is that the later-filed action asserts claims against J.P.M.S. in its role as the investment advisor to its parent, J.P. Morgan, which is a defendant in the 05-162 Action. (J.P. Morgan and its directors during the relevant time are defendants in both the 05-162 Action and the Illinois Action.)

On April 18, 2006, Court-approved intervenor Dr. Blau filed a motion to consolidate the 05-162 Action with the 06-224 Action for the purpose of enforcing the Stay Order in the 05-162 Action by staying the 06-224 Action. D.I. 103. On May 2, 2006, Defendants filed a response to Dr. Blau's motion to enforce the Stay Order arguing that the 06-224 Action should be stayed pending a decision from the MDL Panel on Samuel Hyland's motion for centralization. D.I. 109. Dr. Blau's consolidation/stay motion is fully briefed and is *sub judice*.

On June 26, 2006, after this action was administratively closed, the Hyland Plaintiffs filed a motion for leave to file a second amended complaint. D.I. 114. Defendants and Dr. Blau submitted letters to the Court reserving their rights and setting forth their position that no response was necessary at this time in light of the Court's February 7 and 9, 2006 Orders. D.I. 117, 118.

**The 06-224 Action**

Dr. Blau's fully briefed motion to consolidate the two Delaware actions and to stay the 06-224 Action is also pending in the 06-224 Action. *See* 06-224 Action Docket (Ex. B) (D.I. 7). On April 24, 2006, the Court entered an Order approving a stipulation between Samuel Hyland and J.P.M.S. to extend the time to answer or move with respect to the complaint until 30 days after the MDL Panel rules on Hyland's motion for centralization.

On June 12, 2006, Hyland filed a motion to be appointed lead plaintiff and for his counsel, Joseph N. Gielata, to be appointed lead counsel. *See* Ex. B. (D.I. 13). Both Dr. Blau and the defendants have taken the position that the motion is premature and have reserved the right to respond to the motion at an appropriate time. *See* Ex. B (D.I. 15, 17).

On June 22, 2006, Hyland filed a motion to lift the stay of discovery imposed by the Private Securities Litigation and Reform Act of 1995. *See* Ex. B. (D.I. 18). On July 7, 2006,

Defendants filed a response opposing Hyland's motion. *See* Ex. B. (D.I. 22). On the same date, Dr. Blau submitted a letter reserving his rights with respect to the motion. *See* Ex. B. (D.I. 23).

**The MDL Proceeding**

On April 6, 2006, Samuel Hyland, simultaneously with the filing of the 06-224 action, filed a motion before the Judicial Panel on Multi-District Litigation to centralize the Illinois Action, the stayed 05-162 Action and the 06-224 Action (also filed on April 6, 2006) in the District of Delaware. *See* Motion for Centralization and Memorandum in Support of Motion For Centralization, D.I. 101. On May 4, 2006, Dr. Blau filed a memorandum opposing centralization on the grounds that it was unnecessary given that this Court stayed the 05-162 Action in favor of the Illinois Action, a motion was pending in this Court to extend the Stay Order in the 05-162 Action to cover the 06-224 Action and that the Illinois Action was actively being litigated with Dr. Blau's complaint having survived a motion to dismiss. Dr. Blau further argued that the 06-224 Action was brought simultaneously with the centralization motion to create a basis for seeking centralization in Delaware since the first-filed Delaware Action was already stayed. Dr. Blau also argued that if the cases are centralized, the Delaware cases should be transferred to the Northern District of Illinois to be consolidated with the Illinois Action, which is the most advanced action, before Judge Hibbler. *See* Dr. Blau's Memorandum in Opposition to Samuel I. Hyland's Motion for Centralization dated May 4, 2006, attached as Ex. C.

Defendants have taken the position before the MDL Panel that centralization is proper and have claimed for the first time that the cases should be transferred to New York purportedly for the convenience of the parties and witnesses. *See* Defendants' Memorandum of Law in Response to Plaintiff's Motion for Transfer of Actions to the District of Delaware for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407 dated May 4,

2006, D.I. 111. Dr. Blau filed an opposing memorandum in which he pointed out that, prior to Judge Hibbler's denial of their motion to dismiss, defendants' position had always been that the litigation could proceed in the Northern District of Illinois or the District of Delaware so long as the case was litigated in one forum. *See* Memorandum of Dr. Stephen Blau Pursuant To MDL Rule 7.2(f) dated May 15, 2006, attached as Ex. D. A hearing was held before the MDL Panel on July 27, 2006 and a decision by the Panel is pending.

**Developments Concerning Mr. Gielata**

On July 25, 2005, four months after the 05-162 Action was filed, Mr. Gielata was indicted for felony theft and conspiracy to commit theft in Delaware Superior Court. The Delaware Office of Disciplinary Counsel ("ODC") petitioned the Delaware Supreme Court for an interim suspension of his law license. As found in the public record in *Gielata v. Rocanelli*, Case No. 05-567-GMS (D. Del.), a case brought by Mr. Gielata against the head of the OCD and others, on May 9, 2006, Mr. Gielata pled guilty to misdemeanor theft and entered into "probation before judgment" arrangement pursuant to 11 Del. C. § 4218. One of the conditions of this arrangement is that Gielata is to perform 300 hours of community service in a "*non-legal, non-financial capacity.*" *See* Affidavit of Deputy Attorney General Richard Hubbard attaching Plea Agreement dated May 9, 2006 (attached as Exhibit E) (emphasis added).

Dr. Blau stands ready to respond to any questions the Court may have and to appear before the Court if the Court so directs.

Dated: August 9, 2006

**CHIMICLES & TIKELLIS LLP**

*/s/ Pamela S. Tikellis / by [signature]*
Pamela S. Tikellis (#2172)

6

                                         Daniel J. Brown (#4688)
                                         One Rodney Square
                                         P.O. Box 1035
                                         Wilmington, Delaware 19899
                                         (302) 656-2500

OF COUNSEL:

Demet Basar
Aya Bouchedid
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
(212) 545-4600

Adam J. Levitt
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
(312) 984-0000