# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888
http://www.jpml.uscourts.gov

August 24, 2006



FILED
AUG 28 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

05 cv 162 JJF
06 cv 224 JJF

Michael W. Dobbins, Clerk
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, IL 60604

Re: MDL-1783 -- In re JP Morgan Chase & Co. Securities Litigation

(See Attached Schedule A of Order)

Dear Mr. Dobbins:

    I am enclosing a certified copy and one additional copy of a transfer order filed today by the Panel in the above-captioned matter. The order is directed to you for filing.

    The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

    A copy of Rule 1.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 428 (2001), which deals specifically with the transfer of files, is enclosed for your convenience. Also enclosed are a complete set of the Panel Rules and a copy of Chapter 7 of Volume 4 of the Clerks Manual, United States District Courts.

    The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts. These statistics are used by the Administrative Office of the United States Courts and the Judicial Conference. Therefore, your cooperation in keeping the Panel advised of the progress of this litigation would be appreciated. We are particularly interested in receiving the docket numbers assigned to each transferred action by your court; the caption and docket numbers of all actions originally filed in your district; and copies of orders regarding appointment of liaison counsel, settlements, dismissals, state court remands, and reassignments to other judges in your district.

    Your attention is also directed to Panel Rule 7.6, regarding termination and remand of transferred actions. Upon notification from your court of a finding by the transferee judge that Section 1407 remand of a transferred action is appropriate, this office will promptly file a conditional remand order.

- 2 -

For your information, I am enclosing a copy of the Panel Attorney Service List.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By /s/ Danisha Spinner
Deputy Clerk

Enclosures

cc w/all enclosures (Chapter 7 of Volume 4 of the Clerks Manual, U.S. District Courts, Rule 1.6, R.P.J.P.M.L., transfer order, Panel Attorney Service List, and complete Panel Rules):

        Transferee Judge:        Judge David H. Coar

cc w/order only:    Chief Judge, Transferee District:    Judge James F. Holderman, Jr.

cc w/order and Rule 1.6, R.P.J.P.M.L.:

        Transferor Clerk:    Peter T. Dalleo

        Transferor Judge:    Judge Joseph J. Farnan, Jr.

JPML Form 33

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 24 2006

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1783*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE JP MORGAN CHASE & CO. SECURITIES LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,[*] KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation presently consists of three actions listed on the attached Schedule A as follows: two actions in the District of Delaware and one action in the Northern District of Illinois. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by Samuel I. Hyland, a plaintiff in the two Delaware actions seeking transfer of the Illinois action to the District of Delaware for coordinated or consolidated pretrial proceedings. Defendants[1] agree that centralization is appropriate, but suggest selection of the Southern District of New York as transferee district. The Illinois plaintiff–who has also been permitted to intervene in the earlier filed Delaware action–opposes the Section 1407 motion; if the Panel deems centralization appropriate, he suggests selection of the Northern District of Illinois as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising from alleged misrepresentations or omissions relating to the 2004 merger of JP Morgan Chase and Bank One Corp. Centralization under Section 1407 is desirable in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. *See In re Enron Corp. Securities, Derivative & "ERISA" Litigation*, 196 F.Supp.2d 1375 (J.P.M.L. 2002).

The Panel is persuaded that the Northern District of Illinois is an appropriate transferee district for this litigation. The action pending there, which is the earliest filed of the three actions, is more procedurally advanced than the two Delaware actions.

---

[*] Judge Miller did not participate in the decision of this matter.

[1] JP Morgan Chase & Co. (JP Morgan Chase), JP Morgan Securities, Inc., and affiliated individuals.

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending in the District of Delaware are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable David H. Coar for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman

## SCHEDULE A

<u>MDL-1783 -- In re JP Morgan Chase & Co. Securities Litigation</u>

    <u>District of Delaware</u>

*Samuel I. Hyland, et al. v. William B. Harrison, Jr., et al.*, C.A. No. 1:05-162  JJF
*Samuel I. Hyland v. JPMorgan Securities, Inc.*, C.A. No. 1:06-224  JJF

    <u>Northern District of Illinois</u>

*Stephen Blau v. William B. Harrison, Jr., et al.*, C.A. No. 1:04-6592

RULE 1.6:   TRANSFER OF FILES

(a)   Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action.

(b)   If an appeal is pending, or a notice of appeal has been filed, or leave to appeal has been sought under 28 U.S.C. §1292(b) or a petition for an extraordinary writ is pending, in any action included in an order of transfer under 28 U.S.C. §1407, and the original file or parts thereof have been forwarded to the court of appeals, the clerk of the transferor district court shall notify the clerk of the court of appeals of the order of transfer and secure the original file long enough to prepare and transmit to the clerk of the transferee district court a certified copy of all papers contained in the original file and a certified copy of the docket sheet.

(c)   If the transfer order provides for the separation and simultaneous remand of any claim, cross-claim, counterclaim, or third-party claim, the clerk of the transferor district court shall retain the original file and shall prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet and copies of all papers except those relating exclusively to separated and remanded claims.

(d)   Upon receipt of an order to remand from the Clerk of the Panel, the transferee district court shall prepare and send to the clerk of the transferor district court the following:
- (i) a certified copy of the individual docket sheet for each action being remanded;
- (ii) a certified copy of the master docket sheet, if applicable;
- (iii) the entire file for each action being remanded, as originally received from the transferor district court and augmented as set out in this rule;
- (iv) a certified copy of the final pretrial order, if applicable; and
- (v) a "record on remand" to be composed of those parts of the files and records produced during coordinated or consolidated pretrial proceedings which have been stipulated to or designated by counsel as being necessary for any or all proceedings to be conducted following remand. It shall be the responsibility of counsel originally preparing or filing any document to be included in the "record on remand" to furnish on request sufficient copies to the clerk of the transferee district court.

(e)   The Clerk of the Panel shall be notified when any files have been transmitted pursuant to this Rule.