A CERTIFIED TRUE COPY

AUG 2 4 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED

AUG 2 9 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1783*  06C  4675

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 2 4 2006

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE JP MORGAN CHASE & CO. SECURITIES LITIGATION

JUDGE COAR

*BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,[*] KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

### TRANSFER ORDER

This litigation presently consists of three actions listed on the attached Schedule A as follows: two actions in the District of Delaware and one action in the Northern District of Illinois. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by Samuel I. Hyland, a plaintiff in the two Delaware actions seeking transfer of the Illinois action to the District of Delaware for coordinated or consolidated pretrial proceedings. Defendants[1] agree that centralization is appropriate, but suggest selection of the Southern District of New York as transferee district. The Illinois plaintiff–who has also been permitted to intervene in the earlier filed Delaware action–opposes the Section 1407 motion; if the Panel deems centralization appropriate, he suggests selection of the Northern District of Illinois as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising from alleged misrepresentations or omissions relating to the 2004 merger of JP Morgan Chase and Bank One Corp. Centralization under Section 1407 is desirable in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. *See In re Enron Corp. Securities, Derivative & "ERISA" Litigation*, 196 F.Supp.2d 1375 (J.P.M.L. 2002).

The Panel is persuaded that the Northern District of Illinois is an appropriate transferee district for this litigation. The action pending there, which is the earliest filed of the three actions, is more procedurally advanced than the two Delaware actions.

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK

By _____
DEPUTY CLERK
U. S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
DATE: 8/31/06

---

[*] Judge Miller did not participate in the decision of this matter.

[1] JP Morgan Chase & Co. (JP Morgan Chase), JP Morgan Securities, Inc., and affiliated individuals.

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending in the District of Delaware are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable David H. Coar for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

FOR THE PANEL:

*[signature]*

Wm. Terrell Hodges
Chairman

## SCHEDULE A

<u>MDL-1783 -- In re JP Morgan Chase & Co. Securities Litigation</u>    06 C 4674

    <u>District of Delaware</u>

*Samuel I. Hyland, et al. v. William B. Harrison, Jr., et al.*, C.A. No. 1:05-162    06C4675
*Samuel I. Hyland v. JPMorgan Securities, Inc.*, C.A. No. 1:06-224

    <u>Northern District of Illinois</u>

*Stephen Blau v. William B. Harrison, Jr., et al.*, C.A. No. 1:04-6592